IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| PHILIPS ELECTRONICS NORTH | ) DEMAND FOR JURY TRIAL |
| AMERICA CORPORATION and | ) |
| PHILIPS MEDIZIN SYSTEME | ) |
| BÖBLINGEN GMBH, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MASIMO CORPORATION ("Masimo") hereby complains of Defendants PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH (collectively, "Philips") and alleges as follows:

### I. PARTIES

1. Plaintiff Masimo is a corporation incorporated under the laws of Delaware and has its principal place of business at 40 Parker, Irvine, California 92618.

2. Upon information and belief, Defendant Philips Electronics North America Corporation ("Philips NA") is a Delaware corporation having its principal place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810. Defendant Philips NA resides in Delaware and is subject to personal jurisdiction in Delaware.

3. Upon information and belief, Defendant Philips Medizin Systeme Böblingen Gmbh ("Philips Böblingen") is a corporation organized and existing under the laws of Germany having its principal place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany. Defendant Philips Böblingen conducts substantial and continuous business in the United States, and is subject to personal jurisdiction in Delaware.

## II. SUBJECT MATTER JURISDICTION AND VENUE

4. This action is one for patent infringement arising under 35 U.S.C. § 271.

5. The Court has jurisdiction under 28 U.S.C. § 1338(a).

6. Venue lies in this district under 28 U.S.C. § 1391 (b), (c), (d), and 1400 (b).

## III. THE PATENTS-IN-SUIT

7. Masimo is the owner by assignment of U.S. Patent No. 5,632,272 entitled "Signal Processing Apparatus" ("the '272 patent") which the United States Patent and Trademark Office lawfully and duly issued on May 27, 1997. A true and correct copy of the '272 patent is attached hereto as Exhibit 1.

8. Masimo is the owner by assignment of U.S. Patent No. 6,002,952 entitled "Signal Processing Apparatus and Method" ("the '952 patent") which the United States Patent and Trademark Office lawfully and duly issued on December 14, 1999. A true and correct copy of the '952 patent is attached hereto as Exhibit 2.

9. Masimo is the owner by assignment of U.S. Patent No. 6,157,850 entitled "Signal Processing Apparatus" ("the '850 patent") which the United States Patent and Trademark Office lawfully and duly issued on December 5, 2000. A true and correct copy of the '850 patent is attached hereto as Exhibit 3.

10. Masimo is the owner by assignment of U.S. Patent No. 6,263,222 entitled "Signal Processing Apparatus" ("the '222 patent") which the United States Patent and Trademark Office lawfully and duly issued on July 17, 2001. A true and correct copy of the '222 patent is attached hereto as Exhibit 4.

11. Masimo is the owner by assignment of U.S. Patent No. 6,334,065 entitled "Stereo Pulse Oximeter" ("the '065 patent") which the United States Patent and Trademark Office lawfully and duly issued on December 25, 2001. A true and correct copy of the '065 patent is attached hereto as Exhibit 5.

12. Masimo is the owner by assignment of U.S. Patent No. 6,650,917 entitled "Signal Processing Apparatus" ("the '917 patent") which the United States Patent and Trademark Office lawfully and duly issued on November 18, 2003. A true and correct copy of the '917 patent is attached hereto as Exhibit 6.

13. Masimo is the owner by assignment of U.S. Patent No. 6,699,194 entitled "Signal Processing Apparatus and Method" ("the '194 patent") which the United States Patent and Trademark Office lawfully and duly issued on March 2, 2004. A true and correct copy of the '194 patent is attached hereto as Exhibit 7.

14. Masimo is the owner by assignment of U.S. Patent No. 6,745,060 entitled "Signal Processing Apparatus" ("the '060 patent") which the United States Patent and Trademark Office lawfully and duly issued on June 1, 2004. A true and correct copy of the '060 patent is attached hereto as Exhibit 8.

15. Masimo is the owner by assignment of U.S. Patent No. 6,770,028 entitled "Dual-Mode Pulse Oximeter" ("the '028 patent") which the United States Patent and Trademark Office lawfully and duly issued on August 3, 2004. A true and correct copy of the '028 patent is attached hereto as Exhibit 9.

16. Masimo is the owner by assignment of U.S. Patent No. 7,215,984 entitled "Signal Processing Apparatus" ("the '984 patent") which the United States Patent and

Trademark Office lawfully and duly issued on May 8, 2007. A true and correct copy of the '984 patent is attached hereto as Exhibit 10.

## IV. DEFENDANTS' ACTIVITIES

17. Upon information and belief, Philips has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least pulse oximeters incorporating a technology Philips calls "Fourier Artifact Suppression Technology" ("FAST-SpO2") such as Philip's IntelliVue line of patient monitors, including, without limitation, Philips MP20/30, MP40/50, and MP60/70/80/90 monitors and Philips MMS X2 transport monitors.

18. Upon further information and belief, Philips has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least the Philips MMS X2 transport monitors combined with Philip's IntelliVue line of patient monitors, including at least the Philips MP20/30, MP40/50, and MP60/70/80/90 monitors.

## V. FIRST CLAIM FOR RELIEF (THE '272 PATENT)

19. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 18.

20. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '272 patent under 35 U.S.C. § 271(a), (b), or (c).

21. Masimo has notified Philips of the existence of the '272 patent.

22. Upon information and belief, Philips' infringement of the '272 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of

infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

23. As a consequence of Philips' patent infringement of the '272 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

24. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## VI. SECOND CLAIM FOR RELIEF (THE '952 PATENT)

25. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 24.

26. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '952 patent under 35 U.S.C. § 271(a), (b), or (c).

27. Masimo has notified Philips of the existence of the '952 patent.

28. Upon information and belief, Philips' infringement of the '952 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

29. As a consequence of Philips' patent infringement of the '952 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

30. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### VII. THIRD CLAIM FOR RELIEF (THE '850 PATENT)

31. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 30.

32. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '850 patent under 35 U.S.C. § 271(a), (b), or (c).

33. Masimo has notified Philips of the existence of the '850 patent.

34. Upon information and belief, Philips' infringement of the '850 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

35. As a consequence of Philips' patent infringement of the '850 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

36. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### VIII. FOURTH CLAIM FOR RELIEF (THE '222 PATENT)

37. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 36.

38. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '222 patent under 35 U.S.C. § 271(a), (b), or (c).

39. Masimo has notified Philips of the existence of the '222 patent.

40. Upon information and belief, Philips' infringement of the '222 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

41. As a consequence of Philips' patent infringement of the '222 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

42. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

## IX. **FIFTH CLAIM FOR RELIEF (THE '065 PATENT)**

43. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 42.

44. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '065 patent under 35 U.S.C. § 271(a), (b), or (c).

45. Masimo has notified Philips of the existence of the '065 patent.

46. Upon information and belief, Philips' infringement of the '065 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of

infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

47. As a consequence of Philips' patent infringement of the '065 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

48. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### X. SIXTH CLAIM FOR RELIEF (THE '917 PATENT)

49. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 48.

50. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '917 patent under 35 U.S.C. § 271(a), (b), or (c).

51. Masimo has notified Philips of the existence of the '917 patent.

52. Upon information and belief, Philips' infringement of the '917 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

53. As a consequence of Philips' patent infringement of the '917 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

54. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### XI. SEVENTH CLAIM FOR RELIEF (THE '194 PATENT)

55. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 54.

56. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '194, patent under 35 U.S.C. § 271(a), (b), or (c).

57. Masimo has notified Philips of the existence of the '194 patent.

58. Upon information and belief, Philips' infringement of the '194 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

59. As a consequence of Philips' patent infringement of the '194 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

60. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### XII. EIGHTH CLAIM FOR RELIEF (THE '060 PATENT)

61. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 60.

62. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '060 patent under 35 U.S.C. § 271(a), (b), or (c).

63. Masimo has notified Philips of the existence of the '060 patent.

64. Upon information and belief, Philips' infringement of the '060 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

65. As a consequence of Philips' patent infringement of the '060 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

66. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### XIII. NINTH CLAIM FOR RELIEF (THE '028 PATENT)

67. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 66.

68. Upon information and belief, at least the Philips MMS X2 transport monitors in combination with Philips MP20/30, MP40/50, and MP60/70/80/90 monitors infringe at least one claim of the '028 patent under 35 U.S.C. § 271(a), (b), or (c).

69. As a consequence of Philips' patent infringement of the '028 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

70. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### XIV. <u>TENTH CLAIM FOR RELIEF (THE '984 PATENT)</u>

71. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 70.

72. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '984 patent under 35 U.S.C. § 271(a), (b), or (c).

73. As a consequence of Philips' patent infringement of the '984 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

74. Upon information and belief, unless enjoined, Philips and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

### XV. <u>PRAYER FOR JUDGMENT AND RELIEF</u>

75. WHEREFORE, Masimo requests judgment as follows:

(1) Pursuant to 35 U.S.C. § 271, a determination that defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them have infringed Masimo's '272, '952, '850, '222, '065, '917, '194, '060, '028, and '984 patents through the manufacture, use, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(2) Pursuant to 35 U.S.C. § 283, a determination that defendants and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them should be enjoined from infringing Masimo's '272, '952, '850, '222, '065, '917, '194, '060, '028, and '984 patents through the manufacture, use, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

(3) Pursuant to 35 U.S.C. § 284, a determination that defendants should be required to compensate Masimo for infringement of Masimo's '272, '952, '850, '222, '065, '917, '194, '060, '028, and '984 patents through payment of not less than a reasonable royalty on Philips' sales of infringing products, and including lost profits;

(4) Pursuant to 35 U.S.C. § 284, an award increasing damages up to three times the amount found or assessed by the jury for Philips' infringement of the '272, '952, '850, '222, '065, '917, '194, and '060 patents in view of the willful and deliberate nature of the infringement;

(5) Pursuant to 35 U.S.C. § 285, a finding that the this is an exceptional case, and an award of reasonable attorney's fees; and

(6) That Masimo be granted such other and further relief as the Court deems equitable and just in the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Juli Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiff
Masimo Corporation*

*Of Counsel*:

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614

February 3, 2009

13