**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-80-JJF |
| | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | **JURY TRIAL DEMANDED** |
| CORPORATION and PHILIPS MEDIZIN | ) | |
| SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |
| | ) | |

**DEFENDANTS' ANSWER AND PHILIPS ELECTRONICS NORTH**
**AMERICA CORPORATION'S COUNTERCLAIMS TO**
**MASIMO'S FIRST AMENDED COMPLAINT**

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme

Böblingen Gmbh (collectively "Philips") by and through undersigned counsel, hereby answer the

First Amended Complaint ("Complaint") filed by plaintiff Masimo Corporation ("Masimo").

Philips hereby responds in numbered paragraphs corresponding to the numbered paragraphs of

the Complaint, and in doing so denies the allegations of the Complaint except as specifically

stated:

## I. PARTIES

1.  Plaintiff Masimo is a corporation incorporated under the laws of Delaware and has its principal place of business at 40 Parker, Irvine, California 92618.

ANSWER:  Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies each and every such allegation.

2.  Upon information and belief, Defendant Philips Electronics North America Corporation ("Philips NA") is a Delaware corporation having its principal place of business at 3000 Minuteman Rd., Andover, Massachusetts 01810.  Defendant Philips NA resides in Delaware and is subject to personal jurisdiction in Delaware.

ANSWER: Philips admits that Philips Electronics North America Corporation is a Delaware corporation having its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.  Philips admits that Philips Electronics North America Corporation is subject to personal jurisdiction in Delaware.  Otherwise, Philips denies the remaining allegations in Paragraph 2.

3.  Upon information and belief, Defendant Philips Medizin Systeme Böblingen Gmbh ("Philips Böblingen") is a corporation organized and existing under the laws of Germany having its principal place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany.  Defendant Philips Böblingen conducts substantial and continuous business in the United States, and is subject to personal jurisdiction in Delaware.

ANSWER: Philips admits that Philips Medizin Systeme Böblingen Gmbh is a corporation organized and existing under the laws of Germany having its principal place of business at Hewlett-Packard-Strasse 2, 71034 Böblingen, Germany.  Philips does not contest the exercise of personal jurisdiction over Philips Medizin Systeme Böblingen Gmbh for the sole purpose of this litigation.  Otherwise, Philips denies the remaining allegations in Paragraph 3.

## II. SUBJECT MATTER JURISDICTION AND VENUE

4.     This action is one for patent infringement arising under 35 U.S.C. § 271.

ANSWER: Philips admits that the Complaint purports to set forth a claim under 35 U.S.C. § 271.

However, Philips denies that Plaintiff has a valid claim.

5.     The Court has jurisdiction under 28 U.S.C. § 1338(a).

ANSWER: Philips admits that the Court has jurisdiction under 28 U.S.C. § 1338(a).

6.     Venue lies in this district under 28 U.S.C. § 1391(b), (c), (d), and 1400(b).

ANSWER: Philips admits that venue lies in this district under 28 U.S.C. §§ 1391 (b), (c), (d),

and 1400(b).

## III. THE PATENTS-IN-SUIT

7.     Masimo is the owner by assignment of U.S. Patent 5,632,272 entitled "Signal
Processing Apparatus" ("the '272 patent") which the United States Patent and
Trademark Office lawfully and duly issued on May 27, 1997.  A true and
correct copy of the '272 patent is attached hereto as Exhibit 1.

ANSWER: Philips admits that on its face U.S. Patent No. 5,632,272 ("the '272 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of May 27,

1997.  Otherwise, Philips denies the remaining allegations in Paragraph 7.

8.     Masimo is the owner by assignment of U.S. Patent 6,002,952 entitled "Signal
Processing Apparatus and Method" ("the '952 patent") which the United States
Patent and Trademark Office lawfully and duly issued on December 14, 1999.
A true and correct copy of the '952 patent is attached hereto as Exhibit 2.

ANSWER:  Philips admits that on its face U.S. Patent No. 6,002,952 ("the '952 patent") is

entitled "Signal Processing Apparatus and Method" and that on its face it bears an issue date of

December 14, 1999.  Otherwise, Philips denies the remaining allegations in Paragraph 8.

9.     Masimo is the owner by assignment of U.S. Patent 6,157,850 entitled "Signal
Processing Apparatus" ("the '850 patent") which the United States Patent and
Trademark Office lawfully and duly issued on December 5, 2000.  A true and
correct copy of the '850 patent is attached hereto as Exhibit 3.

ANSWER: Philips admits that on its face U.S. Patent No. 6,157,850 ("the '850 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of December 5,

2000.  Otherwise, Philips denies the remaining allegations in Paragraph 9.

10.   Masimo is the owner by assignment of U.S. Patent 6,263,222 entitled "Signal
      Processing Apparatus" ("the '222 patent") which the United States Patent and
      Trademark Office lawfully and duly issued on July 17, 2001.  A true and correct
      copy of the '222 patent is attached hereto as Exhibit 4.

ANSWER: Philips admits that on its face U.S. Patent No. 6,263,222 ("the '222 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of July 17, 2001.

Otherwise, Philips denies the remaining allegations in Paragraph 10.

11.   Masimo is the owner by assignment of U.S. Patent 6,334,065 entitled "Stereo
      Pulse Oximeter" ("the '065 patent") which the United States Patent and
      Trademark Office lawfully and duly issued on December 25, 2001.  A true and
      correct copy of the '065 patent is attached hereto as Exhibit 5.

ANSWER: Philips admits that on its face U.S. Patent No. 6,334,065 ("the '065 patent") is

entitled "Stereo Pulse Oximeter" and that on its face it bears an issue date of December 25, 2001.

Otherwise, Philips denies the remaining allegations in Paragraph 11.

12.   Masimo is the owner by assignment of U.S. Patent 6,650,917 entitled "Signal
      Processing Apparatus" ("the '917 patent") which the United States Patent and
      Trademark Office lawfully and duly issued on November 18, 2003.  A true and
      correct copy of the '917 patent is attached hereto as Exhibit 6.

ANSWER: Philips admits that on its face U.S. Patent No. 6,650,917 ("the '917 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of November

18, 2003.  Otherwise, Philips denies the remaining allegations in Paragraph 12.

13.   Masimo is the owner by assignment of U.S. Patent 6,699,194 entitled "Signal
      Processing Apparatus and Method" ("the '194 patent") which the United States
      Patent and Trademark Office lawfully and duly issued on March 2, 2004.  A
      true and correct copy of the '194 patent is attached hereto as Exhibit 7.

ANSWER: Philips admits that on its face U.S. Patent No. 6,699,194 ("the '194 patent) is entitled

"Signal Processing Apparatus and Method" and that on its face it bears an issue date of March 2,

2004.  Otherwise, Philips denies the remaining allegations in Paragraph 13.

> 14.  Masimo is the owner by assignment of U.S. Patent 6,745,060 entitled "Signal Processing Apparatus" ("the '060 patent") which the United States Patent and Trademark Office lawfully and duly issued on June 1, 2004.  A true and correct copy of the '060 patent is attached hereto as Exhibit 8.

ANSWER: Philips admits that on its face U.S. Patent No. 6,745,060 ("the '060 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of June 1, 2004.

Otherwise, Philips denies the remaining allegations in Paragraph 14.

> 15.  Masimo is the owner by assignment of U.S. Patent 6,770,028 entitled "Dual-Mode Pulse Oximeter" ("the '028 patent") which the United States Patent and Trademark Office lawfully and duly issued on August 3, 2004.  A true and correct copy of the '028 patent is attached hereto as Exhibit 9.

ANSWER: Philips admits that on its face U.S. Patent No. 6,770,028 ("the '028 patent") is

entitled "Dual-Mode Pulse Oximeter" and that on its face it bears an issue date of August 3,

2004.  Otherwise, Philips denies the remaining allegations in Paragraph 15.

> 16.  Masimo is the owner by assignment of U.S. Patent 7,215,984 entitled "Signal Processing Apparatus" ("the '984 patent") which the United States Patent and Trademark Office lawfully and duly issued on May 8, 2007.  A true and correct copy of the '984 patent is attached hereto as Exhibit 10.

ANSWER: Philips admits that on its face U.S. Patent No. 7,215,984 ("the '984 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of May 8, 2007.

Otherwise, Philips denies the remaining allegations in Paragraph 16.

