IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.09-80 (JJF) |
| | ) | |
| PHILIPS ELECTRONICS NORTH | ) | **DEMAND FOR JURY TRIAL** |
| AMERICA CORPORATION and PHILIPS | ) | |
| MEDIZIN SYSTEME BÖBLINGEN | ) | |
| GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

## MASIMO'S ANSWER TO PHILIPS' COUNTERCLAIMS

Plaintiff and Counterdefendant Masimo Corporation ("Masimo") hereby responds to Defendant and Counterclaimant Philips Electronics North America Corporation's ("Philips") Counterclaims to Masimo's First Amended Complaint ("Philips' Counterclaims"). The numbered paragraphs below correspond to the numbered paragraphs in Philips' Counterclaims.

## JURISDICTION AND VENUE

109. Masimo admits that Philips' Counterclaims purport to assert violations of federal antitrust law, specifically Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and Section 3 of the Clayton Act, 15 U.S.C. § 14, and purports to seek monetary and equitable relief under

Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.  However, Masimo denies that Philips has valid claims.

110.   Masimo admits that Philips' counterclaims purport to assert that the counterclaims are brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States, United States Code Title 35, that the patents asserted by Masimo are invalid, unenforceable, and not infringed.  However, Masimo denies that Philips has valid claims.

111.   Masimo admits that the Court has subject matter jurisdiction over Philips' purported counterclaims.

112.   Masimo admits that the Court has personal jurisdiction over Masimo.

113.   Masimo admits that venue is proper in this district.

114.   Upon information and belief, Masimo admits that Philips is a Delaware corporation having a principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

115.   Masimo admits that it is a Delaware corporation having a principal place of business at 40 Parker, Irvine, California 92618.

116.   Masimo admits that pulse oximetry involves the noninvasive measurement of oxygen in blood.  This may be accomplished by using a sensor that fits onto the finger or the foot of a patient, among other possible parts of the body.  Some sensors contain red and infrared light emitting diodes (LEDs).  The LEDs emit light which passes through tissue.  A detector may detect some of the light that is not absorbed by blood and tissue.  Information about the detected light may be transmitted to a pulse oximetry monitor.  Some form of pulse oximetry

was developed before Masimo was founded.   Except as so admitted, Masimo denies the allegations in Paragraph 116 of Philips' Counterclaims.

117.   Pulse oximetry monitors may have electronic circuitry and may have integrated software.  Pulse oximetry monitors are often standalone devices or components of an integrated multi-parameter patient monitoring system ("MPPM").  Pulse oximetry monitors in standalone devices or MPPMs often function for a number of years.  Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of Philips' Counterclaims and therefore denies them.

118.   Masimo admits that cables and sensors that are used with pulse oximetry monitors typically must be replaced more frequently than the monitors themselves.  Masimo admits that hospitals purchase reusable, disposable, single patient, or other sensors.  Except as so admitted, Masimo denies the allegations in Paragraph 118 of Philips' Counterclaims.

119.   Masimo avers that the allegations of Paragraph 119 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 119 of Philips' Counterclaims is required, Masimo denies them.

120.   Masimo avers that the allegations of Paragraph 120 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 120 of Philips' Counterclaims is required, Masimo denies them.

121.   Masimo avers that the allegations of Paragraph 121 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 121 of Philips' Counterclaims is required, Masimo denies them.

122.    Masimo admits that it manufactures pulse oximetry products and sells some of those products for incorporation into MPPMs.   Masimo admits that certain products incorporating Masimo technology are sold under the name "Masimo SET."   Masimo also admits that Nellcor Puritan Bennett, Inc. ("Nellcor") has a covenant not to sue under certain Masimo patents for certain Nellcor products.   Masimo further admits that Philips incorporates Masimo SET pulse oximetry into some of its MPPMs, and that Philips sells its own brand of pulse oximetry under the name "Philips FAST."   Except as so admitted, Masimo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 of Philips' Counterclaims and therefore denies them.

123.    Masimo avers that the allegations of Paragraph 123 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 123 of Philips' Counterclaims is required, Masimo denies them.

124.    Masimo avers that the allegations of Paragraph 124 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.   To the extent that a response to the allegations of Paragraph 124 of Philips' Counterclaims is required, Masimo denies them.

125.    Masimo lacks knowledge and information sufficient to form a belief as to the truth of allegations in the first sentence of Paragraph 125 of Philips' Counterclaims, and therefore denies them.   Masimo admits that it sells sensors and cables for installed monitors

with its pulse oximetry technology.  Except as so admitted, Masimo denies the allegations of Paragraph 125 of Philips' Counterclaims.

126.    Masimo denies the allegations in Paragraph 126 of Philips' Counterclaims.

127.    Masimo avers that the allegations of Paragraph 127 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 127 of Philips' Counterclaims is required, Masimo denies them.

128.    Masimo avers that the allegations of Paragraph 128 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 128 of Philips' Counterclaims is required, Masimo denies them.

129.    Masimo avers that the allegations of Paragraph 129 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 129 of Philips' Counterclaims is required, Masimo denies them.

130.    Masimo denies the allegations in Paragraph 130 of Philips' Counterclaims.

131.    Masimo denies the allegations in Paragraph 131 of Philips' Counterclaims.

132.    Masimo admits that it has entered into agreements in which the other party promises to discontinue sales of products which infringe upon Masimo's patents.  Except as so admitted, Masimo denies the allegations of Paragraph 132 of Philips' Counterclaims.

133.    Masimo denies the allegations in Paragraph 133 of Philips' Counterclaims.

134.    Masimo avers that the allegations of Paragraph 134 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 134 of Philips' Counterclaims is required, Masimo denies them.

135.    Masimo admits that it has made statements concerning its licensing or distribution agreements with manufacturers of MPPMs.  Masimo avers that the allegations in the second and third sentences of Paragraph 135 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  Except as so admitted, Masimo denies the allegations in Paragraph 135 of Philips' Counterclaims.

136.    Masimo avers that the allegations of Paragraph 136 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 136 of Philips' Counterclaims is required, Masimo denies them.

137.    Masimo admits that it has a proprietary sensor line which includes a resistor or other information element with the name ProCal.  Masimo also admits that some configurations of its pulse oximeters use the information conveyed by the information element.  Masimo further admits that monitors using Masimo pulse oximetry technology incorporating Masimo's patented ProCal verification system will indicate the presence of an unverified sensor.  Except as so admitted, Masimo denies the allegations in Paragraph 137 of Philips' Counterclaims.

138.    Masimo avers that the allegations of Paragraph 138 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 138 of Philips' Counterclaims is required, Masimo denies them.

139.    Masimo avers that the allegations in the second sentence of Paragraph 139 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is

required.  To the extent that a response to the allegations in the second sentence of Paragraph 139 of Philips' Counterclaims is required, Masimo denies them.  Masimo admits that monitors using Masimo pulse oximetry technology incorporating Masimo's patented ProCal verification system will indicate the presence of an unverified sensor.  Except as so admitted, Masimo denies the allegations in Paragraph 139 of Philips' Counterclaims.

140.    Masimo avers that the allegations of Paragraph 140 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 140 of Philips' Counterclaims is required, Masimo denies them.

141.    Masimo avers that the allegations of Paragraph 141 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 141 of Philips' Counterclaims is required, Masimo denies them.

142.    Masimo avers that the allegations in the first sentence of Paragraph 142 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations in the first sentence of Paragraph 142 of Philips' Counterclaims is required, Masimo denies them.  Masimo admits that in 2006 it entered into an agreement settling patent litigation between itself and Nellcor.  Masimo also admits that the agreement includes provisions for the payment of royalties to Masimo.  Except as so admitted, Masimo denies the allegations in Paragraph 142 of Philips' Counterclaims.

143.    Masimo avers that the allegations of Paragraph 143 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 143 of Philips' Counterclaims is required, Masimo denies them.

144.    Masimo avers that the allegations of Paragraph 144 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 144 of Philips' Counterclaims is required, Masimo denies them.

145.    Masimo denies the allegations in Paragraph 145 of Philips' Counterclaims.

146.    Masimo avers that the allegations of Paragraph 146 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 146 of Philips' Counterclaims is required, Masimo denies them.

147.    Masimo avers that the allegations of Paragraph 147 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 147 of Philips' Counterclaims is required, Masimo denies them.

148.    Masimo admits that disposable sensors are replaced relatively frequently, often after use on a single patient.  Masimo admits that hospitals often keep a stock of sensors and cables on hand.  Except as so admitted, Masimo denies the allegations of Paragraph 148 of Philips' Counterclaims.

149.    Masimo avers that the allegations in the first and third sentences of paragraph 149 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations in the first and third sentences of Paragraph 149 of Philips' Counterclaims is required, Masimo denies them.  Masimo admits that

it sometimes sells pulse oximeters to hospitals on terms that allow the hospitals to avoid large upfront costs associated with using Masimo's pulse oximetry technology.  Except as so admitted, Masimo denies the allegations in Paragraph 149 of Philips' Counterclaims.

