IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-80-JJF |
| ) | |
| PHILIPS ELECTRONICS NORTH AMERICA ) | **JURY TRIAL DEMANDED** |
| CORPORATION and PHILIPS MEDIZIN ) | |
| SYSTEME BÖBLINGEN GMBH, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PHILIPS ELECTRONICS NORTH AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASIMO CORPORATION, ) | |
| ) | |
| Counterclaim-Defendant. ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE
PLAINTIFF'S 1ST, 24TH, 25TH, 26TH, AND 27TH AFFIRMATIVE DEFENSES**

OF COUNSEL:

Alan M. Grimaldi
Alan M. Wiseman
Brian A. Rosenthal
C. Scott Hataway
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Russell B. Hill
HOWREY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900

Dated: August 3, 2009
927154/33976

David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

*Attorneys for Defendants
Philips Electronics North America
Corporation and Philips Medizin Systeme
Böblingen Gmbh*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF THE ARGUMENT ........................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 3

    I.    MASIMO'S *IN PARI DELICTO* DEFENSE IS NOT APPLICABLE TO ANTITRUST CLAIMS ................................................................................... 4

    II.    MASIMO'S UNCLEAN HANDS DEFENSE IS NOT APPLICABLE TO ANTITRUST CLAIMS ................................................................................... 6

    III.    MASIMO'S WAIVER AND ESTOPPEL DEFENSES ARE NOT APPLICABLE TO ANTITRUST CLAIMS ......................................................... 7

    IV.    MASIMO'S DEFENSE OF FAILURE TO STATE A CLAIM IS LEGALLY DEFICIENT AS IT PERTAINS TO PHILIPS' ANTITRUST COUNTERCLAIMS ............................................................................................ 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Case Law**

*American Motor Inns, Inc. v. Holiday Inns, Inc.*,
   521 F.2d 1230 (3d Cir. 1975) ................................................................................. 4

*American Motor Inns, Inc. v. Holiday Inns, Inc.*,
   365 F. Supp. 1073 (D.N.J. 1973), *rev'd in part on other grounds*,
   521 F.2d 1230 (3rd Cir. 1975) ............................................................................. 7, 8

*Apex Oil Co. v. DiMauro*,
   713 F. Supp. 587 (S.D.N.Y. 1989) ........................................................................... 6

*Bubis v. Blanton*,
   885 F.2d 317 (6th Cir. 1989) ................................................................................. 6

*Burlington Industries, Inc. v. Milliken & Co.*,
   690 F.2d 380 (4th Cir. 1982), *cert. denied*, 461 U.S. 914 (1983) .................................. 2, 6

*Chrysler Corp. v. Gen. Motors Corp.*,
   596 F. Supp. 416 (D.D.C. 1984) ............................................................................ 7

*Cipollone v. Liggett Group, Inc.*,
   789 F.2d 181 (3d Cir.1986), *rev'd on other grounds*,
   505 U.S. 504 (1992) ........................................................................................... 3

*Colorado v. Asphalt Paving Co.*,
   No. 84-Z-1223, 1987 U.S. Dist. LEXIS 14587
   (D. Colo. Feb. 12, 1987) ............................................................................. 5-6, 7, 8

*CSU Holdings Inc. v. Xerox Corp.*,
   No. 94-CV-2102, 1995 U.S. Dist. LEXIS 6115
   (D. Kan. Apr. 5, 1995) ........................................................................................ 5

*Directv, Inc. v. Semulka*,
   No. 04-CV-769, 2006 U.S. Dist. LEXIS 15043
   (W.D. Pa. Feb. 9, 2006) ............................................................................... 2, 9, 10

*FDIC v. Modular Homes*,
   859 F. Supp. 117 (D.N.J. 1994) ............................................................................. 9

*General Leaseways, Inc. v. National Truck Leasing Assoc.*,
   744 F.2d 588 (7th Cir. 1984) ................................................................................. 8

*Heller Financial, Inc. v. Midwhey Powder Co.*,
 883 F.2d 1286 (7th Cir. 1989) .................................................................................. 9

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
 424 F.3d 363 (3d Cir. 2005) ...................................................................................... 5

*In re Pittsburgh & L. E. R.R. Co. Sec. & Antitrust Litigation*,
 387 F. Supp. 906 (E.D. Pa. 1974) .......................................................................... 2, 8

