IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH,<br><br>  Defendants.<br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>  Counterclaim-Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION,<br><br>  Counterclaim-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 09-80-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MASIMO'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
1ST, 24TH, 25TH, 26TH, AND 27TH AFFIRMATIVE DEFENSES**

OF COUNSEL:

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-9502

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
(415) 773-5700

August 20, 2009

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiff/Counter-Defendant
Masimo Corporation*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii
NATURE AND STAGE OF THE PROCEEDING.......................................................................1
SUMMARY OF ARGUMENT .....................................................................................................1
COUNTERSTATEMENT OF FACTS .........................................................................................1
ARGUMENT..................................................................................................................................3
    I.    MOTIONS TO STRIKE AFFIRMATIVE DEFENSES ARE DISFAVORED ...............3
    II.    MASIMO HAS ADEQUATELY PLED DEFENSES BASED ON PHILIPS' SUBSTANTIALLY EQUAL RESPONSIBILITY FOR THE CONDUCT IT ALLEGES VIOLATES THE ANTITRUST LAWS .....................4
        A.    *Perma Life* Did Not Eliminate Equal Responsibility Defenses ..................4
        B.    Masimo Has Adequately Pled Philips' Substantial Equal Responsibility To State A Defense Based On *In Pari Delicto* ..................6
        C.    Masimo Has Sufficiently Pled Unclean Hands, Estoppel, and Waiver Based on Philips' Equal Responsibility for the Alleged Exclusionary Conduct ....................................................................................8
        D.    Striking Masimo's Defenses Will Not Streamline the Case .......................9
    III.    THE COURT SHOULD NOT STRIKE MASIMO'S DEFENSE BASED ON PHILIPS' FAILURE TO STATE A CLAIM ...............................................10
CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

**Pages**

## CASES

*American Motor Inns, Inc. v. Holiday Inns, Inc.*,
   365 F. Supp. 1073 (D.N.J. 1973), *rev'd in part on other grounds*,
   521 F.2d 1230 (3d Cir. 1975) ............................................................................................9

*American Motor Inns, Inc. v. Holiday Inns, Inc.*,
   521 F.2d 1230 (3d Cir. 1975) ............................................................................................6

*Banco Indus. de Venezuela, C.A. v. Credit Suisse*,
   99 F.3d 1045 (11th Cir. 1996) .......................................................................................5, 9

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
   472 U.S. 299 (1985) ................................................................................................. Passim

*Blackburn v. Sweeney*,
   53 F.3d 825 (7th Cir. 1995) .....................................................................................5, 7, 10

*Board of Trustees of Trucking Employees of North Jersey Welfare
   Fund, Inc.-Pension Fund v. Gotham Fuel Corp.*,
   860 F. Supp. 1044 (D.N.J. 1993) ......................................................................................3

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1977) ........................................................................................................10

*Burlington Indus., Inc. v. Milliken & Co.*,
   690 F.2d 380 (4th Cir. 1982) ............................................................................................8

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,
   295 F. Supp. 2d 430 (D. Del. 2003) .................................................................................3

*Dreibus v. Wilson*,
   529 F.2d 170 (9th Cir. 1975) ............................................................................................5

*General Beverage Sales Co-Oshkosh v. East Side Winery*,
   396 F. Supp. 590 (E.D. Wis. 1975) ...............................................................................7, 9

*General Leaseways, Inc. v. Nat'l Truck Leasing Ass'n*,
   830 F.2d 716 (7th Cir. 1987) ............................................................................................5

# TABLE OF AUTHORITIES
(continued)

**Pages**

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*,
   424 F.3d 363 (3d Cir. 2005) ................................................................................5, 6

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ...................................................................................................6

*Kiefer-Stewart Co. v. Joseph E. Seagram & Sons*,
   340 U.S. 211 (1951) ...................................................................................................8

*Link v. Mercedes-Benz of N. Am.*,
   788 F.2d 918 (3d Cir. 1986) ......................................................................................6

*McInerney v. Moyer Lumber and Hardware, Inc.*,
   244 F. Supp. 2d 393 (E.D. Pa. 2002) ........................................................................3

*McKennon v. Nashville Banner Publishing Co.*,
   513 U.S. 352 (1995) ...................................................................................................8

*Memorex Corp. v. Int'l Business Mach. Corp.*,
   555 F.2d 1379 (9th Cir. 1977) ...................................................................................8

*Perma Life Mufflers, Inc. v. Int'l Parts Co.*,
   392 U.S. 134 (1968) ..........................................................................................*Passim*

