IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-80 (JJF) |
| ) | |
| PHILIPS ELECTRONICS NORTH ) | |
| AMERICA CORPORATION and PHILIPS ) | |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, ) | |
| ) | |
| Defendants. ) | |

**MASIMO CORPORATION'S ANSWERING BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200</td></tr>
<tr><td>OF COUNSEL:</td><td>jheaney@mnat.com<br>   *Attorneys for Plaintiff, Masimo Corporation*</td></tr>
</table>

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS, OLSON
 & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-0404

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
(415) 773-5700

February 8, 2010

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENT .................................................................................................. 1

COUNTERSTATEMENT OF FACTS ...................................................................................... 2

ARGUMENT .............................................................................................................................. 4

I.  MASIMO HAS ASSERTED A VALID PREMATURITY OBJECTION TO ANTITRUST DISCOVERY ON THE SAME GROUNDS AS IN ITS MOTION TO BIFURCATE AND STAY ANTITRUST DISCOVERY ......................................... 4

II. MASIMO HAS AGREED TO PRODUCE DOCUMENTS CONCERNING THE PARTIES' PATENT INFRINGEMENT CLAIMS .......................................................... 6

III. PHILIPS' PROPOSAL REGARDING PATENT CONTENTIONS IS UNFAIRLY PREJUDICIAL TO MASIMO AND INVITES FURTHER DELAY BY PHILIPS. .................................................................................................................. 8

    A. Philips' Proposal Introduces Unnecessary Delay In An Attempt To Justify Its Continuing Discovery Failures ..................................................................... 8

    B. Philips' Proposal Is Prejudicial ....................................................................... 9

CONCLUSION ......................................................................................................................... 10

- ii -

## TABLE OF AUTHORITIES

**CASES**                                                 **PAGE(S)**

*Applied Biosys., Inc.* v. *Cruachem, Inc.*,
   No. 89-579-JRR, 1990 WL 495458 (D. Del. Aug. 3, 1990) .............................. 5, 6

*Azkour v. Aria*,
   330 Fed. App'x 373 (3d Cir. 2009) ...................................................................... 5

*Crawford-El* v. *Britton*,
   523 U.S. 574 (1998) ............................................................................................. 4

*Mallinckrodt, Inc. v. Masimo Corp.*,
   147 Fed. App'x 158 (Fed. Cir. 2005) .................................................................. 2

*Polzin* v. *Unifund CCR Partners*,
   No. 08-C-59, 2009 WL 2474668 (E.D. Wis. Aug. 11, 2009) .............................. 6

*Willemijn Houdstermaatschaapij BV* v. *Apollo Computer, Inc.*,
   707 F. Supp. 1429 (D. Del. 1989) ........................................................................ 5

*Wisniewski* v. *Johns-Manville Corp.*,
   812 F.2d 81 (3d Cir. 1987) .................................................................................. 4

Plaintiff Masimo Corporation ("Masimo") submits this Answering Brief in opposition to Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen's (collectively, "Philips") Motion to Compel Discovery.

## NATURE AND STAGE OF THE PROCEEDINGS

This lawsuit began as a patent infringement action by Masimo against Philips. In its answer to Masimo's First Amended Complaint, Philips asserted patent infringement and antitrust claims against Masimo. On August 7, 2009, Masimo moved to bifurcate trial of the patent and antitrust claims (and the related patent misuse defense) and to stay antitrust discovery. The Court heard argument on the motion on September 24, 2009 but has not yet ruled or entered a scheduling order in this case.

On September 11, 2009, Philips served interrogatories and document requests on Masimo that seek information concerning both the antitrust and patent infringement claims. Masimo objected to this discovery to the extent it related to antitrust issues on the same grounds as set forth in its motion to bifurcate and stay (among other objections). Philips filed the instant motion to compel on January 22, 2010.

## SUMMARY OF ARGUMENT

1.   Masimo objects to Philips' interrogatories and document requests as premature to the extent they seek discovery concerning antitrust issues. Much of the antitrust discovery could be simplified or avoided altogether depending on the outcome of Masimo's patent infringement claims. Philips' motion to compel offers no reason to order the production of antitrust discovery at this time.

2.   Masimo has already agreed to provide discovery reasonably related to the parties' patent claims, subject to Masimo's objections. Philips' motion does not provide a proper basis for ordering the production of further discovery regarding patent issues.

