IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | C.A. No. 09-080 (JJF) |
| CORPORATION and PHILIPS MEDIZIN | ) | |
| SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY

OF COUNSEL:

Alan M. Grimaldi
Alan M. Wiseman
Brian A. Rosenthal
C. Scott Hataway
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Russell B. Hill
HOWREY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900

Dated: February 18, 2010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Philips Electronics North
America Corporation & Philips Medizin
Systeme Böblingen GmbH*

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................................... 1

   I.   MASIMO FAILS TO OFFER ANY LEGAL BASIS TO DENY PHILIPS'
       MOTION TO COMPEL ................................................................................................ 1

  II.  FURTHER DELAY OF ANTITRUST DISCOVERY WILL
       UNREASONABLY PREJUDICE PHILIPS ................................................................ 4

 III. THE SCOPE OF DOCUMENTS RELEVANT TO ANTITRUST ISSUES
       SUBSTANTIALLY OVERLAPS WITH THE SCOPE OF THOSE
       RELEVANT TO PATENT ISSUES ........................................................................... 7

 IV. STAGED CONTENTION DISCLOSURE IS FAIR AND STANDARD
       PRACTICE FOR COMPLEX PATENT CASES SUCH AS THIS ONE ..................... 8

CONCLUSION ................................................................................................................................ 10

i

## TABLE OF AUTHORITIES

<span style="font-variant:small-caps">CASES</span>

**Pages**

*Applied Biosystems, Inc. v. Curachem, Inc.*,
  C.A. No. 89-579, 1990 WL 495458 (D. Del. Aug. 3, 1990) ....................................................3

*Braun Media Servs. v. Taylor*,
  No. 1:06CV02002, 2006 U.S. Dist. LEXIS 86828 (M.D. Pa. Nov. 30, 2006).........................4

*Cable Electric Prods, Inc. v. Genmark, Inc.*,
  770 F.2d 1015 (Fed. Cir. 1985).............................................................................................7

*Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*,
  713 F.2d 1477 (10th Cir. Colo. 1983)....................................................................................4

*CTF Hotel Holdings v. Marriott Int'l*,
  381 F.3d 131 (3d Cir. 2004)...................................................................................................4

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
  734 F. Supp. 656 (D. Del. 1990)............................................................................................5

*Georgia-Pacific v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970).......................................................................................7

*Monsanto Co. v. E.I Du Pont de Nemours and Co.*,
  No. 09-CV-00686, 2009 U.S. Dist. LEXIS 84512 (E.D. Mo. Sept. 16, 2009).........................5

*Ohio Environmental Council v. U.S. Dist. Court*,
  565 F.2d 393 (6th Cir. 1977) ................................................................................................4

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
  338 F. Supp. 1240 (W.D. Mich. 1972) .................................................................................7

*Polzin v. Unifund CCR Partners*,
  No. 08-CV-59, 2009 WL 2474668 (E.D. Wis. Aug. 11, 2009)............................................1, 3

*Teles AG Informationstechnologien v. Quintum Technologies, LLC,* .
  C.A. No. 06-197-SLR-LPS, 2009 U.S. Dist. LEXIS 103790 (D. Del. Oct. 30, 2009).............7

*United States v. Breyer*,
  41 F.3d 884 (3d Cir. 1994).....................................................................................................4

*Willemijn Houdstermaatschaapij, B.V. v Apollo Computer Inc.*,
  707 F. Supp. 1429 (D. Del. 1989).........................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 33(a)(2)...................................................................................................2

Fed. R. Civ. P. 34(a)......................................................................................................2

Fed. R. Civ. P. 37...........................................................................................................2

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH (collectively, "Philips") submit this Reply Brief in support of Defendants' Motion to Compel Discovery pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure.

There is no basis for Masimo to refuse to provide antitrust discovery. The Federal Rules of Civil Procedure require discovery responses. This Court has not ordered otherwise. Unless the Court grants Masimo's motion to stay Philips' antitrust claims, which it should not, Masimo is in violation of its obligations to produce documents and discovery responses.

