IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 09-80-JJF-MPT |
| | ) |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 11, 2010 ORDER GRANTING PLAINTIFF'S MOTION TO BIFURCATE AND STAY DISCOVERY, OR IN THE ALTERNATIVE TO CERTIFY QUESTION TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

OF COUNSEL

Alan M. Grimaldi
Alan M. Wiseman
Brian A. Rosenthal
C. Scott Hataway
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Russell B. Hill
HOWREY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900

Dated: March 22, 2010
958226 / 33976

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants/Counterclaim Plaintiffs Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    I.   THE COURT'S STAY OF PHILIPS' MISUSE DEFENSE AND COUNTERCLAIMS IS INAPPROPRIATE ABSENT "EXTREME CIRCUMSTANCES" ............................................................................................. 3

    II.  THE COURT'S TREATMENT OF "SYSTEMS CLAIMS" AS A JUSTIFICATION FOR AN INDEFINITE STAY IS CLEARLY ERRONEOUS ................................................................................................................ 4

    III. AN INDEFINITE STAY IN THIS CASE SEVERLY HARMS PHILIPS AND SIGNIFANTLY DIMINISHES MEANINGFUL PROSPECTS OF SETTLEMENT ................................................................................................................ 8

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336 (1961) ............................ 5, 6

*Beal Corp. Liquidating Trust v. Valleylab, Inc.*, 927 F. Supp. 1350
　　(D. Colo. 1996) ............................................................................................................... 6, 7

*Cofab, Inc. v. Philadelphia Joint Bd.*, 141 F.3d 105 (3d Cir. 1998) ................................... 4, 10

*Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt., Inc.*,
　　713 F.2d 1477 (10th Cir. 1983) ......................................................................................... 3

*CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131 (3d Cir. 2004) ................................... 4, 10

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656 (D. Del. 1990) .................................. 3

*Dentsply Int'l v. New Tech. Co.*, C. A. No. 96-272-MMS, 1996 U.S.
　　Dist. LEXIS 19846 (D. Del. Dec. 19, 1996) ..................................................................... 6

*Dover v. Diguglielmo*, 181 Fed. Appx. 234 (3d Cir. 2006) ...................................................... 4

*Enzo Life Sciences, Inc. v. Digene Corp.*, C. A. No. 02-212-JJF, 2003
　　WL 21402512 (D. Del. June 10, 2003) ............................................................................ 6

*Husky Injection Molding Sys. Ltd. v. R&D Tool Eng'g Co.*, 291 F.3d
　　780 (Fed. Cir. 2002) .......................................................................................................... 6

*In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986) .................................................. 6

*Kendall Co. v. Progressive Med. Tech.*, 85 F.3d 1570 (Fed. Cir. 1996) ................................. 6

*Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S.
　　502 (1917) .......................................................................................................................... 5

*National Lockwasher Co. v. George K. Garrett Co.*, 137 F.2d 255
　　(3d Cir. 1943) .................................................................................................................... 7

*Pelzer v. City of Philadelphia*, No. 07-CV-38, 2007 U.S. Dist.
　　LEXIS 34134 (E.D. Pa. May 8, 2007) .............................................................................. 7

*Schor v. Abbott Labs.*, 457 F.3d 608 (7th Cir. 2006) ......................................................... 5, 6

*Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 07-CV-1793,
   2008 U.S. Dist. LEXIS 82266 (M.D. Pa. Oct. 16, 2008) ................................................... 4

*United States v. Breyer*, 41 F.3d 884 (3d Cir. 1994) .............................................................. 3

*United States v. Singer Mfg. Co.*, 374 U.S. 174 (1963) .......................................................... 7

*Wang Labs. v. Mitsubishi Elecs. Am.*, No. 92-CV-4698, 1993 U.S.
   Dist. LEXIS 21373 (C.D. Cal. July 19, 1993) ................................................................... 9

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH (collectively, "Philips") submit this Opening Brief in support of Defendants' Motion for Reconsideration of the Court's March 11, 2010 Order granting Plaintiff's Motion to Bifurcate and Stay Discovery (D.I. 67).

## NATURE AND STAGE OF THE PROCEEDINGS

This suit involves patent claims asserted by Masimo against Philips and patent and antitrust claims asserted by Philips against Masimo. Philips alleges that Masimo has systematically forced consumers to purchase commodity products – namely sensors and patient cables – from Masimo and its licensees at inflated prices. Masimo's conduct has excluded rivals and monopolized the relevant product markets for pulse oximeters, sensors, and patient cables.

