**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-80-JJF-MPT |
| | ) |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORPORATION and PHILIPS | ) |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORPORATION, | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MASIMO CORPORATION, | ) |
| | ) |
| Counterclaim-Defendant. | ) |

## **MEMORANDUM ORDER**

**I.   BACKGROUND**

On February 3, 2009, plaintiff Masimo filed a complaint for infringement of its pulse oximetry-related patents against defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GMBH (collectively "Philips"). Masimo filed a first amended complaint on May 12, 2009.  On June 15, 2009, Philips filed its answer and a number of counterclaims, which included seven antitrust counterclaims.  Masimo filed its answer to Philips' counterclaims, asserting its own counterclaims and affirmative defenses on July 9, 2009.  On August 3, 2009, Philips

filed its answer to Masimo's counterclaims and a motion to strike certain of Masimo's antitrust affirmative defenses. On August 8, 2009, Masimo filed a motion to bifurcate and stay discovery of Philips' antitrust counterclaims. The court heard arguments from the parties on that motion on September 24, 2009. On January 22, 2010, Philips filed a motion to compel. The court granted Masimo's motion to bifurcate and stay discovery of Philips' antitrust counterclaims on March 11, 2010, and, on March 19, 2010, dismissed as moot Philips motion to strike Masimo's 1st, 24th, 25th, 26th, and 27th affirmative defenses to Philips' antitrust counterclaims. This is the court's decision on Philips' January 22, 2010 motion to compel discovery.

## II. DISCUSSION

Philips moves the court for an order compelling Masimo to "immediately provide full and complete answers to Philips' interrogatories Nos. 4, 5, 10, and 11 and Document Request Nos. 1-5, 11, 82, 89-92, 96-120, 127, 134, 149-157, 159-166, 168, and 169."[1] First, Philips asserts that Masimo has improperly evaded its discovery obligations relating to facts underlying Philips' antitrust counterclaims. Second, Philips contends that Masimo has refused to comply with discovery requests that implicate both patent and antitrust issues. Third, Philips requests that the court set a schedule for a staged, simultaneous exchange of patent contentions.[2]

### A. DISCOVERY IMPLICATING ONLY ANTITRUST ISSUES

Because the court has decided to bifurcate and stay discovery on Philips' antitrust counterclaims, Philips' motion to compel discovery relating only to such

---

[1] D.I. 47 at 1.
[2] *Id.*

counterclaims is denied. Philips is free to refile a motion to compel such discovery should Masimo fail to comply with appropriate discovery requests when antitrust discovery in this case moves forward.

### B. DISCOVERY IMPLICATING BOTH ANTITRUST AND PATENT ISSUES

Pursuant to Local Rule 7.1.1, the moving party in a civil case must make a reasonable effort to reach an agreement with the opposing party on matters set forth in nondispositive motions before the court.[3] Should the moving party fail to do so and aver to the same, the motion may be dismissed.[4]

On January 15, 2010, Philips requested that the parties meet to discuss, specifically, Masimo's objections to Philips' interrogatories nos. 4, 5, 10, and 11 and document requests nos. 1–5, 11, 82, 89–92, 96–120, 127, 134, 149–166, 168, and 169 on the grounds that they were "premature in view of Masimo's pending motion to bifurcate and stay discovery concerning Philips' antitrust claims."[5] The parties met on January 22, 2010. Masimo asserts that Philips only inquired into Masimo's prematurity objection at that meet-and-confer. Philips indicates that "counsel for Masimo confirmed that during the pendency of its motion to stay discovery, Masimo would not produce any documents or answer interrogatories that Masimo deemed to be solely related to antitrust claims or the patent misuse defense."[6]

There is no evidence that the parties discussed whether or to what extent Philips' discovery requests related to overlapping patent and antitrust claims, or Masimo's

---

[3] D. Del. LR 7.1.1.
[4] *Id.*
[5] D.I. 48 at Exhibit E (letter from Philips' counsel requesting such a meeting).
[6] *Id.* at 2.

resultant discovery obligations. Thus, it is unclear to the court whether Philips made the requisite reasonable effort to reach an agreement with Masimo concerning further responses by Masimo on *patent* issues in this case. Therefore, Philips' motion to compel discovery relating to such allegedly overlapping patent and antitrust issues will be denied and the parties ordered to meet and confer regarding such issues within two weeks of this order.[7]

### C. A STAGED, SIMULTANEOUS EXCHANGE OF PATENT CONTENTIONS

Philips urges this court to set a schedule for the staged, simultaneous exchange of patent contentions. Philips argues that an orderly exchange of contentions will avoid constant disputes over discovery obligations and thus require less court intervention concerning the timing of discovery disclosures. The court agrees. However, because this order post-dates by almost a month Philips' proposed schedule's initial deadline for the parties' exchange of infringement contentions, the court will deny Philips' requested adoption of its proposed schedule. Nonetheless, the court will order that, when they meet to discuss Philips' requests for further discovery responses from Masimo, the parties set a schedule for the staged, simultaneous exchange of patent contentions, non-infringement and invalidity contentions, and responses to invalidity contentions.[8] The court is confident in the ability of parties to come to an agreement on this issue.

### III. CONCLUSION

For the reasons contained herein, is it hereby ORDERED that Philips motion to

---

[7] In denying Philips' motion and ordering the parties to meet and confer, the court notes that Masimo has consistently asserted its willingness to produce information reasonably related to the parties' patent claims.

[8] The court notes that the parties may have already exchanged some of the above. If that is the case, the parties should set a schedule for the exchanges which remain outstanding.

compel discovery (D.I. 47) is DENIED.

It is further ORDERED that:

1.  The parties meet, within two weeks of today's date, to discuss further responses by Masimo to Philips' discovery requests which allegedly implicate overlapping patent and antitrust issues; and

2.  At that meeting, the parties agree to a schedule for the staged, simultaneous exchange of patent contentions, non-infringement and invalidity contentions, and responses to invalidity contentions.


Date:  March 23, 2010                    /s/ Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE