
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-80 (JJF/MPT) |
| ) | |
| PHILIPS ELECTRONICS NORTH ) | |
| AMERICA CORPORATION and PHILIPS ) | |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, ) | |
| ) | |
| Defendants. ) | |

**MASIMO CORPORATION'S ANSWERING BRIEF IN OPPOSITION
TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S
<u>MOTION TO AMEND COUNTERCLAIMS</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Julia Heaney (#3052) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899-1347 |
|  | (302) 658-9200 |
| Joseph R. Re | jheaney@mnat.com |
| Jon W. Gurka | *Attorneys for Plaintiff, Masimo Corporation* |
| KNOBBE, MARTENS, OLSON |  |
|  & BEAR, LLP |  |
| 2040 Main Street |  |
| Fourteenth Floor |  |
| Irvine, CA  92614 |  |
| (949) 760-0404 |  |

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
ORRICK, HERRINGTON
 & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
(415) 773-5700

April 12, 2010

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF ARGUMENT ............................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

I.   COURTS ROUTINELY DECLINE REQUESTS TO ADD UNRELATED COUNTERCLAIMS THAT WOULD COMPLICATE OR DELAY ONGOING PROCEEDINGS ................................................................................................... 3

II.  THIS COURT SHOULD REJECT PHILIPS' ATTEMPT TO INJECT ITS NEWLY PURCHASED AND UNRELATED PATENT INTO THIS LITIGATION ...................................................................................................... 5

   A.   Philips' Newly Purchased Patent Is Not Closely Related To The Technology Already At Issue In This Litigation ....................................... 5

   B.   Philips' New Counterclaim Will Cause Inconvenience And Delay ....... 6

   C.   Philips' Arguments That Its "Amendment" Would Not Cause Inconvenience Or Prejudice Are Unpersuasive ....................................... 7

   D.   The Court Should Reject Philips' Attempt To "Buy Up" New Counterclaims And Hinder The Litigation Of Masimo's Claims .......... 9

CONCLUSION .................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**CASES**

*ACC Climate Control v. Bergstrom, Inc.,*
   C.A. 07-125-TS, 2010 WL 746750 (N.D. Ind. 2010) ................................................................ 4

*Affinion Net Patents, Inc. v. Maritz, Inc.,*
   C.A. No. 04-360-JJF, 2006 U.S. Dist. LEXIS 37474 (D. Del. June 8, 2006) ........................ 8-9

*Aviation Materials, Inc. v. Pinney*,
   65 F.R.D. 357 (N.D. Okla. 1975) .............................................................................................. 4

*Dluhos v. Strasberg*,
   C.A. 00-3163-JCL, 2005 WL 1683696 (D.N.J. 2005) ............................................................. 4

*Matsushita Elec. Industrial Co. v. Cinram Intern'l, Inc.*,
   C.A. 01-882-SLR, 2004 WL 32922 (D. Del. 2004) ............................................................. 4, 6

*Miller Prods. Co., v. Veltek Assocs., Inc.,*
   218 F.R.D. 425 (D. Del. 2003) .................................................................................................. 9

*Owens-Illinois, Inc. v. Lake Shore Land Co.*,
   610 F.2d 1185 (3d Cir. 1979) .................................................................................................... 4

*Semiconductor Energy Lab. Co. v. Sanyo N. Amer. Corp.*,
   C.A. 00-018-GMS, 2001 WL 194303 (D. Del. 2001) .............................................................. 6

*Texas Company v. Borne Scrymser Co.*,
   68 F.2d 104 (4th Cir. 1933) ............................................................................................... 5, 9-10

*Trueposition, Inc. v. Allen Telecom, Inc.*,
   No. Civ. A.01-823 GMS, 2002 U.S. Dist. LEXIS 12848 (D. Del. 2002) ................................ 8

**OTHER AUTHORITIES**

Charles A. Wright & Arthur R. Miller,
   *Federal Practice & Procedure Civ.* § 1428 (2d ed. 2009) ............................................... 3, 4, 9

**RULES AND STATUTES**

Fed. R. Civ. P. 13(e) .................................................................................................... 1, 3, 4

Fed. R. Civ. P. 15(a) ................................................................................................... 1, 3, 4,9

Plaintiff/Counterdefendant Masimo Corporation ("Masimo") submits this Answering Brief in Opposition to Defendant/Counterclaimant Philips Electronics North America Corporation's ("Philips") Motion to Amend Counterclaims.

