**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 09-80-JJF-MPT |
| | ) |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) |
| | ) |
| Defendants. | ) |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MASIMO CORPORATION, | ) |
| | ) |
| Counterclaim-Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

**I. INTRODUCTION**

This is a patent infringement case. The case's background and procedural history to date have been set forth by the court in a number of recent memorandum orders and will not be repeated here.[1] Presently, defendant Philips Electronics North America Corporations ("Philips") moves for leave to amend its counterclaims pursuant to Federal Rule of Civil Procedure 15 to add newly acquired U.S. Patent No. 5,377,745

---

[1] See D.I. 67; D.I. 86.

(the "'745 patent").[2] Plaintiff Masimo Corporation ("Masimo") opposes Philips' motion to amend. No scheduling order has been entered in this case, no depositions have been noticed or taken, no claim construction has occurred, no experts have been disclosed, no expert discovery has commenced, and the parties only recently began document production in late January.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that, on a motion to amend a pleading, "[t]he court should freely give leave [to amend] when justice so requires."[3] "The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities."[4] In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . . undue prejudice to the opposing party . . . , [or] futility of amendment," a court should permit amendment.[5]

Rule 13(e), which governs "Counterclaim[s] Maturing or Acquired After Pleading," provides that "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."[6] Rule 13(e) is to be read in conjunction with Rule 15(d), which governs the filing of supplemental pleadings and provides: "On motion and reasonable notice, the

---

[2] D.I. 75 (Philips motion to amend counterclaims). According to Philips, on March 8, 2010, Koninklijke Philips electronics N.V. acquired the '745 patent, which is directed to the estimation of concentrations of substances, such as total hemoglobin, in pulsating blood. And, on March 26, 2010, Koninklijke Philips Electronics N.V. assigned the '745 patent to Philips. Philips filed the motion at issue that same day.

[3] Fed. R. Civ. P. 15.

[4] *Infineon Techs. AG v. Fairchild Semiconductor Int'l*, Civ. No. 08-887-SLR-LPS, 2009 U.S. Dist. LEXIS 94736, at *11–12 (D. Del. Sept. 30, 2009) (quoting *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (internal quotation marks omitted)).

[5] *Id.* at *12 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also CCPI Inc. v. Am. Premier, Inc.*, 967 F. Supp. 813, 815 (D. Del. 1997).

[6] Fed. R. Civ. P. 13(e).

2

court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[7]  "'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'"[8] "Leave to file a supplemental complaint under Rule 15(d) rests within the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties."[9]  The court applies Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action[10]—"[t]he standard applicable to motions to amend under Fed. R. Civ. P. 15(d) is essentially the same standard that applies to Fed. R. Civ. P. 15(a)."[11]

---

[7] Fed. R. Civ. P. 15(d).  *See Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) ("Federal Rule of Civil procedure 15 governs the filing of supplemental pleadings.").  *See also Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188–89 (3d Cir. Pa. 1979), wherein the court discusses the distinction between an amendment and a supplemental pleading:
> Although the district judge originally characterized the claim for specific performance as an "amendment to the complaint," in dismissing the defendant's counterclaim and answer he correctly termed the plaintiff's request a "supplemental pleading" under Rule 15(d). Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time. One of the intended uses of a supplemental pleading is to change the nature of the relief initially requested, as was done here. Under Fed.R.Civ.P. 15(d), the trial court determines whether a responsive pleading is advisable, and the judge acted within that discretion in declining to accept the counterclaim.

[8] *Matsushita Elec. Industrial Co., Ltd. v. Conram Int'l, Inc.*, C.A. 01-882-SLR, 2004 WL 32922, at *1 (D. Del. Jan. 5, 2004) (quoting *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)).

[9] *Id.* at *1 (citing *Medeva Pharma Ltd.*, 201 F.R.D. at 104).

[10] *Medeva Pharma Ltd.*, 201 F.R.D. at 104 (citation omitted).

[11] *Id.* at 104 n.3 (citing *Epstein v. Township of Whitehall*, C.A. No. 88-0534, 1989 U.S. Dist. LEXIS 7436, at *4 (E.D. Pa. June 29, 1989) ("[M]otions to amend are governed by the same prejudice standard that applies under Fed.R.Civ.P. 15(a).")). *See also Micron Tech. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) ("The standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice.") (citing *Medeva Pharma Ltd.*, 201 F.R.D. at 104 n.3; *Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005) ("The application of [Rule 15(d)] is within the 'broad discretion' of the court. 'Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay

