IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 09-80-JJF-MPT |
| | : |
| PHILIPS ELECTRONICS NORTH | : |
| AMERICA CORPORATION., et al. | : |
| | : |
| Defendants. | : |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are Objections To Magistrate Judge Thynge's Order Granting Plaintiff's Motion To Stay Discovery. (D.I. 96) filed by Defendants/Counter-Plaintiffs Philips Electronics North America Corporation and Philips Medizen Systeme Böblingen GmbH's (collectively "Philips"). For the reasons discussed, the Court will overrule the Objections.

In her March 11, 2010 Memorandum Order, Magistrate Judge Thynge bifurcated the patent claims from the antitrust claims presented in this action and stayed discovery on the antitrust claims until the resolution of the patent claims. Defendants sought reconsideration of Magistrate Judge Thynge's decision, and Magistrate Judge Thynge denied the Motion. In doing so, she also modified the March 11, 2010 Memorandum Order to include the bifurcation of the patent misuse claims and to stay those claims as well, based on Defendants' argument that bifurcation would

1

hinder its discovery on the patent misuse issue.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), non-dispositive pre-trial rulings made by magistrate judges on referred matters should only be set aside if clearly erroneous or contrary to law. A finding is clearly erroneous if the determination "(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data . . ." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (citations omitted). Further, a reviewing district court may not consider evidence and materials not before the magistrate judge. Id.

Applying this standard to Magistrate Judge Thynge's March 11, 2010 Memorandum Order, as modified by her April 19, 2010 Memorandum Order denying Defendants' Motion For Reconsideration, the Court finds no error in her decision. The decision to bifurcate and stay proceedings is discretionary. Ciena Corp. v. Corvis Corp., 210 F.R.D. 519, 521 (D. Del. 2002); Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990). Magistrate Judge Thynge has twice addressed the arguments raised by Defendants concerning bifurcation and stay in detailed and thorough Memorandum Orders. Magistrate Judge Thynge has also addressed Defendants' arguments seeking to certify for appeal the question of "[w]hether a patent holder, wielding economic power

2

over a patented article, may rely on a 'system' to exclude aftermarket competition from commodity components of the claimed system." (D.I. 96 at 10.) In their pending Objections, Defendants have raised the same arguments they presented to Magistrate Judge Thynge. The Court is persuaded by Magistrate Judge Thynge's conclusions that bifurcation and stay of the antitrust and patent misuse claims are warranted, and that Defendants will not be unduly prejudiced. The Court further concludes, for the reasons discussed by Magistrate Judge Thynge in her April 19, 2010 Memorandum Order, that certification under 28 U.S.C. § 1292(b) of the question raised by Defendants is not warranted. Accordingly, the Court agrees with and adopts the rationale and conclusions espoused by Magistrate Judge Thynge in her March 11, 2010 Memorandum Order, as modified by her April 19, 2010 Memorandum Order.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants/Counter-Plaintiffs Philips Electronics North America Corporation and Philips Medizen Systeme Böblingen GmbH's Objections To Magistrate Judge Thynge's Order Granting Plaintiff's Motion To Stay Discovery (D.I. 96) are **OVERRULED**.

July 15, 2010
DATE

UNITED STATES DISTRICT JUDGE