# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 09-80-LPS-MPT |
| | : | |
| PHILIPS ELECTRONICS NORTH | : | |
| AMERICA CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

At Wilmington this **4th** day of **October, 2010**.

A teleconference was held on September 30, 2010 to discuss the number of claim terms and/or patents that would be part of the claim construction briefing. Counsel represented during the teleconference that 14 out of the original 25 patents remain in the case which would involve a total of 34 separate claims terms requiring construction.[1] The parties disagree on how to further reduce the number of claims terms involved in a *Markman* hearing with Philips representing that additional reduction of the patents would significantly reduce the disputed claim terms, and Masimo arguing that, if any further reduction is considered by the court, it should not occur by limiting the number of patents.

Although the court recognizes counsels' efforts to reduce the number of patents

---

[1] Masimo originally asserted 14 patents, while Philips countered with 11. Presently, Masimo has reduced its number of patents to 8, with Philips asserting 6. The parties executed a stipulation of partial dismissal of claims and counterclaims without prejudice, which the court so ordered on September 29, 2010. *See* D.I. 146. The matter also originally involved antitrust and patent misuse claims asserted by Philips which were bifurcated. *See* D.I. 96, 118.

and disputed claims in this litigation, its focus is not limited to claim construction, but also on the clear, orderly presentation of the case to a jury and the jurors' ability to absorb, analyze and decide infringement and the various potential issues regarding invalidity.[2] Considered in the court's analysis to try to accomplish that goal is that four of the Masimo patents involve a single specification, two patents have a common specification and the two remaining patents involve two separate specifications. Philips' six patents involve five specifications. Thus, the patents which presently remain will require the review, dissection and comprehension of nine specifications. They also will likely require review and understanding of 14 prosecution histories. Although the court is unaware of the total number of claims presently at issue, it is clear that they are substantial based upon counsels' representation that a number of the 34 claim terms in dispute are repeated throughout the patents.[3] Moreover, the patents are directed towards different aspects of the parties' various products, an algorithm within each parties' products or that spans many products, or a particular parameter – factors which affect each sides' damages presentation. Further narrowing of the patents and/or claims will likely have a substantial impact on damages discovery and expert reports.[4]

Counsel also requested that in light of the present number of patents and claim terms to be construed that each side be allowed a 45 page limit for each brief. Counsel

---

[2] Both sides have represented that the technology is complex.
[3] Counsel advised that, for example, a number of phrases or claims begin with "classify" or "classifying" in the '194 patent which involve a single issue, so that construction of those terms would resolve six or seven of those phrases/claims. *See* D.I. 142 at 7-8.
[4] Counsel advised that two or three of the Philips' patents have recently expired, while five of the Masimo patents will expired early next year. However, both have patents against each other's core algorithms that continue for a number of years in the future.

for Philips requested an extension on the claim construction briefing by one week. Therefore,

    IT IS ORDERED that:

    1. The limitation on the number of patents and claim terms to be construed is as follows: Masimo 4 patents; Philips 3 patents; claim terms 20.

    2. The parties' request for an extension of the page limitation is granted in part. The page limitation imposed is 32 pages per brief.

    3. Philips' request for extension of the briefing schedule is granted. The opening briefs on claim construction are due on October 19 and the responsive briefs are due on November 15, 2010.

    4. In the claim construction briefing, the parties are to clearly indicate those groups of terms for which only a single construction is required that would be applicable to any subsequent use of the same or similar term.

    5. Regarding the *Markman* hearing on December 1, 2010, an equal amount of time will be allotted to each side for argument. Argument on each disputed claim term will proceed as follows: one side will make its presentation and then a response will be presented by the other side. The court reserves whether rebuttal argument will be allowed. Concerning the tutorial, an equal amount of time will be allotted for each sides' presentation.

                                            /s/ Mary Pat Thynge
                                            UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| Plaintiff, | : |
| v. | : C. A. No. 09-80-LPS-MPT |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, et al., | : |
| Defendants. | : |

## ORDER

At Wilmington this **4th** day of **October, 2010**.

A teleconference was held on September 30, 2010 to discuss the number of claim terms and/or patents that would be part of the claim construction briefing. Counsel represented during the teleconference that 14 out of the original 25 patents remain in the case which would involve a total of 34 separate claims terms requiring construction.[1] The parties disagree on how to further reduce the number of claims terms involved in a *Markman* hearing with Philips representing that additional reduction of the patents would significantly reduce the disputed claim terms, and Masimo arguing that, if any further reduction is considered by the court, it should not occur by limiting the number of patents.

Although the court recognizes counsels' efforts to reduce the number of patents

---

[1] Masimo originally asserted 14 patents, while Philips countered with 11. Presently, Masimo has reduced its number of patents to 8, with Philips asserting 6. The parties executed a stipulation of partial dismissal of claims and counterclaims without prejudice, which the court so ordered on September 29, 2010. *See* D.I. 146. The matter also originally involved antitrust and patent misuse claims asserted by Philips which were bifurcated. *See* D.I. 96, 118.

and disputed claims in this litigation, its focus is not limited to claim construction, but also on the clear, orderly presentation of the case to a jury and the jurors' ability to absorb, analyze and decide infringement and the various potential issues regarding invalidity.[2] Considered in the court's analysis to try to accomplish that goal is that four of the Masimo patents involve a single specification, two patents have a common specification and the two remaining patents involve two separate specifications. Philips' six patents involve five specifications. Thus, the patents which presently remain will require the review, dissection and comprehension of nine specifications. They also will likely require review and understanding of 14 prosecution histories. Although the court is unaware of the total number of claims presently at issue, it is clear that they are substantial based upon counsels' representation that a number of the 34 claim terms in dispute are repeated throughout the patents.[3] Moreover, the patents are directed towards different aspects of the parties' various products, an algorithm within each parties' products or that spans many products, or a particular parameter – factors which affect each sides' damages presentation. Further narrowing of the patents and/or claims will likely have a substantial impact on damages discovery and expert reports.[4]

Counsel also requested that in light of the present number of patents and claim terms to be construed that each side be allowed a 45 page limit for each brief. Counsel

---

[2] Both sides have represented that the technology is complex.
[3] Counsel advised that, for example, a number of phrases or claims begin with "classify" or "classifying" in the '194 patent which involve a single issue, so that construction of those terms would resolve six or seven of those phrases/claims. *See* D.I. 142 at 7-8.
[4] Counsel advised that two or three of the Philips' patents have recently expired, while five of the Masimo patents will expired early next year. However, both have patents against each other's core algorithms that continue for a number of years in the future.

for Philips requested an extension on the claim construction briefing by one week. Therefore,

IT IS ORDERED that:

1. The limitation on the number of patents and claim terms to be construed is as follows: Masimo 4 patents; Philips 3 patents; claim terms 20.

2. The parties' request for an extension of the page limitation is granted in part. The page limitation imposed is 32 pages per brief.

3. Philips' request for extension of the briefing schedule is granted. The opening briefs on claim construction are due on October 19 and the responsive briefs are due on November 15, 2010.

4. In the claim construction briefing, the parties are to clearly indicate those groups of terms for which only a single construction is required that would be applicable to any subsequent use of the same or similar term.

5. Regarding the *Markman* hearing on December 1, 2010, an equal amount of time will be allotted to each side for argument. Argument on each disputed claim term will proceed as follows: one side will make its presentation and then a response will be presented by the other side. The court reserves whether rebuttal argument will be allowed. Concerning the tutorial, an equal amount of time will be allotted for each sides' presentation.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE