IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MASIMO CORPORATION, :
:
    Plaintiff, :
:
v. : C.A. No. 09-80-LPS-MPT
:
PHILIPS ELECTRONICS NORTH :
AMERICA CORPORATION and :
PHILIPS MEDIZIN SYSTEME BÖBLINGEN :
GMBH, :
:
    Defendants. :
_____ :
PHILIPS ELECTRONICS NORTH :
AMERICA CORPORATION, :
:
    Counterclaim Plaintiff, :
:
v. :
:
MASIMO CORPORATION, :
:
    Counterclaim Defendant. :
_____ :

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Mary Pat Thynge issued a Report and Recommendation ("Report"), dated February 18, 2011, providing construction of the parties' disputed claim terms (D.I. 210);

WHEREAS, Plaintiff Masimo Corporation ("Masimo") submitted objections concerning the Report (D.I. 219);

WHEREAS, Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen Gmbh (collectively, "Philips") submitted objections to the Report

1

(D.I. 218);

WHEREAS, the Court has considered the parties' claim construction disputes *de novo*, see *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

WHEREAS, the Court concludes that, with the exception of the one dispute discussed in section 2 below, the Report should be adopted for the reasons stated by Magistrate Judge Thynge in her Report (D.I. 210);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Other than to the extent stated in section 2 below, Masimo's objections (D.I. 219) are OVERRULED, Philips' objections (D.I. 218) are OVERRULED, and Magistrate Judge Thynge's Report (D.I. 210) is ADOPTED.

2. Masimo objects to the Report's construction of "a signal processor," as that term is used in claim 17 of Masimo's U.S. Patent No. 6,263,222 (the "'222 patent"),[1] as "a processing unit which determines either a secondary reference n'(t) or a primary reference s'(t) for use in a correlation canceler, such as an adaptive noise canceler." Masimo proposes, instead, that "a signal processor" either needs no construction or, alternatively, be construed as "a device that processes an input or output signal." The Court agrees with Masimo's alternative construction.

The parties are in agreement that the ordinary meaning of "a signal processor" is "a device that processes an input or output signal." (*See* D.I. 184, Hr'g Tr., Dec. 1, 2010 (hereinafter "Tr.") at 82-83, 108-09; D.I. 164 at 7 n.1) Their dispute is whether the specification limits the patentee's claimed invention (in claim 17) to embodiments involving a correlation

---

[1] The '222 patent can be found in D.I. 166 at Ex. 1.

2

canceler. Masimo finds no such restriction (*see* D.I. 219 at 4-7), while Philips does (*see* D.I. 230 at 3, 5-6; *see also* Tr. at 102-03 ("They invented removing the noise using a correlation canceler. That's how they removed the noise. . . . That's what we think their claims need to be limited to.")).

The '222 patent states that "[t]he signal processor *may* comprise a correlation canceler, such as an adaptive noise canceler." ('222 patent, col. 6 lines 30-32) (emphasis added) The patent further states: "The present invention may be applied *in any situation where a signal processor* comprising a detector receives a first signal which includes a first primary signal portion and a first secondary signal portion and a second signal which includes a second primary signal portion and a second secondary signal portion." ('222 patent, col. 50 lines 47-52) (emphasis added) The patent's title is broad: "Signal Processing Apparatus." (D.I. 166 Ex. 1 at MASP0000205) All of this is in tension with a reading of the patent that restricts claim 17 to a signal processor involving a correlation canceler.

