## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | C.A. No. 09-80 (LPS/MPT) |
| | ) | CONSOLIDATED |
| Plaintiff, | ) | |
| | ) | **REDACTED** |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION and PHILIPS | ) | |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | C.A. No. 11-742 (LPS/MPT) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIPS ELECTRONICS NORTH | ) | |
| AMERICA CORPORATION and PHILIPS | ) | |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |

### MASIMO CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON LACHES WITH RESPECT TO U.S. PATENT NOS. 5,632,272, 6,263,222 AND 6,699,194

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff, Masimo Corporation*

OF COUNSEL:

Joseph R. Re
Karen Vogel Weil
James F. Lesniak
Jon W. Gurka
Perry D. Oldham
Michelle E. Armond
KNOBBE, MARTENS, OLSON
  & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

Original Filing Date: September 21, 2012
Redacted Filing Date: September 28, 2012

TABLE OF CONTENTS

Page No.

I.    NATURE AND STAGE OF PROCEEDINGS ..................................................................1

II.   SUMMARY OF ARGUMENT ........................................................................................1

III.  COUNTERSTATEMENT OF FACTS ............................................................................2

      A.   ██████████████████████████████████████████████

      B.   ██████████████████████████████████████████████

      C.   ██████████████████████████████████████████████

      D.   Masimo's Seven-Year Litigation With Nellcor ...........................................6

      E.   ██████████████████████████████████████████████

      F.   ██████████████████████████████████████████████

IV.   ARGUMENT ..................................................................................................................11

      A.   Legal Standard ............................................................................................11

      B.   ████████████████████████████████████████████ 12

           1.   ████████████████████████████████████........12

           2.   ████████████████████████..........................................14

           3.   The Nellcor Litigation Also Tolls The Laches Period..............................15

      C.   Philips Suffered No Prejudice Attributable To The Timing Of Masimo's
           Suit ..............................................................................................................17

           1.   Philips Was Not Prejudiced By Any Delay ...............................17

           2.   Philips Cannot Establish The Requisite "Nexus" ....................18

      D.   Philips Has Unclean Hands That Preclude Philips From Asserting Laches ..........20

V.    CONCLUSION..............................................................................................................20

TABLE OF AUTHORITIES

Page No(s).

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992) (en banc)................................................................. passim

*Accuscan, Inc. v. Xerox Corp.*,
   1998 WL 273074 (S.D.N.Y. May 27, 1998) .....................................................16

*CardioFocus, Inc. v. Cardiogenesis Corp.*,
   2012 WL 1378641 (D. Mass. Apr. 19, 2012) ...................................................17

*Country Floors, Inc. v. Gepner*,
   930 F.2d 1056 (3d Cir. 1991)............................................................................11

*Cover v. Hydramatic Packing Co.*,
   1994 WL 396423 (E.D. Pa. July 27, 1994).......................................................15

*Crown Packaging Tech., Inc.* v. *Rexam Beverage Can Co.*,
   679 F. Supp. 2d 512 (D. Del. 2010)..................................................................11

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
   114 F.3d 1547 (Fed. Cir. 1997).........................................................................14

*Floe Int'l, Inc. v. Newmans' Mfg. Inc.*,
   2006 WL 14560 (D. Minn. Jan. 3, 2006)..........................................................14

*Gasser Chair Co. v. Infanti Chair Mfg. Corp.*,
   60 F.3d 770 (Fed. Cir. 1995).........................................................14, 17, 18, 19

*Hearing Components, Inc. v. Shure Inc.*,
   600 F.3d 1357 (Fed. Cir. 2010).................................................................17, 18

*Hemstreet v. Computer Entry Sys. Corp.*,
   972 F.2d 1290 (Fed. Cir. 1992).........................................................................15

*In re Katz Interactive*,
   2009 WL 8635982 (C.D. Cal. Aug. 13, 2009)..................................................13

*Izumi Prods. Co. v. Koninklijke Philips Electronics, N.V., Philips Electronics
   North America Corp.*,
   315 F. Supp. 2d 589 (D. Del. 2004)..................................................................19

*Jamesbury Corp. v. Litton Industrial Products, Inc.*,
   839 F.2d 1544 (Fed. Cir. 1988)...................................................................15, 16

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
   633 F. Supp. 2d 361 (E.D. Tex. 2009)..............................................................12

## TABLE OF AUTHORITIES
(continued)

Page No(s).

*McKesson Info. Solutions LLC v. TriZetto Group, Inc.*,
    426 F. Supp. 2d 203 (D. Del. 2006)...............................................................................12

*Metso Minerals, Inc. v. PowerScreen Int'l Distrib. Ltd.*,
    833 F. Supp. 2d 321 (E.D.N.Y. 2011) ....................................................................12, 13

*Meyers v. Brooks Shoe, Inc.*,
    912 F.2d 1459 (Fed. Cir. 1990)..............................................................................14, 18

*RCA Corp. v. Data General Corp.,*
    701 F. Supp. 456 (D. Del. 1988).............................................................................12, 15

*Rockwell Int'l Corp. v. SDL, Inc.*,
    103 F. Supp. 2d 1192 (N.D. Cal. 2000) ..........................................................................16

*State Contracting & Engineering Corp. v. Condotte America, Inc.*,
    346 F.3d 1057 (Fed. Cir. 2003)...............................................................................17, 19

*Union Carbide Chems. v. Shell Oil Co.*,
    2004 WL 1305849 (D. Del. June 9, 2004), *rev'd in part on other grounds*,
    425 F.3d 1366 (Fed. Cir. 2005).......................................................................................14

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
    944 F.2d 870 (Fed. Cir. 1991)........................................................................................16

## I.    NATURE AND STAGE OF PROCEEDINGS

Masimo submits this Answering Brief in opposition to Defendants' Motion for Summary Judgment on Laches with Respect to U.S. Patent Nos. 5,632,272, 6,263,222, and 6,699,194. (D.I. 397).   Masimo's Answering Brief is supported by the Declarations of Joe Kiani, Alan Gordon, and Perry Oldham.

## II.    SUMMARY OF ARGUMENT

Philips' argument that Masimo slept on its rights is a transparent attempt to rewrite history. ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████, Masimo was engaged in litigation with the industry leader, Nellcor.  That litigation resolved challenges to the validity and scope of Masimo's patents, as well as Masimo's ownership of its patents.  █████████████

████████████████████████████████████████████████████████████████

██████████████████████████████ Masimo never slept on its rights.

Moreover, Philips was not prejudiced by the timing of Masimo's lawsuit. ██████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

### III.   <u>COUNTERSTATEMENT OF FACTS</u>

**A.**   ████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

In 1999, HP released FAST. ██████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[1] Unless otherwise noted, all Exhibits referenced hereto are attached to the Declaration of Perry D. Oldham In Support of Masimo's Opposition to Philips' Motion For Summary Judgment Of Laches, filed concurrently herewith.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████   ██████████████████   ████████████████

████████████████████████████████████████████

███████████████████████████████████

**B.**   ████████████████████████████

In 1999, HP spun off its medical division with certain other divisions to form a new corporation, Agilent Technologies ("Agilent"), which was acquired by Philips in late 2000 ███

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**C.**

**D.**  **Masimo's Seven-Year Litigation With Nellcor**

While Masimo was negotiating with Philips, Masimo also was engaged in expensive and

burdensome "bet-the-company" litigation with the industry leader, Nellcor, from 1999 to 2006

(not 2001 to 2004, as Philips represents).   Kiani Decl. ¶¶ 37-38; Exs. 87, 134-141.   The litigation involved multiple actions, numerous patents of both parties, and three appeals (the "Nellcor litigation").   Exs. 142-144.   The Nellcor litigation also raised fundamental challenges to the validity and scope of Masimo's patents, as well as Masimo's ownership of its patents. Kiani Decl. ¶ 38; Ex. 145-146.   Nellcor had purchased a prior employer of Kiani and argued that this company owned all of Masimo's patents.   Ex. 146 at MASP0063862.

The Nellcor litigation was widely reported and closely followed in the industry. ███

**E.**

**F.**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████. On February 3, 2009, Masimo filed this lawsuit.

## IV.   <u>ARGUMENT</u>

### A.   <u>Legal Standard</u>

To establish laches, a defendant must prove (1) that the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against defendant; **and** (2) that the plaintiff's delay resulted in material prejudice to the defendant. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032-33 (Fed. Cir. 1992) (*en banc*). Because it is equitable in nature, "mechanical rules" do not govern the applicability of laches. *Id.* at 1032. Moreover, "[b]ecause the correct disposition of the equitable defense of laches can only be made by a close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as of the general public, it usually requires the kind of record only created by full trial on the merits." *Country Floors, Inc. v. Gepner*, 930 F.2d 1056, 1066 (3d Cir. 1991).

A delay exceeding six years raises a presumption of unreasonable delay and prejudice. *A.C. Aukerman,* 960 F.2d at 1035-36. This "bursting bubble" presumption is eliminated if the patentee offers only a "minimum quantum of evidence" showing either that the delay was reasonable **or** that the defendant was not prejudiced because of the delay. *Id.* at 1037-38. If the patentee produces such evidence as to either prong, the bubble is burst, and the presumption "completely vanishes." *Id.* at 1037. In addition, "a patentee may be able to preclude application of the laches defense with proof that the accused infringer was itself guilty of misdeeds towards the patentee." *Id.* at 1038. Summary judgment of laches must be denied if the party against

whom laches is asserted raises a genuine issue regarding (1) the reasonableness of the delay, *or* (2) a lack of prejudice to the defendant, *or* (3) the defendants' unclean hands. *Crown Packaging Tech., Inc.* v. *Rexam Beverage Can Co.*, 679 F. Supp. 2d 512, 526 (D. Del. 2010). Here, there are at least genuine issues of fact as to all three.

**B.**



*See RCA Corp. v. Data General Corp.*, 701 F. Supp. 456, 476-77 (D. Del. 1988).

Philips argues that, to toll the laches period, settlement discussions must be directed specifically to the "licensing of the patents." D.I. 400 at 13-14. Philips is wrong both legally and factually. There is no requirement that the negotiations directly address "licensing" of patents. What counts is that the negotiations attempt to resolve the patent dispute, no matter how. *See McKesson Info. Solutions LLC v. TriZetto Group, Inc.*, 426 F. Supp. 2d 203, 209-10 (D. Del. 2006) (no laches where "parties were negotiating a resolution to the patent dispute" during the delay). For example, a resolution often centers on the termination of the infringing activity, making a license unnecessary. No doubt such negotiations would show enforcement of patents and would toll any laches period. Even negotiations not directly addressing the asserted patents justify delay where

they "would have most likely resolved issues of infringement." *Metso Minerals, Inc. v. PowerScreen Int'l Distrib. Ltd.*, 833 F. Supp. 2d 321, 328-29 (E.D.N.Y. 2011); *see also Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 383 (E.D. Tex. 2009) (delay tolled by "negotiations establishing a business relationship" in order to "to sell [] products").

**2.** ▮▮▮▮▮▮▮▮▮▮▮▮

█████████████████████████████████████████████████████████████████

██████████████████████████████████ Masimo was justified in not suing until it did.

### 3.   The Nellcor Litigation Also Tolls The Laches Period

Throughout most of its extensive negotiations with Philips, Masimo was also busy enforcing its patents against industry-leader Nellcor from 1999 to 2006.  Kiani Decl. ¶¶ 37-40. The Nellcor litigation tested both the validity and scope of Masimo's patents, as well as Masimo's ownership of all its patents.  Kiani Decl. ¶ 38; Exs. 145-46.  It was eminently reasonable for Masimo to resolve these challenges before suing another party for infringement. *See Cover v. Hydramatic Packing Co.*, 1994 WL 396423 at *3 (E.D. Pa. July 27, 1994) ("[I]t would have been unreasonable for Plaintiff to bring suit [for patent infringement] prior to establishing his ownership of it."); *see also RCA Corp. v. Data General Corp.,* 701 F. Supp. 456, 477 (D. Del. 1988) ("It was reasonable for [plaintiff] to conserve litigation expenses by first testing the validity and scope of the Cole patent in [previous litigation]").

Philips does not dispute that litigation is a justification for delay.  D.I. 400 at 15. However, Philips cites *Jamesbury Corp. v. Litton Indus. Prods., Inc.,* 839 F.2d 1544 (Fed. Cir. 1988), ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████  ██████████████████████████████████████████

███████████████████████████████████████ This situation bears no resemblance to the "equivocal nature" of the contacts in *Jamesbury*, where the plaintiff's "final contact" with the defendant preceded an eight-year period of silence before the suit was filed.  839 F.2d at 1553.

Moreover, the Federal Circuit has rejected the argument that *Jamesbury* imposes any rigid formal-notice requirement.  As explained by the Federal Circuit in *A.C. Aukerman*, "there

can be no rigid requirement in judging a laches defense that such notice **must** be given.  If a defendant is, for example, aware of the litigation from other sources, it would place form over substance to require a specific notice." *A.C. Aukerman*, 960 F.2d at 1039 (emphasis in original); *see also Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1294 (Fed. Cir. 1992) (*A.C. Aukerman* decision eliminated any "hard and fast requirement" for notice and "restores equitable flexibility"); *see also  Rockwell Int'l Corp. v. SDL, Inc.*, 103 F. Supp. 2d 1192, 1201 (N.D. Cal. 2000) (although *Jamesbury* could be read to require explicit notice of intent to sue once other litigation has ended, "more recent and better reasoned cases support the opposite conclusion").

Indeed, even before *Aukerman*, the Federal Circuit held that, with regard to the notice requirement: "What is important is whether [the defendant] had reason to believe it was likely to be sued." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 878 (Fed. Cir. 1991). ████████████████████████████████████████████████████████████

████████████████████████████████ *see Accuscan, Inc. v. Xerox Corp.*, 1998 WL 273074 at *7 (S.D.N.Y. May 27, 1998) (justifying delay from litigations without formal notice where defendant was "aware of these litigations, [and] that [plaintiff] was likely to sue it.").

Accordingly, the whole period at issue is tolled.  The Nellcor-litigation period spanned seven years, from 1999 to 2006. ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See Rockwell,* 103 F. Supp. 2d at 1201 (no laches where plaintiff was "busy enforcing its rights" against third parties). Thus, any implication that Masimo somehow slept on its rights ignores reality. ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████ There was no unreasonable delay.

**C.      Philips Suffered No Prejudice Attributable To The Timing Of Masimo's Suit**

Even if Philips could establish unreasonable delay, Philips' Motion would still fail because Philips cannot show "material prejudice attributable to the delay."  *A.C. Aukerman Co.*, 960 F.2d at 1028.  Laches requires both (1) material prejudice *and* (2) a nexus between such material prejudice and any alleged delay.  Philips cannot establish either.

**1.      Philips Was Not Prejudiced By Any Delay**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████.  Merely pointing to the incorporation of the infringing technology into products shows no "change in the economic position," as required by the law.  *Aukerman*, 960 F.2d at 1033.  If infringement were enough, "[e]conomic prejudice would then arise in every suit."  *Id.*

The Federal Circuit in *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1066 (Fed. Cir. 2003), rejected a prejudice claim that, "as a result of the delay in filing suit, [the defendant] continued to incorporate the invention [] into bids and contracts." Moreover, in *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1376 (Fed. Cir. 2010), the Federal Circuit held that "[i]t is not economic prejudice to pay damages from infringing sales of products generating a profit over a longer period of time resulting from delay." ████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

2   ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

2.      **Philips Cannot Establish The Requisite "Nexus"**

Even if Philips could establish a change in economic position, Philips' laches defense

would fail because Philips cannot show a "nexus" between any such prejudice and any delay.  As

explained by the Federal Circuit in *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770,

774 (Fed. Cir. 1995), "The change must be ***because of and as a result*** of the delay, not simply a

business decision to capitalize on a market opportunity."  *Id.* (emphasis added).  Thus, prejudice

cannot be attributable to delay if the evidence shows that a party "would not have acted

differently if it had been sued earlier."  *Hearing Components*, 600 F.3d at 1376.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

*See Meyers v. Brooks Shoe, Inc.*, 912 F.2d 1459, 1463 (Fed. Cir. 1990) (no prejudice where infringer would have continued activity regardless of lawsuit).  As the Federal Circuit explained in *Gasser Chair*, 60 F.3d at 775, even considerable prejudice is not the result of delay if it was "a deliberate business decision to ignore a warning, and to proceed as if nothing had occurred." The purpose of laches is to prevent plaintiffs from silently lying in wait, where "an infringer, if he had had notice, could have switched to a noninfringing product."  *A.C. Aukerman*, 960 F.2d at 1033. ████████████████████████████████████████████████

████████████████████████████████████████████████

This Court, in *Izumi Prods. Co. v. Koninklijke Philips Electronics, N.V., Philips Electronics North America Corp.*, 315 F. Supp. 2d 589, 613 (D. Del. 2004), rejected a summary judgment motion for laches brought by Philips, in part, because Philips' failure to switch to an allegedly noninfringing alternative "suggest[e]d that [Philips] was more concerned about earning a profit than about [the plaintiff's] claim of infringement." ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████



Philips has not and cannot show prejudice resulting from the timing of Masimo's lawsuit.   At a minimum, Masimo has established genuine issues of fact overcoming any presumption of unreasonable delay and prejudice.

**D.** **Philips Has Unclean Hands That Preclude Philips From Asserting Laches**

Philips' attempt to bar Masimo's claims in equity is also defeated by Philips' own unclean hands.   A patentee may defeat a laches defense if "the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor."   *A.C. Aukerman Co.*, 960 F.2d at 1033.

Philips' conduct shifts the equities significantly and, at a minimum, forecloses Philips from obtaining summary judgment of laches.

**V.   CONCLUSION**

The Court should deny Philips' Motion for Summary Judgment of laches.

OF COUNSEL:

Joseph R. Re
Karen Vogel Weil
James F. Lesniak
Jon W. Gurka
Perry D. Oldham
Michelle E. Armond
KNOBBE, MARTENS, OLSON
  & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-0404

September 21, 2012
6420139

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff, Masimo Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on September 28, 2012, upon the following in the manner indicated:

### <u>BY ELECTRONIC MAIL</u>

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

Alan M. Grimaldi
Brian A. Rosenthal
Ann Marie Duffy
Brian K. Andrea
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006

Steven Yovits
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)