# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-80-LPS-MPT |
| | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | **JURY TRIAL DEMANDED** |
| CORPORATION and PHILIPS MEDIZIN | ) | |
| SYSTEME BÖBLINGEN GMBH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PHILIPS ELECTRONICS NORTH AMERICA | ) | |
| CORPORATION, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASIMO CORPORATION, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## PHILIPS' OPENING BRIEF REQUESTING MASIMO CORPORATION REDUCE THE NUMBER OF ITS ASSERTED CLAIMS

OF COUNSEL

Alan M. Grimaldi
Brian A. Rosenthal
Ann Marie Duffy
MAYER BROWN LLP
1999 K St. NW
Washington DC 20006
Tel:  (202) 263-3000

Steven Yovits
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600

Dated:  December 28, 2012
1088175 / 33976

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Philips Electronics North*
*America Corporation & Philips Medizin*
*Systeme Böblingen GmbH*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

III.  LEGAL STANDARDS ...........................................................................................2

IV.   ARGUMENT .......................................................................................................3

     A.    Narrowing the Asserted Claims to 30 Total Will Reduce the Overall Complexity of the Case ......................................................................................3

     B.    Narrowing the Asserted Claims to 30 Total is Consistent With This Court's Precedent ..............................................................................................6

     C.    Masimo Refuses To Propose A Plan For Narrowing Claims Based on Subject Matter ..................................................................................................7

     D.    Philips Agrees That Any Claim Narrowing Should Leave Open the Possibility of Adding Additional Claims Upon a Showing of Good Cause .........8

     E.    Philips Does Not Object to Reducing the Number of Prior Art References it Cites, Provided the Reduction is Consistent with any Reduction of Asserted Claims ................................................................................................9

V.    CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Fenster Family Patent Holdings, Inc. v. Siemens Med. Solns. USA, Inc.*,
  C.A. No. 04-38-JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005).......................................2, 6

*Globespanvirata, Inc. v. Texas Instruments Inc.*,
  C.A. No. 03-2854 (GEB), 2005 WL 1638136 (D. N.J. July 12, 2005)...................................9

*In re Katz Interactive Call Processing Litigation*,
  639 F.3d 1303 (Fed. Cir. 2011)...........................................................................2

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ...........................................................................................2

*ReRoof America, Inc. v. United Structures of America, Inc.*,
  215 F.3d 1351 (Fed. Cir. 1999)...........................................................................7

*Stamps.com Inc. v. Endicia, Inc.*,
  437 F. App'x. 897 (Fed. Cir. 2011).................................................................2, 6, 8

Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH ("Philips") submit this brief regarding reduction of claims pursuant to the Court's Order issued during the status conference on December 18, 2012.

## I.    INTRODUCTION

Masimo currently asserts <u>95 claims</u> across seven patents against Philips in the *Masimo II* phase of this litigation. Philips requests that Masimo reduce its number of asserted claims to no more than 30 total. Narrowing the number of asserted claims at this stage in the litigation, before the Court and the parties engage in claim construction, expert discovery and summary judgment is appropriate because it will reduce the overall complexity of the case and trial. Moreover, narrowing the number of asserted claims at this phase in the case is wholly consistent with this Court's and the Federal Circuit's recent precedent. Masimo cannot be heard to argue that it needs additional discovery before narrowing its asserted claims. The accused products in *Masimo II* are the same as those in *Masimo I*, therefore Masimo has engaged in extensive discovery on the relevant products and related source code. Masimo has even admitted to this Court that it does not need any additional discovery. Now is an appropriate time to narrow the asserted claims and Masimo should be required to do so.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Masimo first filed suit ("*Masimo I*") against Philips in February 2009, alleging infringement of fourteen patents related to pulse oximetry. Philips counterclaimed alleging infringement of eleven of its own patents. The parties stipulated to a dismissal without prejudice of six Masimo patents and five Philips patents (*see* D.I. 144) and the Court further reduced the number of asserted patents, leaving Masimo with four asserted patents and Philips with three (*see* D.I. 148 at 2-3). Summary judgment and *Daubert* motions have been filed and are pending on these seven selected patents.

Discovery on the remaining seven "limbo" patents was held in abeyance while *Masimo I* proceeded.  In late 2011, Masimo filed a second suit ("*Masimo II*") against Philips alleging infringement of three more patents.  The Court consolidated the two cases and ordered a separate schedule for the seven *Masimo I* "limbo" patents and the three newly asserted *Masimo II* patents. *See* D.I. 341.  Philips later dropped two of its "limbo" patents, leaving eight total patents at issue in this stage of the litigation, seven asserted by Masimo and one asserted by Philips.[1]  *See* D.I. 441.  The parties previously submitted a Joint Claim Construction Chart (D.I. 636) and are scheduled to submit their opening *Markman* briefs on February 4, 2013.  *See* D.I. 341.

## III.   LEGAL STANDARDS

It has long been recognized that a district court has the inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  The Federal Circuit has held that this authority includes the ability to limit the number of asserted claims "if the district court [leaves] open the door for the assertion of additional claims on a showing of need." *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x. 897, 902 (Fed. Cir. 2011) (unp) (citing *In re Katz Interactive Call Processing Litigation*, 639 F.3d 1303, 1309-12 (Fed. Cir. 2011)).  Consistent with these decisions, reasonable restrictions on the number of claims asserted by plaintiffs in patent infringement actions is common in this District and other districts across the country.  *See, e.g., Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, C.A. No. 04-0038-JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (finding 90 asserted claims

---

[1] The Masimo patents at issue are U.S. Patent Nos. 6,002,952 ("the '952 Patent"), 6,157,850 ("the '850 Patent") 7,509,154 ("the '154 Patent"), 7,530,955 ("the '955 Patent"), 8,019,400 ("the '400 Patent"), 8,128,572 ("the '572 Patent"), and 7,530,949 ("the '949 Patent") and the Philips patent at issue is U.S. Patent No. 5,337,745 ("the '745 Patent") (collectively, the "Asserted Patents").

unreasonable and ordering plaintiff to reduce the number of asserted claims to 10 across 8 patents); *see also* Ex. A (D.I. 62, Memorandum and Order) at 1-2 from *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07CV104, (E.D. Tex. June 13, 2008) (ordering plaintiff to select no more than 3 representative claims from each patent for claim construction and trial); *see* Ex. B (D.I. 162, Hearing Tr. (11/3/2011)) at 31:4-9 from *Intellectual Ventures v. Check Point Software*, C.A. No. 10-1067-LPS (D. Del.) (ordering plaintiff to reduce the number of asserted claims to 20 across four patents);  *see* Ex. C (D.I. 88, Hearing Tr. (9/8/2010)) at 26:17-18 from *Personalized User Model LLP v. Google, Inc.*, C.A. No. 09-525-LPS (D. Del. Sept. 8, 2010) (ordering the plaintiff to reduce the number of asserted claims from 36 to no more than 15); *see* Ex. D (D.I. 88, Hearing Tr. (11/3/2011)) at 17:20-23 from *Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS (D. Del.) (ordering the plaintiff to reduce the number of asserted claims to 15, which is 5 per patent); *see* Ex. E (D.I. 105, Hearing Tr. (9/6/2011)) at 35:9-10 from *Softview LLC v. Apple, Inc.*, C.A. No. 10-389-LPS (D. Del.) (ordering the plaintiff to reduce the number of asserted claims from 350 to 20 across 2 patents); *see* Ex. F (D.I. 408, Order) at 8 from *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 8/18/2010 (D. Kan.) (plaintiff was ordered to reduce the number of asserted claims to 20 from all four patents).

## IV.    ARGUMENT

### A.    <u>Narrowing the Asserted Claims to 30 Total Will Reduce the Overall Complexity of the Case</u>

Masimo asserts 95 claims (17 independent) across its seven Asserted Patents.[2]  Philips requests that the Court require Masimo to reduce its number of asserted claims to no more than

---

[2] Masimo asserts claims 1 and 3 of the '952 Patent, claims 1, 10, 11, 22, 23, 25-27, 29-31, 45, and 48-52 of the '850 Patent, claims 1-7 and 9-15 of the '154 Patent, claims 5-10 of the '955 Patent, claims 1-3, 5, 7-16, 19, and 22-25 of the '400 Patent, claims 1-8, 10, 14-17, 19-21, 23-28, 30, and 31 of the '572 Patent, and claims 1-11, 13-15, and 17 of the '949 Patent.

30 total, which is consistent with this Court's practice.  Narrowing at this stage, before the parties submit their *Markman* briefs, will reduce the burden on both the Court and the parties at every stage of the case.

First, reducing the number of asserted claims will likely reduce the number of claim construction disputes.  The parties' recently submitted Joint Claim Construction Chart identifies at least 33 disputes, 18 of which  are specific to only a single claim.  *See* D.I. 636.  Dropping claims, particularly claims having multiple construction disputes, will significantly reduce the effort required during the *Markman* process.   While Masimo indicated during the recent status conference that it "could drop three-quarters of the claims and it wouldn't narrow the claim construction issues one bit," such a result would require Masimo to strategically select its asserted claims with the goal of maximizing disputes.  *See* Hearing Tr. (12/18/2012) at 18:16-24.  This is highly unlikely as Masimo is more motivated to select its claims based on what it perceives to be the merits rather than maximizing disputes in this case.

Second, narrowing the number of asserted claims will reduce the complexity of expert reports, summary judgment, and trial.  *See* Ex. B at 31:22-32:1 (stating that reducing the number of asserted claims "adequately and effectively and reasonably balance the competing interests among the parties as well as the Court's interest").  The time and cost required to address the validity of 95 claims alone is enormous.  For example, even if only a single prior art reference is asserted against each claim during summary judgment, the Court will be required to evaluate the validity of all 95 claims separately.  Philips' motion for summary judgment of invalidity of U.S. Patent No. 7,215,984 (D.I. 394-95) in *Masimo I*  is instructive.  There, Philips asserted two prior art references against 13 separate claims, requiring the Court to analyze the applicability of each of those references to each of the asserted claims.  *See* D.I. 395 at 10-17.

Third, narrowing the number of asserted claims will not prejudice Masimo as a number of Masimo's Asserted Patents have overlapping subject matter. For example, the '955 and '572 Patents both recite a method of determining pulse rate including the step of determining "at least two values corresponding to pulse rate based upon at least two alternative methods of processing." *Compare, e.g.,* Ex. G ('955 Patent) at claim 5 *and* Ex. H ('572 Patent) at claim 1. Moreover, Masimo itself has argued that the subject matter of the '955, '400, and '850 is substantially similar, in that all the patents relate to "parallel calculations." *See* D.I. I (Hearting Tr. 12/21/2011) at 23-24. As such, reducing the number of asserted claims should not limit Masimo's infringement arguments or otherwise prejudice Masimo.

Masimo opposes narrowing at this stage, claiming that it cannot be forced to drop claims "before [it] learn[s] some significant aspects of the case." *See* Ex. R (Hearing Tr. (12/18/2012)) at 18:1-24. Masimo's position is without merit. First, the parties have been engaged in litigation over the same accused products for nearly four years. Many of the Masimo Asserted Patents here share the same specification as patents that have been the subject of extensive litigation in *Masimo I*—most notably, five of the patents share the same specification as a patent that this Court has already construed. *See* Ex. J (Patent Family Chart). In short, Masimo has all of the information it needs to assess the merits of its case. It is simply unnecessary and burdensome to allow Masimo to proceed through claim construction, expert discovery, summary judgment, and trial with 95 asserted claims.

Second, Masimo's previous statements to the Court directly contradict its current position that more discovery is necessary. Indeed, in opposing consolidating and staying the *Masimo II* patents and the "limbo" patents, Masimo's counsel argued that discovery was "essentially complete" on the limbo patents. *See* Ex. K (Hearing Tr. (10/12/2012)) at 61:14-18. Masimo also

5

previously stated that "Masimo needs little, if any further discovery" and that "if Philips wanted to agree that discovery was closed, [Masimo would] be willing to agree with that. . . ." *See* Hearing Tr. (12/21/2011) at 8:22-9:2. When moving forward with many claims benefited Masimo, its position was that it had all the information it needed. Yet now, when faced with the possibility of having to narrow its case based on the merits, Masimo argues the opposite.[3]

### B.   Narrowing the Asserted Claims to 30 Total is Consistent With This Court's Precedent

Philips' proposal of 30 asserted claims is an average of 4-5 claims per patent, which is consistent with this Court's recent precedent. For example, in *Intellectual Ventures v. Check Point Software*, one month prior to opening claim construction briefs, Judge Stark reduced the number of asserted claims to 20 total from four patents. *See* Ex. B at 31:4-9. Likewise, in *Personalized User Model LLP v. Google, Inc.*, he reduced the number of 15 asserted claims from three patents prior to *Markman* proceedings. *See* Ex. C at 8:20-23 and 26:17-18. Often this Court and others will reduce the number of asserted claims even more than what Philips is currently requesting. *See Fenster*, 2005 WL 2304190 (reduce claims to 10 from 8 patents after close of fact discovery); *see also Stamps.com*, 437 F. App'x. 897 (affirming reduction from 629 to 15 across 11 patents); *see also* Ex. A (ordering plaintiff to "select no more than three (3) representative claims from each patent for claim construction and trial").

In the joint status report, Masimo cited a single Delaware case, *Webxchange, Inc. v. Allstate Corp.*, in support of its position that reducing the number of asserted claims was inappropriate at this stage of the litigation. *See* C.A. No. 08-131-JJF, D.I. 66, Order (D. Del.

---

[3] Masimo also claims that Philips' seeks to bifurcate the case "and have three cases." *See* Hearing Tr. (12/18/2012) at 19:19-21; D.I. 639 at 4-5. This argument is nonsensical. Philips does not propose that the dropped claims remain in "limbo" or that Masimo would be given a second opportunity to litigate the Asserted Patents.

Nov. 10, 2008).  In *Webxchange*, Judge Farnan declined to limit the number of asserted claims based on the expectation that the parties will narrow issues after production of documents and source code.  *Id.* at 2-3.  The posture of the present case alone distinguishes it from *Webxchange*. As discussed above, the parties have been engaged in discovery for almost four years.  The accused products at issue in *Masimo II* are the same as those at issue in *Masimo I*.  Moreover, Philips has produced all relevant source code.  As such, there is no need to push off claim reduction to allow for additional discovery.

In line with this Court's precedent, Philips unilaterally reduced the number of claims it is asserting in *Masimo II*.  Philips eliminated its means plus function claims and reduced the overall number of asserted claims from the '745 Patent to 4.  *See* Ex. L (Letter from Ms. Duffy to Ms. Armond, dated Nov. 10, 2012) at 2-3.  Rather than making any effort to reduce the number of its asserted claims, Masimo added claims, including 7 additional claims it added from one of its "limbo" patents, the '850 Patent. [4]

### C.      Masimo Refuses To Propose A Plan For Narrowing Claims Based on Subject Matter

During the status conference, Masimo suggested that, should the Court require a reduction in the number of asserted claims, it should do so "with some logical basis in the subject matter."  *See* Ex. R at 38:8-17.  This request apparently stems from Masimo's claim that it "practices these claimed inventions" and that the "inventions are separate and distinct inventions for purposes of presenting the case." [5]  *Id.* at 35:4-19.

---

[4] Before the '850 Patent was put in "limbo" in the *Masimo I* case, Masimo asserted 10 claims from this patent.  Once discovery on the "limbo" patents began again this past fall, Masimo increased the number of its asserted claims from this one patent alone to 17.

[5] To the extent Masimo is arguing it is prejudiced if it cannot present all of its claims to a jury, that argument has specifically been rejected by the Federal Circuit.  *See ReRoof Am., Inc. v. United Structures of Am., Inc.*, 215 F.3d 1351, at *6 (Fed. Cir. 1999) (unpublished) ("Not having

7

Despite repeated requests, Masimo has yet to present any specifics as to how a reduction based on "subject matter" can be accomplished.  After the hearing, Philips asked Masimo for its proposal, but Masimo refused to present a plan.  *See* Ex. M (Email chain between Mr. Rosenthal and Mr. Re, dated Dec. 21, 2012 at 3:41 p.m.).  Philips is not opposed in theory to a reduction based on subject matter, but cannot comment further without understanding how Masimo seeks to define "subject matter."

### D.  Philips Agrees That Any Claim Narrowing Should Leave Open the Possibility of Adding Additional Claims Upon a Showing of Good Cause

During the recent status conference, Masimo requested that if the Court is inclined to reduce the number of asserted claims, Masimo should be able to raise additional claims "that better accurately represent the invention in spite of some event."  *See* Ex. R at 34:1-7.  Masimo's counsel indicated that such events may include "a certain claim construction wip[ing] out a claim set" or "if certain patents get wiped out" during reexamination.[6]  *Id.* at 34:1-12.

The Federal Circuit stated in *Stamps.com* that limiting a plaintiff to a certain "number of asserted claims [is] permissible if the district court left open the door for the assertion of additional claims on a showing of need."  437 F. App'x. at 902.  By way of example, the court cited the district court's order stating that if the limited number of claims "is absolutely unworkable," the court will consider adding one or two additional claims.  *Id.*

---

the opportunity to 'impress' a jury by presenting a large number of claims, however, does not constitute legally cognizable prejudice.").

[6] Masimo's concern is likely based on the PTO's initial rejection of asserted claims of the '955 Patent during reexamination proceedings.  *See* Ex. N.  Notably, the PTO also ordered reexamination of the asserted claims of three of the *Masimo I* patents:  U.S. Patent No. 7,215,984, U.S. Patent No. 6,699,194, and U.S. Patent No. 6,263,222.  *See* Exs. O-Q.  Masimo cannot possibly argue that it should be allowed to assert new claims in *Masimo I* if its asserted claims are "wiped out" during reexamination.

If the Court requires that Masimo reduce its number of asserted claims, Philips agrees that the order should allow for the addition of claims upon a showing of good cause, which is consistent with Federal Circuit's precedent.  Philips <u>does not agree</u>, however, that Masimo should be allowed to substitute claims simply because it gets a bad decision rendering those claims invalid or not infringed.  *See, e.g., Globespanvirata, Inc. v. Texas Instruments Inc.*, C.A. No. 03-2854 (GEB), 2005 WL 1638136, at *5 (D. N.J. July 12, 2005) (declining to allow assertion of an additional claim after *Markman* where no good cause was shown and patentee "had the opportunity previously to assert" the claim).  Allowing Masimo such leeway in adding asserted claims would render any claim reduction, and any efforts by the parties and the Court regarding the selected claims, meaningless.

**E.      Philips Does Not Object to Reducing the Number of Prior Art References it Cites, Provided the Reduction is Consistent with any Reduction of Asserted Claims**

Masimo also indicated that any "narrowing should be bilateral" and that Philips should be required to reduce the number of prior art references it cites if Masimo is required to reduce the number of asserted claims.  *See* Ex. R at 31:24-32:3.  Philips does not object to a reduction of the number of references it cites, provided any such reduction is consistent with any reduction in the number of asserted claims and provided Philips is also permitted to alter the references it cites upon a showing of good cause.   For example, if Masimo is required to select 30 of its currently-asserted 95 claims (approximately one-third of its asserted claims), Philips should also be required to select no less than approximately one-third of its currently cited prior art references.

Additionally, Philips requests that it should be able to take into account the claims that are selected by Masimo in reducing its cited prior art.  Requiring Philips to reduce its prior art references based on all 95 claims without knowing what claims Masimo will eliminate is unfair. Indeed, Masimo's claim selection will likely obviate the need for Philips to rely on certain

9

references, and those references should not count against Philips' total.  *See, e.g.,* Ex. B at 20:1-22 (declining to reduce the number of asserted prior art references prior to a reduction of the asserted claims).

## V.    CONCLUSION

For the foregoing reasons, the Court should require that Masimo reduce the number of asserted claims in *Masimo II* to no more than 30 total claims.

| | |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| | |
| Alan M. Grimaldi | |
| Brian A. Rosenthal | By:  */s/ David E. Moore* |
| Ann Marie Duffy | Richard L. Horwitz (#2246) |
| MAYER BROWN LLP | David E. Moore (#3983) |
| 1999 K St. NW | Hercules Plaza, 6th Floor |
| Washington DC 20006 | 1313 N. Market Street |
| Tel:  (202) 263-3000 | Wilmington, DE  19801 |
| | Tel:  (302) 984-6000 |
| Steven Yovits | rhorwitz@potteranderson.com |
| MAYER BROWN LLP | dmoore@potteranderson.com |
| 71 South Wacker Drive | |
| Chicago, IL 60606 | *Attorneys for Philips Electronics North America* |
| Tel: (312) 782-0600 | *Corporation and Philips Medizin Systeme* |
| | *Böblingen GmbH* |

Dated:  December 28, 2012
1088175 / 33976

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on December 28, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 28, 2012, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
Jeremy A. Tigan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
jheaney@mnat.com
jtigan@mnat.com

Joseph R. Re
Jon W. Gurka
Perry Oldham
Stephen Larson
Michelle Armond
James F. Lesniak
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
jre@kmob.com
jgurka@kmob.com
poldham@kmob.com
stephen.larson@kmob.com
michelle.armond@kmob.com
jim.lesniak@knobbe.com

Karen Vogel Weil
Knobbe, Martens, Olson & Bear, LLP
10100 Santa Monica Boulevard, Suite 1600
Los Angeles, CA 90067
kweil@kmob.com

M. Laurence Popofsky
Robert A. Rosenfeld
Scott A. Westrich
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
lpopofsky@orrick.com
rrosenfeld@orrick.com
swestrich@orrick.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

907271 / 33976