> 17.  Masimo is the owner by assignment of U.S. Patent 7,489,958 entitled "Signal Processing Apparatus and Method" ("the '958 patent") which the United States Patent and Trademark Office lawfully and duly issued on February 10, 2009.  A true and correct copy of the '958 patent is attached hereto as Exhibit 11.

ANSWER: Philips admits that on its face U.S. Patent No. 7,489,958 ("the '958 patent") is

entitled "Signal Processing Apparatus and Method" and that on its face it bears an issue date of

February 10, 2009. Otherwise, Philips denies the remaining allegations in Paragraph 17.

18.   Masimo is the owner by assignment of U.S. Patent 7,499,741 entitled "Signal
      Processing Apparatus and Method" ("the '741 patent") which the United States
      Patent and Trademark Office lawfully and duly issued on March 3, 2009. A
      true and correct copy of the '741 patent is attached hereto as Exhibit 12.

ANSWER: Philips admits that on its face U.S. Patent No. 7,499,741 ("the '741 patent") is

entitled "Signal Processing Apparatus and Method" and that on its face it bears an issue date of

March 3, 2009. Otherwise, Philips denies the remaining allegations in Paragraph 18.

19.   Masimo is the owner by assignment of U.S. Patent 7,509,154 entitled "Signal
      Processing Apparatus" ("the '154 patent") which the United States Patent and
      Trademark Office lawfully and duly issued on March 24, 2009. A true and
      correct copy of the '154 patent is attached hereto as Exhibit 13.

ANSWER: Philips admits that on its face U.S. Patent No. 7,509,154 ("the '154 patent") is

entitled "Signal Processing Apparatus" and that on its face it bears an issue date of March 24,

2009. Otherwise, Philips denies the remaining allegations in Paragraph 19.

20.   Masimo is the owner by assignment of U.S. Patent 7,530,949 entitled "Dual-
      Mode Pulse Oximeter" ("the '949 patent") which the United States Patent and
      Trademark Office lawfully and duly issued on May 12, 2009. A true and
      correct copy of the '949 patent is attached hereto as Exhibit 14.

ANSWER: Philips admits that on its face U.S. Patent No. 7,530,949 ("the '949 patent") is

entitled "Dual-Mode Pulse Oximeter" and that on its face it bears an issue date of May 12, 2009.

Otherwise, Philips denies the remaining allegations in Paragraph 20.

## IV. DEFENDANTS' ACTIVITIES

21.   Upon information and belief, Philips has made, used, offered to sell, and/or sold
      within the United States, and /or has imported into the United States, products
      including at least pulse oximeters incorporating a technology Philips calls
      "Fourier Artifact Suppression Technology" ("FAST-SpO2") such as Philips'
      IntelliVue line of patient monitors, including, without limitation, Philips

MP20/30, MP40/50, and MP60/70/80/90 monitors and Philips MMS X2 transport monitors.

ANSWER: Philips admits that it has made, used, offered to sell, or sold in the United States products incorporating Fourier Artifact Suppression Technology ("FAST"). Philips admits that it has made, used, offered to sell, or sold in the United States the MP20, MP30, MP40, MP50, MP60, MP70, and MP90 monitors and the MMS X2 transport monitor. Otherwise, Philips denies the remaining allegations in Paragraph 21.

22. Upon further information and belief, Philips has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least the Philips MMS X2 transport monitors combined with Philips' IntelliVue line of patient monitors, including at least the Philips MP20/30, MP40/50, and MP60/70/80/90 monitors.

ANSWER: Philips admits that it has made, used, offered to sell, or sold in the United States the MMS X2 transport monitor and the MP20, MP30, MP40, MP50, MP60, MP70, and MP90 patient monitors. Otherwise, Philips denies the remaining allegations in Paragraph 22.

## V. FIRST CLAIM FOR RELIEF (THE '272 PATENT)

23. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 22.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-22.

24. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '272 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 24.

25. Masimo has notified Philips of the existence of the '272 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '272 patent, at least by virtue of the filing of this lawsuit.

26. Upon information and belief, Philips' infringement of the '272 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of

infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 26.

27.  As a consequence of Philips' patent infringement of the '272 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 27.

28.  Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 28.

## VI. SECOND CLAIM FOR RELIEF (THE '952 PATENT)

29.  Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 28.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-28.

30.  Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '952 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 30.

31.  Masimo has notified Philips of the existence of the '952 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '952

patent, at least by virtue of the filing of this lawsuit.

32.  Upon information and belief, Philips' infringement of the '952 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 32.

33.  As a consequence of Philips' patent infringement of the '952 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 33.

34.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 34.

## VII. THIRD CLAIM FOR RELIEF (THE '850 PATENT)

35.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 34.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-34.

36.   Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '850 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 36.

37.   Masimo has notified Philips of the existence of the '850 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '850

patent, at least by virtue of the filing of this lawsuit.

38.   Upon information and belief, Philips' infringement of the '850 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 38.

39.   As a consequence of Philips' patent infringement of the '850 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 39.

40.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 40.

## VIII. FOURTH CLAIM FOR RELIEF (THE '222 PATENT)

41.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 40.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-40.

42.   Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '222 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 42.

43.   Masimo has notified Philips of the existence of the '222 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '222

patent, at least by virtue of the filing of this lawsuit.

44.   Upon information and belief, Philips' infringement of the '222 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 44.

45.   As a consequence of Philips' patent infringement of the '222 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 45.

46.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 46.

## IX. FIFTH CLAIM FOR RELIEF (THE '065 PATENT)

47.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 46.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-46.

48.  Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '065 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 48.

49.  Masimo has notified Philips of the existence of the '065 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '065

patent, at least by virtue of the filing of this lawsuit.

50.  Upon information and belief, Philips' infringement of the '065 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 50.

51.  As a consequence of Philips' patent infringement of the '065 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 51.

52.  Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 52.

## X. SIXTH CLAIM FOR RELIEF (THE '917 PATENT)

53.  Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 52.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-52.

54.  Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '917 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 54.

55.  Masimo has notified Philips of the existence of the '917 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '917

patent, at least by virtue of the filing of this lawsuit.

56. Upon information and belief, Philips' infringement of the '917 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 56.

57. As a consequence of Philips' patent infringement of the '917 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 57.

58. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 58

## XI. SEVENTH CLAIM FOR RELIEF (THE '194 PATENT)

59. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 58.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-58.

60. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '194 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 60.

61. Masimo has notified Philips of the existence of the '194 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '194

patent, at least by virtue of the filing of this lawsuit.

62. Upon information and belief, Philips' infringement of the '194 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 62.

63.   As a consequence of Philips' patent infringement of the '194 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 63.

64.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 64.

## XII. EIGHTH CLAIM FOR RELIEF (THE '060 PATENT)

65.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 64.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-64.

66.   Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '060 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 66.

67.   Masimo has notified Philips of the existence of the '060 patent.

ANSWER: Philips admits that Masimo has made Philips aware of the existence of the '060

patent, at least by virtue of the filing of this lawsuit.

68.   Upon information and belief, Philips' infringement of the '060 patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after being placed on notice of its infringement thus acting in reckless disregard of Masimo's patent rights.

ANSWER: Philips denies each and every allegation contained in Paragraph 68.

69.   As a consequence of Philips' patent infringement of the '060 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 69.

70. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 70.

## XIII. NINTH CLAIM FOR RELIEF (THE '028 PATENT)

71. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 70.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-70.

72. Upon information and belief, at least the Philips MMS X2 transport monitors in combination with Philips MP20/30, MP40/50, and MP60/70/80/90 monitors infringe at least one claim of the '028 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 72.

73. As a consequence of Philips' patent infringement of the '028 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 73.

74. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 74.

## XIV. TENTH CLAIM FOR RELIEF (THE '984 PATENT)

75. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 74.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-74.

76. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '984 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 76.

77. As a consequence of Philips' patent infringement of the '984 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 77.

78. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 78.

## XV. ELEVENTH CLAIM FOR RELIEF (THE '958 PATENT)

79. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 78.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-78.

80. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '958 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 80.

81. As a consequence of Philips' patent infringement of the '958 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 81.

82. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 82.

## XVI. TWELFTH CLAIM FOR RELIEF (THE '741 PATENT)

83. Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 82.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-82.

84. Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '741 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 84.

85.   As a consequence of Philips' patent infringement of the '741 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 85.

86.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 86.

## XVI. THIRTEENTH CLAIM FOR RELIEF (THE '154 PATENT)

87.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 86.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-86.

88.   Upon information and belief, Philips products, including at least products incorporating FAST-SpO2 technology, infringe at least one claim of the '154 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 88.

89.   As a consequence of Philips' patent infringement of the '154 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 89.

90.   Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 90.

## XVIII. FOURTEENTH CLAIM FOR RELIEF (THE '949 PATENT)

91.   Masimo realleges and reincorporates the allegations set forth in Paragraphs 1 through 90.

ANSWER: Philips incorporates herein and realleges its answers to Paragraphs 1-90.

92. Upon information and belief, at least the Philips MMS X2 transport monitors in combination with Philips MP20/30, MP40/50, and MP60/70/80/90 monitors infringe at least one claim of the '949 patent under 35 U.S.C. § 271(a), (b), or (c).

ANSWER: Philips denies each and every allegation contained in Paragraph 92.

93. As a consequence of Philips' patent infringement of the '949 patent, Masimo has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

ANSWER: Philips denies each and every allegation contained in Paragraph 93.

94. Upon information and belief, unless enjoined, Philips, and/or others acting on behalf of Philips, will continue their infringing acts, thereby causing additional irreparable injury to Masimo for which there is no adequate remedy at law.

ANSWER: Philips denies each and every allegation contained in Paragraph 94.

## XV. PRAYER FOR JUDGMENT AND RELIEF

95. Philips denies that Masimo is entitled to either the requested relief or any other or further relief.

## DEFENSES

Philips hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Philips reserves the right to assert additional defenses, as warranted by facts revealed through investigation and discovery.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

96. Masimo's Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE – NON-INFRINGEMENT

97. Philips does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, or '949 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

17

### THIRD DEFENSE - INVALIDITY

98.   The '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

99.   By reason of the proceedings in PTO during the prosecution of the applications that resulted in issuance of the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents, as shown by the prosecution history thereof, Masimo is estopped from maintaining that any claim of those patents covers any of Philips' products.

### FIFTH DEFENSE – WAIVER, LACHES and ESTOPPEL

100.   Masimo's claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

### SIXTH DEFENSE – FAILURE TO MARK

101.   To the extent Masimo has failed to comply with the notice requirements of 35 U.S.C. § 287, Masimo is barred from all monetary relief for acts that occurred prior to Masimo providing actual notice to Philips.

### SEVENTH DEFENSE – LIMITATION OF DAMAGES

102.   Pursuant to 35 U.S.C. § 286, Masimo is barred from recovering any damages for acts that occurred more than six years before it filed the complaint in this action.

## EIGHTH DEFENSE – NON-ENTITLEMENT TO COSTS

103. Masimo is not entitled to any costs in this lawsuit because of its failure to comply with 35 U.S.C. § 288.

## NINTH DEFENSE – UNCLEAN HANDS

104. Masimo is not entitled to any relief in this action because it has come to this Court with unclean hands.

## TENTH DEFENSE – PATENT MISUSE

105. Philips hereby incorporates by reference the allegations contained in Paragraphs 109-403 below.

106. Masimo has engaged in a systematic campaign to broaden the scope of its patent rights with anticompetitive effect. As a result, Masimo has misused the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents, and is barred from asserting them against Philips under the equitable doctrine of patent misuse.

## ELEVENTH DEFENSE – PROSECUTION LACHES

107. The '154 patent is unenforceable due to patent prosecution laches in light of Masimo's unreasonable delay in seeking the claims of the '154 patent and the prejudice suffered by Philips because of this delay.

## TWELFTH DEFENSE – IMPLIED LICENSE

108. Masimo granted to Philips an implied license to make, use, import, offer for sale, and sell products covered by the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents.

## COUNTERCLAIMS

Philips Electronics North America Corporation ("Philips Electronics") alleges the following counterclaims against Masimo:

### JURISDICTION AND VENUE

109. Philips Electronics asserts violations of federal antitrust law, specifically Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14. Philips Electronics seeks monetary and equitable relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.

110. Philips Electronics asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States, United States Code Title 35, that the patents asserted by Masimo are invalid, unenforceable, and not infringed.

111. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, et seq.

112. Masimo has submitted to the personal jurisdiction of this Court.

113. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by Masimo.

### THE PARTIES

114. Philips Electronics is a Delaware corporation having its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

115. Masimo purports to be a Delaware corporation with its principal place of business at 40 Parker, Irvine, California 92618.

## ALLEGATIONS COMMON TO ANTITRUST COUNTERCLAIMS

### A.   Background of Pulse Oximetry

116.  Pulse oximetry involves the noninvasive measurement of oxygen levels in a patient's blood.  This is accomplished by using a sensor that typically fits onto the finger of an adult patient or the foot of an infant patient.  Sensors may also be used on other parts of the body, including the ear and the forehead, depending on the needs of individual patients.  The sensor contains two light emitting diodes ("LEDs") – one red and one infrared.  The LEDs emit light through the patient's tissue.  A receptor opposite the LEDs detects the amount of light that is not absorbed by the blood and tissue.  This information is transmitted from the sensor through a patient cable and into a pulse oximeter.  Because oxygenated blood absorbs light differently than deoxygenated blood, a pulse oximeter is able to use various algorithms to calculate oxygenation based on light absorption.  The pulse oximeter may also be employed to determine additional patient parameters, such as pulse rate.  On information and belief, pulse oximetry was invented in the 1970s and introduced into the United States healthcare markets during the early 1980s, long before Masimo's existence.

117.  Pulse oximeters are comprised of electronic circuitry and integrated software.  They are reusable, durable pieces of equipment that typically function for up to 10 years before needing replacement.  Pulse oximeters are typically sold as either standalone devices or components of a multi-parameter patient monitoring system ("MPPM").

118.  In contrast to pulse oximeters, patient cables and sensors are commoditized products that must be replaced frequently.  Hospitals generally purchase either disposable sensors, which must be replaced after each use, or reusable sensors, which typically are replaced every 1 – 2 years.  Likewise, patient cables typically have a limited useful life of about a year.

### B.    The Relevant Markets

119. There is a relevant product market for pulse oximeters. The relevant geographic market for this product is the United States. The pulse oximeter market contains several relevant sub-markets – a market for stand-alone pulse oximeters, a market for pulse oximeters incorporated into MPPMs ("OEM pulse oximeters"), and an underlying technology market.

120. There is a second relevant product market for pulse oximetry sensors. Absent anticompetitive constraints, customers would make buying decisions for sensors independently from decisions to purchase pulse oximeters. The relevant geographic market for this product is the United States.

121. There is a third relevant product market for patient cables used to connect sensors to pulse oximeters. Absent anticompetitive constraints, customers would make buying decisions for patient cables independently from decisions to purchase pulse oximeters. The relevant geographic market for this product is the United States.

122. Masimo markets pulse oximeters under the brand name "Masimo SET." While Masimo manufactures some of its own pulse oximeters, it also has licensed its technology to third parties. These third parties, including Nellcor, manufacture pulse oximeters pursuant to their agreements with Masimo. On information and belief, Nellcor is currently the largest manufacturer of Masimo-licensed pulse oximeters, which are sold under the brand name "Oximax." In addition, Masimo sells OEM pulse oximeters for incorporation into MPPMs. Philips incorporates a Masimo-branded SET pulse oximeter into its MPPMs and also manufactures a Philips-branded pulse oximeter, known as "Philips FAST."

123. The relevant market for pulse oximeters (including standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market) is highly concentrated. On information

and belief, Masimo currently controls over 80% of the market by manufacturing its own products and by directing the competitive activities of its licensees and distributors. The market for pulse oximeters is also subject to high barriers to entry, including the cost of developing intellectual property and defending against lawsuits.

124. The markets for sensors and cables are moderately concentrated with lower barriers to entry due to general commoditization of both products and relatively low technical hurdles to production.

125. Sensor and patient cable sales account for significantly more revenue than sales of pulse oximeters in any given year. For companies like Masimo, the primary driver for sales of sensors and patient cables is an installed base of pulse oximeters. On information and belief, more than 80% of Masimo's revenues are derived from forcing Masimo pulse oximeter customers to purchase Masimo sensors and cables.

### C.   Masimo's Market Power

126. Masimo has engaged in a systematic effort to monopolize pulse oximetry in the United States.

127. Masimo currently wields market power in the sale of pulse oximeters. It has the ability to control price and exclude competition. Masimo's market power extends equally into the corresponding submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market. Masimo's market power is maintained through the coordinated direction of its own branded products and its licensed pulse oximeter products.

128. Masimo's market power is derived in part from the abuse of its technology position. Masimo has entered into numerous contracts to restrain competition for the sale of pulse oximeter technology by third parties. Masimo exerts control over the market by dictating the

terms under which licensees or distributors can compete using their own branded pulse oximeters or Masimo-branded pulse oximeters. Through its agreements, Masimo has directed licensees and distributors to exclude competition in the pulse oximeter, sensor, and patient cable markets. Masimo extracts the anticompetitive profits from these exclusionary practices by recovering royalties for the sale of both patented and unpatented goods.

129.   Through the combination of its direct pulse oximeter sales and its control over third-party pulse oximeter manufacturers, Masimo has become the single dominant firm in the market for pulse oximeters, including the submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market. Masimo's dominant market position empowers it to control pricing and exclude competition. As detailed below, Masimo has created and maintained its dominant position through various anticompetitive practices. Masimo has further exploited its dominant position in the market for pulse oximeters to capture additional profits from the relevant markets for patient cables and sensors.

### D.   Exclusionary Agreements with Competitors and Distributors

130.   On information and belief, Masimo has forced many of its current and former competitors to enter into exclusive dealing arrangements under threat of onerous patent litigation. These agreements require the licensee or distributor to produce and sell only Masimo-branded pulse oximeters, patient cables, or sensors. These agreements also expressly prohibit the sale of non-Masimo pulse oximeters, patient cables, or sensors, even if the non-Masimo products would not infringe any of Masimo's patents.

131.   Masimo's licensing and distribution agreements have foreclosed significant commerce in the market for pulse oximeters by preventing the sale or introduction of competing products. In addition, the licensing and distribution agreements have stifled the incentive to innovate, as a

large percentage of distributors would be unable to offer a competing non-Masimo pulse oximeter even if it could be sold at a lower price or with superior features. The licensing and distribution agreements also preclude the sale of competing cables and sensors for use with Masimo pulse oximeters, even though these are commodity products for which Masimo would otherwise face competition from a variety of branded and generic products.

132. Masimo has also entered into agreements prohibiting the promotion of competing products, regardless of whether such products might offer better quality or more competitive prices to customers. In some cases Masimo has required its licensees and distributors to discontinue sales of competing products.

133. Masimo has also required licensees and distributors to agree not to offer any competing pulse oximeters at a lower price than Masimo's SET pulse oximeter, even if customers would benefit from differentiated pricing.

134. Masimo's exclusionary licensing and distribution provisions are specifically designed and intended to stabilize the market and exclude competition.

135. According to public statements, Masimo currently has licensing or distribution agreements with 53 OEM partners, which account for over 90% of the worldwide shipments of OEM pulse oximeters. On information and belief, Masimo systematically requires its OEM partners to agree to provisions designed to exclude competition, such as those outlined in Paragraphs 130 through 133 herein. Such provisions can be found in current and former agreements with Respironics, Medical Data Electronics, Invivo, Philips Electronics, and others.

136. Consumers have been harmed by the reduction in competition as the result of Masimo's exclusionary practices. The provisions have reduced customer choice, restrained output, and raised prices.

### E.   Exclusionary Technological Interface

137.  Masimo pulse oximeters and pulse oximetry sensors employ a proprietary interface called "ProCal." The ProCal interface is comprised of a patented resistor resident in Masimo's sensor, together with a software program in the pulse oximeter that detects the presence of the resistor once upon insertion of the cable and again prior to rendering a measurement. Masimo's pulse oximeters are programmed not to function unless they detect the presence of a Masimo-branded sensor containing ProCal.

138.  Masimo's ProCal resistor has the effect of excluding competition from both the sensor and patient cable markets.

139.  On information and belief, there is no technical need to nest a ProCal resistor in parallel with the LEDs. The purpose of the resistor is to create a technological tie between the Masimo pulse oximeter and Masimo sensors and patient cables. As a result of ProCal, Masimo sensors are the only sensors that will function with Masimo pulse oximeters. Any competing sensor is rejected.

140.  But for Masimo's tying, non-Masimo sensors and patient cables would function with a Masimo pulse oximeter, just as non-Masimo sensors and patient cables routinely function with non-Masimo pulse oximeters, including pulse oximeters manufactured by Philips.

141.  On information and belief, Masimo has designed ProCal to "lock in" customers to Masimo products with clear anticompetitive effect. Masimo's ProCal tie has the effect of increasing switching costs and raising barriers to entry for competitors. Masimo has employed ProCal with the specific intent to foreclose competition and, among other things, to limit the ability and opportunity of customers to switch to competing pulse oximetry products, including those offered by Philips.

142. On information and belief, Masimo requires its licensee Nellcor to use a similar method of tying with its Oximax pulse oximeters. In 2006, Masimo prevailed in a lawsuit alleging that Nellcor pulse oximeters infringed certain claims of Masimo patents. Under the terms of a settlement agreement, Nellcor is permitted to continue its sale of an allegedly infringing pulse oximeter under the express condition that it pay a royalty on the revenues derived from all Nellcor oximetry products, including oximeters, sensors, and patient cables that were not subject to the infringement allegations. The agreement contemplates that Nellcor will use a "lock and key" mechanism to ensure that Nellcor ties its pulse oximeters to aftermarket sales of sensors and patient cables.

143. Masimo further enforces the Nellcor tying scheme through a covenant not to sue that is expressly nullified if Nellcor manufactures pulse oximeters that are compatible with any third-party (i.e., non-Nellcor) sensors. Masimo uses this provision to exclude third-party sensor and cable manufacturers and to collect profits on sales of tied sensors and patient cables.

144. Nellcor's sensors are tied to its Oximax oximeters through a technological "lock and key" protocol known as DigiCal. But for this tying arrangement, non-Nellcor sensors and patient cables would function with a Nellcor pulse oximeter, just as non-Nellcor sensors and patient cables routinely function with non-Nellcor pulse oximeters, including pulse oximeters manufactured by Philips.

145. On information and belief, Masimo has required Nellcor to use the DigiCal interface to "lock-in" customers with Nellcor products. This requirement directly benefits Masimo by artificially increasing sales of Nellcor sensors and patient cables, on which Masimo collects a high royalty based on its agreement with Nellcor. Masimo has required the use of DigiCal with the specific intent to foreclose competition and, among other things, to limit the ability and

opportunity of customers to switch to competing pulse oximetry products, including those offered by Philips.

146. By forcing Nellcor to tie its sensors to its pulse oximeters, Masimo is able to extract anticompetitive profits from Nellcor's substantial installed base of pulse oximeter customers. By collecting anticompetitive profits from all oximetry products, including current and future products that do not infringe Masimo's patents, Masimo effectively forecloses Nellcor from any effort to invent around Masimo's technology.

147. Philips Electronics is directly harmed by these tying arrangements. But for these arrangements, Philips Electronics could offer its own sensors and cables or competitive third-party sensors and cables to customers.

**F.   Exclusionary Pricing and Bundling Practices**

148. Sensors and patient cables are consumables that must be frequently replaced, often after a single use. As a result, hospitals must keep a stock of sensors and patient cables on hand at all times.

149. Masimo has engaged in exclusionary pricing and bundling practices designed to lock hospitals into Masimo pulse oximetry products. On information and belief, Masimo induces hospitals to convert to Masimo SET by offering pulse oximeters at no cost in exchange for a commitment to purchase a minimum number of sensors over the course of a long-term contract, typically five to ten years. After the long-term contract expires, Masimo continues to lock in the customer through its tying of cables and sensors to its oximeters.

150. On information and belief, Masimo's anticompetitive pricing and bundling practices are designed to shift hospital capital costs to consumers and third-party payers, who are charged an additional one to two dollars over the regular price of the consumable sensors.

151. Once a hospital standardizes on Masimo oximetry products, additional purchases of Masimo oximeters and sensors are mutually reinforcing. A hospital using Masimo oximeters must maintain a large stock of Masimo sensors and cables due to technological ties that prohibit compatibility with competing sensors. This stock creates a strong economic incentive for the hospital to purchase only Masimo pulse oximeters. To do otherwise would require the hospital to maintain separate stocks of sensors and patient cables for its Masimo and non-Masimo pulse oximeters, increasing overall costs.

152. Masimo's requirement that Nellcor tie its sensors to its oximeters similarly creates a strong economic incentive for Nellcor's hospital customers to purchase only Nellcor pulse oximeters. To do otherwise would require the hospital to maintain separate stocks of sensors and patient cables for its Nellcor and non-Nellcor pulse oximeters, increasing overall costs.

153. Masimo's conduct has harmed competition. Its anticompetitive pricing and bundling practices preclude realistic future competition by locking up prospective customers and raising barriers to entry. Masimo's scheme is designed to preserve market power by depriving customers of product choice and competitive prices in pulse oximetry.

154. Philips Electronics is directly harmed by Masimo's pricing, bundling practices, and tying schemes. But for Masimo's conduct, hospitals would be free to choose Philips pulse oximetry products. As a result of Masimo's conduct, Philips Electronics has lost sales of FAST oximeters and has been precluded from selling its own sensors and patient cables to hospitals using Masimo SET or Nellcor Oximax.

## COUNTERCLAIM 1: MONOPOLIZATION
## IN VIOLATION OF THE SHERMAN ACT

155. Philips Electronics repeats and realleges Paragraphs 109-154 above as if fully set forth herein.

156. Masimo has monopoly power in the relevant market for pulse oximeters in the United States. Masimo also has monopoly power in the relevant submarkets for stand-alone pulse oximeters, OEM pulse oximeters, and the underlying technology market. Through its exclusionary conduct, Masimo has unlawfully acquired and maintained its monopoly power in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

157. Masimo could not maintain its substantial monopoly power in the pulse oximeter market, including the relevant submarkets for stand-alone pulse oximeters, OEM pulse oximeters, and the underlying technology market, but for its tying arrangements, exclusionary agreements, and other anticompetitive conduct. Thus, its monopolization is not due to growth or development as a consequence of a superior product, business acumen, or historic accident.

158. Masimo's monopolization has injured consumers and harmed competition.

159. There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

160. As a direct and proximate result of Masimo's acts of monopolization and monopoly maintenance, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables. Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

### COUNTERCLAIM 2: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT

161. Philips Electronics repeats and realleges Paragraphs 109-160 above as if fully set forth herein.

162. Through its exclusionary conduct, Masimo has unlawfully attempted to acquire a monopoly in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, in the relevant

market for pulse oximeters in the United States, including the relevant submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market.

163.  Masimo's conduct evidences a specific intent to acquire and maintain monopoly power in the relevant market for pulse oximeters, including the corresponding submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market.

164.  Masimo's exclusionary conduct creates a dangerous probability that Masimo will obtain monopoly power in the relevant markets and submarkets, including the power to unilaterally exclude competition, eliminate innovation, and/or raise prices.

165.  Masimo's attempted monopolization has injured consumers and harmed competition.

166.  There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

167.  As a direct and proximate result of Masimo's attempted monopolization, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables.  Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

## COUNTERCLAIM 3: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT

168.  Philips Electronics repeats and realleges Paragraphs 109-167 above as if fully set forth herein.

169.  Through its exclusionary technological ties and contract arrangements, Masimo has unlawfully attempted to acquire a monopoly in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, in the relevant markets for sensors and patient cables.

170.  Masimo has developed and used the ProCal interface with the specific intent of monopolizing the markets for sensors and patient cables.  Because of Masimo's significant market power in the market for pulse oximeters, including the corresponding submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market, there is a dangerous probability that Masimo will be able to leverage this position to gain monopoly power in the markets for sensors and patient cables.

171.  Masimo's attempted monopolization has injured consumers and harmed competition.

172.  There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

173.  As a direct and proximate result of Masimo's attempted monopolization, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables.  Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

### COUNTERCLAIM 4: CONSPIRACY TO MONOPOLIZE IN VIOLATION OF THE SHERMAN ACT

174.  Philips Electronics repeats and realleges Paragraphs 109-173 above as if fully set forth herein.

175.  Masimo's 2006 Settlement Agreement with Nellcor constitutes an illegal conspiracy to monopolize the market for pulse oximeters in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

176.  Masimo's 2006 Settlement Agreement with Nellcor was entered into with specific intent to create and maintain Masimo's monopoly power in the market for pulse oximeters, including the corresponding submarkets for standalone pulse oximeters, OEM pulse oximeters,

and the underlying technology market. In exchange for cooperation, Masimo granted Nellcor the right to continue selling an infringing pulse oximeter and to collect anticompetitive profits from tied sensor and cable sales.

177. Masimo has taken overt acts in furtherance of this conspiracy, including tying sensors and patient cables to pulse oximeters, forcing distributers to accept exclusionary contractual terms, and boycotting manufacturers of third-party sensors and patient cables through the use of the ProCal and DigiCal technologies.

178. Masimo's Settlement Agreement with Nellcor has injured consumers and harmed competition.

179. There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

180. As a direct and proximate result of Masimo's exclusionary and anticompetitive acts, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables. Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

## COUNTERCLAIM 5: TYING IN VIOLATION OF THE SHERMAN ACT AND THE CLAYTON ACT

181. Philips Electronics repeats and realleges Paragraphs 109-180 above as if fully set forth herein.

182. Masimo's anticompetitive tying of pulse oximeters to patient cables and sensors violates Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14. This conduct has suppressed competition in the relevant markets for sensors and patient cables.

183. Pulse oximeters, patient cables, and sensors used in pulse oximetry are separate relevant products.

184. Masimo controls, either directly or through its control of Nellcor, approximately 80% of the market for pulse oximeters. Masimo's control extends equally into the corresponding submarkets for standalone pulse oximeters, OEM pulse oximeters, and the underlying technology market. This dominant position allows Masimo to control prices and exclude competition.

185. Masimo has forced customers to purchase Masimo sensors by conditioning the sale of Masimo pulse oximeters on the sale of Masimo sensors. It has done so through a technological tie, which makes non-Masimo sensors incompatible with Masimo pulse oximeters. It has also enforced the unlawful tie through contractual provisions with distributors.

186. Masimo has forced customers to purchase Masimo patient cables by conditioning the sale of Masimo pulse oximeters on the sale of Masimo patient cables. It has enforced the unlawful tie through contractual provisions with distributors.

187. Through its license agreement, Masimo has caused Nellcor to force customers to purchase Nellcor sensors and patient cables by conditioning the sale of Nellcor pulse oximeters on the sale of Nellcor sensors. Masimo has threatened to sue Nellcor for infringement of its pulse oximeter patents if it allows competition from third-party sensor manufacturers.

188. Absent Masimo's illegal conduct, consumers would purchase sensors and patient cables from third-party suppliers, including Philips. Consumers have been harmed by Masimo's tying because they have been forced to pay higher prices for sensors and patient cables and have been unable to choose the sensors and patient cables that best match their individual needs.

189. Masimo's tying scheme has resulted in foreclosure of a substantial amount of commerce in the markets for sensors and patient cables. By forcing customers to purchase particular sensors and patient cables, Masimo is likely to achieve market power in those markets.

190. Masimo's tying scheme has injured consumers and harmed competition.

191. There are no legitimate business justifications for Masimo's requirement that its pulse oximeters be used only with Masimo-branded sensors and cables, and no purported justification would outweigh the considerable harm to competition. Similarly, there is no justification for Masimo to cause Nellcor to require that its pulse oximeters be used only with Nellcor-branded sensors, and no purported justification would outweigh the considerable harm to competition.

192. As a direct and proximate result of Masimo's unlawful tying, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables. Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

## COUNTERCLAIM 6: GROUP BOYCOTT
## IN VIOLATION OF THE SHERMAN ACT

193. Philips Electronics repeats and realleges Paragraphs 109-192 above as if fully set forth herein.

194. Masimo's exclusion of third parties constitutes a group boycott or concerted refusal to deal, and is illegal per se under Section 1 of the Sherman Act. 15 U.S.C. § 1.

195. Masimo possesses a dominant position in the relevant market for pulse oximeters, as well as the corresponding submarkets for stand-alone pulse oximeters, OEM pulse oximeters, and the underlying technology market.

196. Through its agreements with licensees and distributors, Masimo has excluded third-party patient cable and sensor manufacturers from the markets for these products by prohibiting

licensees and distributors from selling or marketing third-party sensors or patient cables for use with Masimo SET.

197.  Masimo has further enforced this exclusive scheme by entering into a contract with Nellcor whereby Nellcor must configure its products to exclude third-party sensor and patient cable manufacturers.

198.  Because of Masimo's contracts referenced herein, third-party sensor and patient cable manufacturers are excluded from approximately 80% of the market.

199.  Masimo's contracts referenced herein have injured consumers and harmed competition.

200.  There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

201.  As a direct and proximate result of Masimo's exclusionary and anticompetitive acts, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables.  Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

## COUNTERCLAIM 7: AGREEMENT IN RESTRAINT OF TRADE IN VIOLATION OF THE SHERMAN ACT

202.  Philips Electronics repeats and realleges Paragraphs 109-201 above as if fully set forth herein.

203.  As alleged above, Masimo has entered into exclusionary agreements with Nellcor, OEMs, distributors, and hospitals that have unreasonably restrained trade and competition in the relevant markets for oximeters, patient cables, and sensors in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

204.  Masimo's exclusionary agreements affect a substantial amount of commerce in the relevant markets for oximeters, patient cables, and sensors.

205. Masimo's exclusionary agreements have injured consumers and harmed competition.

206. There is no legitimate business justification for Masimo's exclusionary and anticompetitive conduct, and no purported justification would outweigh the considerable harm to competition.

207. As a direct and proximate result of Masimo's exclusionary and anticompetitive acts, Philips Electronics has suffered antitrust injury and damages, including lost sales of pulse oximeters, sensors, and patient cables. Philips Electronics will suffer additional damage in the future if Masimo is permitted to continue its monopolistic conduct.

## COUNTERCLAIM 8: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '272 PATENT

208. Philips Electronics repeats and realleges Paragraphs 109-207 above as if fully set forth herein.

209. Masimo alleges in its Complaint that it is the owner of the '272 patent, entitled "Signal Processing Apparatus," which bears an issue date of May 27, 1997.

210. Masimo has sued Philips Electronics in the present action, alleging infringement of the '272 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '272 patent.

211. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '272 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

212. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '272 patent.

## COUNTERCLAIM 9: DECLARATORY JUDGMENT OF INVALIDITY OF THE '272 PATENT

213. Philips Electronics repeats and realleges Paragraphs 109-212 above as if fully set forth herein.

214. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '272 patent.

215. Each claim of the '272 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

216. Philips Electronics requests declaratory judgment that each claim of the '272 patent is invalid.

## COUNTERCLAIM 10: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '952 PATENT

217. Philips Electronics repeats and realleges Paragraphs 109-216 above as if fully set forth herein.

218. Masimo alleges in its Complaint that it is the owner of the '952 patent, entitled "Signal Processing Apparatus and Method," which bears an issue date of December 14, 1999.

219. Masimo has sued Philips Electronics in the present action, alleging infringement of the '952 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '952 patent.

220. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '952 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

221. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '952 patent.

## COUNTERCLAIM 11: DECLARATORY JUDGMENT OF INVALIDITY OF THE '952 PATENT

222. Philips Electronics repeats and realleges Paragraphs 109-221 above as if fully set forth herein.

223. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '952 patent.

224. Each claim of the '952 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

225. Philips Electronics requests declaratory judgment that each claim of the '952 patent is invalid.

## COUNTERCLAIM 12: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '850 PATENT

226. Philips Electronics repeats and realleges Paragraphs 109-225 above as if fully set forth herein.

227. Masimo alleges in its Complaint that it is the owner of the '850 patent, entitled "Signal Processing Apparatus," which bears an issue date of December 5, 2000.

228. Masimo has sued Philips Electronics in the present action, alleging infringement of the '850 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '850 patent.

229. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '850 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

230. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '850 patent.

## COUNTERCLAIM 13: DECLARATORY JUDGMENT OF INVALIDITY OF THE '850 PATENT

231. Philips Electronics repeats and realleges Paragraphs 109-230 above as if fully set forth herein.

232. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '850 patent.

233. Each claim of the '850 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

234. Philips Electronics requests declaratory judgment that each claim of the '850 patent is invalid.

## COUNTERCLAIM 14: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '222 PATENT

235. Philips Electronics repeats and realleges Paragraphs 109-234 above as if fully set forth herein.

236. Masimo alleges in its Complaint that it is the owner of the '222 patent, entitled "Signal Processing Apparatus," which bears an issue date of July 17, 2001.

237. Masimo has sued Philips Electronics in the present action, alleging infringement of the '222 patent.   Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '222 patent.

238. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '222 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

239. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '222 patent.

### COUNTERCLAIM 15: DECLARATORY JUDGMENT OF INVALIDITY OF THE '222 PATENT

240. Philips Electronics repeats and realleges Paragraphs 109-239 above as if fully set forth herein.

241. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '222 patent.

242. Each claim of the '222 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

243. Philips Electronics requests declaratory judgment that each claim of the '222 patent is invalid.

### COUNTERCLAIM 16: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '065 PATENT

244. Philips Electronics repeats and realleges Paragraphs 109-243 above as if fully set forth herein.

245. Masimo alleges in its Complaint that it is the owner of the '065 patent, entitled "Stereo Pulse Oximeter," which bears an issue date of December 25, 2001.

246. Masimo has sued Philips Electronics in the present action, alleging infringement of the '065 patent.   Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '065 patent.

247. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '065 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

248. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '065 patent.

## COUNTERCLAIM 17: DECLARATORY JUDGMENT OF INVALIDITY OF THE '065 PATENT

249. Philips Electronics repeats and realleges Paragraphs 109-248 above as if fully set forth herein.

250. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '065 patent.

251. Each claim of the '065 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

252. Philips Electronics requests declaratory judgment that each claim of the '065 patent is invalid.

## COUNTERCLAIM 18: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '917 PATENT

253. Philips Electronics repeats and realleges Paragraphs 109-252 above as if fully set forth herein.

254. Masimo alleges in its Complaint that it is the owner of the '917 patent, entitled "Signal Processing Apparatus," which bears an issue date of November 18, 2003.

255. Masimo has sued Philips Electronics in the present action, alleging infringement of the '917 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '917 patent.

256. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '917 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

257. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '917 patent.

## COUNTERCLAIM 19: DECLARATORY JUDGMENT OF INVALIDITY OF THE '917 PATENT

258. Philips Electronics repeats and realleges Paragraphs 109-257 above as if fully set forth herein.

259. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '917 patent.

260. Each claim of the '917 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

261. Philips Electronics requests declaratory judgment that each claim of the '917 patent is invalid.

## COUNTERCLAIM 20: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '194 PATENT

262. Philips Electronics repeats and realleges Paragraphs 109-261 above as if fully set forth herein.

263. Masimo alleges in its Complaint that it is the owner of the '194 patent, entitled "Signal Processing Apparatus and Method," which bears an issue date of March 2, 2004.

264. Masimo has sued Philips Electronics in the present action, alleging infringement of the '194 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '194 patent.

265. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '194 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

266. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '194 patent.

## COUNTERCLAIM 21: DECLARATORY JUDGMENT OF INVALIDITY OF THE '194 PATENT

267. Philips Electronics repeats and realleges Paragraphs 109-266 above as if fully set forth herein.

268. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '194 patent.

269. Each claim of the '194 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

270. Philips Electronics requests declaratory judgment that each claim of the '194 patent is invalid.

## COUNTERCLAIM 22: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '060 PATENT

271. Philips Electronics repeats and realleges Paragraphs 109-270 above as if fully set forth herein.

272. Masimo alleges in its Complaint that it is the owner of the '060 patent, entitled "Signal Processing Apparatus," which bears an issue date of June 1, 2004.

273. Masimo has sued Philips Electronics in the present action, alleging infringement of the '060 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '060 patent.

274. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '060 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

275. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '060 patent.

## COUNTERCLAIM 23: DECLARATORY JUDGMENT OF INVALIDITY OF THE '060 PATENT

276. Philips Electronics repeats and realleges Paragraphs 109-275 above as if fully set forth herein.

277.  An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '060 patent.

278.  Each claim of the '060 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

279.  Philips Electronics requests declaratory judgment that each claim of the '060 patent is invalid.

## COUNTERCLAIM 24: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '028 PATENT

280.  Philips Electronics repeats and realleges Paragraphs 109-279 above as if fully set forth herein.

281.  Masimo alleges in its Complaint that it is the owner of the '028 patent, entitled "Dual-Mode Pulse Oximeter," which bears an issue date of August 3, 2004.

282.  Masimo has sued Philips Electronics in the present action, alleging infringement of the '028 patent.   Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '028 patent.

283.  Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '028 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

284.  Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '028 patent.

## COUNTERCLAIM 25: DECLARATORY JUDGMENT OF INVALIDITY OF THE '028 PATENT

285. Philips Electronics repeats and realleges Paragraphs 109-284 above as if fully set forth herein.

286. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '028 patent.

287. Each claim of the '028 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

288. Philips Electronics requests declaratory judgment that each claim of the '028 patent is invalid.

## COUNTERCLAIM 26: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '984 PATENT

289. Philips Electronics repeats and realleges Paragraphs 109-288 above as if fully set forth herein.

290. Masimo alleges in its Complaint that it is the owner of the '984 patent, entitled "Signal Processing Apparatus," which bears an issue date of May 8, 2007.

291. Masimo has sued Philips Electronics in the present action, alleging infringement of the '984 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '984 patent.

292. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '984 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

293. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '984 patent.

## COUNTERCLAIM 27: DECLARATORY JUDGMENT OF INVALIDITY OF THE '984 PATENT

294. Philips Electronics repeats and realleges Paragraphs 109-293 above as if fully set forth herein.

295. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '984 patent.

296. Each claim of the '984 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

297. Philips Electronics requests declaratory judgment that each claim of the '984 patent is invalid.

## COUNTERCLAIM 28: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '958 PATENT

298. Philips Electronics repeats and realleges Paragraphs 109-297 above as if fully set forth herein.

299. Masimo alleges in its Complaint that it is the owner of the '958 patent, entitled "Signal Processing Apparatus and Method," which bears an issue date of February 10, 2009.

300. Masimo has sued Philips Electronics in the present action, alleging infringement of the '958 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '958 patent.

301. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '958 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

302. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '958 patent.

## COUNTERCLAIM 29: DECLARATORY JUDGMENT OF INVALIDITY OF THE '958 PATENT

303. Philips Electronics repeats and realleges Paragraphs 109-302 above as if fully set forth herein.

304. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '958 patent.

305. Each claim of the '958 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

306. Philips Electronics requests declaratory judgment that each claim of the '958 patent is invalid.

## COUNTERCLAIM 30: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '741 PATENT

307. Philips Electronics repeats and realleges Paragraphs 109-306 above as if fully set forth herein.

308. Masimo alleges in its Complaint that it is the owner of the '741 patent, entitled "Signal Processing Apparatus and Method," which bears an issue date of March 3, 2009.

309. Masimo has sued Philips Electronics in the present action, alleging infringement of the '741 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '741 patent.

310. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '741 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

311. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '741 patent.

## COUNTERCLAIM 31: DECLARATORY JUDGMENT OF INVALIDITY OF THE '741 PATENT

312. Philips Electronics repeats and realleges Paragraphs 109-311 above as if fully set forth herein.

313. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '741 patent.

314. Each claim of the '741 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

315. Philips Electronics requests declaratory judgment that each claim of the '741 patent is invalid.

## COUNTERCLAIM 32: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '154 PATENT

316. Philips Electronics repeats and realleges Paragraphs 109-315 above as if fully set forth herein.

317. Masimo alleges in its Complaint that it is the owner of the '154 patent, entitled "Signal Processing Apparatus," which bears an issue date of March 24, 2009.

318. Masimo has sued Philips Electronics in the present action, alleging infringement of the '154 patent.   Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '154 patent.

319. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '154 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

320. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '154 patent.

## COUNTERCLAIM 33: DECLARATORY JUDGMENT OF INVALIDITY OF THE '154 PATENT

321. Philips Electronics repeats and realleges Paragraphs 109-320 above as if fully set forth herein.

322. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '154 patent.

323. Each claim of the '154 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

324. Philips Electronics requests declaratory judgment that each claim of the '154 patent is invalid.

## COUNTERCLAIM 34: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '949 PATENT

325. Philips Electronics repeats and realleges Paragraphs 109-324 above as if fully set forth herein.

326. Masimo alleges in its Complaint that it is the owner of the '949 patent, entitled "Dual-Mode Pulse Oximeter," which bears an issue date of May 12, 2009.

327. Masimo has sued Philips Electronics in the present action, alleging infringement of the '949 patent. Thus, an immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the alleged infringement of the '949 patent.

328. Philips Electronics does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '949 patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

329. Philips Electronics requests declaratory judgment that Philips Electronics does not infringe, directly or indirectly, any claim of the '949 patent.

## COUNTERCLAIM 35: DECLARATORY JUDGMENT OF INVALIDITY OF THE '949 PATENT

330. Philips Electronics repeats and realleges Paragraphs 109-329 above as if fully set forth herein.

331. An immediate, real, and justiciable controversy exists between Philips Electronics and Masimo with respect to the invalidity of the '949 patent.

332. Each claim of the '949 patent is invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

333. Philips Electronics requests declaratory judgment that each claim of the '949 patent is invalid.

## COUNTERCLAIM 36: INFRINGEMENT OF THE '165 PATENT

334. Philips Electronics repeats and realleges Paragraphs 109-333 above as if fully set forth herein.

335. United States Patent No. 4,867,165 ("the '165 patent"), entitled "Method for Determining the Perfusion" was duly and lawfully issued on September 19, 1989. A true and correct copy of the '165 patent is attached hereto as Exhibit A.

336. Philips Electronics is the owner of all right, title and interest in the '165 patent, including the right to sue and recover damages for infringement.

337. Masimo has infringed, directly, by inducement, and/or contributorily, one or more claims of the '165 patent at least by making, using, selling and/or offering to sell in the United States products using Masimo SET technology, including without limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87 monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

338. Upon information and belief, Masimo has had actual notice of the '165 patent and/or constructive notice of the '165 patent.

339. Upon information and belief, Masimo's infringement of the '165 patent has been, and continues to be, willful.

340. As a result of Masimo's infringement of the '165 patent, Philips Electronics has been damaged in an amount yet to be determined.

## COUNTERCLAIM 37: INFRINGEMENT OF THE '791 PATENT

341. Philips Electronics repeats and realleges Paragraphs 109-340 above as if fully set forth herein.

342. United States Patent No. 5,170,791 ("the '791 patent"), entitled "Method and Apparatus for Calculating the Fetal Heart Rate" was duly and lawfully issued on December 15, 1992. A true and correct copy of the '791 patent is attached hereto as Exhibit B.

343. Philips Electronics is the owner of all right, title and interest in the '791 patent, including the right to sue and recover damages for infringement.

344. Masimo has infringed, directly, by inducement, and/or contributorily, one or more claims of the '791 patent at least by making, using, selling and offering to sell in the United States products using Masimo SET technology, including without limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87 monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

345. As a result of Masimo's infringement of the '791 patent, Philips Electronics has been damaged in an amount yet to be determined.

## COUNTERCLAIM 38: INFRINGEMENT OF THE '550 PATENT

346. Philips Electronics repeats and realleges Paragraphs 109-345 above as if fully set forth herein.

347. United States Patent No. 5,820,550 ("the '550 patent"), entitled "Pulse Oximeter with Improved Accuracy and Response Time" was duly and lawfully issued on October 13, 1998. A true and correct copy of the '550 patent is attached hereto as Exhibit C.

348. Philips Electronics is the owner of all right, title and interest in the '550 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

349. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '550 patent at least by making, using, selling and offering to sell in the United States products using Masimo SET technology, including without limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87 monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

350. As a result of Masimo's infringement of the '550 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

351. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 39: INFRINGEMENT OF THE '786 PATENT

352. Philips Electronics repeats and realleges Paragraphs 109-351 above as if fully set forth herein.

353. United States Patent No. 5,170,786 ("the '786 patent"), entitled "Reusable Probe System" was duly and lawfully issued on December 15, 1992. A true and correct copy of the '786 patent is attached hereto as Exhibit D.

354. Philips Electronics is the owner of all right, title and interest in the '786 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

355. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '786 patent at least by making, using, selling and offering to sell in the United States sensors, including without limitation YI sensors such as the LNOP YI Multisite sensor, the LNOP YI with CleanShield, the LNOP YI with Standard Wrap, the LNOP YI with Standard Petite Wrap, the LNOP YI with Foam Wrap, and the LNCS Multi-site sensor.

356. Upon information and belief, Masimo has had actual notice of the '786 patent and/or constructive notice of the '786 patent.

357. Upon information and belief, Masimo's infringement of the '786 patent has been, and continues to be, willful.

358. As a result of Masimo's infringement of the '786 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

359. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 40: INFRINGEMENT OF THE '233 PATENT

360. Philips Electronics repeats and realleges Paragraphs 109-359 above as if fully set forth herein.

361. United States Patent No. 7,088,233 ("the '233 patent"), entitled "Personal Medical Device Communication System and Method" was duly and lawfully issued on August 8, 2006. A true and correct copy of the '233 patent is attached hereto as Exhibit E.

362. Philips Electronics is the owner of all right, title and interest in the '233 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

363. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '233 patent at least by making, using, selling and offering to sell in the United States products, including without limitation pulse oximeters used with Safety Net and/or RadNet systems.

364. As a result of Masimo's infringement of the '233 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

365. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 41: INFRINGEMENT OF THE '991 PATENT

366. Philips Electronics repeats and realleges Paragraphs 109-365 above as if fully set forth herein.

367. United States Patent No. 5,448,991 ("the '991 patent"), entitled "Method of Measuring the Oxygen Saturation in Pulsating Blood Flow" was duly and lawfully issued on September 12, 1995. A true and correct copy of the '991 patent is attached hereto as Exhibit F.

368. Philips Electronics is the owner of all right, title and interest in the '991 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

369. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '991 patent at least by making, using, selling and

offering to sell in the United States products using Masimo SET technology, including without limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87 monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

370. As a result of Masimo's infringement of the '991 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

371. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 42: INFRINGEMENT OF THE '038 PATENT

372. Philips Electronics repeats and realleges Paragraphs 109-371 above as if fully set forth herein.

373. United States Patent No. 5,190,038 ("the '038 patent"), entitled "Pulse Oximeter with Improved Accuracy and Response Time" was duly and lawfully issued on March 2, 1993. A true and correct copy of the '038 patent is attached hereto as Exhibit G.

374. Philips Electronics is the owner of all right, title and interest in the '038 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

375. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '038 patent at least by making, using, selling and offering to sell in the United States products using Masimo SET technology, including without limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87

monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

376. Upon information and belief, Masimo has had actual notice of the '038 patent and/or constructive notice of the '038 patent.

377. Upon information and belief, Masimo's infringement of the '038 patent has been, and continues to be, willful.

378. As a result of Masimo's infringement of the '038 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

379. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 43: INFRINGEMENT OF THE '588 PATENT

380. Philips Electronics repeats and realleges Paragraphs 109-379 above as if fully set forth herein.

381. United States Patent No. 5,058,588 ("the '588 patent"), entitled "Oximeter and Medial Sensor Therefor" was duly and lawfully issued on October 22, 1991. A true and correct copy of the '588 patent is attached hereto as Exhibit H.

382. Philips Electronics is the owner of all right, title and interest in the '588 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

383. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '588 patent at least by making, using, selling and

offering to sell in the United States products, including without limitation one or more model of Masimo pulse oximetry sensors.

384. Upon information and belief, Masimo has had actual notice of the '588 patent and/or constructive notice of the '588 patent.

385. Upon information and belief, Masimo's infringement of the '588 patent has been, and continues to be, willful.

386. As a result of Masimo's infringement of the '588 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

387. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 44: INFRINGEMENT OF THE '535 PATENT

388. Philips Electronics repeats and realleges Paragraphs 109-387 above as if fully set forth herein.

389. United States Patent No. 6,122,535 ("the '535 patent"), entitled "Method and Apparatus for Determining the Concentration of a Component" was duly and lawfully issued on September 19, 2000. A true and correct copy of the '535 patent is attached hereto as Exhibit I.

390. Philips Electronics is the owner of all right, title and interest in the '535 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

391. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '535 patent at least by making, using, selling and offering to sell in the United States products using Masimo SET technology, including without

limitation the Rad-8 monitor, Rad-5 monitor, Rad-5v monitor, Radical-7 monitor, Rad-87 monitor, Rad-57 monitor, PPO+ monitor, Pronto, RadNet, SatShare, MX-1 board, MS-13 board, MS-11 board, MS-7 board, MS-5 board, and MS-3 board.

392. Upon information and belief, Masimo has had actual notice of the '535 patent and/or constructive notice of the '535 patent.

393. Upon information and belief, Masimo's infringement of the '535 patent has been, and continues to be, willful.

394. As a result of Masimo's infringement of the '535 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

395. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## COUNTERCLAIM 45: INFRINGEMENT OF THE '074 PATENT

396. Philips Electronics repeats and realleges Paragraphs 109-395 above as if fully set forth herein.

397. United States Patent No. 6,725,074 ("the '074 patent"), entitled "Quality Indicator for Measurement Signals, in Particular, for Medical Measurement Signals such as those used in Measuring Oxygen Saturation" was duly and lawfully issued on April 20, 2004. A true and correct copy of the '074 patent is attached hereto as Exhibit J.

398. Philips Electronics is the owner of all right, title and interest in the '074 patent, including the right to sue, recover damages for infringement and obtain a preliminary or permanent injunction.

399. Masimo has infringed and continues to infringe, directly, by inducement, and/or contributorily, one or more claims of the '074 patent at least by making, using, selling and offering to sell in the United States products, including without limitation pulse oximeters with Adaptive Probe Off Detection ("APOD").

400. Upon information and belief, Masimo has had actual notice of the '074 patent and/or constructive notice of the '074 patent.

401. Upon information and belief, Masimo's infringement of the '074 patent has been, and continues to be, willful.

402. As a result of Masimo's infringement of the '074 patent, Philips Electronics has been and continues to be damaged in an amount yet to be determined.

403. Upon information and belief, unless enjoined, Masimo and/or others acting on behalf of Masimo, will continue their infringing acts, thereby causing additional irreparable injury to Philips Electronics for which there is no adequate remedy at law.

## PRAYER FOR RELIEF ON PHILIPS ELECTRONICS' COUNTERCLAIMS

WHEREFORE, Philips Electronics prays for the following relief:

A.      deny any and all relief requested by Masimo, as set forth in the Complaint and dismiss the Complaint with prejudice;

B.      enter judgment that Masimo infringes the '165, '791, '550, '786, '233, '991, '038, '588 '535, and '074 patents;

C.      declare that Philips Electronics does not infringe the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents;

D.      declare that the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents are invalid;

E.    declare that the '272, '952, '850, '222, '065, '917, '194, '060, '028, '984, '958, '741, '154, and '949 patents are unenforceable;

F.    award Philips Electronics a permanent injunction restraining Masimo, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from further infringement of the '550, '786, '233, '991, '038, '588 '535, and '074 patents;

G.    award Philips Electronics damages from Masimo adequate to compensate for Masimo's infringement, including interest and costs;

H.    award Philips Electronics treble damages as a result of Masimo's willful infringement of the '165, '535, '074, '786, '038, and '588 patents;

I.    declare that Masimo has violated the Antitrust laws;

J.    award Philips Electronics the damages to which it is entitled under the Antitrust laws, including treble damages, costs, and attorneys fees pursuant to 15 U.S.C. § 15(a);

K.    enjoin Masimo from engaging in the anticompetitive conduct alleged herein;

L.    declare this case to be exceptional and award Philips Electronics its reasonable attorneys fees and costs; and

M.    grant Philips Electronics such other relief as this Court deems just and proper.

## JURY DEMAND

Philips requests a jury trial for those issues so triable herein.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Alan M. Grimaldi
Alan M. Wiseman
Brian A. Rosenthal
C. Scott Hataway
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Tel:  (202) 783-0800

Russell B. Hill
HOWREY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900

Dated:  June 15, 2009
920620 / 33976

By: */s/ David E. Moore*
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  D. Fon Muttamara-Walker (#4646)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE  19801
  Tel:  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com
  fmuttamara-walker@potteranderson.com

*Attorneys for Philips Electronics North
America Corporation and Philips Medizin
Systeme Böblingen Gmbh*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 15, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 15, 2009, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jheaney@mnat.com

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
jre@kmob.com
jgurka@kmob.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

907271 / 33976