150.    Masimo denies the allegations in Paragraph 150 of Philips' Counterclaims.

151.    Masimo admits that hospitals using Masimo pulse oximeters typically maintain stocks of Masimo sensors and cables.  Except as so admitted, Masimo denies the allegations in Paragraph 151 of Philips' Counterclaims.

152.    Masimo admits that hospitals using Nellcor pulse oximetry typically maintain stocks of Nellcor sensors and cables.  Except as so admitted, Masimo denies the allegations in Paragraph 152 of Philips' Counterclaims.

153.    Masimo avers that the allegations of Paragraph 153 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 153 of Philips' Counterclaims is required, Masimo denies them.

154.    Masimo avers that the allegations of Paragraph 154 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 154 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 1:
## MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT

155.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 154, inclusive, with the same force and effect as if set forth fully herein.

156.    Masimo avers that the allegations of Paragraph 156 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 156 of Philips' Counterclaims is required, Masimo denies them.

157.    Masimo avers that the allegations of Paragraph 157 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 157 of Philips' Counterclaims is required, Masimo denies them.

158.    Masimo avers that the allegations of Paragraph 158 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 158 of Philips' Counterclaims is required, Masimo denies them.

159.    Masimo avers that the allegations of Paragraph 159 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 159 of Philips' Counterclaims is required, Masimo denies them.

160.    Masimo avers that the allegations of Paragraph 160 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 160 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 2:
## ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT

161.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 160, inclusive, with the same force and effect as if set forth fully herein.

162.    Masimo avers that the allegations of Paragraph 162 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 162 of Philips' Counterclaims is required, Masimo denies them.

163.     Masimo avers that the allegations of Paragraph 163 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 163 of Philips' Counterclaims is required, Masimo denies them.

164.     Masimo avers that the allegations of Paragraph 164 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 164 of Philips' Counterclaims is required, Masimo denies them.

165.     Masimo avers that the allegations of Paragraph 165 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 165 of Philips' Counterclaims is required, Masimo denies them.

166.     Masimo avers that the allegations of Paragraph 166 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 166 of Philips' Counterclaims is required, Masimo denies them.

167.     Masimo avers that the allegations of Paragraph 167 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 167 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 3:
## ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SERMAN ACT

168.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 167, inclusive, with the same force and effect as if set forth fully herein.

169.    Masimo avers that the allegations of Paragraph 169 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 169 of Philips' Counterclaims is required, Masimo denies them.

170.    Masimo avers that the allegations of Paragraph 170 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 170 of Philips' Counterclaims is required, Masimo denies them.

171.    Masimo avers that the allegations of Paragraph 171 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 171 of Philips' Counterclaims is required, Masimo denies them.

172.    Masimo avers that the allegations of Paragraph 172 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 172 of Philips' Counterclaims is required, Masimo denies them.

173.    Masimo avers that the allegations of Paragraph 173 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 173 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 4:**
**CONSPIRACY TO MONOPOLIZE IN VIOLATION OF THE SHERMAN ACT**

174.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 173, inclusive, with the same force and effect as if set forth fully herein.

175.    Masimo avers that the allegations of Paragraph 175 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 175 of Philips' Counterclaims is required, Masimo denies them.

176.    Masimo avers that the allegations of Paragraph 176 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 176 of Philips' Counterclaims is required, Masimo denies them.

177.    Masimo avers that the allegations of Paragraph 177 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 177 of Philips' Counterclaims is required, Masimo denies them.

178.    Masimo denies the allegations of Paragraph 178 of Philips' Counterclaims.

179.    Masimo avers that the allegations of Paragraph 179 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 179 of Philips' Counterclaims is required, Masimo denies them.

180.    Masimo avers that the allegations of Paragraph 180 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 180 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 5:
## TYING IN VIOLATION OF THE SHERMAN ACT AND THE CLAYTON ACT

181.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 180, inclusive, with the same force and effect as if set forth fully herein.

182.    Masimo avers that the allegations of Paragraph 182 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 182 of Philips' Counterclaims is required, Masimo denies them.

183.    Masimo avers that the allegations of Paragraph 183 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 183 of Philips' Counterclaims is required, Masimo denies them.

184.    Masimo avers that the allegations of Paragraph 184 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 184 of Philips' Counterclaims is required, Masimo denies them.

185.    Masimo avers that the allegations of Paragraph 185 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 185 of Philips' Counterclaims is required, Masimo denies them.

186.    Masimo avers that the allegations of Paragraph 186 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 186 of Philips' Counterclaims is required, Masimo denies them.

187.    Masimo denies the allegations of Paragraph 187 of Philips' Counterclaims.

188.    Masimo avers that the allegations of Paragraph 188 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 188 of Philips' Counterclaims is required, Masimo denies them.

189.    Masimo avers that the allegations of Paragraph 189 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 189 of Philips' Counterclaims is required, Masimo denies them.

190.    Masimo avers that the allegations of Paragraph 190 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 190 of Philips' Counterclaims is required, Masimo denies them.

191.    Masimo avers that the allegations of Paragraph 191 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 191 of Philips' Counterclaims is required, Masimo denies them.

192.    Masimo avers that the allegations of Paragraph 192 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 192 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 6:
## GROUP BOYCOTT IN VIOLATION OF THE SHERMAN ACT

193.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 192, inclusive, with the same force and effect as if set forth fully herein.

194.    Masimo avers that the allegations of Paragraph 194 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 194 of Philips' Counterclaims is required, Masimo denies them.

195.    Masimo avers that the allegations of Paragraph 195 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 195 of Philips' Counterclaims is required, Masimo denies them.

196.    Masimo avers that the allegations of Paragraph 196 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 196 of Philips' Counterclaims is required, Masimo denies them.

197.    Masimo denies the allegations in Paragraph 197 of Philips' Counterclaims.

198.    Masimo denies the allegations in Paragraph 198 of Philips' Counterclaims.

199.    Masimo denies the allegations in Paragraph 199 of Philips' Counterclaims.

200.    Masimo avers that the allegations of Paragraph 200 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 200 of Philips' Counterclaims is required, Masimo denies them.

201.    Masimo avers that the allegations of Paragraph 201 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 201 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 7:
## AGREEMENT IN RESTRAINT OF TRADE IN VIOLATION OF THE SHERMAN ACT

202.    Masimo incorporates by reference its responses to the allegations in Paragraphs 109 through 201, inclusive, with the same force and effect as if set forth fully herein.

203.    Masimo avers that the allegations of Paragraph 203 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 203 of Philips' Counterclaims is required, Masimo denies them.

204.    Masimo avers that the allegations of Paragraph 204 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 204 of Philips' Counterclaims is required, Masimo denies them.

205.    Masimo avers that the allegations of Paragraph 205 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 205 of Philips' Counterclaims is required, Masimo denies them.

206.    Masimo avers that the allegations of Paragraph 206 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 206 of Philips' Counterclaims is required, Masimo denies them.

207.    Masimo avers that the allegations of Paragraph 207 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 207 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 8:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '272 PATENT

208.    Masimo incorporates herein and realleges its responses to Paragraphs 109-207 of Philips' Counterclaims.

209.    Masimo admits the allegations in Paragraph 209 of Philips' Counterclaims.

210.    Masimo admits the allegations in Paragraph 210 of Philips' Counterclaims.

211.    Masimo denies the allegations in Paragraph 211 of Philips' Counterclaims.

212.    Masimo avers that the allegations of Paragraph 212 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 212 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 9:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '272 PATENT

213.    Masimo incorporates herein and realleges its responses to Paragraphs 109-212 of Philips' Counterclaims.

214.    Masimo admits the allegations in Paragraph 214 of Philips' Counterclaims.

215.    Masimo denies the allegations in Paragraph 215 of Philips' Counterclaims.

216.    Masimo avers that the allegations of Paragraph 216 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that

a response to the allegations of Paragraph 216 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 10:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '952 PATENT

217.    Masimo incorporates herein and realleges its responses to Paragraphs 109-216 of Philips' Counterclaims.

218.    Masimo admits the allegations in Paragraph 218 of Philips' Counterclaims.

219.    Masimo admits the allegations in Paragraph 219 of Philips' Counterclaims.

220.    Masimo denies the allegations in Paragraph 220 of Philips' Counterclaims.

221.    Masimo avers that the allegations of Paragraph 221 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 221 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 11:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '952 PATENT

222.    Masimo incorporates herein and realleges its responses to Paragraphs 109-221 of Philips' Counterclaims.

223.    Masimo admits the allegations in Paragraph 223 of Philips' Counterclaims.

224.    Masimo denies the allegations in Paragraph 224 of Philips' Counterclaims.

225.    Masimo avers that the allegations of Paragraph 225 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 225 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 12:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '850 PATENT**

226.    Masimo incorporates herein and realleges its responses to Paragraphs 109-225 of Philips' Counterclaims.

227.    Masimo admits the allegations in Paragraph 227 of Philips' Counterclaims.

228.    Masimo admits the allegations in Paragraph 228 of Philips' Counterclaims.

229.    Masimo denies the allegations in Paragraph 229 of Philips' Counterclaims.

230.    Masimo avers that the allegations of Paragraph 230 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 230 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 13:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '850 PATENT**

231.    Masimo incorporates herein and realleges its responses to Paragraphs 109-230 of Philips' Counterclaims.

232.    Masimo admits the allegations in Paragraph 232 of Philips' Counterclaims.

233.    Masimo denies the allegations in Paragraph 233 of Philips' Counterclaims.

234.    Masimo avers that the allegations of Paragraph 234 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 234 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 14:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '222 PATENT**

235.    Masimo incorporates herein and realleges its responses to Paragraphs 109-234 of Philips' Counterclaims.

236.    Masimo admits the allegations in Paragraph 236 of Philips' Counterclaims.

237.    Masimo admits the allegations in Paragraph 237 of Philips' Counterclaims.

238.    Masimo denies the allegations in Paragraph 238 of Philips' Counterclaims.

239.    Masimo avers that the allegations of Paragraph 239 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 239 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 15:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '222 PATENT**

240.    Masimo incorporates herein and realleges its responses to Paragraphs 109-239 of Philips' Counterclaims.

241.    Masimo admits the allegations in Paragraph 241 of Philips' Counterclaims.

242.    Masimo denies the allegations in Paragraph 242 of Philips' Counterclaims.

243.    Masimo avers that the allegations of Paragraph 243 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 243 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 16:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '065 PATENT**

244.     Masimo incorporates herein and realleges its responses to Paragraphs 109-243 of Philips' Counterclaims.

245.     Masimo admits the allegations in Paragraph 245 of Philips' Counterclaims.

246.     Masimo admits the allegations in Paragraph 246 of Philips' Counterclaims.

247.     Masimo denies the allegations in Paragraph 247 of Philips' Counterclaims.

248.     Masimo avers that the allegations of Paragraph 248 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 248 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 17:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '065 PATENT**

249.     Masimo incorporates herein and realleges its responses to Paragraphs 109-248 of Philips' Counterclaims.

250.     Masimo admits the allegations in Paragraph 250 of Philips' Counterclaims.

251.     Masimo denies the allegations in Paragraph 251 of Philips' Counterclaims.

252.     Masimo avers that the allegations of Paragraph 252 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 252 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 18:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '917 PATENT**

253.    Masimo incorporates herein and realleges its responses to Paragraphs 109-252 of Philips' Counterclaims.

254.    Masimo admits the allegations in Paragraph 254 of Philips' Counterclaims.

255.    Masimo admits the allegations in Paragraph 255 of Philips' Counterclaims.

256.    Masimo denies the allegations in Paragraph 256 of Philips' Counterclaims.

257.    Masimo avers that the allegations of Paragraph 257 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 257 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 19:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '917 PATENT**

258.    Masimo incorporates herein and realleges its responses to Paragraphs 109-257 of Philips' Counterclaims.

259.    Masimo admits the allegations in Paragraph 259 of Philips' Counterclaims.

260.    Masimo denies the allegations in Paragraph 260 of Philips' Counterclaims.

261.    Masimo avers that the allegations of Paragraph 261 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 261 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 20:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '194 PATENT**

262.    Masimo incorporates herein and realleges its responses to Paragraphs 109-261 of Philips' Counterclaims.

263.    Masimo admits the allegations in Paragraph 263 of Philips' Counterclaims.

264.    Masimo admits the allegations in Paragraph 264 of Philips' Counterclaims.

265.    Masimo denies the allegations in Paragraph 265 of Philips' Counterclaims.

266.    Masimo avers that the allegations of Paragraph 266 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 266 of Philips' Counterclaims is required, Masimo denies them.


**ANSWER TO COUNTERCLAIM 21:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '194 PATENT**

267.    Masimo incorporates herein and realleges its responses to Paragraphs 109-266 of Philips' Counterclaims.

268.    Masimo admits the allegations in Paragraph 268 of Philips' Counterclaims.

269.    Masimo denies the allegations in Paragraph 269 of Philips' Counterclaims.

270.    Masimo avers that the allegations of Paragraph 270 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 270 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 22:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '060 PATENT**

271.    Masimo incorporates herein and realleges its responses to Paragraphs 109-270 of Philips' Counterclaims.

272.    Masimo admits the allegations in Paragraph 272 of Philips' Counterclaims.

273.    Masimo admits the allegations in Paragraph 273 of Philips' Counterclaims.

274.    Masimo denies the allegations in Paragraph 274 of Philips' Counterclaims.

275.    Masimo avers that the allegations of Paragraph 275 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 275 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 23:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '060 PATENT**

276.    Masimo incorporates herein and realleges its responses to Paragraphs 109-275 of Philips' Counterclaims.

277.    Masimo admits the allegations in Paragraph 277 of Philips' Counterclaims.

278.    Masimo denies the allegations in Paragraph 278 of Philips' Counterclaims.

279.    Masimo avers that the allegations of Paragraph 279 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 279 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 24:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '028 PATENT

280.   Masimo incorporates herein and realleges its responses to Paragraphs 109-279 of Philips' Counterclaims.

281.   Masimo admits the allegations in Paragraph 281 of Philips' Counterclaims.

282.   Masimo admits the allegations in Paragraph 282 of Philips' Counterclaims.

283.   Masimo denies the allegations in Paragraph 283 of Philips' Counterclaims.

284.   Masimo avers that the allegations of Paragraph 284 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 284 of Philips' Counterclaims is required, Masimo denies them.

## ANSWER TO COUNTERCLAIM 25:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '028 PATENT

285.   Masimo incorporates herein and realleges its responses to Paragraphs 109-284 of Philips' Counterclaims.

286.   Masimo admits the allegations in Paragraph 286 of Philips' Counterclaims.

287.   Masimo denies the allegations in Paragraph 287 of Philips' Counterclaims.

288.   Masimo avers that the allegations of Paragraph 288 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 288 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 26:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '984 PATENT**

289.    Masimo incorporates herein and realleges its responses to Paragraphs 109-288 of Philips' Counterclaims.

290.    Masimo admits the allegations in Paragraph 290 of Philips' Counterclaims.

291.    Masimo admits the allegations in Paragraph 291 of Philips' Counterclaims.

292.    Masimo denies the allegations in Paragraph 292 of Philips' Counterclaims.

293.    Masimo avers that the allegations of Paragraph 293 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 293 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 27:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '984 PATENT**

294.    Masimo incorporates herein and realleges its responses to Paragraphs 109-293 of Philips' Counterclaims.

295.    Masimo admits the allegations in Paragraph 295 of Philips' Counterclaims.

296.    Masimo denies the allegations in Paragraph 296 of Philips' Counterclaims.

297.    Masimo avers that the allegations of Paragraph 297 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 297 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 28:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '958 PATENT**

298.    Masimo incorporates herein and realleges its responses to Paragraphs 109-297 of Philips' Counterclaims.

299.    Masimo admits the allegations in Paragraph 299 of Philips' Counterclaims.

300.    Masimo admits the allegations in Paragraph 300 of Philips' Counterclaims.

301.    Masimo denies the allegations in Paragraph 301 of Philips' Counterclaims.

302.    Masimo avers that the allegations of Paragraph 302 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 302 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 29:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '958 PATENT**

303.    Masimo incorporates herein and realleges its responses to Paragraphs 109-302 of Philips' Counterclaims.

304.    Masimo admits the allegations in Paragraph 304 of Philips' Counterclaims.

305.    Masimo denies the allegations in Paragraph 305 of Philips' Counterclaims.

306.    Masimo avers that the allegations of Paragraph 306 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 306 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 30:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '741 PATENT**

307.     Masimo incorporates herein and realleges its responses to Paragraphs 109-306 of Philips' Counterclaims.

308.     Masimo admits the allegations in Paragraph 308 of Philips' Counterclaims.

309.     Masimo admits the allegations in Paragraph 309 of Philips' Counterclaims.

310.     Masimo denies the allegations in Paragraph 310 of Philips' Counterclaims.

311.     Masimo avers that the allegations of Paragraph 311 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 311 of Philips' Counterclaims is required, Masimo denies them.


**ANSWER TO COUNTERCLAIM 31:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '741 PATENT**

312.     Masimo incorporates herein and realleges its responses to Paragraphs 109-311 of Philips' Counterclaims.

313.     Masimo admits the allegations in Paragraph 313 of Philips' Counterclaims.

314.     Masimo denies the allegations in Paragraph 314 of Philips' Counterclaims.

315.     Masimo avers that the allegations of Paragraph 315 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 315 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 32:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '154 PATENT**

316.    Masimo incorporates herein and realleges its responses to Paragraphs 109-315 of Philips' Counterclaims.

317.    Masimo admits the allegations in Paragraph 317 of Philips' Counterclaims.

318.    Masimo admits the allegations in Paragraph 318 of Philips' Counterclaims.

319.    Masimo denies the allegations in Paragraph 319 of Philips' Counterclaims.

320.    Masimo avers that the allegations of Paragraph 320 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 320 of Philips' Counterclaims is required, Masimo denies them.


**ANSWER TO COUNTERCLAIM 33:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '154 PATENT**

321.    Masimo incorporates herein and realleges its responses to Paragraphs 109-320 of Philips' Counterclaims.

322.    Masimo admits the allegations in Paragraph 322 of Philips' Counterclaims.

323.    Masimo denies the allegations in Paragraph 323 of Philips' Counterclaims.

324.    Masimo avers that the allegations of Paragraph 324 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 324 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 34:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '949 PATENT**

325.     Masimo incorporates herein and realleges its responses to Paragraphs 109-324 of Philips' Counterclaims.

326.     Masimo admits the allegations in Paragraph 326 of Philips' Counterclaims.

327.     Masimo admits the allegations in Paragraph 327 of Philips' Counterclaims.

328.     Masimo denies the allegations in Paragraph 328 of Philips' Counterclaims.

329.     Masimo avers that the allegations of Paragraph 329 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 329 of Philips' Counterclaims is required, Masimo denies them.


**ANSWER TO COUNTERCLAIM 35:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '949 PATENT**

330.     Masimo incorporates herein and realleges its responses to Paragraphs 109-329 of Philips' Counterclaims.

331.     Masimo admits the allegations in Paragraph 331 of Philips' Counterclaims.

332.     Masimo denies the allegations in Paragraph 332 of Philips' Counterclaims.

333.     Masimo avers that the allegations of Paragraph 333 of Philips' Counterclaims constitute legal contentions and conclusions to which no response is required.  To the extent that a response to the allegations of Paragraph 333 of Philips' Counterclaims is required, Masimo denies them.

**ANSWER TO COUNTERCLAIM 36:**
**INFRINGEMENT OF THE '165 PATENT**

334.    Masimo incorporates herein and realleges its responses to Paragraphs 109-333 of Philips' Counterclaims.

335.    Masimo admits that Exhibit A purports to be a copy of U.S. Patent No. 4,867,165 ("the '165 patent"), entitled "Method for Determining the Perfusion," and bears an issue date of September 19, 1989.  Masimo denies the remaining allegations in Paragraph 335 of Philips' Counterclaims.

336.    Masimo denies the allegations in Paragraph 336 of Philips' Counterclaims.

337.    Masimo denies the allegations in Paragraph 337 of Philips' Counterclaims.

338.    Masimo denies the allegations in Paragraph 338 of Philips' Counterclaims.

339.    Masimo denies the allegations in Paragraph 339 of Philips' Counterclaims.

340.    Masimo denies the allegations in Paragraph 340 of Philips' Counterclaims.

**ANSWER TO COUNTERCLAIM 37:**
**INFRINGEMENT OF THE '791 PATENT**

341.    Masimo incorporates herein and realleges its responses to Paragraphs 109-340 of Philips' Counterclaims.

342.    Masimo admits that Exhibit B purports to be a copy of U.S. Patent No. 5,170,791 ("the '791 patent"), entitled "Method and Apparatus for Calculating the Fetal Heart Rate," and bears an issue date of December 15, 1992.  Masimo denies the remaining allegations in Paragraph 342 of Philips' Counterclaims.

343.    Masimo denies the allegations in Paragraph 343 of Philips' Counterclaims.

344.    Masimo denies the allegations in Paragraph 344 of Philips' Counterclaims.

345.    Masimo denies the allegations in Paragraph 345 of Philips' Counterclaims.

**ANSWER TO COUNTERCLAIM 38:**
**INFRINGEMENT OF THE '550 PATENT**

346.    Masimo incorporates herein and realleges its responses to Paragraphs 109-345 of Philips' Counterclaims.

347.    Masimo admits that Exhibit C purports to be a copy of U.S. Patent No. 5,820,550 ("the '550 patent"), entitled "Pulse Oximeter with Improved Accuracy and Response Time," and bears an issue date of October 13, 1998.   Masimo denies the remaining allegations in Paragraph 347 of Philips' Counterclaims.

348.    Masimo denies the allegations in Paragraph 348 of Philips' Counterclaims.

349.    Masimo denies the allegations in Paragraph 349 of Philips' Counterclaims.

350.    Masimo denies the allegations in Paragraph 350 of Philips' Counterclaims.

351.    Masimo denies the allegations in Paragraph 351 of Philips' Counterclaims.

**ANSWER TO COUNTERCLAIM 39:**
**INFRINGEMENT OF THE '786 PATENT**

352.    Masimo incorporates herein and realleges its responses to Paragraphs 109-351 of Philips' Counterclaims.

353.    Masimo admits that Exhibit D purports to be a copy of U.S. Patent No. 5,170,786 ("the '786 patent"), entitled "Reusable Probe System," and bears an issue date of December 15, 1992.  Masimo denies the remaining allegations in Paragraph 353 of Philips' Counterclaims.

354.    Masimo denies the allegations in Paragraph 354 of Philips' Counterclaims.

355.    Masimo denies the allegations in Paragraph 355 of Philips' Counterclaims.

356.    Masimo denies the allegations in Paragraph 356 of Philips' Counterclaims.

357.    Masimo denies the allegations in Paragraph 357 of Philips' Counterclaims.

358.    Masimo denies the allegations in Paragraph 358 of Philips' Counterclaims.

359.     Masimo denies the allegations in Paragraph 359 of Philips' Counterclaims.

**ANSWER TO COUNTERCLAIM 40:**
**INFRINGEMENT OF THE '233 PATENT**

360.     Masimo incorporates herein and realleges its responses to Paragraphs 109-359 of Philips' Counterclaims.

361.     Masimo admits that Exhibit E purports to be a copy of U.S. Patent No. 7,088,233 ("the '233 patent"), entitled "Personal Medical Device Communication System and Method," and bears an issue date of August 8, 2006.   Masimo denies the remaining allegations in Paragraph 361 of Philips' Counterclaims.

362.     Masimo denies the allegations in Paragraph 362 of Philips' Counterclaims.

363.     Masimo denies the allegations in Paragraph 363 of Philips' Counterclaims.

364.     Masimo denies the allegations in Paragraph 364 of Philips' Counterclaims.

365.     Masimo denies the allegations in Paragraph 365 of Philips' Counterclaims.

**ANSWER TO COUNTERCLAIM 41:**
**INFRINGEMENT OF THE '991 PATENT**

366.     Masimo incorporates herein and realleges its responses to Paragraphs 109-365 of Philips' Counterclaims.

367.     Masimo admits that Exhibit F purports to be a copy of U.S. Patent No. 5,448,991 ("the '991 patent"), entitled "Method of Measuring the Oxygen Saturation in Pulsating Blood Flow," and bears an issue date of September 12, 1995.   Masimo denies the remaining allegations in Paragraph 367 of Philips' Counterclaims.

368.     Masimo denies the allegations in Paragraph 368 of Philips' Counterclaims.

369.     Masimo denies the allegations in Paragraph 369 of Philips' Counterclaims.

370.     Masimo denies the allegations in Paragraph 370 of Philips' Counterclaims.

371.   Masimo denies the allegations in Paragraph 371 of Philips' Counterclaims.

### ANSWER TO COUNTERCLAIM 42:
### INFRINGEMENT OF THE '038 PATENT

372.   Masimo incorporates herein and realleges its responses to Paragraphs 109-371 of Philips' Counterclaims.

373.   Masimo admits that Exhibit G purports to be a copy of U.S. Patent No. 5,190,038 ("the '038 patent"), entitled "Pulse Oximeter with Improved Accuracy and Response Time," and bears an issue date of March 2, 1993.   Masimo denies the remaining allegations in Paragraph 373 of Philips' Counterclaims.

374.   Masimo denies the allegations in Paragraph 374 of Philips' Counterclaims.

375.   Masimo denies the allegations in Paragraph 375 of Philips' Counterclaims.

376.   Masimo admits that a prior owner of the '038 patent made Masimo aware of the '038 patent.   Masimo denies the remaining allegations in Paragraph 376 of Philips' Counterclaims.

377.   Masimo denies the allegations in Paragraph 377 of Philips' Counterclaims.

378.   Masimo denies the allegations in Paragraph 378 of Philips' Counterclaims.

379.   Masimo denies the allegations in Paragraph 379 of Philips' Counterclaims.

### ANSWER TO COUNTERCLAIM 43:
### INFRINGEMENT OF THE '588 PATENT

380.   Masimo incorporates herein and realleges its responses to Paragraphs 109-379 of Philips' Counterclaims.

381.   Masimo admits that Exhibit H purports to be a copy of U.S. Patent No. 5,058,588 ("the '588 patent"), entitled "Oximeter and Medical Sensor Therefor," and bears an issue date of

October 22, 1991. Masimo denies the remaining allegations in Paragraph 381 of Philips' Counterclaims.

382. Masimo denies the allegations in Paragraph 382 of Philips' Counterclaims.

383. Masimo denies the allegations in Paragraph 383 of Philips' Counterclaims.

384. Masimo denies the allegations in Paragraph 384 of Philips' Counterclaims.

385. Masimo denies the allegations in Paragraph 385 of Philips' Counterclaims.

386. Masimo denies the allegations in Paragraph 386 of Philips' Counterclaims.

387. Masimo denies the allegations in Paragraph 387 of Philips' Counterclaims.

## ANSWER TO COUNTERCLAIM 44:
## INFRINGEMENT OF THE '535 PATENT

388. Masimo incorporates herein and realleges its responses to Paragraphs 109-387 of Philips' Counterclaims.

389. Masimo admits that Exhibit I purports to be a copy of U.S. Patent No. 6,122,535 ("the '535 patent"), entitled "Method and Apparatus for Determining the Concentration of a Component," and bears an issue date of September 19, 2000. Masimo denies the remaining allegations in Paragraph 389 of Philips' Counterclaims.

390. Masimo denies the allegations in Paragraph 390 of Philips' Counterclaims.

391. Masimo denies the allegations in Paragraph 391 of Philips' Counterclaims.

392. Masimo denies the allegations in Paragraph 392 of Philips' Counterclaims.

393. Masimo denies the allegations in Paragraph 393 of Philips' Counterclaims.

394. Masimo denies the allegations in Paragraph 394 of Philips' Counterclaims.

395. Masimo denies the allegations in Paragraph 395 of Philips' Counterclaims.

## ANSWER TO COUNTERCLAIM 45:
## INFRINGEMENT OF THE '074 PATENT

396.    Masimo incorporates herein and realleges its responses to Paragraphs 109-395 of Philips' Counterclaims.

397.    Masimo admits that Exhibit J purports to be a copy of U.S. Patent No. 6,725,074 ("the '074 patent"), entitled "Quality Indicator for Measurement Signals, in Particular, for Medical Measurement Signals such as those Used in Measuring Oxygen Saturation," and bears an issue date of April 20, 2004. Masimo denies the remaining allegations in Paragraph 397 of Philips' Counterclaims.

398.    Masimo denies the allegations in Paragraph 398 of Philips' Counterclaims.

399.    Masimo denies the allegations in Paragraph 399 of Philips' Counterclaims.

400.    Masimo denies the allegations in Paragraph 400 of Philips' Counterclaims.

401.    Masimo denies the allegations in Paragraph 401 of Philips' Counterclaims.

402.    Masimo denies the allegations in Paragraph 402 of Philips' Counterclaims.

403.    Masimo denies the allegations in Paragraph 403 of Philips' Counterclaims.


## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend this Answer to assert additional defenses as they may become known during investigation and discovery, Masimo asserts the following separate and additional defenses.


## AFFIRMATIVE DEFENSE 1:  FAILURE TO STATE A CLAIM

404.    Philips' Counterclaims 1-45 fail to state a claim on which relief can be granted.

## PATENT AFFIRMATIVE DEFENSE 2:  NON-INFRINGEMENT

405.    Masimo has not infringed and does not infringe, directly, by inducement, or contributorily, one or more claims of the '165, '791, '550, '786, '233, '991, '038, '588, '535 or '074 patents, either literally or under the doctrine of equivalents.

## PATENT AFFIRMATIVE DEFENSE 3:  INVALIDITY

406.    One or more claims of the '165, '791, '550, '786, '233, '991, '038, '588, '535 and '074 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PATENT AFFIRMATIVE DEFENSE 4:  LACHES

407.    Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, by laches.

408.    Since at least 2001, Masimo has consistently and repeatedly maintained its allegations of infringement against Philips, and met with Philips to discuss various issues, including intellectual property issues.  Masimo's representatives specifically inquired of Philips' representatives, who, upon information and belief, were knowledgeable regarding the intellectual property rights owned by Philips, whether Masimo was engaged in any conduct that Philips believed may constitute an infringement of any Philips intellectual property.  Philips has never claimed any infringement by Masimo.  Masimo reasonably relied upon the Philips lack of assertion of any patents, in an environment inviting such assertions, to form an understanding that Philips would not assert any claims against Masimo based upon alleged infringement of Philips' intellectual property rights.  Upon information and belief, Philips has been aware of the existence and operation of Masimo's products since 1992 and the marketing of Masimo's products since at least 1996.

409.    Additionally, on information and belief, since before 2001, the owner(s) of U.S. Patent No. 5,820,550, U.S. Patent No. 5,448,991, and U.S. Patent No. 5,190,038, asserted by Philips in this litigation, has been aware of Masimo's products and sales activities, and believed that Masimo's conduct constituted infringement.   These patents later became the subject of a covenant not to sue granted to Masimo.   Masimo reasonably relied on this covenant not to sue and the lack of any further assertion of these patents.

410.    Philips and/or prior owners of the patents in suit unreasonably delayed in bringing suit against Masimo.

411.    Philips' unreasonable delay caused prejudice to Masimo.

## PATENT AFFIRMATIVE DEFENSE 5:  ESTOPPEL

412.    Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, by estoppel.

413.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 407-411 of these Affirmative Defenses and Paragraphs 459-487 of Masimo's Counterclaims.

414.    Philips failed to identify any claims of patent infringement against Masimo, in the face of significant discussions and accusations by Masimo against Philips, and in the face of a request by Masimo whether Philips had any claims of infringement against Masimo.

415.    Masimo reasonably relied on Philips' conduct to Masimo's material prejudice.

## PATENT AFFIRMATIVE DEFENSE 6:  ACQUIESCENCE

416.    Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, by acquiescence.

417.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 407-411 of these Affirmative Defenses and Paragraphs 459-487 of Masimo's Counterclaims.

## PATENT AFFIRMATIVE DEFENSE 7:  WAIVER

418.    Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, by waiver.

419.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 407-411 of these Affirmative Defenses and Paragraphs 459-487 of Masimo's Counterclaims.

420.    One or more of the owners of the '550, '786, '991 and '038 patents has, by agreement, expressly waived any claims of patent infringement against Masimo.

## PATENT AFFIRMATIVE DEFENSE 8:  UNCLEAN HANDS

421.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 459-487 of Masimo's Counterclaims.

422.    Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, by unclean hands based, at least upon the conduct of one or more of the owners of the '550, '786, '991 and '038 patents as described in detail below in Masimo's Counterclaims.

## PATENT AFFIRMATIVE DEFENSE 9:  LICENSE

423.    Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, because Masimo has a license to at least the '550, '786, '991 and '038 patents.

## PATENT AFFIRMATIVE DEFENSE 10:  IMPLIED LICENSE

424.    Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, because Masimo has an implied license to the '550, '786, '991 and '038 patents.

## PATENT AFFIRMATIVE DEFENSE 11:  COVENANT NOT TO SUE

425.   Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, because Masimo was granted a covenant not to sue by Respironics as to the '550, '786, '991 and '038 patents.

## PATENT AFFIRMATIVE DEFENSE 12:  RELEASE

426.   Philips' Patent Counterclaims Nos. 38, 39, 41, and 42 are barred, in whole or in part, because Masimo was released as to the '550, '786, '991 and '038 patents.

## PATENT AFFIRMATIVE DEFENSE 13:  STANDING

427.   One or more of Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, because Philips lacks standing.  Therefore, this Court lacks subject matter jurisdiction over such Counterclaims.

## PATENT AFFIRMATIVE DEFENSE 14:  OWNERSHIP

428.   One or more of Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, because Philips does not own one or more of the patents it asserted in its Counterclaims.

## PATENT AFFIRMATIVE DEFENSE 15:  LIMITATION ON DAMAGES

429.   Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, under 35 U.S.C. § 286.

## PATENT AFFIRMATIVE DEFENSE 16:  FAILURE TO MARK

430.   Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, under 35 U.S.C. § 287.

## PATENT AFFIRMATIVE DEFENSE 17:  ASSERTION OF PATENTS WITH INVALID CLAIMS

431.     Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, under 35 U.S.C. § 288.

## PATENT AFFIRMATIVE DEFENSE 18:  FRAUD

432.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 459-482 of Masimo's Counterclaims.

433.     Philips' Patent Counterclaims Nos. 36-45 are barred, in whole or in part, because of fraud.

## ANTITRUST AFFIRMATIVE DEFENSE 19:  PATENT RIGHTS

434.     Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, because Masimo's conduct is lawful under its patents.  Masimo owns valid patents for its pulse oximetry systems that encompass monitors containing Masimo's pulse oximetry technology as well as the cables and sensors that, according to Philips' Antitrust Counterclaims, Masimo allegedly ties to the purchase of those monitors.  These patents include, U.S. Patents Nos. 6,263,222, 6,157,850, 7,483,730, 7,467,002, 7,044,918, and 7,221,971, among many others.   In addition, Masimo owns valid calibration patents for ProCal.   These include U.S. Patents Nos. 5,758,644, 6,011,986, 6,397,091, 7,496,391, and 7,526,328.  One aspect of these calibration patents creates a verification system.  In the case of pulse oximetry, a verification system ensures that a certain type of sensor and/or cable is used with a manufacturer's pulse oximetry technology.  When a verification system is used, the pulse oximetry monitor will indicate the presence or lack of presence of a verified sensor.

435.   Masimo's conduct that allegedly violated the antitrust laws, including but not limited to its use of ProCal, its settlement agreement with Nellcor, and its agreements with manufacturers of MPPMs, were a lawful exercise of its patent rights.

## ANTITRUST AFFIRMATIVE DEFENSE 20:  NO ANTITRUST INJURY

436.   Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, because Philips cannot have suffered antitrust injury.   Masimo incorporates the allegations in its Affirmative Defense No. 19 as if they were fully stated herein.  Masimo owns valid patents for its pulse oximetry systems that encompass monitors containing Masimo's pulse oximetry technology as well as the cables and sensors that, according to Philips' Antitrust Counterclaims, Masimo allegedly ties to the purchase of those monitors.   These patents include, U.S. Patents Nos.  6,263,222,  6,157,850,  7,483,730,  7,467,002,  7,044,918,  and  7,221,971,  among  many others.   In addition, Masimo owns valid calibration patents for ProCal.   These include U.S. Patents Nos. 5,758,644, 6,011,986, 6,397,091, 7,496,391, and 7,526,328.

437.   Masimo's conduct that allegedly violated the antitrust laws, including but not limited to its use of ProCal, its settlement agreement with Nellcor, and its agreements with manufacturers of MPPMs, were a lawful exercise of its patent rights.  Any attempt by Philips to sell sensors or cables for use with monitors containing Masimo's patented pulse oximetry technology without a license to do so from Masimo would constitute direct and contributory infringement.   Philips' alleged inability to sell sensors and cables for use with Masimo's patented pulse oximetry technology therefore cannot be the basis for a violation of the antitrust laws.

## ANTITRUST AFFIRMATIVE DEFENSE 21:  JUSTIFICATION

438.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, because Masimo's conduct is justified by any or all of the following:  (1) as a means to protect patient safety; (2) as a means to ensure proper performance of its products; (3) as a means to protect the quality and integrity of its pulse oximetry technology; (4) as a means to protect its goodwill and reputation and prevent consumer confusion; (5) as a means to enable hospitals to purchase its pulse oximetry technology including on a more cost effective basis; (6) as a means to enhance efficient pricing of its SET technology by matching prices and consumer needs based on usage; (7) as a means to protect its patent rights; (8) as consistent with ubiquitous industry practice; and (9) as necessary to compete.

## ANTITRUST AFFIRMATIVE DEFENSE 22:  NO PROXIMATE CAUSE

439.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, because Philips' claimed injuries and damages, if any, were not proximately caused by any acts or omissions by Masimo.  The use of some form of verification or authentication system to ensure that a particular type of peripheral equipment is used with the principal device is widespread in the medical device industry including in the sale of pulse oximetry monitors.  Firms use verification or authentication systems for one or more of the reasons stated in Masimo's Affirmative Defense No. 21.  The long dominant manufacturer of pulse oximetry, Nellcor used a verification or authentication system with its pulse oximetry technology (such that Nellcor cables and sensors had to be used with monitors containing Nellcor technology) before Masimo implemented ProCal and before Nellcor entered into a settlement agreement with Masimo to resolve patent infringement by Nellcor.  The agreement between Masimo and Nellcor, or any other alleged conduct by Masimo, did not alter the longstanding industry practice of using a

verification or authentication system with pulse oximetry.  Masimo's alleged conduct therefore could not have been the proximate cause for any harm to Philips and therefore Philips cannot have suffered any compensable injury.

## ANTITRUST AFFIRMATIVE DEFENSE 23:  STATUTE OF LIMITATIONS

440.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, by the applicable statutes of limitations.  The use of some form of verification or authentication system to ensure that a particular type of peripheral equipment is used with the principal device is widespread in the medical device industry including in the sale of pulse oximetry monitors. Firms use verification or authentication systems for one or more of the reasons stated in Masimo's Affirmative Defense No. 21.  The long dominant manufacturer of pulse oximetry, Nellcor used a verification or authentication system with its pulse oximetry technology (such that Nellcor cables and sensors had to be used with monitors containing Nellcor technology) before Masimo implemented ProCal and before Nellcor entered into a settlement agreement with Masimo to resolve patent infringement actions.

441.    Philips entered into a development, manufacture, and distribution agreement with Masimo on or about April 3, 2003 (the "Agreement").  The Agreement expressly refers to Masimo's ProCal and Philips monitors containing Masimo's pulse oximetry technology configured and labeled for use only with Masimo sensors.  The Agreement also provides that Philips benefits financially from the sale of Masimo sensors for use with Philips monitors containing Masimo's pulse oximetry technology.

442.    By reason of its knowledge of longstanding industry practice and its own Agreement with Masimo, Philips has been on notice of the legal issues raised in its Antitrust

Counterclaims since no later than April 3, 2003.  Its claims are therefore barred by the applicable statutes of limitation.

## ANTITRUST AFFIRMATIVE DEFENSE 24:  WAIVER

443.   Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, by the equitable doctrine of waiver.  Masimo incorporates the allegations in its Affirmative Defense No. 23 as if they were fully stated herein.  Philips sought permission to and, under the Agreement, did distribute, make, and/or sell monitors containing Masimo pulse oximetry technology incorporating Masimo's ProCal verification system.  Philips has benefited financially from the sale of these monitors and from the sale of Masimo sensors for use with Philips monitors containing Masimo's pulse oximetry technology.

444.   On information and belief, Philips and its predecessors also sought permission to and did distribute, make, and/or sell monitors containing a Nellcor verification or authorization system from the mid 1980s, and received financial gain from using such system.  Further, on information and belief, Philips sought permission to and did distribute, make, and/or sell monitors containing Philips' FAST technology that can only be used with Nellcor's Oximax sensors and cables and that incorporate a Nellcor verification or authorization system in return for additional financial gains to Philips.

445.   Philips therefore has waived any possible claims against Masimo based on Masimo's use of ProCal, Philips' alleged inability to manufacture and sell sensors for use with Masimo's or any other pulse oximetry technology, or any purported violations of the antitrust laws alleged in Philips' Antitrust Counterclaims.

## ANTITRUST AFFIRMATIVE DEFENSE 25:  UNCLEAN HANDS

446.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, by the equitable doctrine of unclean hands.  Masimo incorporates the allegations in its Affirmative Defense No. 23 as if they were fully stated herein.  Philips sought permission to and, under the Agreement, did distribute, make, and/or sell monitors containing Masimo pulse oximetry technology incorporating Masimo's ProCal verification system.    Philips has benefited financially from the sale of these monitors and from the sale of Masimo sensors for use with Philips monitors containing Masimo's pulse oximetry technology.

447.    On information and belief, Philips also sought permission to and did distribute, make, and/or sell monitors containing Nellcor pulse oximetry technology incorporating a Nellcor verification or authorization system.  Further, on information and belief, Philips sought permission to and did distribute, make, and/or sell monitors containing Philips' FAST technology that can only be used with Nellcor's Oximax sensors and cables and that incorporate a Nellcor verification or authorization system.  Philips also manufactures and sells MPPMs containing FAST technology with the RCAL verification system.

448.    Under the doctrine of unclean hands, Philips' use of various verification or authentication systems in its products and in the MPPMs it manufactures and sells containing Masimo and Nellcor technology, as well as the profits Philips has earned from the sale of such products, are a bar to its Antitrust Counterclaims.

## ANTITRUST AFFIRMATIVE DEFENSE 26:  IN PARI DELICTO

449.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, by the doctrine of *in pari delicto*.  Masimo incorporates the allegations in its Affirmative Defense No. 23 as if they were fully stated herein.  Philips sought permission to and, under the Agreement,

did distribute, make, and/or sell monitors containing Masimo pulse oximetry technology incorporating Masimo's ProCal verification system. Philips has benefited financially from the sale of these monitors and from the sale of Masimo sensors for use with Philips monitors containing Masimo's pulse oximetry technology.

450.    On information and belief, Philips also sought permission to and did distribute, make, and/or sell monitors containing Nellcor pulse oximetry technology incorporating a Nellcor verification or authorization system. Further, on information and belief, Philips sought permission to and did distribute, make, and/or sell monitors containing Philips' FAST technology that can only be used with Nellcor's Oximax sensors and cables and that incorporate a Nellcor verification or authorization system. Philips also manufactures and sells MPPMs containing FAST technology with the RCAL verification system.

451.    Under the doctrine of *in pari delicto*, Philips' use of various verification or authentication systems in its products and in the MPPMs it manufactures and sells containing Masimo and Nellcor technology, as well as the profits Philips has earned from the sale of such products, are a bar to its Antitrust Counterclaims.

## ANTITRUST AFFIRMATIVE DEFENSE 27:  ESTOPPEL

452.    Philips' Antitrust Counterclaims Nos. 1-7 are barred, in whole or in part, by the equitable doctrine of estoppel. Masimo incorporates the allegations in its Affirmative Defense No. 23 as if they were fully stated herein. Philips sought permission to and, under the Agreement, did distribute, make, and/or sell monitors containing Masimo pulse oximetry technology incorporating Masimo's ProCal verification system. Philips has benefited financially from the sale of these monitors and from the sale of Masimo sensors for use with Philips monitors containing Masimo's pulse oximetry technology.

- 48 -

453.     On information and belief, Philips also sought permission to and did distribute, make, and/or sell monitors containing Nellcor pulse oximetry technology incorporating a Nellcor verification or authorization system.   Further, on information and belief, Philips sought permission to and did distribute, make, and/or sell monitors containing Philips' FAST technology that can only be used with Nellcor's Oximax sensors and cables and that incorporate a Nellcor verification or authorization system.   Philips also manufactures and sells MPPMs containing FAST technology with the RCAL verification system.

454.     Despite its long awareness and use of verification or authentication systems for pulse oximetry, Philips did not inform Masimo that it considered the use of a verification or authentication system to be unlawful until filing these counterclaims.   Masimo reasonably relied on Philips' acceptance of verification or authentication systems as consistent with widespread industry practice.   Philips' Antitrust Counterclaims are therefore barred by the doctrine of equitable estoppel.

## COUNTERCLAIMS

Masimo alleges the following counterclaims against Philips:

## JURISDICTION AND VENUE

455.     Masimo asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgments under the patent laws of the United States, Title 35 of the United States Code, that the patents asserted by Philips are not infringed and are invalid.

456.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 1367(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq*.

457.     Philips is subject to the personal jurisdiction of this Court.

458.    Venue is proper in this district under 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO THE COUNTERCLAIMS

459.    On June 19, 2006, Masimo entered into an agreement with Respironics, Inc., entitled, "Respironics Masimo MX-1 Binding Licensing Letter of Intent" (the "LOI"). On information and belief, Philips has access to the LOI. The LOI was entered into, in part, as the settlement of a patent dispute between Respironics and Masimo. Masimo and Respironics had made allegations of infringement of certain of their respective patents against the other.

460.    The LOI includes an agreement by Respironics to discontinue an oximetry product line called MARS that Masimo had alleged infringed some of Masimo's patents.

461.    On July 26, 2006, Masimo and Respironics entered into a written amendment to the LOI entitled, "Amendment to Respironics – Masimo MX-1 Binding Licensing Letter of Intent" (the "LOI Amendment"). On information and belief, Philips has access to the LOI Amendment. The LOI Amendment was effective as of June 19, 2006.

462.    The LOI Amendment granted a covenant not to sue to Masimo for infringement of any intellectual property rights of Respironics based on any oximetry devices made or developed by Masimo ("Respironics' Covenant Not To Sue").

463.    The LOI Amendment also includes a covenant not to sue Respironics for infringement of any intellectual property rights of Masimo based on any oximetry device containing MARS oximetry.

464.    Upon information and belief, during the negotiations leading up to and at the time of consummating the LOI and the LOI Amendment, both Masimo and Respironics held the respective understanding that, in exchange for having granted a covenant not to sue to the other for patent infringement related to certain products, it received a similar covenant not to sue.

465.    Upon information and belief, during the negotiations leading up to and at the time of consummating the LOI Amendment, both Masimo and Respironics understood that the intellectual property rights subject to Respironics' Covenant Not To Sue Masimo included, among others, U.S. Patent No. 5,820,550 ("the '550 patent"), U.S. Patent No. 5,170,786 ("the '786 patent"), U.S. Patent No. 5,448,991 ("the '991 patent"), and U.S. Patent No. 5,190,038 ("the '038 patent").

466.    Following execution of the LOI Amendment, Masimo and Respironics continued their business relationship wherein Masimo supplied oximetry components to Respironics to be included in finished goods sold by Respironics, and neither Respironics nor Masimo threatened or accused the other in any way with any patent infringement.

467.    In February of 2008, Philips acquired Respironics, and, in May of 2008, Philips acquired Dixtal, a company that had acquired the MARS product line from Respironics in the summer of 2007.

468.    In the summer of 2007, a dispute arose between Masimo and Respironics, when Masimo learned that with the transfer of the MARS product line to Dixtal from Respironics, Dixtal had begun general sales of the MARS oximeters to others in violation, in Masimo's belief, of the LOI.   Based on that conduct, Masimo filed a complaint (Case No. 30-2008-00102827) in the Superior Court of California, County of Orange, against Respironics ("California Litigation").

469.    In Spring 2008, Masimo and Respironics began negotiating a Settlement Agreement for the purpose of settling the dispute underlying the California Litigation ("Settlement Agreement").   By no later than January of 2009, Masimo and Respironics had discussed and reached an understanding regarding settlement terms.

470.   In February of 2009, while Masimo and Respironics were completing the written Settlement Agreement, Masimo filed the present Complaint against Philips, alleging multiple counts of patent infringement.

471.   While Masimo and Respironics were finalizing the written Settlement Agreement, and upon information and belief, Philips requested through Respironics that Masimo and Respironics address a concern of Philips' about the integration of Respironics' business into Philips' business.   Philips' concern, as communicated to Masimo, was that as Philips integrated Respironics' business into Philips' business, the LOI between Respironics and Masimo might be argued to apply to Philips' own independent business that did not have origin in Respironics.   On information and belief, Philips requested that Philips' independent business that did not originate from Respironics not become subject to the LOI by virtue of the integration of Respironics' business into Philips.   Masimo was told that Philips' concern was that Philips might be bound with the obligations to integrate Masimo technology into all of Philips' monitors, without the requested separation.

472.   Respironics and Masimo agreed to separate the independent Philips' business not originating from Respironics, and Respironics and Masimo also agreed that the settlement would not affect the litigation between Masimo and Philips.

473.   In May of 2009, Masimo and Respironics executed the Settlement Agreement.   A few days later, upon information and belief, Philips caused to be transferred to itself the '550, '786, '991 and '038 patents, among other patents which had previously been part of the Respironics business.   In June of 2009, Philips, in its present Counterclaims, asserted patent infringement claims against Masimo based the '550, '786, '991 and '038 patents.

## COUNTERCLAIM 1:  FRAUD

474.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-473 of these Counterclaims.

475.    If, in this litigation, Philips pursues and proves a theory that Masimo does not maintain a right not to be sued for alleged infringement of the '550, '786, '991 and '038 patents, which Masimo alleges Philips cannot prove, then Philips has engaged in conduct constituting fraud.  This counterclaim is pled in the alternative, because Masimo alleges that it has a covenant not to sue under the '550, '786, '991 and '038 patents.

476.    After Masimo filed the present Complaint alleging that Philips has engaged in patent infringement, and during the time that Masimo was negotiating the Settlement Agreement with Respironics, and upon information and belief, Philips knew that Respironics had previously granted a covenant not to sue to Masimo.

477.    After Masimo filed the present Complaint alleging that Philips has engaged in patent infringement, and during the time that Masimo was negotiating the Settlement Agreement with Respironics, and upon information and belief, Philips knew that Masimo and Respironics both understood that Respironics' Covenant Not To Sue remained, and that both Masimo and Respironics understood that such covenant includes the '550, '786, '991 and '038 patents.

478.    After Masimo filed the present Complaint alleging that Philips has engaged in patent infringement, and during the time that Masimo was negotiating the Settlement Agreement with Respironics, and on information and belief, Philips intentionally, and with improper and malicious motive, acted to deceive its subsidiary Respironics, and through such deception to deceive Masimo with its stated reasons for the request for separation of the Philips' business not originating from Respironics (the "Misleading Reasons"), so that the true intentions of Philips to sue Masimo for alleged infringement of the '550, '786, '991 and '038 patents would not be

known. On information and belief, the plan to sue Masimo for alleged infringement of the '550, '786, '991 and '038 patents was formed by Philips before Masimo and Respironics entered the Settlement Agreement.

479.    If in this litigation, Philips pursues and proves a theory under which Masimo does not maintain a right not to be sued for alleged infringement of the '550, '786, '991 and '038 patents, then, upon information and belief, Philips caused Misleading Reasons to be communicated to Masimo, and thereby intentionally induced Masimo and Respironics to, in reasonable reliance on the Misleading Reasons, enter into the Settlement Agreement and dismiss the California Litigation on false pretenses originating from Philips.

480.    Having acted deceitfully and maliciously to cause Masimo and Respironics to enter into the Settlement Agreement and dismiss the California Litigation, Philips transferred the '550, '786, '991 and '038 patents, and then included in its present Counterclaims patent infringement claims against Masimo the '550, '786, '991 and '038 patents, patents that originated with Respironics and patents under which both Respironics and Masimo, on information and belief, agree that a covenant not to sue Masimo exists.

481.    If in this litigation, Philips pursues and proves a theory that Masimo does not maintain a right not to be sued for alleged infringement of the '550, '786, '991 and '038 patents, then, directly as a result of Philips' deceitful and malicious conduct, Masimo has suffered damage in an amount not currently known to Masimo.

482.    Due to Philips' fraud, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## COUNTERCLAIM 2:
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

483.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-482 of these Counterclaims.

484.     Philips has engaged in conduct constituting intentional interference with Masimo's prospective economic advantage which has deprived and will deprive Masimo of substantial value it would otherwise have possessed.

485.     After Masimo filed the present Complaint alleging that Philips has engaged in patent infringement, and during the time that Masimo was negotiating the Settlement Agreement with Respironics, and upon information and belief, Philips acted with improper, deceitful and malicious motive to hide from Masimo and Respironics its intent to sue Masimo on patents originating from Respironics, and to deceive Masimo and Respironics into entering into the Settlement Agreement and dismissing the California Litigation.

486.     As a direct result of Philips' intentional, deceitful, malicious and interfering conduct, Masimo has been deprived of substantial prospective economic advantage in its relationship with Respironics.  The amount of such loss is not presently known to Masimo.  Due to Philips' intentional, deceitful, malicious and interfering conduct, Masimo has been damaged and is entitled to monetary relief in an amount to be determined at trial.

487.     Upon information and belief, Philips will, unless and until enjoined, continue to interfere with the ongoing business relationship between Masimo and Respironics, and prevent Masimo from receiving the prospective economic advantage therefrom.

**COUNTERCLAIM 3:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '165 PATENT**

488.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-487 of these Counterclaims.

489.    Philips alleges in its Counterclaims that it is the owner of the '165 patent.

490.    Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '165 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '165 patent.

491.    Masimo has not engaged in any conduct constituting infringement of the '165 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

492.    Masimo requests declaratory judgment that it does not infringe one or more claims of the '165 patent.

**COUNTERCLAIM 4:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '165 PATENT**

493.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-492 of these Counterclaims.

494.    An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '165 patent.

495.    One or more claims of the '165 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

496.    Masimo requests declaratory judgment that one or more claims of the '165 patent are invalid.

**COUNTERCLAIM 5:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '791 PATENT**

497.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-496 of these Counterclaims.

498.     Philips alleges in its Counterclaims that it is the owner of the '791 patent.

499.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '791 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '791 patent.

500.     Masimo has not engaged in any conduct constituting infringement of the '791 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

501.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '791 patent.

**COUNTERCLAIM 6:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '791 PATENT**

502.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-501 of these Counterclaims.

503.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '791 patent.

504.     One or more claims of the '791 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

505.     Masimo requests declaratory judgment that one or more claims of the '791 patent are invalid.

## COUNTERCLAIM 7:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '550 PATENT

506.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-505 of these Counterclaims.

507.    Philips alleges in its Counterclaims that it is the owner of the '550 patent.

508.    Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '550 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '550 patent.

509.    Masimo has not engaged in any conduct constituting infringement of the '550 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

510.    Masimo requests declaratory judgment that it does not infringe one or more claims of the '550 patent.

## COUNTERCLAIM 8:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '550 PATENT

511.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-510 of these Counterclaims.

512.    An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '550 patent.

513.    One or more claims of the '550 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

514.    Masimo requests declaratory judgment that one or more claims of the '550 patent are invalid.

## COUNTERCLAIM 9:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '786 PATENT

515.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-514 of these Counterclaims.

516.     Philips alleges in its Counterclaims that it is the owner of the '786 patent.

517.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '786 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '786 patent.

518.     Masimo has not engaged in any conduct constituting infringement of the '786 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

519.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '786 patent.

## COUNTERCLAIM 10:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '786 PATENT

520.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-519 of these Counterclaims.

521.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '786 patent.

522.     One or more claims of the '786 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

523.     Masimo requests declaratory judgment that one or more claims of the '786 patent are invalid.

**COUNTERCLAIM 11:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '233 PATENT**

524.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-523 of these Counterclaims.

525.     Philips alleges in its Counterclaims that it is the owner of the '233 patent.

526.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '233 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '233 patent.

527.     Masimo has not engaged in any conduct constituting infringement of the '233 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

528.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '233 patent.

**COUNTERCLAIM 12:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '233 PATENT**

529.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-528 of these Counterclaims.

530.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '233 patent.

531.     One or more claims of the '233 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

532.     Masimo requests declaratory judgment that one or more claims of the '233 patent are invalid.

**COUNTERCLAIM 13:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '991 PATENT**

533.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-532 of these Counterclaims.

534.     Philips alleges in its Counterclaims that it is the owner of the '991 patent.

535.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '991 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '991 patent.

536.     Masimo has not engaged in any conduct constituting infringement of the '991 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

537.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '991 patent.

**COUNTERCLAIM 14:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '991 PATENT**

538.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-537 of these Counterclaims.

539.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '991 patent.

540.     One or more claims of the '991 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

541.     Masimo requests declaratory judgment that one or more claims of the '991 patent are invalid.

**COUNTERCLAIM 15:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '038 PATENT**

542.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-541 of these Counterclaims.

543.    Philips alleges in its Counterclaims that it is the owner of the '038 patent.

544.    Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '038 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '038 patent.

545.    Masimo has not engaged in any conduct constituting infringement of the '038 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

546.    Masimo requests declaratory judgment that it does not infringe one or more claims of the '038 patent.

**COUNTERCLAIM 16:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '038 PATENT**

547.    Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-546 of these Counterclaims.

548.    An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '038 patent.

549.    One or more claims of the '038 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

550.    Masimo requests declaratory judgment that one or more claims of the '038 patent are invalid.

**COUNTERCLAIM 17:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '588 PATENT**

551.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-550 of these Counterclaims.

552.     Philips alleges in its Counterclaims that it is the owner of the '588 patent.

553.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '588 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '588 patent.

554.     Masimo has not engaged in any conduct constituting infringement of the '588 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

555.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '588 patent.

**COUNTERCLAIM 18:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '588 PATENT**

556.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-555 of these Counterclaims.

557.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '588 patent.

558.     One or more claims of the '588 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

559.     Masimo requests declaratory judgment that one or more claims of the '588 patent are invalid.

**COUNTERCLAIM 19:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '535 PATENT**

560.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-559 of these Counterclaims.

561.     Philips alleges in its Counterclaims that it is the owner of the '535 patent.

562.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '535 patent.   Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '535 patent.

563.     Masimo has not engaged in any conduct constituting infringement of the '535 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

564.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '535 patent.

**COUNTERCLAIM 20:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '535 PATENT**

565.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-564 of these Counterclaims.

566.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '535 patent.

567.     One or more claims of the '535 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

568.     Masimo requests declaratory judgment that one or more claims of the '535 patent are invalid.

## COUNTERCLAIM 21:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '074 PATENT

569.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-568 of these Counterclaims.

570.     Philips alleges in its Counterclaims that it is the owner of the '074 patent.

571.     Philips has asserted in its Counterclaims a claim of patent infringement against Masimo based on the '074 patent.  Thus, an immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the alleged infringement of the '074 patent.

572.     Masimo has not engaged in any conduct constituting infringement of the '074 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

573.     Masimo requests declaratory judgment that it does not infringe one or more claims of the '074 patent.

## COUNTERCLAIM 22:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '074 PATENT

574.     Masimo incorporates herein and realleges the allegations set forth in Paragraphs 455-573 of these Counterclaims.

575.     An immediate, real and justiciable controversy now exists between Masimo and Philips with respect to the invalidity of the '074 patent.

576.     One or more claims of the '074 patent are invalid for failure to comply with Title 35 of the United States Code, including one or more of Sections 101, 102, 103 and 112.

577.     Masimo requests declaratory judgment that one or more claims of the '074 patent are invalid.

## PRAYER FOR RELIEF ON MASIMO'S COUNTERCLAIMS

WHEREFORE, Masimo requests judgment in its favor as follows:

A.     A declaration that Masimo does not infringe directly, by inducement, or contributorily, the '165, '791, '550, '786, '233, '991, '038, '588, '535 or '074 patents, either literally or under the doctrine of equivalents;

B.     A declaration that the '165, '791, '550, '786, '233, '991, '038, '588, '535 or '074 patents are invalid;

C.     A declaration that Masimo has not violated the antitrust laws;

D.     A judgment that Defendants have committed fraud;

E.     A judgment that Defendants have intentionally interfered with Masimo's prospective economic advantage;

F.     Preliminary and permanent injunctive relief barring Defendants from intentionally interfering with Masimo's business relationship with Respironics;

G.     A judgment that Defendants should be required to compensate Masimo for its injuries;

H.     A judgment that Defendants are liable for punitive damages for Masimo's injuries due to Defendants' tortious acts;

I.     That Defendants take nothing from its Counterclaims and that Defendants' claims against Masimo be dismissed with prejudice; and

J.     That Masimo be granted such other and further relief as the Court deems equitable and just in the circumstances.

## JURY DEMAND

Masimo requests a jury trial for those issues so triable herein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*
_____
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiff/Counterdefendant,*
*Masimo Corporation*

*Of Counsel:*

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
(949)760-9502

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK HERRINGTON & SUTCLIFF, LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
(415)773-5700

July 9, 2009
3010634

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2009 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> D. Fon Muttamara-Walker, Esquire
> POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on

July 9, 2009 upon the following in the manner indicated:

Richard L. Horwitz, Esquire                               *VIA ELECTRONIC MAIL*
David E. Moore, Esquire                                       *and HAND DELIVERY*
D. Fon Muttamara-Walker, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801

Alan M. Grimaldi, Esquire                                 *VIA ELECTRONIC MAIL*
Brian A. Rosenthal, Esquire
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)