*International Tel. & Tel. Corp. v. General Tel. & Electronics Corp.*,
 296 F. Supp. 920 (D. Haw. 1969) .......................................................................... 7, 8

*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*,
 340 U.S. 211 (1951) .................................................................................................. 6

*Lemery v. Duroso*,
 No. 09-CV-167, 2009 WL 1684692
 (E.D. Mo. June 16, 2009) ......................................................................................... 9

*McInerney v. Moyer Lumber & Hardware, Inc.*,
 244 F. Supp. 2d 393 (E.D. Pa. 2002) ..................................................................... 3, 5

*McKennon v. Nashville Banner Publ. Co.*,
 513 U.S. 352 (1995) .................................................................................................. 6

*Memorex Corp. v. International Business Machines Corp.*,
 555 F.2d 1379 (9th Cir. 1977) .................................................................................. 6

*Miami Intern. Realty Co. v. Town of Mt. Crested Butte*,
 579 F.Supp. 68 (D. Colo. 1984) ................................................................................ 8

*Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*,
 415 F. Supp. 1122 (S.D. Tex. 1976) ......................................................................... 5

*Perma Life Mufflers, Inc. v. International Parts Corp.*,
 392 U.S. 134 (1968) ........................................................................................ passim

*Pringle v. Garcia*,
 No. 09-CV-22, 2009 WL 1543460
 (N.D. Ind., June 2, 2009) ........................................................................................ 10

*Rao v. Covansys Corp.*,
 No. 06-CV-5451, 2007 WL 141892
 (N.D. Ill. Jan. 17. 2007) ......................................................................................... 10

*Robinson v. Johnson,*
    313 F.3d 128 (3d Cir. 2002) ............................................................................. 9, 10

*South-East Coal Co. v. Consolidation Coal Co.,*
    434 F.2d 767 (6th Cir. 1970), *cert. denied,*
    402 U.S. 983 (1971) .............................................................................................. 8

*Tidmore Oil Co., Inc. v. BP Oil Co,*
    932 F.2d 1384 (11th Cir. 1991) ............................................................................ 5

*Wilk v. American Medical Ass'n,*
    719 F.2d 207 (7th Cir. 1983) ................................................................................ 7

*Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.,*
    No. 99-CV-293, 1999 WL 999332
    (E.D. Pa. Oct. 26, 1999) ..................................................................................... 10

**Statutes And Rules**

Fed. R. Civ. P. 8 ............................................................................................................ 2, 9

Fed. R. Civ. P. 12(f) ...................................................................................................... 1, 3

Defendants Philips Electronics North America Corporation & Philips Medizin Systeme Böblingen GmbH (collectively, "Philips") submit this Opening Brief in support of their Motion to Strike Plaintiff's 1st[1], 24th, 25th, 26th and 27th Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## NATURE AND STAGE OF THE PROCEEDINGS

On or about July 9, 2009, Plaintiff Masimo Corporation ("Masimo") served its Answer and Counterclaims ("Masimo Answer"). (D.I. 17). Masimo denied infringement and set forth a number of affirmative defenses to Philips' patent and antitrust claims. Masimo Answer ¶¶ 404-454. Among other defenses, Masimo contended that Philips' antitrust claims were barred by the doctrines of waiver, unclean hands, *in pari delicto*, and estoppel. *Id.* ¶¶ 443-54. In support of these defenses, Masimo alleged that because Philips has sold and is selling Masimo's tied products, which Philips alleges now account for approximately 80% of the pulse oximetry market, Philips is now barred from seeking recovery under the antitrust laws. *Id.* Masimo also alleged that all 45 of Philips' counterclaims "fail to state a claim on which relief can be granted." *Id.* ¶ 404. As set forth herein, Masimo's defenses are plainly defective as a matter of law.

## SUMMARY OF THE ARGUMENT

1. Masimo's *in pari delicto* defense is invalid as a matter of law because the Supreme Court, in *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 140 (1968), held that "the doctrine of *in pari delicto*, with its complex scope, contents, and effects, is not to be recognized as a defense to an antitrust action."

---

[1] Philips seeks to strike Masimo's First Affirmative Defense only as it pertains to Philips' antitrust claims (Counterclaims 1-7). Both Masimo and Philips have included an affirmative defense of failure to state a claim related to the parties' respective patent claims. Philips does not take issue with such defenses.

2. Masimo's unclean hands defense is invalid as a matter of law because "[i]t is well settled that unclean hands is no bar to antitrust recovery." *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 388 (4th Cir. 1982), *cert. denied*, 461 U.S. 914 (1983).

3. Masimo's defenses of waiver and estoppel are also invalid as a matter of law because "[t]he common law defenses of laches, waiver and estoppel have no application in a federal antitrust action." *In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*, 387 F. Supp. 906, 911 (E.D. Pa. 1974).

4. Masimo's affirmative defense of failure to state a claim is invalid as a matter of law as applied to Philips' antitrust counterclaims because "affirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken." *Directv, Inc. v. Semulka*, No. 04-CV-769, 2006 U.S. Dist. LEXIS 15043, at *3-4 (W.D. Pa. Feb. 9, 2006); Fed. R. Civ. P. 8.

## STATEMENT OF FACTS

Philips and Masimo manufacture competing products used in pulse oximetry, which refers to the non-invasive measurement of oxygen in a patient's blood. Masimo Answer ¶¶ 116, 122. Pulse oximetry requires several separate components, including an oximeter, patient cable, and sensor. *Id.* ¶¶ 116-118. As admitted in its Answer, Masimo's pulse oximeters employ a "verification system" that rejects sensors other than Masimo's "proprietary sensor line." *Id.* ¶¶ 137, 139. According to Masimo, "a verification system ensures that a certain type of sensor and/or cable is used with a manufacturer's pulse oximetry technology." *Id.* ¶ 434. Masimo believes that its verification system is justified because the practice of tying is "widespread in the medical device industry." *Id.* ¶ 439. According to Masimo, "the long dominant manufacturer of pulse oximetry, Nellcor used a verification or authentication system with its pulse oximetry

2

technology (such that Nellcor cables and sensors had to be used with monitors containing Nellcor technology)." *Id.* To ensure the continued "widespread" practice of tying pulse oximeters to proprietary sensors and cables – a practice which Philips does not follow with its own Philips FAST pulse oximetry technology – Masimo entered into a settlement agreement with its primary rival Nellcor, which mandated that Nellcor employ its own "verification system" and pay to Masimo a royalty on sales of all pulse oximetry products, including tied sensors and cables. *Id.* ¶¶ 142, 439.

## ARGUMENT

Federal Rule of Civil Procedure Rule 12(f) provides that "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) saves the time and expense of litigating issues that ultimately would not affect the outcome of the case, and is appropriate "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 401 (E.D. Pa. 2002). The motion should be granted where it is clearly apparent that an affirmative defense is insufficient as a matter of law. *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir.1986), *rev'd on other grounds*, 505 U.S. 504 (1992). Masimo's affirmative defenses numbered 1 (Failure To State A Claim), 24 (Waiver), 25 (Unclean Hands), 26 (*In Pari Delicto*), and 27 (Estoppel) are each legally insufficient as a matter of established federal law, unduly broaden the scope of this litigation, and would inappropriately increase the burdens on the parties if allowed to stand.

## I. MASIMO'S *IN PARI DELICTO* DEFENSE IS NOT APPLICABLE TO ANTITRUST CLAIMS

Over 40 years ago, the Supreme Court squarely rejected the *in pari delicto* defense in the antitrust context: "the doctrine of *in pari delicto*, with its complex scope, contents, and effects, is not to be recognized as a defense to an antitrust action." *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 140 (1968). The plaintiffs in *Perma Life* were independent dealers that operated "Midas Muffler Shops" under sales agreements with the defendant, Midas Inc. The plaintiffs asserted that Midas had engaged in various anticompetitive practices in violation of the antitrust laws. Midas countered that because the plaintiffs voluntarily entered into the sales agreements containing the restrictions that they alleged were anticompetitive, the plaintiffs were barred from suing under the *in pari delicto* doctrine. The Supreme Court disagreed, reasoning that:

> the purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws. The plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition.

*Id.* at 139.

In *American Motor Inns, Inc. v. Holiday Inns, Inc.*, 521 F.2d 1230 (3d Cir. 1975), the Third Circuit considered the impact of the *Perma Life* decision on horizontal market allocation claims by American Motor Inns (AMI) against Holiday Inns. *Id.* at 1235. Holiday Inns asserted an *in pari delicto* defense, arguing that AMI's franchise agreement with Holiday Inns made it complicit in the alleged anticompetitive conduct. The Third Circuit rejected this argument, finding that even if a circumscribed *in pari delicto* defense were to exist after *Perma Life* (a

4

question that the Court did not reach), AMI's conduct clearly did not satisfy the requirements for such an exception – namely, that "the plaintiff had actively supported the entire restrictive program, participated in its formulation and encouraged its continuation." *Id.* at 1255. More recently, in *Dentsply*, the Third Circuit again echoed the reasoning underlying the *Perma Life* decision, recognizing the strong policy reasons to allow antitrust suits by plaintiffs "even when their involvement in a conspiracy was large." *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 381 (3d Cir. 2005). Other jurisdictions have continued to reject attempts by antitrust defendants to resurrect this common law defense, relying on the policies underlying the Supreme Court's *Perma Life* decision. *See, e.g., Tidmore Oil Co., Inc. v. BP Oil Co*, 932 F.2d 1384, 1388 (11th Cir. 1991) ("[B]ecause the Supreme Court has rejected the application of the doctrine of *in pari delicto* in antitrust actions, an agreement may be challenged even by one of the parties who has acquiesced in the unlawful agreement.").

Masimo's *in pari delicto* defense is no different than the defenses that the *Perma Life, AMI,* and *Dentsply* courts refused to recognize. Masimo's argument is that Philips, by agreeing to sell Masimo's tied products, is barred from seeking recovery for Masimo's monopolization, tying, and agreements in restraint of trade. *See* Masimo Answer ¶¶ 449-51. Because this argument has been squarely confronted and rejected by the Supreme Court and the Third Circuit, this Court should grant Philips' motion to strike the affirmative defense in order "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney*, 244 F. Supp. 2d at 401. District Courts applying these principles have frequently stricken the defense of *in pari delicto* in antitrust cases. *See, e.g., CSU Holdings Inc. v. Xerox Corp.*, No. 94-CV-2102, 1995 U.S. Dist. LEXIS 6115 (D. Kan. Apr. 5, 1995); *Colorado v.*

5

*Asphalt Paving Co.*, No. 84-Z-1223, 1987 U.S. Dist. LEXIS 14587, at *5 (D. Colo. Feb. 12, 1987); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1132 (S.D. Tex. 1976).

## II. MASIMO'S UNCLEAN HANDS DEFENSE IS NOT APPLICABLE TO ANTITRUST CLAIMS

Just as the common law defense of *in pari delicto* is inapplicable in antitrust actions because it would conflict with Congress's intent to ensure full enforcement of the antitrust laws, courts have repeatedly recognized that other common law defenses are likewise inapplicable. For example, in *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951), the Supreme Court rejected the defendant's argument that the plaintiff's unclean hands should bar recovery on an antitrust claim. The Court held that the "alleged illegal conduct of petitioner . . . could not legalize the unlawful combination by respondents nor immunize them against liability to those they injured." *Id.* Later, in *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360 (1995), the Supreme Court cited *Perma Life* for the proposition that "[w]e have rejected the unclean hands defense 'where a private suit serves important public purposes.'" *See also Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 388 (4th Cir. 1982), *cert. denied*, 461 U.S. 914 (1983) ("It is well settled that unclean hands is no bar to antitrust recovery."); *Memorex Corp. v. International Bus. Machs. Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977) ("'unclean hands' has not been recognized as a defense to an antitrust action for many years"); *Bubis v. Blanton*, 885 F.2d 317, 321 (6th Cir. 1989) (Ryan, J., dissenting) (collecting cases and noting that "federal courts have uniformly rejected the defense of unclean hands in antitrust actions"); *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 604 (S.D.N.Y. 1989) ("Since *Kiefer-Stewart*, the law has remained consistent that unclean hands is not a defense to an antitrust action.").

6

Because "unclean hands" is not a defense to an antitrust suit, courts have recognized that it is appropriate to strike this defense early in the litigation. For example, in *Wilk v. American Medical Ass'n*, 719 F.2d 207, 232 (7th Cir. 1983), the Seventh Circuit held that "the district court correctly granted plaintiffs' motion to strike the affirmative defense of unclean hands, thus barring evidence that plaintiffs had themselves violated the antitrust law." As another court explained, "[t]he Court declines to delay in striking the defense of unclean hands, for . . . permitting discovery and the development of the case under the unclean hands defense 'would serve only to divert and protract the litigation, with concomitant expense.'" *Chrysler Corp. v. Gen. Motors Corp.*, 596 F. Supp. 416, 419-20 (D.D.C. 1984). Numerous other courts have reached the same conclusion and stricken these defenses from antitrust suits. *See, e.g., American Motor Inns, Inc. v. Holiday Inns, Inc.*, 365 F. Supp. 1073, 1098 (D.N.J. 1973), *rev'd in part on other grounds*, 521 F.2d 1230 (3rd Cir. 1975); *Asphalt Paving Co.*, 1987 U.S. Dist. LEXIS 14587, at *5; *International Tel. & Tel. Corp. v. General Tel. & Elecs. Corp.*, 296 F. Supp. 920, 927 (D. Haw. 1969). As with its alleged *in pari delicto* defense, Masimo supports its unclean hands defense by claiming that Philips' involvement in Masimo's anticompetitive conduct bars Philips from suing in this case. *See* Masimo Answer ¶¶ 446-48. Federal case law uniformly rejects this proposition, and Philips' motion to strike Masimo's unclean hands defense should therefore also be granted.

### III. MASIMO'S WAIVER AND ESTOPPEL DEFENSES ARE NOT APPLICABLE TO ANTITRUST CLAIMS

Federal courts have consistently recognized that the holding in *Perma Life* is not limited to defenses of *in pari delicto* and unclean hands. Rather, "ever since the Supreme Court, in *Perma Life*, rejected the defense of in pari delicto in antitrust cases, it has been clear that whenever some maxim of equity . . . collides with the objectives of the antitrust laws, the equity

maxim must give way." *General Leaseways, Inc. v. National Truck Leasing Assoc.*, 744 F.2d 588, 597 (7th Cir. 1984) (internal citation omitted). Thus, other common law defenses, including waiver and estoppel, are inapplicable in antitrust cases. In *South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 784 (6th Cir. 1970), *cert. denied*, 402 U.S. 983 (1971), the Sixth Circuit held that the District Court had properly rejected the defendant's attempt to raise the defenses of waiver and estoppel because "there is no evidence that Congress intended that these defenses could be set up by analogy as a defense in an antitrust case." The court in *In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*, 387 F. Supp. 906, 911 (E.D. Pa. 1974), reached the same conclusion, finding that "[t]he common law defenses of laches, waiver and estoppel have no application in a federal antitrust action." *Accord American Motor Inns*, 365 F. Supp. at 1098.

These decisions all follow logically and directly from the Supreme Court's decision in *Perma Life*. The *Perma Life* Court noted "the inappropriateness of invoking broad common-law barriers to relief where a private suit serves important public purposes," and held that a plaintiff's willing participation in an anticompetitive scheme was no bar to an antitrust claim, even where the plaintiff was "no less morally reprehensible" than the defendant. 392 U.S. at 139. If a plaintiff's willing participation can be no bar under *in pari delicto*, its conduct as an alleged participant cannot serve as an estoppel, nor can the plaintiff be deemed to have waived its cause of action through acquiescence. As with *in pari delicto* and unclean hands, courts have repeatedly recognized the appropriateness of striking waiver and estoppel defenses in antitrust cases. *See, e.g., Miami Int'l Realty Co. v. Town of Mt. Crested Butte*, 579 F.Supp. 68, 77 (D. Colo. 1984) (granting motion to strike waiver defense to antitrust suit); *Asphalt Paving Co.*, 1987 U.S. Dist. LEXIS 14587, at *5 (granting motion to strike unclean hands, *in pari delicto*, waiver, and estoppel defenses to antitrust suit); *International Telephone*, 296 F. Supp. at 927 (granting

motion to strike unclean hands and estoppel defenses to antitrust suit). Because Masimo's estoppel and waiver defenses are no more legally supportable than *in pari delicto* or unclean hands, these defenses should also be stricken from Masimo's answer.

### IV. MASIMO'S DEFENSE OF FAILURE TO STATE A CLAIM IS LEGALLY DEFICIENT AS IT PERTAINS TO PHILIPS' ANTITRUST COUNTERCLAIMS[2]

As the Third Circuit has recognized, "[t]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-135 (3d Cir. 2002). Courts have recognized that "[a]ffirmative defenses are pleadings; therefore, they are subject to Federal Rule of Civil Procedure 8(a), which calls for the pleader to 'set forth a short and plain statement . . . of the defense.'" *FDIC v. Modular Homes*, 859 F. Supp. 117, 120 (D.N.J. 1994), citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, "affirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken." *Directv*, 2006 U.S. Dist. LEXIS 15043, at *3-4.

Motions to strike the affirmative defense of "failure to state a claim" have been granted by numerous other courts in cases where the plaintiff has "failed to allege any facts in support of this legal conclusion." *Lemery v. Duroso*, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009). As one District Judge explained in granting a motion to strike a similarly "bare bones" defense, "[w]hile 'failure to state a claim' can be raised as an affirmative defense, defendants need to adequately plead this defense in accordance with Rule 8. Here, Defendants have failed to provide any explanation as to how and in what portion of Plaintiff's First Amended Complaint he

---

[2] As noted above, Philips motion to strike Masimo's First Affirmative Defense is directed only toward that defense as applied to Philips' antitrust Counterclaims 1-7.

has failed to state a claim." *Pringle v. Garcia*, No. 2:09-CV-22, 2009 WL 1543460, at *2 (N.D. Ind., June 2, 2009); *see also Rao v. Covansys Corp.*, No. 06-CV-5451, 2007 WL 141892, at *2 (N.D. Ill. Jan. 17. 2007) (defendant had "not . . . provided any of the minimal specifics required by Rule 8 to provide [plaintiff] any notice as to why his complaint fails to state claims for which relief may be granted"); *Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.*, 1999 WL 999332, at *2 (E.D. Pa. Oct. 26, 1999) (striking failure to state a claim defense where defendant "has not alleged insufficiencies in Warner's complaint or request for relief, and . . . [plaintiff] has set forth an adequate claim for relief.").

Masimo's first affirmative defense states nothing more than that "Philips' Counterclaims 1-45 fail to state a claim on which relief can be granted." Masimo Answer ¶ 404. This defense falls far short of putting Philips on notice of Masimo's position. Philips' seven antitrust counterclaims are made under a wide range of legal theories including monopolization, tying, group boycott, and conspiracy to monopolize. Given the multiple discrete grounds for relief, Masimo's bald allegation that none of Philips' antitrust counterclaims states a claim on which relief can be granted provides no notice to Philips that would allow it to make a determination whether the defense should succeed. *Cf. Robinson*, 313 F.3d at 135. Indeed, it is difficult to imagine a better example of a "bare bones conclusory allegation." *Cf. Directv*, 2006 U.S. Dist. LEXIS 15043, at *4. Because this defense does not comply with Rule 8 and lacks any allegations sufficient to provide Philips with adequate notice, it should be stricken from Masimo's answer.

## CONCLUSION

For the foregoing reasons, Philips' Motion to Strike Masimo's Failure to State a Claim, Waiver, Unclean Hands, *In Pari Delicto*, and Estoppel defenses should be granted.

| | |
|---|---|
| OF COUNSEL<br><br>Alan M. Grimaldi<br>Alan M. Wiseman<br>Brian A. Rosenthal<br>C. Scott Hataway<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Tel: (202) 783-0800<br><br>Russell B. Hill<br>HOWREY LLP<br>4 Park Plaza<br>Suite 1700<br>Irvine, CA 92614<br>Tel: (949) 721-6900<br><br>Dated: August 3, 2009<br>927154 / 33976 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    D. Fon Muttamara-Walker (#4646)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br>    fmuttamara-walker@potteranderson.com<br><br>*Attorneys for Defendants*<br>*Philips Electronics North America Corporation*<br>*and Philips Medizin Systeme Böblingen GmbH* |

927154v.1/33976

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 3, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 3, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Jack B. Blumenfeld<br>Julia Heaney<br>MORRIS, NICHOLS, ARSHT &<br>TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>jheaney@mnat.com | Joseph R. Re<br>Jon W. Gurka<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA 92614<br>jre@kmob.com<br>jgurka@kmob.com |

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

907271 / 33976