*Pinter v. Dahl*,
   486 U.S. 622 (1988) ...................................................................................................4

*South-East Coal Co. v. Consol. Coal Co.*,
   434 F.2d 767 (6th Cir. 1970) .....................................................................................9

*Sullivan v. NFL*,
   34 F.3d 1091 (1st Cir. 1994) ...............................................................................5, 7

*Tarasi v. Pittsburgh Nat'l Bank*,
   555 F.2d 1152 (3d Cir. 1977) ...............................................................................4, 6

*United Power Ass'n v. L.K. Comstock & Co.*,
   No. 3-89 CIV 766, 1992 WL 402906 (D. Minn. Oct. 27, 1992) ...............................9

*U.S. Football League v. NFL*,
   842 F.2d 1335 (2d Cir. 1988) ....................................................................................9

## TABLE OF AUTHORITIES
### (continued)

**Pages**

*Wilk v. American Medical Ass'n,*
   719 F.2d 207 (7th Cir. 1983) ..................................................................................8

### FEDERAL RULES

Fed. R. Civ. P. 8 ........................................................................................................10

### OTHER AUTHORITIES

Milton Handler & Ira S. Sacks, *The Continued Vitality of* In Pari Delicto
   *As an Antitrust Defense*, 70 GEO. L. REV. 1123 (1982) ...........................................5

2A Philip E. Areeda et al., ANTITRUST LAW (3d ed. 2007) ..................................10

## NATURE AND STAGE OF THE PROCEEDING

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH (collectively and individually, "Philips") have moved to strike five of Masimo Corporation's ("Masimo") antitrust affirmative defenses. *See* D.I. 18. This case began as a patent infringement action by Masimo against Philips. Philips later asserted patent infringement and antitrust counterclaims against Masimo. *See* D.I. 15. Masimo alleged ten affirmative defenses to Philips' antitrust counterclaims. *See* D.I. 17. On August 7, 2009, Masimo moved to bifurcate Philips' antitrust counterclaims from the patent claims and to stay antitrust discovery. *See* D.I. 22. The Court may wish to defer ruling on Philips' motion if it grants Masimo's motion to bifurcate the antitrust claims and stay antitrust discovery.

## SUMMARY OF ARGUMENT

1. Masimo's *in pari delicto*, unclean hands, waiver, and estoppel defenses sufficiently allege Philips' substantially equal responsibility for Masimo's alleged violations of the antitrust laws to state valid defenses under *Perma Life Mufflers, Inc. v. Int'l Parts Co.*, 392 U.S. 134 (1968) and *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299 (1985).

2. Masimo's answer alleges sufficient facts to state a valid defense based on Philips' failure to state a claim.

## COUNTERSTATEMENT OF FACTS

Pulse oximetry is a non-invasive procedure for measuring the level of oxygen saturation in a patient's arterial blood.[1] Masimo is a manufacturer of pulse oximetry equipment. Most pulse oximetry systems are sold as components of multi-parameter patient monitors ("MPPMs") rather than as standalone devices. For that reason, pulse oximetry manufacturers such as

---

[1] For more detail, see Masimo's brief in support of its motion to bifurcate. D.I. 22.

Masimo and the market leader Nellcor Puritan Bennett, Inc. ("Nellcor") must sell to MPPM manufacturers to reach the ultimate consumers of pulse oximetry – hospitals. Philips is the leading manufacturer of MPPMs in the United States and worldwide.

Philips' antitrust allegations focus on Masimo's purported efforts to ensure that only Masimo-authorized sensors are used with Masimo monitors. Masimo has a patented verification system, ProCal, that indicates to the user of a Masimo pulse oximetry system whether an authorized sensor is attached to the monitor. Masimo Answer ¶ 139 (D.I. 17). According to Philips, ProCal creates "a technological tie between the Masimo pulse oximeter and Masimo sensors and patient cables." Philips Answer and Counterclaims ¶ 139 (D.I. 15). Philips also alleges that Masimo's agreements with MPPM manufacturers and competitors including itself preclude the sale of competing sensors and cables for use with Masimo monitors. *Id.* ¶ 135. Philips further alleges that through a patent infringement settlement agreement with Nellcor, Masimo has required Nellcor to use a verification system with its products. *Id.* ¶ 145.

The use of some form of verification system to ensure that a particular type of peripheral equipment is used with the principal equipment is widespread in the medical device industry. Masimo Answer ¶ 439. Manufacturers use verification systems such as ProCal for many valid reasons, not the least of which is to protect patient safety. *Id.* ¶¶ 438-39. Nellcor used a verification system with its pulse oximetry technology for many years before Masimo was formed – long before its settlement agreement with Masimo. *Id.* ¶ 439. None of Masimo's conduct has altered the longstanding industry practice of using verification systems. *Id.*

As early as the 1980s, Philips and its predecessors manufactured and distributed MPPMs containing Nellcor pulse oximetry technology with a verification system. *Id.* ¶ 444. Philips also makes and distributes MPPMs containing its own FAST pulse oximetry technology that can only

be used with Nellcor's Oximax sensors and cables. *Id.* For many years, however, Philips refused to incorporate Masimo's pulse oximetry technology into its MPPMs. Finally, in 2003, Philips entered into an agreement ("Agreement") with Masimo under which Philips would offer Masimo pulse oximetry technology as an option to its MPPM customers along with Nellcor's and its own FAST technology. *Id.* ¶ 441. The Agreement expressly refers to Masimo's ProCal and the fact that Philips MPPMs containing Masimo pulse oximetry technology would be configured for use only with Masimo sensors – just as MPPMs containing Nellcor technology could be used only with Nellcor sensors. *Id.* ¶¶ 438, 444. Until the filing of its antitrust counterclaims in this lawsuit in which it alleges that Masimo's and Nellcor's use of verification systems are unlawful, Philips has consistently accepted verification systems as lawful and consistent with widespread industry practice. *Id.* ¶ 454.

## ARGUMENT

### I.   MOTIONS TO STRIKE AFFIRMATIVE DEFENSES ARE DISFAVORED

"Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F. Supp. 2d 430, 438 (D. Del. 2003). Even when an affirmative defense presents a purely legal question, a court "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Gotham Fuel Corp.*, 860 F. Supp. 1044, 1054 (D.N.J. 1993) (quoting *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (citations omitted)).

II. **MASIMO HAS ADEQUATELY PLED DEFENSES BASED ON PHILIPS' SUBSTANTIALLY EQUAL RESPONSIBILITY FOR THE CONDUCT IT ALLEGES VIOLATES THE ANTITRUST LAWS**

A. *Perma Life* Did Not Eliminate Equal Responsibility Defenses

To borrow from Mark Twain, reports of the death of *in pari delicto* and related defenses in antitrust litigation are greatly exaggerated. In *Perma Life*, Justice Black wrote that "the doctrine of *in pari delicto* . . . is not to be recognized as a defense to an antitrust action." 392 U.S. at 140. But the Supreme Court subsequently made clear that *Perma Life*, in fact, did not eliminate equal responsibility defenses in appropriate circumstances. In *Bateman Eichler* – a case never even cited by Philips – the Court explained that five justices in *Perma Life* disagreed with Justice Black's apparently absolute rejection of the *in pari delicto* defense and would have recognized such a defense in antitrust litigation where a plaintiff "bore at least substantially equal responsibility for the violation."[2] 472 U.S. at 308-09. The Court went on to hold that in an action under the federal securities laws, a private action for damages may be barred on the grounds of the plaintiff's own involvement in the illegal conduct if (1) the plaintiff bears "at least substantially equal responsibility for the violation[s]" and (2) preclusion of the suit would not significantly interfere with the effective enforcement of the statute at issue. *Id.* at 310-11. *See also Pinter v. Dahl*, 486 U.S. 622, 632-34 (1988) (applying *Bateman Eichler*).

In the wake of *Perma Life*, lower courts – before and after *Bateman Eichler* – have held that the "substantially equal responsibility" of the plaintiff in the wrongful conduct may bar recovery for antitrust and other statutory violations. In *Tarasi*, a securities case, the Third Circuit held that under *Perma Life*, a plaintiff's involvement in the alleged violation can bar recovery

---

[2] *Perma Life* itself did not involve "equal responsibility." The plaintiffs in *Perma Life* were franchisees who had little or no ability to alter the terms of the franchise agreement that they claimed violated the antitrust laws. As the Third Circuit explained, "*Perma Life* emphasized the fact that the participation by the plaintiffs in the unlawful agreement was passive, and perhaps coerced." *Tarasi v. Pittsburgh Nat'l Bank*, 555 F.2d 1152, 1162 (3d Cir. 1977).

-4-

where (1) its participation was "active and significant" and (2) allowing the defense would not interfere with the "enforcement of statutory schemes." 555 F.2d at 1158-59. *See also Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 382 (3d Cir. 2005) ("every Court of Appeals that has decided the issue has held that antitrust plaintiffs who were involved in a conspiracy at a requisite level are barred from suing"); *Sullivan v. NFL*, 34 F.3d 1091, 1107-09 (1st Cir. 1994) (noting plaintiff's substantial equal participation in wrongful conduct precludes recovery for antitrust violation and holding trial court erred in not instructing jury on defendant's equal responsibility defense); *Blackburn v. Sweeney*, 53 F.3d 825, 829-30 (7th Cir. 1995) (holding antitrust claims barred by equal responsibility defense); *General Leaseways, Inc. v. Nat'l Truck Leasing Ass'n*, 830 F.2d 716, 724 (7th Cir. 1987) (holding jury properly concluded plaintiff bore substantially equal responsibility for anticompetitive restrictions); *Banco Indus. de Venezuela, C.A. v. Credit Suisse*, 99 F.3d 1045, 1050 (11th Cir. 1996) (applying *Perma Life* and *Bateman Eichler* and holding jury properly denied recovery under *in pari delicto* defense); *Dreibus v. Wilson*, 529 F.2d 170, 174-75 (9th Cir. 1975) (affirming dismissal of complaint on *in pari delicto* grounds); *see generally* Milton Handler & Ira S. Sacks, *The Continued Vitality of* In Pari Delicto *As an Antitrust Defense*, 70 GEO. L. REV. 1123 (1982).

In most antitrust cases, the plaintiff was not sufficiently involved in the alleged wrongdoing for an equal responsibility defense to apply. Not surprisingly, Philips cites to numerous cases in which the court rejected an *in pari delicto* or similar defense where the plaintiff lacked equal bargaining power, was merely passive, or even was coerced into participating in the alleged wrongful conduct. *See, e.g., Howard Hess*, 424 F.3d at 383 (not needing to decide whether equal involvement defense might be relevant since plaintiffs conceded that dealers' involvement in alleged conspiracy was not complete); *Link v. Mercedes-Benz of N.*

*Am.*, 788 F.2d 918, 932 (3d Cir. 1986) (dealers' involvement fell "substantially short" of level of participation required for defense);[3] *American Motor Inns, Inc. v. Holiday Inns, Inc.*, 521 F.2d 1230, 1255 (3d Cir. 1975) (defense did not apply to franchisee's claim that Holiday Inn's policies violated antitrust laws where franchisee's only involvement in practices was signing standard franchise agreement). These and other decisions on which Philips relies do not, however, reject the application of an equal responsibility defense in cases where – as here – the plaintiff was substantially involved in the alleged wrongful conduct.

> **B.  Masimo Has Adequately Pled Philips' Substantial Equal Responsibility To State A Defense Based On *In Pari Delicto***

Masimo's allegations sufficiently meet the standard for pleading *in pari delicto* under cases such as *Bateman Eichler* and *Tarasi*. Philips entered into a contract with Masimo under which Philips agreed to Masimo's use of its ProCal sensor verification system and that only Masimo-authorized sensors would be used with Philips MPPMs using Masimo's pulse oximetry. Even before that agreement, it is Masimo's understanding that Philips' agreement with Nellcor, the dominant producer of pulse oximetry equipment, incorporated Nellcor's use of a verification system to ensure that only Nellcor authorized sensors would be used with Philips' MPPMs using Nellcor's pulse oximetry technology. Philips also has sold and sells MPPMs with its own pulse oximetry technology that can only be used with Nellcor or Philips sensors and that incorporate a Nellcor verification system. Philips' practice of using Nellcor's verification device with Philips' MPPMs containing Nellcor or Philips pulse oximetry technology began many years before the Masimo-Nellcor settlement agreement referenced in Philips' counterclaims.

---

[3] Both *Howard Hess* and *Link* arose in an unusual context. In both cases, the plaintiffs were indirect purchasers arguing that, notwithstanding the bar on indirect purchaser suits under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), their claims should be allowed to proceed because the respective defendant might have been able to assert an equal involvement defense to bar claims by direct purchasers (who were not parties to either action). *See* 424 F.3d at 381-82; 788 F.2d at 932.

Furthermore, Philips is a large, multinational company. It was and is the dominant manufacturer of MPPMs – an essential means of distribution for pulse oximetry technology. Philips refused for many years even to offer Masimo's pulse oximetry technology to its MPPM customers. When, in 2003, Philips finally agreed to do so, Masimo was still a small company with a market share of less than 10%. Philips was in a position to negotiate fully every term of its agreement with Masimo. Unlike in *Perma Life*, "[t]his was not an agreement between a franchisee and a franchisor where there is a clear asymmetry in bargaining power." *See Blackburn*, 53 F.3d at 829. Indeed, it was Philips, not Masimo, that wielded the greater bargaining power. Moreover, Masimo had no involvement at all in Philips' agreement with Nellcor, which promoted the use of Nellcor's verification system. Philips is properly and fairly viewed as bearing at least "substantially equal responsibility" for the purported violations of the antitrust laws involving Masimo's and Nellcor's use of verification systems. *See Sullivan*, 34 F.3d at 1108.

Masimo's allegations are more than sufficient to plead an *in pari delicto* defense. Philips may later try to prove that it was not a substantially equal participant with Masimo in promoting the use of verification systems throughout the industry, but that must wait discovery and further proceedings in the case. *See General Beverage Sales Co-Oshkosh v. East Side Winery*, 396 F. Supp. 590, 592 (E.D. Wis. 1975) (refusing to strike defendant's *in pari delicto* and estoppel defenses alleging that plaintiff was "a 'willing and knowing participant' in the distribution of defendant's products").

There is also no basis for granting Philips' motion solely on public policy grounds. *See Bateman Eichler*, 472 U.S. at 310 (preclusion of suit should not significantly interfere with statutory regime). Philips never explains how not permitting Philips – a dominant industry

participant – to pursue antitrust claims based on common industry practices that Philips itself facilitates and encourages through its agreements with Masimo and Nellcor would undermine antitrust enforcement.

### C. Masimo Has Sufficiently Pled Unclean Hands, Estoppel, and Waiver Based on Philips' Equal Responsibility for the Alleged Exclusionary Conduct

Masimo's unclean hands, estoppel and waiver defenses are based on the same facts and legal theory as its *in pari delicto* defense – that Philips bears substantially equal responsibility with Masimo for the conduct of which it complains.[4] Although there is a lack of clarity in the case law on the exact contours of these defenses, they, like *in pari delicto*, remain viable so long as they are based on an equal responsibility theory. As the Supreme Court explained in *Bateman Eichler*, fault-based defenses – "**whether or not denominated *in pari delicto***" – are "recognized in antitrust litigation" where the plaintiff "bore at least substantially equal responsibility for the violation." 472 U.S. at 308-09 (emphasis added). Put otherwise, these defenses, like *in pari delicto*, are governed by *Perma Life* and its progeny. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-61 (1995) (describing *Perma Life* as addressing unclean hands defense); *Banco Industrial*, 99 F.3d at 1049-50 (discussing *in pari delicto* and estoppel under same legal framework); *General Beverage*, 396 F. Supp. at 592-93 (refusing to strike estoppel and *in pari delicto* defenses based on allegation of equal participation in wrongdoing). Philips recognizes as much when it states that the decisions it cites regarding the waiver and

---

[4] Masimo's unclean hands defense is not based on an allegation that Philips' claims are barred because Philips engaged in unrelated violations of the antitrust laws. *Cf. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons*, 340 U.S. 211, 214 (1951) (holding plaintiff's unrelated unlawful conduct could not "immunize [defendants] against liability"). For this reason, the decisions rejecting the unclean hands defense cited by Philips are inapposite. *See, e.g., Wilk v. American Medical Ass'n*, 719 F.2d 207, 232 (7th Cir. 1983) (evidence regarding plaintiff's own unrelated bad conduct should not have been admitted); *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 388 (4th Cir. 1982) (unclean hands based on unrelated conduct cannot bar claim); *Memorex Corp. v. Int'l Business Mach. Corp.*, 555 F.2d 1379, 1382 (9th Cir. 1977) (unrelated acts committed against defendant not a bar to antitrust claim; proper course would have been to file counterclaim).

estoppel defenses "follow logically and directly from the Supreme Court's decision in *Perma Life*." Defendants' Opening Brief in Support of Their Motion to Strike ("OB") at 8.[5] Thus, for the same reasons explained above with regard to *in pari delicto*, this Court should deny Philips' motion to strike Masimo's unclean hands, waiver and estoppel defenses.

### D.   Striking Masimo's Defenses Will Not Streamline the Case

Philips suggests that the Court should strike Masimo's *in pari delicto*, unclean hands, estoppel and waiver defenses to "streamline" the litigation and "'avoid unnecessary forays into immaterial matters.'" OB at 5 (citation omitted). But striking Masimo's defenses would not narrow the case. Most or all of the facts supporting the challenged defenses are also relevant to Masimo's defenses that Philips does not challenge in this motion. *See* Masimo Answer ¶¶ 439-442 (no proximate cause and statute of limitations defenses); *cf. United Power Ass'n v. L.K. Comstock & Co.*, No. 3-89 CIV 766, 1992 WL 402906, at *7 (D. Minn. Oct. 27, 1992) (denying motion to strike waiver and estoppel defenses that were closely intertwined with statute of limitations issues). Furthermore, the same facts are likely to be relevant to the existence of Philips' damages and whether they were caused by Masimo. *See, e.g., U.S. Football League v. NFL*, 842 F.2d 1335, 1369 (2d Cir. 1988) (*in pari delicto* evidence properly admitted as relevant to causation and damages where defendant failed to assert defense itself); *Blackburn*, 53 F.3d at 830 (even if equal responsibility defense did not bar claim, plaintiff could not have suffered

---

[5]   Similarly, some of the decisions cited by Philips recognize that unclean hands, waiver and estoppel are based on the same rationale as *in pari delicto*. *See South-East Coal Co. v. Consol. Coal Co.*, 434 F.2d 767, 783-84 (6th Cir. 1970) (rejecting challenge to instruction given concerning *in pari delicto*, waiver and estoppel defenses where instruction permitted jury to apply defenses if it found plaintiff was equally responsible for conspiracy); *American Motor Inns, Inc. v. Holiday Inns, Inc.*, 365 F. Supp. 1073, 1098 (D.N.J. 1973) (rejecting waiver, estoppel, *in pari delicto* and unclean hands defenses in case involving franchisee challenge to franchisor's policies), *rev'd in part on other grounds*, 521 F.2d 1230 (3d Cir. 1975).

antitrust injury); *see generally* 2A Philip E. Areeda et al., ANTITRUST LAW ¶ 361, at 305 (3d ed. 2007).

## II. THE COURT SHOULD NOT STRIKE MASIMO'S DEFENSE BASED ON PHILIPS' FAILURE TO STATE A CLAIM

Philips also moves to strike Masimo's "failure to state a claim" defense arguing that it does not provide Philips adequate notice as required by Federal Rule 8. Philips is seeking to strike this defense only as to its antitrust counterclaims even though Masimo's defense applies to Philips' patent infringement and antitrust counterclaims. This odd distinction becomes clearer when one looks at Philips' own affirmative defenses. Philips asserts as its first defense Masimo's alleged failure to state a claim with absolutely no facts alleged in support of the defense. Philips Answer and Counterclaims ¶ 96. Philips also asserts defenses for waiver, laches, estoppel, statute of limitations, and unclean hands, all without any supporting facts. *Id.* ¶¶ 100, 102, 104.

Putting aside the inconsistency between Philips' arguments and its own actions, Philips is wrong that Masimo has not pled facts in support of its "failure to state a claim" defense. Masimo has alleged that Philips cannot show antitrust injury in light of Masimo's patent rights. *See* Masimo Answer ¶¶ 436-37. As antitrust injury is a required element of a plaintiff's *prima facie* case, this constitutes a failure to state a claim. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977). Masimo also alleges that it is not the proximate cause for any harm to Philips resulting from the use of verification systems such as Masimo's ProCal. *See* Masimo Answer ¶¶439. The lack of causation also constitutes a failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court should deny Philips' motion to strike Masimo's 1st, 24th, 25th, 26th and 27th affirmative defenses.

                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                           */s/ Jack B. Blumenfeld*

                           Jack B. Blumenfeld (#1014)
                           Julia Heaney (#3052)
                           1201 North Market Street
                           P.O. Box 1347
                           Wilmington, DE  19899
                           (302) 658-9200
                           jblumenfeld@mnat.com
                           jheaney@mnat.com

                           *Attorneys for Plaintiff/Counter-Defendant*
                           *Masimo Corporation*

OF COUNSEL:

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-9502

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
(415) 773-5700

August 20, 2009
3081078

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2009 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>D. Fon Muttamara-Walker, Esquire
>POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on August 20, 2009 upon the following in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>D. Fon Muttamara-Walker, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza – 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Alan M. Grimaldi, Esquire<br>Brian A. Rosenthal, Esquire<br>C. Scott Hataway, Esquire<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)