3.      Philips' proposal for a purported "simultaneous exchange" is misleading and would unfairly prejudice Masimo. Masimo served written discovery seeking Philips' infringement contentions in September 2009, and disclosed its asserted patent claims, products accused of infringement, and claim charts identifying initial infringement contentions in October 2009. Philips' proposal would provide Philips with several months to prepare its non-infringement and invalidity contentions, while Masimo would only have one month to prepare the same contentions.

## COUNTERSTATEMENT OF FACTS

Masimo filed this action against Philips alleging that Philips' FAST pulse oximetry technology infringes 14 of Masimo's patents. In earlier litigation involving another manufacturer of pulse oximetry, Nellcor, the Federal Circuit held that two of Masimo's patents-in-suit are valid. *See Mallinckrodt, Inc. v. Masimo Corp.*, 147 Fed. App'x 158, 176-77 (Fed. Cir. 2005). After Philips asserted antitrust counterclaims against Masimo, Masimo moved to bifurcate the claims because trying the patent and antitrust claims together would result in juror confusion and an inefficient use of the Court's and parties' resources. *See* Mot. to Bifurcate and Stay at 10-11 ("Stay Motion") (D.I. 23). Masimo also moved to stay antitrust discovery because the patent and antitrust issues are distinct, and a determination of the validity of the patents at issue could significantly narrow the issues in the case. *See id.* at 18-20; Stay Motion Reply at 3-4 (D.I. 35). Moreover, without first determining the scope of Masimo's patents, it will be very difficult to assess whether Masimo has valid patent-related defenses to Philips' antitrust claims. Thus, it would be inefficient and unfair to proceed with antitrust discovery that otherwise might be avoided altogether. *See generally* Stay Motion Reply (D.I. 35).

Philips served its First Set of Requests for the Production of Documents and First Set of Interrogatories on Masimo on September 11, 2009. Many of these discovery requests seek

information that has no bearing on the parties' patent claims.[1]  Masimo served timely responses to Philips' discovery on October 19, 2009.  In its responses, Masimo objected to the antitrust discovery as premature for the same reasons articulated in its stay motion.  Masimo has not sought any antitrust-related discovery from Philips or third parties.

Both parties have been proceeding with patent-related discovery.  Masimo has responded to Philips' interrogatories and produced responsive documents.  Masimo intends to make further productions of responsive documents on a rolling basis.  On the same day that this motion was filed, Philips made a first production of documents to Masimo.  Philips never sought to meet and confer about Masimo's prematurity objection until immediately before filing this motion.

Masimo's responses to the document requests and interrogatories that are the subject of Philips' motion fall into two categories.  *First*, for those discovery requests that seek information regarding both patent and antitrust issues, Masimo already has agreed to produce information relating to the parties' patent claims, subject to Masimo's objections.  *See* Defendants' Opening Brief ("O.B."), Exs. D (Masimo's Responses to Philips' Document Request Nos. 3-5, 11, 82, 96, 108-111, 116, 127, 134, 149, 154-157, 159, 160, 162-166, 168, and 169) and C (Masimo's Responses to Philips Interrogatory Nos. 5, 10, and 11) (D.I. 48).  When antitrust discovery goes forward, Masimo will revisit its response to these requests to determine if there are any additional materials that should be provided at that time.

*Second*, for those document requests or interrogatories that do not reasonably relate to the parties' patent claims, Masimo has objected to the discovery as premature (among other grounds).  *See* O.B. Exs. D (Masimo's Responses to Philips' Document Request Nos. 1, 2, 89-92, 97-107, 112-115, 117-120, 150-153, and 161) and C (Masimo's Response to Philips'

---

[1]  Philips also recently served subpoenas on numerous third parties that seek documents concerning antitrust issues.

Interrogatory No. 4) (D.I. 48).[2]  Philips has not sought to meet and confer about Masimo's objections to this discovery with the exception of inquiring about Masimo's prematurity objection immediately prior to filing the instant motion.

## **ARGUMENT**

I. **MASIMO HAS ASSERTED A VALID PREMATURITY OBJECTION TO ANTITRUST DISCOVERY ON THE SAME GROUNDS AS ITS MOTION TO BIFURCATE AND STAY ANTITRUST DISCOVERY.**

Masimo has objected to Philips' discovery requests as premature to the extent they relate to antitrust issues.  This objection is based on the same grounds as Masimo's motion to bifurcate and stay.  Masimo's objection, like its earlier motion, invites the Court to sequence discovery, with patent-related discovery and trial of the patent action coming first because trial of Masimo's patent infringement claims may significantly narrow Philips' antitrust claims, thereby making much of the antitrust discovery unnecessary.  It is well within the Court's discretion to sequence discovery consistent with Masimo's objection.  *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) (finding no error in denying discovery that likely would have no effect on outcome).

Although Philips attempts to reargue the motion to bifurcate and stay, its motion to compel adds nothing to the arguments already made to the Court in that earlier motion.[3]  Philips

---

[2]  Philips' motion addresses only Masimo's objection that antitrust discovery is premature at this time.  Masimo has asserted many other valid objections to this discovery and does not concede that any particular request is reasonably related to Philips' antitrust counterclaims or is not otherwise objectionable.  For example, many of the discovery requests at issue are extremely broad and unduly burdensome.  *See, e.g.*, O.B. Ex. B (Philips' Document Request Nos. 1 (all documents relating to the sale of Masimo products by third parties), 2 (all documents concerning any actual or contemplated agreement of any kind relating to any Masimo product), and 101 (all documents relating to prior litigation between Masimo and Tyco)) (D.I. 48).

[3]  Without responding to each of Philips' attempts to reargue the bifurcation and stay motion, it

never explains why antitrust discovery should proceed now when the parties are fully occupied with patent-related discovery and much of the antitrust discovery may never be needed. Philips was similarly unable to explain how it would be harmed by deferring antitrust discovery until after trial of the patent claims when asked to do so by the Court at the hearing on Masimo's motion to bifurcate and stay. *See* Ex. B at 20-26 (Hearing Tr. (Sept. 24, 2009)); *see also* Stay Motion Reply at 8-9 (D.I. 35). If there were a pressing need for antitrust discovery now, Philips surely would not have waited three months after Masimo served its objections to raise the issue of antitrust discovery as it has done.

Instead of explaining why the Court should order antitrust discovery to proceed now, Philips cites to various cases for the proposition that the filing a motion to stay does not automatically stay discovery. Masimo has never argued that it does. However, unlike in the cases cited by Philips, Masimo made valid and timely objections to Philips' discovery and did not disregard any directive from the Court to proceed with the discovery at issue. *Cf., e.g., Azkour v. Aria*, 330 Fed. App'x 373, 376 (3d Cir. 2009) (plaintiff "blatantly violate[d]" at least eight separate discovery orders); *Applied Biosys., Inc. v. Cruachem, Inc.*, No. 89-579-JRR, 1990 WL 495458, at *1 (D. Del. Aug. 3, 1990) (plaintiff refused to produce antitrust documents despite stipulated scheduling order and failed to serve objections under Rule 34).

Moreover, in other cases cited by Philips, but unlike here, there was not a strong basis for requesting a stay in the first place. *See, e.g., Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1435 (D. Del. 1989) (defendant could point to "little in the

---

is worth pointing out that Philips is wrong that a stay is inappropriate here because its claims are purportedly "traditional antitrust claims." *See* O.B. at 5 n.1 & 9 (D.I. 48). To the contrary, courts grant stays of antitrust discovery regardless of the type of antitrust claim if, as here, the claims could be narrowed by trial of the patent claims and the antitrust and patent discovery is not significantly overlapping. *See* Stay Motion Reply at 3-4 (D.I. 35).

way of convenience or judicial economy to support" its motion); *Applied Biosys.*, 1990 WL 495458, at *3 (denying stay where there was little burden associated with antitrust discovery and trial of antitrust claims would be necessary even if patents were upheld); *cf. Polzin v. Unifund CCR Partners*, No. 08-C-59, 2009 WL 2474668, at *5 (E.D. Wis. Aug. 11, 2009) (denying stay but noting that "defendants were justified in thinking that discovery would be stayed" pending resolution of jurisdictional issue).

Masimo explained in its stay motion the compelling reasons why antitrust discovery should not proceed now when it could be significantly narrowed, if not avoided altogether, if the patent claims were tried first. Masimo objects to Philips' discovery requests on the same grounds. The Court should not compel Masimo to proceed with antitrust discovery at this time.[4]

## II. MASIMO HAS AGREED TO PRODUCE DOCUMENTS CONCERNING THE PARTIES' PATENT INFRINGEMENT CLAIMS.

Rather than explaining why the Court should order Masimo to proceed with antitrust discovery now, Philips makes the alternative argument that almost all of the discovery it is seeking really relates to the patent claims. *See* O.B. at 6-8 (D.I. 48). This argument has nothing to do with Masimo's prematurity objection or its motion to stay antitrust discovery—the purported subject of Philips' motion to compel. It is also flawed for two additional reasons. *First*, Masimo has already agreed to produce materials that reasonably relate to the parties' patent claims. Indeed, Masimo has agreed to provide responses to half of the discovery at issue in this motion. *See* p. 3, *supra*. To the extent Philips is seeking to compel further responses by Masimo on *patent* issues, Philips has never sought to meet and confer about the adequacy of Masimo's responses to these requests. Philips' motion therefore provides the Court no basis to

---

[4] Since Philips recently served antitrust discovery on third parties, the Court also may wish to clarify whether antitrust discovery is stayed for all purposes.

order further production of patent-related materials, and Masimo no basis to understand where Philips believes Masimo's production to be inadequate on patent issues.

*Second*, Philips is wrong when it asserts that the requests Masimo has not agreed to respond at this time relate to patent issues.[5] Philips never attempts to explain *how* these discovery requests are reasonably related to patent issues other than by offering extremely general descriptions of the categories of information they seek. *See* O.B. at 7-8 (D.I. 48). These descriptions are frequently misleading and in any event fail to explain why the discovery is needed for the patent claims. For example, Philips asserts that Document Request Nos. 1, 2, 3, 4, 93, and 103 concern "communications and agreements with third parties regarding the patents-in-suit or accused products" and, therefore, Philips argues, are related to the patent claims. *Id.* at 7. Of those six requests, Masimo has not objected to No. 93 as premature antitrust discovery and has already agreed to provide responses to Nos. 3 and 4. *See* O.B., Ex. D (D.I. 48). Request No. 1 calls for all documents relating to the manufacture or sale of Masimo pulse oximetry products by third parties. *See* O.B., Ex. B (D.I. 48). This request has no apparent relationship to the patent claims and is extremely overbroad. The same is true for Request No. 2, which seeks all documents relating to any license or agreement regarding any Masimo product. *See id.* These documents are relevant to Philips' allegations in its antitrust counterclaims regarding purported agreements with monitor manufacturers. *See* Philips' Answer & Counterclaims at ¶ 135 (D.I. 15). Similarly, Philips does not explain how Request No. 103, which seeks all documents concerning any agreements or communications between Masimo and Nellcor regarding pulse

---

[5] These include Philips' Document Request Nos. 1, 2, 89-92, 97-107, 112-115, 117-120, 150-153, and 161, and Interrogatory No. 4. *See* O.B. Exs. B and A (D.I. 48). Philips apparently does not argue that Document Request Nos. 101, 104-106, 112, 113 and 117-120 relate to patent issues. *See generally* O.B. at 6-8 (D.I. 48).

oximetry, could be relevant except as it relates to allegations in Philips' antitrust counterclaims about the settlement agreement between Masimo and Nellcor. *See id.* at ¶¶ 142-43.

The other requests identified by Philips are much the same: Masimo either already has agreed to produce documents concerning patent issues or the request seeks documents concerning antitrust issues only (or is otherwise entirely objectionable). If Philips believes it has valid reasons why it needs additional discovery to litigate the patent claims, it should meet and confer with Masimo about those issues. Prior to filing this motion Philips never raised the argument that the requests were related to the patent claims, and this motion does not provide the basis for ordering any patent-related discovery.

### III. PHILIPS' PROPOSAL REGARDING PATENT CONTENTIONS IS UNFAIRLY PREJUDICIAL TO MASIMO AND INVITES FURTHER DELAY BY PHILIPS.

Philips' legally unsupported request for a purported simultaneous exchange of patent contentions should be rejected. While the proposed schedule seems superficially reasonable, it actually results in providing Masimo with months less time to respond to Philips' contentions than Philips would receive. Rather than adopting Philips' proposed schedule, the parties should operate in accordance with the Federal Rules of Civil Procedure, and thereby provide complete responses to each side's previously-served written discovery.

#### A. Philips' Proposal Introduces Unnecessary Delay in an Attempt To Justify Its Continuing Discovery Failures.

Masimo served interrogatories on September 3, 2009 that sought: 1) Philips' bases for contending that the accused Philips products did not infringe Masimo's patents; 2) Philips' bases for asserting invalidity of Masimo's patents; and 3) Philips' identification of its asserted patent claims and how those claims were allegedly infringed by Masimo's products. *See* Ex. A (Masimo Interrogatory Nos. 1, 2, 6). Philips' responses to these interrogatories consisted of boiler-plate objections and a promise to supplement, while failing to provide even the most basic

- 8 -

information, such as the patent claims asserted by Philips. *See* Ex. C. On the other hand, Masimo responded to Philips' initial contention interrogatories on October 19, 2009, with more detailed information. Masimo's initial responses provided over 100 pages of claim charts that set forth the patent claims asserted by Masimo, the products accused of infringement, and how those products met the limitations of the asserted claims, including citations where appropriate. *See* O.B. Ex. C (D.I. 48). These responses were provided even though Philips had not yet produced any documents in this case. Masimo was limited in its ability to prepare invalidity and non-infringement contentions because Philips had not yet even identified the claims it intended to assert or the products that allegedly infringed those claims. Accordingly, Masimo pressed Philips to provide asserted claims, accused products and infringement contentions.

Over a month after receiving Masimo's infringement claim charts, Philips then proposed a schedule whereby Philips would further delay providing the information responsive to Masimo's contention interrogatories up to another four months. *See* Ex. D (Nov. 23, 2009 email from B. Rosenthal to M. Armond). Philips' position to further delay even an identification of asserted patent claims and accused products at this time was particularly egregious, as Philips should have had this information pursuant to Rule 11 prior to filing its counterclaims of infringement. Finally, on December 18, 2009, Philips provided Masimo with the identification of its asserted claims and the accused Masimo products, but no infringement contentions. Masimo's contention interrogatories remain outstanding and Philips should not be allowed to further delay its responses under the guise of a "joint exchange" under the current motion.

### B. Philips' Proposal Is Prejudicial

Philips' proposed schedule also unfairly prejudices Masimo. Philips has had Masimo's identification of asserted claims and initial infringement contentions in the form of claim charts

with citations to Masimo's production since at least as early as October 19, 2009.[6] As a result, Philips' proposal would give Philips over five months from the date it received Masimo's identification of asserted claims, accused products, and infringement positions to prepare its invalidity contentions.[7] Since Philips still has not identified how the asserted claims are allegedly infringed, the inequitable result of Philips' proposal is to set a much shorter time of one month for Masimo to provide its invalidity and non-infringement positions. Masimo should not be prejudiced for promptly providing its infringement contentions, while Philips is rewarded with additional delay by casting its proposal as a "joint exchange."

Philips' proposal finds no support in the Federal Rules of Civil Procedure or the Local Rules of this Court, which govern the parties' discovery responsibilities. Philips should comply with its discovery obligations and provide complete responses. Masimo will continue to supplement its contentions within a reasonable time after receiving the predicate discovery from Philips. Philips provides no basis to alter the Federal Rules and further delay its responses, while prejudicing Masimo with a more compressed schedule than Philips applies to itself.

## CONCLUSION

For the foregoing reasons, the Court should deny Philips' motion to compel antitrust discovery and for a schedule regarding patent contentions.

---

[6] In reality, Philips has been in possession of detailed claim charts for many of Masimo's patents since long before the lawsuit was filed based on substantive pre-suit discussions between the parties.

[7] Philips has also proposed a date for a "response to invalidity contentions" without any legal support or argument. Each party has an ongoing obligation to supplement its interrogatory responses, and this artificial date for a "response to invalidity contentions" is nowhere provided in the Federal Rules, Local Rules or through any other discovery obligation. Moreover, further responses to invalidity contentions are more appropriate for expert discovery.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Joseph R. Re<br>Jon W. Gurka<br>KNOBBE, MARTENS, OLSON<br>  & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA  92614<br>(949) 760-0404<br><br>M. Laurence Popofsky<br>Robert A. Rosenfeld<br>Scott A. Westrich<br>ORRICK, HERRINGTON<br>  & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>(415) 773-5700<br><br>February 8, 2010<br>3387510 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Julia Heaney (#3052)*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jheaney@mnat.com<br>  *Attorneys for Plaintiff, Masimo Corporation* |

- 11 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on February 8, 2010 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951 | Alan M. Grimaldi, Esquire<br>Brian A. Rosenthal, Esquire<br>C. Scott Hataway, Esquire<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004 |
| | Russell B. Hill<br>HOWREY LLP<br>4 Park Plaza, Suite 1700<br>Irvine, CA  92614 |

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)