With respect to patent contention exchanges, Masimo does not dispute that it reneged on an agreement to staged patent contentions. It instead now argues that such a simultaneous two-way exchange would somehow provide Philips with an unfair advantage. Both parties have already identified accused products and asserted claims, and the structure of Philips' proposal is completely bilateral. Thus, the structure of Philips' proposal (to which Masimo initially agreed before reversing its position) provides no unfair advantage to either party.

## ARGUMENT

## I.   MASIMO FAILS TO OFFER ANY LEGAL BASIS TO DENY PHILIPS' MOTION TO COMPEL

Masimo's opposition brief readily concedes three points that warrant the granting of Philips' Motion to Compel Discovery on the antitrust issues: (1) antitrust discovery has not been stayed; (2) Masimo has withheld antitrust discovery on its own unilateral determination that such discovery is premature; and (3) there is no legal authority to support Masimo's continued refusal to provide discovery on antitrust issues in the absence of a stay or an order from this Court. As Philips explained in its opening brief, "a party cannot simply ignore valid discovery requests on the ground that the motion to stay might be granted." *Polzin  v.  Unifund CCR Partners*, No. 08-

CV-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009). Masimo cannot cite a single case to the contrary. Moreover, Masimo's dereliction of its discovery obligations is obstructing the discovery process in this case and will unfairly prejudice Philips' defense to Masimo's patent infringement claims. Accordingly, the Court should grant Philips' Motion to Compel Discovery on its antitrust claims.[1]

Recognizing the absence of legal support for its position, Masimo contends that the cases Philips relies on in its Opening Brief are distinguishable. This argument rings hollow because the distinctions that Masimo draws do nothing to contravene the primary conclusion that "unless and until [a party] is granted a stay, [that party] should be required to conduct discovery as if no motion had been filed at all." *Willemijn Houdstermaatschaapij, B.V. v Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989). Moreover, none of Masimo's arguments contradict past precedents holding that a party must comply with discovery requests.

For example, Masimo's observation that it has "not disregarded any directive from the Court to proceed with the discovery at issue" (Masimo Answering Brief ("Masimo Br.") at 5 (DI 54)) neglects to account for Masimo's equally serious failure to comply with the Federal Rules of Civil Procedure, which mandate responses to discovery in the absence of an order to the contrary. *See* Fed. R. Civ. P. 33(a)(2) and 34(a); *see also* Fed. R. Civ. P. 37 Advisory Committee's Note (relief from discovery requests "depends on obtaining a court order to that effect."). In addition, to the extent that in any prior case "there was not a strong basis for requesting a stay in the first place," the attempted distinction actually makes Philips' case. *See*

---

[1]   Despite Masimo's claims to the contrary, Philips has sought to meet and confer on the issue of antitrust discovery on multiple occasions. For example, in November and December, counsel for Philips discussed the antitrust document collection and review process with Michelle Armond, counsel for Masimo, who refused to engage on this issue citing the pending motion to stay.

Masimo Br. at 5-6. As Philips has demonstrated, courts typically decline to stay antitrust claims like those at issue here which are not dependent on a determination of patent invalidity or infringement. *See* Philips Opp. to Masimo's Motion to Bifurcate and Stay at 16-20 (DI 31). Tellingly, one such case that Masimo claims had a weak basis for a stay is *Applied Biosystems, Inc. v. Curachem, Inc.*, C.A. No. 89-579, JRR, 1990 WL 495458 (D. Del. Aug. 3, 1990), a case that involved tying and anticompetitive extension of patent rights much the same as Philips' claims here. *Id.* at *3. Masimo further insinuates that the *Polzin* case directs a Court to ask whether a party is "justified in thinking that discovery would be stayed." *See* Masimo Br. at 6. In fact, the Court in *Polzin* clearly held that refusing to comply with the discovery requests at issue was inappropriate, and considered the defendants' state of mind ***only in determining whether to impose sanctions***. 2009 WL 2474668, at *4.

Masimo's continued delay in responding to Philips' requests is also hampering the orderly procession of discovery in this case. In spite of Masimo's objections, antitrust discovery is now well underway. As Masimo recognized in its Opposition, in addition to seeking antitrust discovery from Masimo, Philips has issued subpoenas seeking the documents of numerous third parties that have been impacted by Masimo's anticompetitive conduct. Several of these third parties have already responded to Philips' requests, have negotiated appropriate limitations regarding scope, and have engaged in collection efforts. Philips has also engaged in its own extensive collection efforts related to the antitrust claims in this case. Given the stage of the discovery process, the Court should compel Masimo to move forward.[2]

---

[2]   Alternatively, the Court should deny Masimo's Motion to Stay, which would remove Masimo's primary objection to discovery that Philips seeks in this motion. *See generally* Philips Brief in Opposition to Masimo's Motion to Bifurcate and Stay.

## II. FURTHER DELAY OF ANTITRUST DISCOVERY WILL UNREASONABLY PREJUDICE PHILIPS

Masimo defends its failure to comply with discovery by arguing, in part, that Philips is not harmed from Masimo's unilateral decision to stay the case. *See* Masimo Br. at 4-5. This position is not supported legally or factually. First, because the stay of a properly stated claim is an extraordinary remedy, the burden is on Masimo, not Philips, to justify a departure from the standard progression of discovery. Second, and more importantly, Masimo is simply incorrect that Philips will not be prejudiced by "deferring antitrust discovery until after trial of the patent claims." *Id.* at 5. Further delay in discovery will impose significant harm on Philips without promoting the efficient resolution of this case in any way. For these reasons, Philips' Motion to Compel is entirely appropriate.

Philips has set forth valid antitrust claims that are not dependent on the outcome of Masimo's patent case, and Philips has a right to proceed to have those claims adjudicated. *Ohio Environmental Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977) ("a party has a right to a determination of its rights and liabilities without undue delay"); *see also CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 135 (3d Cir. 2004) (recognizing that an unjustified stay can abridge the "right to bring suit in the federal court."). Because the stay of a properly stated claim is an "extraordinary measure," *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994), courts have recognized that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. Colo. 1983), *quoting Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971); *see also Braun Media Servs. v. Taylor*, No. 1:06CV02002, 2006 U.S. Dist. LEXIS 86828, at *7 (M.D. Pa. Nov. 30, 2006) ("the burden on a party requesting a stay is great"). If "there is even a fair possibility that the stay would work damage on another

4

party," the party seeking a stay must make "a showing of a clear case of hardship or inequity

before the Court can enter a stay order." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656,

658 (D. Del. 1990), *citing Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936).

The burden of proof is on Masimo to demonstrate that there will be clear hardship or

inequity in proceeding with antitrust discovery in this case. *Id.* It has completely failed in this

regard. As Judge Webber recently determined under similar facts, antitrust claims that are

dependent on patent validity or infringement (*e.g.*, Walker Process or sham litigation claims)

may be routinely stayed, while antitrust claims that are not dependent on patent issues should be

allowed to proceed. *Monsanto Co. v. E.I Du Pont de Nemours and Co.*, No. 09-CV-00686, 2009

U.S. Dist. LEXIS 84512 (E.D. Mo. Sept. 16, 2009).[3] Philips has not advanced any antitrust

claims that are dependent on patent validity or infringement, and Masimo's relentless citation to

Walker Process and sham litigation cases highlights the fundamental error in Masimo's briefing

to this Court. Regardless of the outcome of the patent case, Philips will seek a trial on its

antitrust claims, and discovery on those claims will not be simplified by further delay in this

case. *Id.*

Rather than promote efficiency, continued delay of discovery will result in substantial

and potentially irreparable harm to both Philips and healthcare consumers. Philips has alleged

that Masimo extracts monopoly profits by forcing health care consumers to purchase tied sensors

at inflated prices. Philips has further alleged that Masimo erects barriers to entry and hampers

competition in the marketplace through its anticompetitive agreements, eliminating would-be

competitors and restructuring the market to its benefit. Delay of antitrust discovery in this case

---

[3]  "Because these claims cannot be mooted by resolution of the infringement action, allowing
discovery to proceed does not increase the potential that the parties will conduct discovery
that will ultimately prove unnecessary, and such a course will likely reduce delay in
resolving all issues before the Court." *Monsanto Co.* U.S. Dist. LEXIS 84512 at *8.

will not only create immediate financial harm to Philips and its customers, it will also allow Masimo to further entrench its monopoly position, reducing the prospect of effective relief. Moreover, every consumer of Masimo oximetry technology will be harmed by Masimo's anticompetitive practices, which result in higher prices and reduced choice. Philips' litigation prospects will also wane with the passage of time. Key witnesses may become unavailable or their memories may fade, and key documents could be misplaced, lost, or inadvertently destroyed due to any number of causes. All the while, Philips and other oximetry suppliers will continue to see injury to their sales and goodwill as a direct result of Masimo's anticompetitive practices, making eventual relief both difficult to calculate and potentially "too little, too late."

Equally important, continued delay makes no sense here because Masimo's case against Philips will reach procedural limbo if the antitrust issues are not resolved in tandem with the patent case. The conduct alleged by Philips in its antitrust counterclaims would constitute plain patent misuse, providing a complete defense to the enforcement of Masimo's patent claims. This misuse, like Philips' antitrust counterclaims, rests on theories that are independent of the validity or infringement of Masimo's patents. If Philips is found to infringe any of Masimo's patent rights, it is inescapable that Philips will need discovery on Masimo's anticompetitive conduct before any final ruling of liability on the patent issues. Delaying antitrust discovery pending the outcome of the patent case would therefore produce the bizarre result that final judgment on Masimo's patent issues must await (1) discovery on the patent case, (2) then trial and appeal on the patent liability case, (3) then discovery on Masimo's anticompetitive conduct, and (4) a trial on that conduct. Such a result would mire the parties and the Court in seemingly perpetual litigation and duplicative discovery without producing any offsetting benefits.

6

## III. THE SCOPE OF DOCUMENTS RELEVANT TO ANTITRUST ISSUES SUBSTANTIALLY OVERLAPS WITH THE SCOPE OF THOSE RELEVANT TO PATENT ISSUES

Masimo incorrectly suggests that certain Philips document requests do not relate to patent issues. Masimo Br. at 7. A substantial portion of documents relevant to Philips' antitrust counterclaims are also relevant to the parties' patent claims including the commercial success of Masimo's Asserted Patents and Philips' damages case. For example, commercial success of a patented invention can be determined by looking at sales figures in conjunction with market share. *See Cable Electric Prods, Inc. v. Genmark, Inc.*, 770 F.2d 1015, 226 USPQ 881 (Fed. Cir. 1985). As such, documents evidencing the demand for Masimo's products and technology, the profitability of Masimo's products and any market share analysis, marketing plans, sales plans, product development plans, and business strategy plans are all relevant to the analysis of whether Masimo's Asserted Patents are commercially successful. *See Teles AG Informationstechnologien v. Quintum Technologies*, LLC, C.A. No. 06-197-SLR-LPS, 2009 U.S. Dist. LEXIS 103790, *12-*15 (D. Del. Oct. 30, 2009). These same categories of documents are also directly relevant to the *Georgia Pacific* and *Panduit* analyses of patent damages. *See Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); *see also Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 338 F. Supp. 1240 (W.D. Mich. 1972). As such, Masimo cannot segregate its documents to withhold those related to antitrust claims while producing those related to patent claims.

While Masimo may have additional objections to Philips' document requests, separate and apart from its objection that the requests are premature in light of its motion to bifurcate, Masimo confirmed that it was not producing antitrust-specific documents. *See* Ex. H, attached hereto (Letter from Mr. Rosenthal to Messrs. Westrich and Oldham, dated Jan. 22, 2010). Masimo's Opposition Brief again confirmed that Masimo is withholding documents on the basis

7

of its prematurity objection and "will revisit its response to these requests to determine if there
are any additional materials that should be provided" when antitrust discovery moves forward.
*See* Masimo Br. at 3.  As such, Masimo should be ordered to immediately produce documents it
has withheld on that basis.[4]

## IV.  STAGED CONTENTION DISCLOSURE IS FAIR AND STANDARD PRACTICE FOR COMPLEX PATENT CASES SUCH AS THIS ONE

Masimo does not dispute the fact that it initially agreed to the structure of staged,
simultaneous contention exchange, and then reneged on that agreement.  The staged disclosure
and simultaneous exchange of contentions, including infringement, non-infringement and
validity contentions, is not only fair but also standard practice in many courts across the country.
Despite its initial agreement to such an exchange, Masimo now argues that such staged
disclosures would be unfair because it produced charts to Philips back in September.  *See*
Masimo Br. at 8-9.  Masimo is incorrect.

While Masimo did produce over 100 pages of charts it calls infringement contentions, the
charts merely parrot Masimo's claim language.  *See* Ex. C to Philips' Mot. to Compel.  The
charts are not meaningful infringement contentions.  Instead, they are no more than an
identification of asserted claims and accused products.  The number of pages results merely from
the fact that Masimo has asserted numerous claims from 14 patents.  Indeed, Masimo admits it
produced the charts before Philips produced a single document.  *See* Masimo Br. at 9.  Moreover,
Philips has been proposing a contention exchange schedule since at least as early as October
2009.  Thus, Masimo's argument that somehow Philips will be granted an unfair timing
advantage does not ring true.  Philips always made clear it was willing to consider alternative

---

[4]     As for Masimo's additional objections to Philips' document requests, Philips recently
received Masimo's initial document production and is in the process of identifying further
deficiencies.

schedules, yet Masimo has never made a counter-proposal. *See, e.g.*, Ex. F to Philips' Mot. to Compel.

Setting a disclosure schedule now would not unfairly advantage or prejudice either party. The schedule works both ways – both parties would need to provide their contentions at the same time. The parties just exchanged their first set of technical documents within days of each other in January. Both parties also disclosed their asserted claims and accused products months ago. As such, both parties are in the same position to now prepare meaningful infringement contentions. Philips' proposed schedule also provides both parties with a month to prepare non-infringement and invalidity contentions after receiving meaningful infringement contentions and an additional month after that to prepare responses to the invalidity contentions.[5]

While staged patent disclosures are not required by the Federal Rules of Civil Procedure or the Local Rules for this Court, many district courts around the country have adopted local rules for all patent cases that call for such exchanges. In cases like this one, with twenty-four patents at issue, it only makes sense to have an orderly exchange of contentions so the parties do not constantly fight and require Court intervention about the timing of contention disclosures. Equally important, the exchange of such contentions well before expert discovery is necessary so that disputes can be narrowed. For example, a full exchange of contentions before claim construction allows the parties to correctly identify claim terms that really need to be construed, and avoid the need for the Court to construe claims that ultimately do not impact any issues in

---

[5]   Responses to invalidity contentions, just like non-infringement contentions, help frame the issues for claim construction, discovery, and other disputes. Masimo offers no reason for why responses to invalidity contentions should be treated differently than non-infringement contentions.

the case. Thus, Philips' proposal for the staged simultaneous exchange of contentions should be adopted.

## CONCLUSION

For the foregoing reasons, Philips respectfully asks this Court to compel Masimo to provide full and complete answers to all Philips' Interrogatories and Requests for Production of Documents, and to order the staged exchange of patent-related contentions as set forth in Philips' motion.

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

                                               By:  /s/ David E. Moore
Alan M. Grimaldi                                    Richard L. Horwitz (#2246)
Alan M. Wiseman                                     David E. Moore (#3983)
Brian A. Rosenthal                                 Hercules Plaza, 6th Floor
C. Scott Hataway                                   1313 North Market Street
HOWREY LLP                                         Wilmington, DE 19801
1299 Pennsylvania Ave., N.W.                        Tel: (302) 984-6000
Washington, DC 20004                               rhorwitz@potteranderson.com
Tel: (202) 783-0800                                dmoore@potteranderson.com

Russell B. Hill                                    *Attorneys for Philips Electronics North*
HOWREY LLP                                         *America Corporation & Philips Medizin*
4 Park Plaza                                       *Systeme Böblingen GmbH*
Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900

Dated: February 18, 2010

954056v.1/33976

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 18, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 18, 2010, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
jheaney@mnat.com

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
jre@kmob.com
jgurka@kmob.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

907271 / 33976