On March 11, 2010, this Court granted Masimo's motion to bifurcate trial and stay discovery on all "antitrust issues" pending resolution of the patent claims.[1] The Court's decision is premised on the incorrect legal conclusion that a "system claim" could allow a monopolist to condition the sale of patented products on the aftermarket sale of unpatented system components. This conclusion is clearly erroneous and contrary to existing Supreme Court precedent. Even assuming *arguendo* that Masimo were to prevail on all of its patent claims, this Court would still be compelled to hear evidence regarding Masimo's anticompetitive conduct, which if proven would not only constitute an actionable antitrust violation but also patent misuse, an affirmative defense negating any patent liability.

## SUMMARY OF THE ARGUMENT

1. A stay is an "extraordinary measure" that should only be granted when resolution of one

---

[1] Notably, the Court's order does not mention the term "patent misuse," but instead refers to a stay of "antitrust issues." At a minimum, Philips asks that the Court clarify that its Order permits Philips to collect evidence for the presentation of its narrower, well-stated affirmative defense.

proceeding would have a significant or dispositive effect on another. In the absence of exceptional circumstances, a stay of indefinite duration is immediately appealable.

2. The Court's treatment of "system claims" is clearly erroneous as a matter of law. Resolution of Masimo's patent claims in this case will have no bearing on the viability of Philips' misuse defense or its *permissive* antitrust counterclaims, which were brought to this Court for the parties' convenience and in the interests of efficient adjudication.

3. Because Phillips' misuse defense, if proven, would provide a complete defense to Masimo's patent claims no matter their scope, full adjudication of the patent case is not possible if discovery of the antitrust issues is stayed. The indefinite stay harms Philips, competition, and health care consumers, and it significantly diminishes any meaningful prospect of settlement by foreclosing discovery on dispositive issues.

## STATEMENT OF FACTS

Philips and Masimo sell competing pulse oximetry products, including oximeters, sensors, and patient cables. Masimo Answer ¶¶ 116-118, 122 (D.I. 17). Philips has alleged that Masimo has used its monopoly power in one market – pulse oximeters – to foreclose competition in the market for sensors and cables by conditioning the sale of pulse oximeters on the sale of sensors and cables, a right not conferred by the patent laws. Masimo has forced its primary competitor to similarly exclude third-party sensor manufacturers through an anticompetitive settlement agreement. *Id.* ¶¶ 142, 439. Masimo also appears to systematically require its OEM distributors to exclude third-party products in favor of Masimo. Philips Counterclaims ¶¶ 130-135 (D.I. 15). Masimo's anticompetitive conduct has injured Philips by foreclosing its ability to compete in the markets for oximetry products. *Id.* ¶¶ 145-147, 153-154.

## ARGUMENT

I. **THE COURT'S STAY OF PHILIPS' MISUSE DEFENSE AND COUNTERCLAIMS IS INAPPROPRIATE ABSENT "EXTREME CIRCUMSTANCES"**

A stay of litigation is an "extraordinary measure," *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994), and courts have recognized that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). While a district court has discretion to stay proceedings, "in exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Where a requested stay would prejudice the non-movant, the moving party must make "a showing of a clear case of hardship or inequity before the Court can enter a stay order." *Id.*

The Court's Order fails to address the clear imbalance resulting from a stay of discovery. While Masimo will be permitted to discover information from Philips to bolster its case, Philips will be unfairly prevented from establishing facts critical to its patent misuse defense. Philips bears the entire risk of lost evidence and faded memories while waiting years to litigate its case. While Philips is disadvantaged, Masimo is rewarded, as it entrenches its dominant market position through exclusionary tactics. Equally important is the economic prejudice that the Court's Order imposes on Philips by creating an imbalance in negotiating leverage, significantly diminishing the prospects of settlement. Finally, the stay plainly thwarts efficiency for both Philips and third parties, many of whom support Philips' efforts to challenge Masimo's

anticompetitive behavior and will now be forced to respond to multiple discovery requests.[2] In short, the Court's Order drastically and unnecessarily shifts the equities in Masimo's favor.

In situations like this, an indefinite stay "can itself constitute an abuse of discretion." *Dover v. Diguglielmo*, 181 Fed. Appx. 234, 237 (3d Cir. 2006). Due to the significant prejudice to the non-moving party, courts recognize that "stays of indefinite duration are especially discouraged and, because they put the parties 'effectively out of court,' any order granting such a stay is appealable." *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13-14 (M.D. Pa. Oct. 16, 2008); *see also CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 135 (3d Cir. 2004) (overturning stay abridging "right to bring suit in the federal court" by putting case in "procedural limbo"); *Cofab, Inc. v. Philadelphia Joint Bd.*, 141 F.3d 105, 109 (3d Cir. 1998) ("This court has recognized that where a stay is indefinite and may unreasonably delay a plaintiff's right to have his case heard, the order may be deemed appealable.").

Because the viability of Philips' misuse defense and antitrust counterclaims is not dependent on the validity of Masimo's patent claims, there is no basis to deny Philips access to the federal court system. By effectively denying Philips a chance to have its misuse defense and antitrust claims heard, the Court's Order is manifestly unjust and warrants reconsideration.

## II. THE COURT'S TREATMENT OF "SYSTEMS CLAIMS" AS A JUSTIFICATION FOR AN INDEFINITE STAY IS CLEARLY ERRONEOUS

To justify an indefinite stay in this case, the Court has relied on an erroneous theory, championed by Masimo, that a "system claim" grants Masimo the right to exclude competition from all components of a pulse oximetry "system." This theory has been rejected by the

---

[2] As noted in Philips' motion to compel discovery, third party discovery was well under way before the Court's Order, with several companies in the process of collection and production.

- 4 -

Supreme Court. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 342 (1961); *Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502, 512 (1917). Under this Court's erroneous treatment of "system claims," a company like Microsoft, with its ubiquitous Windows® operating system, would have been permitted to monopolize the separate markets for computers, keyboards, and monitors simply by making a "system claim" that includes a Windows® product, a computer, a keyboard, and a monitor.[3] This is plainly wrong. A system claim grants a right of exclusion ***only with respect to the entire system***, not its component parts. This is a fundamental principle governing the "intersection" of antitrust law and intellectual property law. *See Aro Mfg.*, 365 U.S. at 342 ("For if anything is settled in the patent law, it is that the combination patent covers only the totality of the elements in the claim and that no element, separately viewed, is within the grant.").

On this foundational question, the Court's Order relies solely on *Schor v. Abbott Labs.*, 457 F.3d 608, 614 (7th Cir. Ill. 2006), to suggest that Masimo's patents "may" allow it to exclude third parties from aftermarket sensor sales. Masimo's reliance on *Schor* is a plain misapplication of the Seventh Circuit's opinion. As the court stated: "Schor's complaint does not allege any of the normal exclusionary practices – tie-in sales (or another form of bundling), group boycotts, exclusive dealing and selective refusal to deal, or predatory pricing. Abbott sells ritonavir as part of Kaletra, but this is not a tie-in because ritonavir is available separately as Norvir." *Id.* at 610. In dicta, the Court stated only that Abbott might exclude competition from

---

[3] Indeed, Microsoft owns a host of patents related to Windows®, many of which appear to claim personal computer systems. For example, Patent 5,627,964 claims: "18. An apparatus comprising: a processor; a visual display operatively coupled to the processor; an operating environment comprising software executable by the processor, the operating environment providing a first set of graphical user interface capabilities; a storage medium, operatively coupled to the processor…; and means for enabling the reduced configuration of the operating environment for execution by the processor." Microsoft's most recently issued Patent No. 7,681,207 contains a similar claim. The patents are attached as Exhibits A and B.

- 5 -

the **combination** of the two drugs, not each component part. *Id.* at 614. The *Schor* court did **not** hold that Abbott would be entitled to condition the sale of ritonavir on the sale of any particular protease inhibitor, despite its patents covering both ritonavir and the combination. In fact, the court expressly recognized that "[a] patent does not permit its owner to condition use of the patented product on the surrender of a monopoly in some other unpatented product." *Id.* Yet the sale of Masimo SET oximeters is in fact **conditioned** on the aftermarket sale of Masimo sensors, thereby excluding competition from other non-infringing sensors.[4]

The Federal Circuit has also unequivocally held that replaceable components of a patented "system" are not separately covered by the patent grant. *Husky Injection Molding Sys. Ltd. v. R&D Tool Eng'g Co.*, 291 F.3d 780, 789 (Fed. Cir. 2002). Contrary to the Court's Opinion, even if Masimo's pulse oximeter is determined to be part of a "system" that includes a sensor, the claim simply does not allow for anticompetitive restrictions on downstream replacement sensor sales. *See, e.g., Kendall Co. v. Progressive Med. Tech.*, 85 F.3d 1570, 1574-5 (Fed. Cir. 1996) (rejecting argument that patented system allowed patent holder to "police" sale of "pressure sleeves" by third parties); *Beal Corp. Liquidating Trust v. Valleylab, Inc.*, 927

---

[4] As noted in Philips' opposition brief, Masimo has offered no authority to support the argument that a determination of patent claims would have any impact on traditional antitrust theories of tying, group boycott, and restraint of trade. Masimo's requested stay is premised on cases alleging patent-specific antitrust theories, such as "sham litigation" and Walker Process cases, two liability theories that are not alleged here. The few cases cited by Masimo that did involve traditional, non-patent-specific antitrust theories resulted in the denial of the requested stay of discovery. *See In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986); *Enzo Life Sciences, Inc. v. Digene Corp.*, C. A. No. 02-212-MMS, 2003 WL 21402512 (D. Del. June 10, 2003); and *Dentsply Int'l v. New Tech. Co.*, C. A. No. 96-272-JJF, 1996 U.S. Dist. LEXIS 19846 (D. Del. Dec. 19, 1996).

F. Supp. 1350, 1361-2 (D. Colo. 1996) (expressly rejecting argument that patent grant allowed defendant to prohibit downstream sale of replacement parts by third parties).[5]

The Court's Order also fails to recognize that an agreement between Masimo and Nellcor to prevent competition from low-priced sensors would be unlawful, regardless of the context. *See United States v. Singer Mfg. Co.*, 374 U.S. 174 (1963). In *Singer*, the Supreme Court addressed an alleged group boycott that was created through a patent settlement between horizontal competitors, like Masimo's settlement with Nellcor. Regardless of the scope of Masimo's patents, the anticompetitive purpose and effects of its settlement agreement will need to be considered separately as patent misuse.

Finally, the Court's Order is at odds with the basic requirement that the Court must take as true Philips' allegations that oximeters, sensors, and cables are separate relevant products for antitrust purposes. *See, e.g., Pelzer v. City of Philadelphia*, No. 07-CV-38, 2007 U.S. Dist. LEXIS 34134, at *1 n.1 (E.D. Pa. May 8, 2007) (accepting allegations as true when deciding motion to stay). Masimo has never challenged these allegations, and has indeed alleged them in other pleadings. Complaint, *Masimo Corp. v. Tyco Health Care Group*, No. 02-CV-4770 (C.D. Cal. May 29, 2002), at ¶ 15. Rather than accepting these allegations as true, the Court's Order effectively dismissed them *sua sponte* based on Masimo's unsupported speculation that the components are in fact part of the same product for economic purposes.[6]

---

[5] In its Reply Brief, Masimo claimed that *Static Control Components v. Lexmark Int'l, Inc.*, 487 F. Supp. 2d 861 (E.D. Ky. 2007) and *Beal Corp. Liquidating Trust*, 927 F. Supp. 1350, did not involve system claims. Masimo is incorrect. Both cases included claims over the systems at issue: Patent Nos. 5,634,169 and 5,995,772 in *Static Control Components* and Patent No. 4,781,175 in *Beal*. The patents are attached as Exhibits C and D.

[6] The Court's Order equally fails to consider several factual allegations that would also support patent misuse, including exclusive dealing contracts, agreements not to compete, and resale price maintenance. *See* Philips Counterclaims ¶¶ 130-36; *cf. National Lockwasher Co. v. George K. Garrett Co.*, 137 F.2d 255, 256 (3d Cir. 1943) ("A patentee's right does not extend to the use of

Because resolution of Masimo's patent rights has no bearing on the viability of Philips' antitrust claims, the Court's Order will not narrow discovery – it will merely delay indefinitely the resolution of claims in a manner that unjustly favors Masimo. Without a valid justification for the stay, the Court's decision to move one case forward at the expense of the other, while depriving a defendant of its right to mount a defense, is manifestly unjust and arbitrary. With all due respect to the Court's discretion over its docket, an indefinite denial of access to the federal court system, especially with respect to an affirmative defense, is unsupportable and in error.

### III. AN INDEFINITE STAY IN THIS CASE SEVERLY HARMS PHILIPS AND SIGNIFANTLY DIMINISHES MEANINGFUL PROSPECTS OF SETTLEMENT

Because Philips' misuse defense and permissive antitrust counterclaims are not dependent on patent validity or infringement, continued discovery on all claims is not only the most efficient course, but also the only outcome that serves the interests of justice for the parties and the economy. Philips has alleged a multi-faceted scheme by which Masimo extracts monopoly profits from health care consumers and erects barriers to entry and competition in the marketplace through a framework of anticompetitive agreements. During the stay ordered by this Court, Masimo will be able to further entrench its position, and every consumer of Masimo's dominant oximetry technology will be harmed by Masimo's anticompetitive practices.

Meanwhile, Philips' litigation prospects will wane over time. During a several-year stay, key testimony will be lost as witnesses become unavailable and memories fade. Key documents could be misplaced, lost, or destroyed. Equally important, the stay will create a cloud of litigation over the pulse oximetry industry, undermining Philips' ability to grow its business and allowing Masimo to further usurp market share and disparage competitors with continuing

---

the patent to purge the market of competing non-patented goods except, of course, through the process of fair competition.").

negative publicity. All the while, Philips and other competitors will continue to see injury to sales and goodwill as a direct result of Masimo's anticompetitive practices, making eventual relief difficult to calculate, and potentially "too little, too late."[7]

Finally, and ironically, Masimo's case against Philips will also reach procedural limbo under the Court's Order. If proven, Philips' counterclaims provide a complete defense to Masimo's patent claims under the misuse doctrine. Because this misuse is ***independent*** of the validity or invalidity of Masimo's patents, it is inescapable that Philips will need discovery on Masimo's anticompetitive conduct before a final ruling on the patent issues. A stay of antitrust discovery thus produces the unworkable result that final judgment on Masimo's patent claims must await discovery on the patent case, trial and potentially appeal on the patent liability case, discovery on Masimo's anticompetitive conduct, and finally a trial on that conduct. The parties will be mired in seemingly perpetual litigation without producing any offsetting benefits.

This procedural limbo will also deprive the parties of equipoise in negotiation, significantly diminishing any meaningful opportunity for settlement. For this reason, even where courts have determined that bifurcation of antitrust claims is appropriate, they have allowed the patent misuse defense to be tried with the affirmative patent case. *See, e.g., Wang Labs. v. Mitsubishi Elecs. Am.*, No. 92-CV-4698, 1993 U.S. Dist. LEXIS 21373 (C.D. Cal. July 19, 1993). This provides the defendant with an appropriate opportunity to maintain its defense while still promoting judicial economy: if the defendant "successfully asserts the affirmative defenses at the patent trial, only those additional elements will remain for the antitrust trial." *Id.* at *12.

---

[7] The Court's statement that "Philips could have brought its antitrust claims years ago" assumes facts that have not been presented, unjustly shifts the burden to Philips to prove a new harm during some time period that is apparently shorter than the statute of limitations, and ignores the fact that Masimo could have brought its claims several years ago but did not. In short, the Court's analysis wrongly placed the burden on the ***non-moving*** party, where there were facts that pointed at least equally in the other direction.

Philips respectfully submits that the Court should reconsider the admonition of both the Supreme Court and Court of Appeals: "[W]hen a District Court decides whether to stay a suit pending the outcome of another suit in the same forum, 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward....'" *CTF Holdings Inc.*, 381 F.3d at 139. Masimo has utterly failed to make the required showing, and this Court has inappropriately shifted the burden to Philips to justify its right to proceed with well-stated federal claims and affirmative defenses. This result is particularly improper in light of the important public policy served by private antitrust enforcement. Philips believes that this issue is appealable. *See Cofab, Inc. v. Philadelphia Joint Bd.*, 141 F.3d at 109.

## CONCLUSION

For the foregoing reasons, Philips respectfully asks this Court to reconsider its March 11, 2010 Order, and upon reconsideration deny Masimo's motion to stay discovery. In the alternative, Philips respectfully asks the Court to certify the following question for immediate appeal: "Whether, a patent holder, wielding economic monopoly power over a patented article, may rely on a 'system claim' to exclude aftermarket competition from commodity components of the claimed system." Philips submits that this question would plainly constitute a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Philips also requests a hearing on this issue at the earliest convenience of the Court.

| | |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| Alan M. Grimaldi<br>Alan M. Wiseman<br>Brian A. Rosenthal<br>C. Scott Hataway<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Tel: (202) 783-0800 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com |
| Russell B. Hill<br>HOWREY LLP<br>4 Park Plaza<br>Suite 1700<br>Irvine, CA 92614<br>Tel: (949) 721-6900 | *Attorneys for Defendants/Counterclaim Plaintiffs Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH* |

Dated: March 22, 2010
958226 / 33976

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 22, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 22, 2010, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jheaney@mnat.com

Joseph R. Re
Jon W. Gurka
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
jre@kmob.com
jgurka@kmob.com

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
lpopofksy@orrick.com
rrosenfeld@orrick.com
swestrich@orrick.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

907271 / 33976