## SUMMARY OF ARGUMENT

This Court should reject Philips' attempt to inject its newly purchased patent into this litigation. The parties agreed to a December 11, 2009 deadline for amending pleadings and to a June 15, 2010 deadline to complete producing all documents. Philips' newly purchased patent is not directed to the pulse oximetry technology already at issue. Rather, it relates to a different technology, and if added to this case, would open an entirely new technological dispute. The patent would necessarily require examining different product markets, algorithms, software and calculations. It would also require additional discovery, new prior art searches, and significant additional trial preparation. But this action has been pending for over fourteen months, and both parties have already exchanged their infringement contentions. Indeed, Masimo's infringement contentions spanned over twelve hundred pages. The parties should now be trying to narrow the case, not expand it. Philips' recent purchase and assertion of an unrelated third-party patent at this stage obviously reflects Philips' lack of confidence in the ten patents it has already asserted and its attempt to hinder Masimo's ability to advance its case. Indeed, Philips offers no other explanation for its actions.

Moreover, Philips' motion is not a motion to "amend" under Fed. R. Civ. P. 15(a), as Philips argues. Because Philips could not have originally plead its counterclaims, its proposed amendment is actually a supplemental pleading under Rule 15(d) and Rule 13(e). But Philips discusses none of the cases concerning supplemental counterclaims under these rules, much less cases that specifically address whether parties can add newly purchased counterclaims into ongoing litigation. Courts in such cases reject motions to add new counterclaims where, as

1

here, the counterclaims are not closely related to the subject matter of the original claims, especially where such counterclaims would cause inconvenience or delay.

This Court should reject Philips' attempt to assert its recently purchased patent in this case. Because Philips could assert that patent in a separate action, this Court need not unduly expand this already complex action.

## STATEMENT OF FACTS

On February 3, 2009, Masimo filed this action against Philips for infringement of patents directed to pulse oximetry technology. See Compl. (D.I. 1). On June 15, 2009, Philips filed a number of counterclaims similarly asserting patents directed to pulse oximetry technology. See Philips' Countercl. (D.l. 15). Philips also put forward numerous antitrust claims and allegations that have now been stayed pending resolution of the parties' patent claims. See Order Granting Motion To Stay (D.I. 67).

The parties thereafter agreed to certain discovery dates, including a December 11, 2009 deadline for the amendment of pleadings, and a June 15, 2010 deadline for document production. *See* Ex. A (September 17, 2009 Email); Joint Proposed Scheduling Order (D.I. 38, Attachment A).

On October 19, 2009, Masimo provided over one hundred pages of infringement contentions. On March 1, both parties exchanged infringement contentions, with Masimo's totaling over 1,200 pages. *See* Notices of Service of Interrogatory Responses (D.I. 60, 62.); Ex. B (March 16, 2010 Letter). Prior to Philips filing the present motion, the parties were set to exchange invalidity contentions on April 1, 2010. *See* Ex. C (March 10, 2010 Email); Philips' Opening Brief In Support Of Motion To Compel (D.I. 48 at 8).

The parties have also engaged in extensive discovery, responding to dozens of interrogatories and hundreds of document requests, and producing well over 2,000,000 pages of

documents. *See* Masimo and Philips Discovery Notices (D.I. 37, 39-40, 41-46, 49-51, 55-56, 59-60, 62, 66, 68, 77); Philips Brief In Support Of Motion To Amend Counterclaims ("Philips' Br.") (D.I. 76, Exs. 1-5) (Letters Between Masimo and Philips); Ex. D (March 26, 2010 Letter).

On March 8, 2010, Philips told Masimo that it wanted to add U.S. Patent No. 5,337,745 (the "'745 patent") to this litigation. *See* Ex. C. Masimo objected, pointing out that the December, 2009 agreed-upon deadline for amending the pleadings had passed, the parties had already exchanged infringement contentions, and the parties would be exchanging invalidity contentions on April 1, 2010. *Id.* On March 26, 2010, Philips filed the present motion to assert the '745 patent. *See* Philips Br. (D.I. 76). Days later, Philips told Masimo that it would no longer be serving invalidity contentions on April 1, 2010, and that it wanted to extend other dates in the schedule. *See* Ex. E (March 31, 2010 Email). Obviously, the present Motion has already slowed this case's progress.

**ARGUMENT**

**I. COURTS ROUTINELY DECLINE REQUESTS TO ADD UNRELATED COUNTERCLAIMS THAT WOULD COMPLICATE OR DELAY ONGOING PROCEEDINGS**

Philips' amended counterclaim asserts a patent acquired *after* the date of its original pleading. Rule 13(e) specifically addresses adding after-acquired counterclaims. It provides that a party may, with the Court's permission, add by "supplemental pleading" a counterclaim that either matured or was acquired after the service of the original pleading. "Because of the explicit reference to supplemental pleading, Rule 13(e) must be read in conjunction with Rule 15(d)." Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure Civ*. § 1428, at 207 (2d ed. 2009). Rule 15(d) states that a supplemental pleading may set forth transactions that "happened after the date of the pleading to be supplemented." Because Philips' "motion to amend" seeks to add a new counterclaim based on a patent purchased after Philips' original

3

pleading, it is a supplemental pleading governed by Rules 13(e) and 15(d). *See Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188 (3d Cir. 1979) (distinguishing supplemental pleadings from amendments) (citing Wright & Miller, *Federal Practice and Procedure* § 1504, at 536-37 (1971)).

Courts reject motions to supplement unless they "promote the just disposition of the case, will not cause undue prejudice or delay, and will not prejudice the rights of any parties." *See Matsushita Elec. Industrial Co. v. Cinram Intern'l, Inc.*, C.A. 01-882-SLR, 2004 WL 32922 at *1-2 (D. Del. 2004). Thus, Courts routinely reject motions to supplement that seek to add new claims not closely related to the subject matter of the original claims. *See Dluhos v. Strasberg*, C.A. 00-3163-JCL, 2005 WL 1683696 at *2 n.3 (D.N.J. 2005) (denying motion to add newly acquired claims that were "distinct from the claims that are presently before the Court"); Wright & Miller § 1504, at 184. Such claims, unlike claims already existing at the time of the original pleading, are considered permissive, rather than compulsory, and such "unrelated claims, particularly if they are asserted relatively late in the proceedings, may be properly left to an independent suit." Wright & Miller § 1428, at 211; *see ACC Climate Control v. Bergstrom, Inc.,* C.A. 07-125-TS, 2010 WL 746750 at *2 (N.D. Ind. 2010) (denying motion to supplement to add new patents, observing that even related patents need not be tried together because "each patent is legally distinct from every other patent, with no necessary legal relationship").

Courts particularly disfavor the addition of newly acquired counterclaims or defenses that would cause inconvenience or delay. *See Matsushita Elec.*, 2004 WL 32922 at *2 (denying motion to supplement where the "principle of judicial economy" was not served); *Aviation Materials, Inc. v. Pinney*, 65 F.R.D. 357, 358 (N.D. Okla. 1975) (rejecting after-acquired counterclaim that would "add to the complexities of the original action" and "hinder and delay

4

the plaintiff and make it more difficult to prosecute its claim"). Indeed, courts have specifically criticized the practice of "buying up" new patents and other counterclaims in order to hinder or delay the litigation of the opposing party's claims. *See Texas Company v. Borne Scrymser Co.*, 68 F.2d 104, 107 (4th Cir. 1933) ("[We give] … no sanction or encouragement to the acquisition by the defendant of a claim against the plaintiff after the suit has been brought in order to hinder and delay the plaintiff, and to make more difficult the prosecution of his claim. Such a practice would tend to promote rather than to end the litigation…."). Therefore, Philips' reliance on cases allowing the "amendment" of pleadings falls well short of justifying an addition of a recently purchased counterclaim.

## II. THIS COURT SHOULD REJECT PHILIPS' ATTEMPT TO INJECT ITS NEWLY PURCHASED AND UNRELATED PATENT INTO THIS LITIGATION

### A. Philips' Newly Purchased Patent Is Not Closely Related To The Technology Already At Issue In This Litigation

Philips' new patent involves technology that is not closely related to the technology now at issue in this case. Indeed, the patent's description shows it is fundamentally different. Philips acknowledges that Masimo asserted "fourteen patents related to pulse oximetry," and that Philips counterclaimed for infringement of "ten patents, *all likewise* related to pulse oximetry technology." (D.I. 76 at 1) (emphasis added).

In contrast to the "pulse oximetry" technology at issue, Philips' newly purchased '745 patent states that it involves "a measurement that *pulse oximetry inherently cannot make*." '745 Col. 2 ll. 41-42 (D.I. 75-4, Ex. K) (emphasis added). The prosecution history of the '745 patent similarly makes it clear that the technology disclosed therein is *not* "pulse oximetry." *See* Ex. F at 1-2 ('745 Patent Prosecution History Excerpts) (distinguishing prior art "concerned with evaluating arterial oxygen saturation"). Thus, Philips' argument that the '745 patent involves the same technology is belied by the newly acquired patent itself. Indeed, if Philips

5

were to assert the '745 patent against the pulse oximetry technology already at issue in this case, Philips' new claim would clearly be futile and doomed to fail as a matter of law, given the unequivocal disclaimer on the face of the '745 patent and in the '745 patent's prosecution history.

The differences between the technology of the '745 patent and the patents already at issue in this litigation weigh heavily against injecting the '745 patent into this action. *See Matsushita Elec.,* 2004 WL 32922 at *2 (denying motion to supplement where the scope of the subject matter to be added was "not entirely clear"); *see also Semiconductor Energy Lab. Co. v. Sanyo N. Amer. Corp.*, C.A. 00-018-GMS, 2001 WL 194303 at *3 (D. Del. 2001) (denying motion to amend, in part, because "it is unclear whether the '291 and '193 Patents really are substantially similar to those already claimed; the parties would have to engage in additional discovery to determine the relationship between the patents and technology already in the litigation and the proposed additions").

### B. Philips' New Counterclaim Will Cause Inconvenience And Delay

Given the fundamentally different technology at issue in the '745 patent, the addition of this patent will inevitably cause inconvenience and delay. This litigation is over fourteen months old and well beyond the stage where parties should be adding patents or complicating the proceedings. Both parties have now identified accused products and asserted claims. Masimo has provided infringement contentions spanning over twelve hundred pages, and the parties have served hundreds of document requests and produced over two million pages of documents. In addition, the deadline the parties agreed to for amending pleadings expired four months ago, and the parties' agreed-to deadline to finish producing documents is only two

6

months away. At this juncture, the parties should be exploring any opportunity to streamline the case, not expand it.[1]

Introducing a new patent involving new subject matter will require that the parties study the new technology, conduct new prior art searches, and retain new consulting experts. This new patent will involve additional third parties because the patent was not developed by Philips. This will further hinder the progress of the case. In addition, the parties will have to produce additional documents directed to different aspects and algorithms of the accused products, exchange new infringement contentions and prepare new invalidity contentions, which will inevitably cause a delay in the close of document production and other deadlines. Given that a number of Masimo's patents are approaching their expiration dates, any delay in trial would significantly prejudice Masimo by reducing Masimo's ability to obtain injunctive relief. Philips should not be permitted to inject its newly purchased patent into the present litigation and make it more difficult for the parties to move this case to trial and for Masimo to obtain meaningful relief.

### C. Philips' Arguments That Its "Amendment" Would Not Cause Inconvenience Or Prejudice Are Unpersuasive

Philips argues that granting its motion would not prejudice Masimo because discovery has "just begun." *See* Philips' Br. at 5-6 (D.I. 76). However, in a recent brief to this Court concerning antitrust discovery, Philips represented that discovery is in fact "well underway," that Philips has engaged in "extensive collection efforts," and that "[g]iven the stage of the discovery process," the Court should compel Masimo to provide antitrust discovery. *See* Philips' Reply Brief In Support Of Motion To Compel Discovery ("Philips' Reply In Support

---

[1] Philips infringement contentions, many of which simply parrot the claim language of Philips' patents, show that those patents should be removed from the case. *See, e.g.,* Ex. G (Philips' Infringement Chart For U.S. Patent No. 5,170,786).

7

Of Motion To Compel") at 3 (D.I. 57); Philips' Brief In Support Of Motion To Reconsider Stay Of Discovery at 4 n.2 (D.I. 72) (observing also that "third party discovery was well underway before the Court's order" staying antitrust discovery). Philips' prior representations regarding the advanced stage of discovery are more consistent with the actual facts, especially given how much more the case has progressed since Philips made these representations to the Court.

Philips' reliance on *Trueposition, Inc. v. Allen Telecom, Inc.*, No. Civ. A.01-823 GMS, 2002 U.S. Dist. LEXIS 12848 (D. Del. 2002) is misplaced. The party in *Trueposition* warned the Court and the opposing party that it needed time to complete adequate discovery to determine whether it had asserted all the patents it already owned. *Id*. at *2. The party filed its motion to amend before the deadline agreed to by the parties and five months before the close of discovery related to liability, and well before the opening of discovery on other issues. *Id*. The Court found that the new patents were "closely related" to the patents already asserted, and that the technology at issue was the "same." *Id*. at *6-7.

In contrast, in this case, Philips purchased the '745 patent well after its initial pleadings, well after the parties' agreed-to deadline to amend, after the parties had exchanged substantial infringement contentions and documents, and only two months before the close of document discovery. In addition, as discussed above, the '745 patent expressly disclaims the "pulse oximetry" technology at issue in this litigation. Thus, *Trueposition* is wholly inapposite.

Philips also relies on *Affinion Net Patents, Inc. v. Maritz, Inc.,* C.A. No. 04-360-JJF, 2006 U.S. Dist. LEXIS 37474 (D. Del. June 8, 2006), to argue that the addition of the '745 patent would not cause inconvenience because Philips' motion was "timely." Philips Br. at 4 (D.I. 76). However, the *Affinion* Court addressed the timeliness of a party's previously existing claim where the existence of the facts supporting the claim had recently been discovered and confirmed during depositions. The *Affinion* Court did not address the issue in this case –

whether a party that has acquired a new counterclaim should be permitted to add the claim given the state and progress of ongoing litigation.[2] Under Philips' logic, it could keep buying and asserting patents as long as it asserted them promptly after signing the necessary paperwork confirming the purchase. That logic would wreak havoc on the orderly progress of litigation.[3]

### D. The Court Should Reject Philips' Attempt To "Buy Up" New Counterclaims And Hinder The Litigation Of Masimo's Claims

The circumstances surrounding Philips' acquisition and assertion of the patent it seeks to inject in this litigation also weigh heavily against granting Philips' motion to "amend." *See Texas Company*, 68 F.2d at 107 (denying counterclaim "brought in order to hinder and delay the plaintiff, and to make more difficult the prosecution of his claim"). In *Texas Company*, the defendant acquired an interest in a patent after being sued in order to "launch a counter offensive and make more difficult the prosecution of any charge of its infringement by the plaintiff." 68 F.2d at 105. The Fourth Circuit affirmed the decision denying defendants' motion to add the recently purchased patent to the action. It agreed with the reasoning that "the practice of setting up counterclaims was never intended to permit the defendant, after suit was brought, to buy up, for purposes of litigation and defense, doubtful or other claims against the plaintiff for otherwise the buying up of claims against a plaintiff would be encouraged and sanctioned, and would result in the perversion instead of the promotion of justice." *Id*. at 106; *see also* Wright & Miller § 1428, at 211.

---

[2] Moreover, in *Affinion*, the opposing party was not prejudiced because the party seeking to add claims dismissed many of its other claims, and there was no dispute that further discovery would not be necessary. 2006 U.S. Dist. LEXIS 37474 at *6.

[3] Tellingly, Philips has not provided any details regarding the circumstances of its purchase or offered to explain why it could not have purchased the patent at an earlier date. *See Miller Prods. Co., v. Veltek Assocs., Inc.,* 218 F.R.D. 425, 427 (D. Del. 2003) (considering unexplained delay in denying motion to amend under Rule 15(a)).

Similarly, here, Philips obviously "bought up" the '745 patent for the purpose of defending against and making more difficult the prosecution of Masimo's patent claims in this case. Approximately one week after the parties exchanged infringement contentions in accordance with Philips' own proposed schedule, Koninklijke Philips Electronics N.V acquired the '745 patent, and Philips informed Masimo, the very same day, that it would be asserting the patent in this case. It sent a draft amended complaint to Masimo the next day. Koninklijke Philips Electronics N.V continued to retain ownership of the '745 patent until March 26, 2010, the day Philips filed the present Motion. That same day, Koninklijke Philips Electronics N.V assigned the '745 patent to Philips, enabling Philips to tout in its (obviously already written) brief filed on the same day the fact that it had "just acquired" the '745 patent.

The Court should reject Philips' attempt to "buy up" new counterclaims and inject them into this litigation. The circumstances concerning Philips' purchase and attempted assertion of this patent create a compelling inference of bad faith. Adding the '745 patent will make it much more difficult to streamline and prosecute this case, which has been pending for over a year. Indeed, it appears that was Philips' reason for buying and asserting that patent. This Court should not sanction such gamesmanship. *See Texas Company*, 68 F.2d at 107 ("[We give] … no sanction or encouragement to the acquisition by the defendant of a claim against the plaintiff after the suit has been brought in order to hinder and delay the plaintiff, and to make more difficult the prosecution of his claim. Such a practice would tend to promote rather than to end the litigation….").

## CONCLUSION

For the above reasons, this Court should deny Philips' motion to assert its recently purchased patent in this litigation.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Julia Heaney* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jheaney@mnat.com<br>  *Attorneys for Plaintiff, Masimo Corporation* |
| Joseph R. Re<br>Jon W. Gurka<br>KNOBBE, MARTENS, OLSON<br>  & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA 92614<br>(949) 760-0404 | |
| M. Laurence Popofsky<br>Robert A. Rosenfeld<br>Scott A. Westrich<br>ORRICK, HERRINGTON<br>  & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-5700 | |
| April 12, 2010<br>3496839 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on April 12, 2010 upon the following in the manner indicated:

## **BY ELECTRONIC MAIL**

| | |
|---|---|
| Richard L. Horwitz, Esquire | Alan M. Grimaldi, Esquire |
| David E. Moore, Esquire | Brian A. Rosenthal, Esquire |
| POTTER ANDERSON & CORROON LLP | C. Scott Hataway, Esquire |
| 1313 North Market Street | HOWREY LLP |
| P.O. Box 951 | 1299 Pennsylvania Avenue, N.W. |
| Wilmington, DE  19899-0951 | Washington, DC  20004 |
| | |
| | Russell B. Hill |
| | HOWREY LLP |
| | 4 Park Plaza, Suite 1700 |
| | Irvine, CA  92614 |

*/s/ Julia Heaney*

Julia Heaney (#3052)