## III.  THE PARTIES' POSITIONS

### A.  MASIMO

Masimo advances that Philips' "motion to amend" is in fact a motion to supplement governed by Rule 15(d), that the technology of the '745 patent is unrelated to the patents already asserted in this case, and that "[c]ourts routinely reject motions to supplement that seek to add new claims not closely related to the subject matter of the original claims."[12]  Masimo contends that Philips' new counterclaim will cause inconvenience and delay, arguing that introduction of the '745 patent at this stage would require the parties to study the '745 patent technology, conduct new prior art searches, and retain new consulting experts.  Masimo asserts that, because its patents are approaching their expiration dates, Masimo would be significantly prejudiced by any delay.  Masimo characterizes Philips' motion to amend as a thinly veiled attempt to "buy up" new counterclaims and hinder litigation of Masimo's claims.[13]

### B.  PHILIPS

Philips claims that Masimo's "Rule 15(d) rather than Rule 15(a)" argument is a "red herring" because the standard for supplementing counterclaims under Rule 15(d) is essentially the same as that used for Rule 15(a).  Philips argues that amendment or

---

and will not prejudice the rights of any parties.") (quoting *Medeva Pharma Ltd.*, 201 F.R.D. at 104).

[12] D.I. 82 at 4 (citing *Dluhos v. Strasberg*, C.A. 00-3163-JCL, 2005 WL 1683696, at *2 n.3 (D.N.J. 2005)).  In *Dluhos*, a pro se plaintiff "filed what he styled as a 'Partial Answer and Partial Crossclaim.'" *Dluhos*, 2005 WL 1683696, at *2.  The plaintiff's submission was "liberally construed as a motion for leave to file either an amended complaint or supplemental pleading concerning events that have happened since the date of original pleading," governed by either Rule 15(a) or 15(d).  *Id.* at *2 n.3.  In the interest of expediency and orderly resolution of the case, and because the plaintiff's additional claims were "factually and analytically distinct" from the claims already before the court, the court refused to grant plaintiff leave to amend or supplement his pleadings.  *Id.*  Because it is readily distinguishable from the present case, the court is not persuaded that the *Dluhos* case provides support for the proposition for which it is cited by Masimo.

[13] D.I. 82 at 9–10.

supplementation of its counterclaims will cause neither undue delay nor undue prejudice to Masimo. Philips asserts that its motion is undeniably timely because Philips filed its motion on the same day that it became the assignee of the '745 patent. Philips contends that its motion is not futile because its amendment states a claim upon which relief may be granted.[14] Philips maintains that its amendment will encourage judicial efficiency because the technology of the '745 patent is closely related to Philips' already-asserted patents and involves technology and products already at issue—Masimo's Rainbow SET products. Philips argues that its motion will not prejudice Masimo because litigation is effectively just beginning and Masimo therefore cannot demonstrate that "it will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence' unless the leave to amend is denied."[15] Finally, Philips advances its own good faith in this motion's filing.

## IV.  DISCUSSION

The court will treat Philips' motion to amend as a motion to supplement and permit supplementation of Philips' counterclaims. As Philips' correctly states, "[t]he standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice."[16]

---

[14] *See Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 U.S. Dist. LEXIS 43740, at *11–*12 (D. Del. May 21, 2009) ("[I]n assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied. An amendment is futile when it fails to state a claim upon which relief may be granted. The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all reasonable inferences therefrom are accepted as true.") (citations omitted).

[15] *See Trueposition, Inc. v. Allen Telecom, Inc.*, C.A. No. 01-823 GMS, 2002 U.S. Dist. LEXIS 12828, at *6 ("To show undue prejudice, [defendant] must demonstrate that it will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence' unless leave to amend is denied.") (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

[16] *Mallinckrodt Inc. v. EZ-EM Inc.*, 671 F. Supp. 2d 563, 569–70 (D. Del. 2009) (quoting *Micron Tech.*, 409 F. Supp. 2d at 558).

The court is not convinced that Philips' supplementation of its counterclaims will cause such undue delay or undue prejudice to Masimo.

Masimo's argument that the Philips' motion should be denied because the '745 patent technology is unrelated to the products already at issue in this case is unpersuasive. Masimo advertises that its Masimo Rainbow SET Pulse CO-Oximetry (1) performs Masimo SET measurements of oxygen saturation, pulse rate, and perfusion index, and (2) is the "first and only technology to noninvasively, continuously and immediately measure blood constituents," which include hemoglobin.[17] The '745 patent is directed to a method for in vivo qualitative or quantitative measurement of blood chromophore concentrations using blood pulse spectrophotometry.[18] If Masimo's advertising is to be believed and its Masimo Rainbow SET Pulse CO-Oximetry can be used to measure a patient's total hemoglobin, then Philips' '745 patent is potentially related. Philips' assertion of the '745 patent is not necessarily inappropriate solely because the patent provides that its technology can measure the total concentration of substances in the bloodstream, "a measurement that pulse oximetry inherently cannot make."[19] The court is not persuaded, at this stage of the litigation, that Philips' assertion of the '745 patent is "futile and doomed to fail as a matter of law," as Masimo claims.[20] Further, as Philips points out, inclusion of the '745 patent in this case will promote judicial efficiency because Philips has already identified the three Rainbow SET products which allegedly infringe the '745 patent, and those products have already been

---

[17] D.I. 85 at Exhibit 1.
[18] *See generally* U.S. Patent No. 5,337,745 (filed Nov. 12, 1993).
[19] '745 patent, 2:41–42.
[20] D.I. 82 at 6.

accused of infringing other Philips patents.[21]

The court also disagrees with Masimo's assertion that inclusion of the '745 patent in this case will cause undue delay. There is no scheduling order in this case, and, having just held a teleconference concerning a discovery dispute between the parties on April 16, 2010, the court is well aware that discovery in this case can gratuitously be characterized as nascent. Contrary to what Masimo contends, discovery has not, to say the least, proceeded "well beyond the stage where parties should be adding patents or complicating the proceedings."[22] Masimo just agreed during the discovery conference on April 16, 2010 to conduct further searches of, among other things, its patent inventors' lab books, meeting minutes, notes, hard copy folders, hard drive folders, and email files. Philips agreed to reciprocate by curing reasonably perceived insufficiencies in the discovery it has already conducted. Such concessions by the parties reflect the accuracy of Philips' assertion that "[d]iscovery just began in earnest three months ago."[23] For these reasons, the court finds that granting Philips' motion to supplement its counterclaims would not unduly delay this case.

Finally, the court is not convinced that Philips asserts the '745 patent in bad faith. Masimo characterizes Philips' motion as an attempt to "buy up" a counterclaim and hinder this litigation, quoting the following passage from *Texas Co. v. Borne Scrymser Co.*:

---

[21] D.I. 85 at 7. As Philips advances, should Philips be required to file a separate lawsuit on the '745 patent against Masimo, Philips would (1) seek discovery on the same set of accused products at issue in this litigation, (2) seek such discovery from the Masimo product development, sales, and marketing groups already involved in this case, (3) seek depositions of the same Masimo employees, and (4) seek production of the same technical documents. D.I. 85 at 7.
[22] D.I 82 at 6.
[23] D.I. 85 at 1.

> [T]he practice of setting up counterclaims was never intended to permit the defendant, after suit was brought, to buy up, for purposes of litigation and defense, doubtful or other claims against the plaintiff, for otherwise the buying up of claims against a plaintiff would be encouraged and sanctioned, and would result in the perversion instead of the promotion of justice.[24]

Philips, however, points out that the Texas Co. court's decision to preclude an after-acquired patent from suit was based on evidence showing "that the purpose for which the patent was acquired was nefarious and the timing of the negotiations of the acquisition supports such evidence."[25] On the record before it, the court is not prepared to find that Philips acted in bad faith when it filed the present motion. Therefore,

IT IS ORDERED that

For the reasons contained herein, Philips' motion to amend counterclaims (D.I. 75) is GRANTED.


Date: April 20, 2010                      /s/ Mary Pat Thynge
                                                       UNITED STATES MAGISTRATE JUDGE

---

[24] *Texas Co. v. Borne Scrymser Co.*, 68 F.2d 104, 106 (4th Cir. 1933).

[25] D.I. 85 at 5. *See also General Motors Corp. v. Kolodin*, 16 F.R.D. 20, 22 (E.D.N.Y. 1954) (granting a defendant leave to serve and file a supplemental answer).

> The plaintiff has cited *Texas Co. v. Borne Scrymser Co.* . . . in support of its position that the defendant should not be permitted to interpose a counterclaim based on an after-acquired patent. . . .
>
> In *Texas Co. v. Borne Scrymser Co.*, *supra*, the facts relating to the acquisition of the after-acquired patent were before the court, which found that the purpose was to 'launch a counter offensive and make more difficult the prosecution of any charge of its infringement of the [plaintiff's] patent'. [68 F.2d 105.] The opinion states, at page 105 '* * * we find that a *preponderance of the evidence* justifies the inference we have drawn as to the purposes for which the counterclaim was acquired and filed.' (Emphasis added.) In the case at bar there is no evidence respecting the purpose for which the Wallace patent was acquired or as to when the negotiations for its purchase were commenced.

*Id.*