The Report cites three portions of the specification for the conclusion that the claimed invention is limited to "use in a correlation canceler." (*See* D.I. 210 at 3-4 (citing '222 patent, col. 12 lines 61-64 ("Detailed Description of the Invention"); *id.* col. 4 lines 54-57 ("Summary of the Invention"); *id.* col. 5 lines 30-36 (same))) The Court concludes, however, that none of these three portions of the specification contain words or expressions of manifest exclusion or otherwise clearly disclaim or disavow any claim scope. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2008) ("[C]laims of the patent will not be read restrictively, unless the patentee has demonstrated a clear intention to limit the claim scope using *words or expressions of manifest exclusion or restriction*.") (internal quotation marks omitted; emphasis

3

added); *id.* at 908 ("Those passages [of the patent], although focusing on the use of the invention in conjunction with pressure jackets, do not disclaim the use of the invention in the absence of a pressure jacket."); *Rambus Inc. v. Infineon Techs. Ag*, 318 F.3d 1081, 1094-95 (Fed. Cir. 2003) ("While clear language characterizing 'the present invention' *may* limit the ordinary meaning of claim terms, such language ***must be read in context of the entire specification and prosecution history***," to determine whether the patentee "***clearly*** disclaim[ed] or disavow[ed] such claim scope.") (internal citations omitted; emphasis added). While these statements describe features of an embodiment of the patent's claims, they do not, in context, clearly and unambiguously disavow other types of signal processors. This conclusion is further supported by the fact that, as Masimo emphasizes, the '222 patent uses the term "present invention" pervasively, in many varied contexts. *See Honeywell Int'l, Inc. v. Nikon Corp.*, 589 F. Supp. 2d 433, 443 (D. Del. 2008) (rejecting attempt to read "present invention" limitation from specification into claims).

Masimo's construction is further supported by prior decisions considering the '222 patent. In resolving a similar claim construction dispute, the Central District of California concluded that the term "signal processor" as used in claim 17 of the '222 patent did not require construction. *See Mallinckrodt, Inc. v. Masimo Corp.*, 254 F. Supp. 2d 1140, 1151 (C.D. Cal. 2003). On appeal, the Federal Circuit rejected the argument that the district court's decision had been in error. *See* 147 Fed. Appx. 158, 2005 WL 2139867 at *8-9, 12-14 (Fed. Cir. Sept. 7, 2005). The Court recognizes that the accused infringer in *Mallinckrodt* presented a different argument – contending that the signal processor of claim 17 was more narrowly limited to use of an adaptive noise canceler, as opposed to Philips' contention that the signal processor of claim 17 is merely limited to use of any type of correlation canceler – yet, still, the prior litigation

4

decisions support Masimo's position, not Philips'. *See generally Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996) (noting "the importance of uniformity in the treatment of a given patent" and application of *stare decisis* to claim construction disputes).

The Court has also considered Philips' argument regarding the Federal Circuit's decision in *Masimo Corp. v. Mallinckrodt Inc.*, 18 Fed. Appx. 852 (Fed. Cir. 2001), in which that Court construed a related term of a related patent. (*See* D.I. 230 at 4-5) The Court concludes that this decision does not alter the outcome here.

In the briefing before Magistrate Judge Thynge, Philips argued that "the patent explicitly defines the invention as a signal processor that acquires two measured signals." (D.I. 163 at 8 (citing '222 patent, col. 3 lines 56-58 ("The invention is a signal processor which acquires a first signal and a second signal that is correlated to the first signal."))) Yet the construction Philips proposed – and the Report adopted – was a different purported "express definition of the invention given in the specification," which Philips finds elsewhere in the patent. (D.I. 163 at 8 (citing '222 patent, col. 12 lines 61-64)) Philips is of the view that "the '222 Patent specification ***repeatedly defines*** the invention to be a signal processor that determines a primary or secondary reference signal for use in a correlation canceler." (D.I. 172 at 4) (emphasis added) In the Court's view, in the context of the '222 patent, the purported multiplicity of definitions (which are not identical) instead indicates that in no one place does the patent expressly define "signal processor" in a restrictive fashion that should be imported to limit the scope of claim 17.

5

For these reasons, the Court will construe "a signal processor," as used in claim 17 of the '222 patent, to mean "a device that processes an input or output signal."

January 17, 2012
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE