## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : C.A. No. 09-80-LPS-MPT |
| v. | : |
| | : |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and PHILIPS MEDIZEN SYSTEME BOBLINGEN GMBH, | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

### I.  INTRODUCTION

In February 2009, Masimo Corporation ("Masimo") filed suit alleging Philips Electronics North America Corporation and Philips Medizin Böblingen GmbH (collectively, "Philips") infringed various patents dealing with pulse oximetry.[1] Philips responded raising patents against Masimo involving the same technology. Previously, the court addressed the parties motions for summary judgment on liability and on experts. Philips now moves for summary judgment on two issues: (1) willful infringement,[2] and (2) lost profits damages.[3]

### II.  LEGAL STANDARDS

####   A.  **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no

---

[1] D. I. 1.
[2] D.I. 426. Briefing on this motion is found at D.I. 427 (Philips' opening brief), D.I. 501 (Masimo's answering brief) and D.I. 600 (Philips' reply brief).
[3] D.I. 424. Briefing for Philips' motion for summary judgment can be found at D.I. 425 (Philips' opening) brief, D.I. 487 (Masimo's answering brief) and D.I. 595 (Philips' reply brief).

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact,[6] by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials,"[7] or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[8]  If the moving party has carried its burden, the nonmovant must "come forward with specific facts showing that there is a genuine issue for trial."[9]  "[A]ll reasonable inferences," will be drawn by the court "in favor of the nonmoving party, and it may not make credibility determinations or weight the evidence."[10]

The non-moving party must, "do more than simply show that there is some metaphysical doubt as to the material fact" to defeat a motion for summary judgment.[11]  However, the "mere existence of some alleged factual dispute between the parties will

---

[4] FED. R. CIV .P. 56(a).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[6] *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).
[7] FED. R. CIV .P. 56(c)(1)(A).
[8] FED. R. CIV. P. 56(c)(1)(B).
[9] *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted).
[10] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).
[11] *Matsushita*, 475 U.S. at 586-7.

not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12]  Additionally, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[13]  Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party.[14]

## III.   ANALYSIS

### A.   Wilfulness

The Federal Circuit has set forth a two-prong test for establishing willful infringement.[15]  The 'objective' first prong requires the patentee to show, "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."[16]  Once the first prong is satisfied, the plaintiff must satisfy the 'subjective' second prong, "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."[17]  The plaintiff must prove the objective prong "by clear and convincing evidence *as a predicate* to the jury's consideration of the subjective prong."[18]  Because consideration of the subjective

---

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8 (1986).
[13] *Id.* at 249-50.
[14] *Id.* at 252.
[15] *In re Seagate Tech., LLC*, 497 F.2d 1360 (Fed. Cir. 2007)
[16] *Id.* at 1371.
[17] *Id.*
[18] *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011), *reh'g en banc denied* (emphasis added).

second prong occurs only if the plaintiff proves the objective prong, "[s]hould the court determine that the infringer's reliance on a defense was not objectively reckless, it cannot send the question of willfulness to the jury."[19] When considering the objective first prong, the Federal Circuit has stated, "the answer to whether an accused infringer's reliance on a particular issue or defense is reasonable is a question for the court when the resolution of that particular issue or defense is a matter of law."[20]

Masimo contends summary judgment is inappropriate because Philips' defenses constitute questions of fact, or mixed questions of law and fact, which should be sent to a jury.[21] Circumstances may arise when an alleged infringer's defense to willful infringement present separate issues of fact and law. Despite such mixed questions, the Federal Circuit has determined, "[w]e believe that the court is in the best position for making the determination of reasonableness. This court therefore holds that the objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law."[22] The Federal Circuit provided further clarification, stating that,

> [w]hen a defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge. [. . .] When the objective prong turns on a fact question [. . .] or on legal questions dependent on the underlying facts, as related, for example, to questions of obviousness, the judge remains the final arbiter of whether the defense

---

[19] *Id.* citing *DePuy Spine Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1335-37 (Fed. Cir. 2009).
[20] *Powell*, 663 F.3d at 1236, *citing Cohesive Tech., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008).
[21] D.I. 501 at 19-20.
[22] *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-7 (Fed. Cir. 2012), *cert. denied sub nom. W.L Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 133 S. Ct. 932 (2013).

was reasonable.[23]

While a judge "may" permit a jury to determine underlying facts when considering the first objective prong of *Seagate*, this approach is not mandatory because, "the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge."[24]

### 1. The '222 Patent

Philips contends that under *Seagate*, it is entitled to judgment of no willful infringement.[25] Regarding the '222 Patent, Philips argues its reliance on reasonable, credible invalidity and non-infringement defenses regarding that patent is not objectively reckless.[26] Philips also notes its credible claim construction position, which was initially adopted by this court, provides a strong non-infringement position.[27] Although Judge Stark ultimately disagreed with the construction, Philips posits, "that a federal judge recommended adoption of Philips' proposed claim construction is strong evidence of the reasonableness of its position."[28] Masimo contends Philips "depended exclusively on unduly narrow constructions of the word 'signal processor,'" and thus was objectively unreasonable.[29] Masimo avers its ordinary meaning of "signal processor" is supported by disclosure of the '222 patent and by decisions of the district court and

---

[23] *Id.* at 1007.
[24] *Id.* at 1008, citing *DePuy*, 567 F.3d at 1324.
[25] D.I. 427
[26] *Id.* at 6
[27] *Id.* at 7.
[28] *Id.* at 8, citing *Tarkus Imaging, Inc. v. Adobe Systems, Inc.*, C.A. No. 10-63-LPS, 2012 WL 2061932 at *2 (D. Del. June 5, 2012).
[29] D.I. 501 at 10.

Federal Circuit in the prior Nellcor litigation.[30]  Masimo claims the Federal Circuit has upheld objective unreasonableness determinations where a party's proposed claim construction ignored the "entirety of the specification and prosecution history, and thus was unsupported by the intrinsic record."[31]  Masimo further asserts a noninfringement position is not objectively reasonable when "premised on a claim construction determination that the court ultimately abandoned or modified *after the trial commenced.*"[32]  Masimo also argues Philips' '222 invalidity defenses are objectively unreasonable.

Philips' proposed claim construction of the term "signal processor" of the '222 patent, under which it would not have infringed, was reasonable and credible as it relied on statements which identified the present invention as a signal processor that used a correlation canceler.[33]  Although Philips' claim construction was eventually rejected by the district judge after objections were filed against this court's construction, since Philips "asserted reasonable constructions under which its products would not infringe precludes a finding that the first prong of *Seagate* is satisfied."[34]  Contrary to Masimo's blanket assertion, no evidence suggests Philips' proposed claim construction failed to consider and apply the specification and prosecution history or was entirely unsupported by the intrinsic evidence.[35]

Philips also relies on its invalidity defense to show an absence of objective

---

[30] *Id.* at 11, citing D.I. 319 at 3-5.
[31] *Id.* at 12, quoting *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 918 (Fed. Cir. 2012).
[32] *Id.* at 12, quoting *Powell*, 663 F.3d at 1237 (emphasis added).
[33] D.I. 600 at 6; *see* D.I. 163 at 8-9.
[34] *Tarkus*, 2012 WL at *2, citing *Cohesive Techs.*, 543 F.3d at 1374
[35] *MarcTec*, 664 F.3d at 918.

recklessness. Philips filed motions for summary judgment on the issue of invalidity, specifically written description and anticipation, which were recently decided by this court.[36] This court held the written description regarding claims 17 and 18 of the '222 Patent were inadequate and granted summary judgment in favor of Philips.[37] The partial success of its invalidity defenses lend credibility to the reasonableness of Philips' actions which defeats the objective prong of *Seagate*.

### 2. The '984 Patent

Regarding the '984 patent, Philips claims it presented "strong invalidity arguments against" the patent.[38] Philips contends its products do not infringe because they use two techniques which employ different input data,[39] significant defenses that are objectively reasonable under any claim construction.[40] In opposing, Masimo claims Philips' '984 invalidity defenses are baseless because of the numerous similarities between the two products. Masimo asserts both FAST and SET have two algorithms for calculating saturation, that they run parallel and actively measure the saturation of pulsing blood.[41] Additionally, Masimo contends Philips' basis for noninfringement–that the two algorithms Philips uses for calculating oxygen saturation do not receive the same "time window of data"–is flawed because the asserted claims do not require the use of a particular time window.[42]

---

[36] *Masimo Corp. v. Philips Electronics North American Corp.,* C.A. No. 09-80 LRS-MPT, 2013 WL 1332606 (D. Del. April 2, 2013).
[37] *Id.* at *13.
[38] D.I. 427 at 8.
[39] D.I. 395 at 17-19.
[40] D.I. 427 at 9.
[41] D.I. 501 at 15.
[42] *Id.* at 15-16.

7

The court agrees with Philips. Reasonable invalidity arguments provide a basis for precluding the subjective prong of *Seagate*.[43] Philips asserts it acted primarily with the invalidity of the '984 patent in mind. Philips points to deposition testimony to show Masimo's expert, Dr. Gail Baura, was having difficulty ascertaining anticipating prior art, even after this court had concluded claim construction. Specifically, they point to her reliance on personal interpretation to define the claims in the patent.[44] Masimo's positional shift also speaks to the difficulty interpretation creates when defining claims.[45] Philips presents evidence of different input data for its two calculation techniques, while Masimo's parallel calculations require the same input data, according to Dr. Baura.[46]

Further representing the reasonableness of Philips non-infringement defense is this court's recent ruling.[47] Philips was granted summary judgment on the asserted claims of the '984 Patent on the basis of non-infringement after the court determined the FAST time-domain and frequency-domain calculations were made at separate intervals.[48] Given the reasonableness of the defenses set forth by Philips, this court finds the objective prong of *Seagate* has not been met in regards to wilfulness and the '984 Patent.

### 3. The '272 Patent

---

[43] *Bard Peripheral Vascular, Inc.*, 682 F.3d at 1005 (citing *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed.Cir. 2010).

[44] D.I. 431, Ex. 25 (Baura Depo.) at 270:6-10 ("Q. Is it fair to say that your opinion related to Claim 1 and whether it's anticipated depends entirely on your interpretation of the claim that it requires parallel alternative calculations? A. Well, that's what's stated in the claim.").

[45] D.I. 427 at 9.

[46] D.I. 431, Ex. 25 at 271:9-12 ("A. I'm saying that the data that comes in should be the same data that goes into each calculator, and calculations within each calculator should be made at the same time.")

[47] *Masimo Corp.*, 2013 WL 1332606, at *29.

[48] *Id.* ("As Philips succinctly puts it, '[t]wo seconds is not eight seconds.' Consequently, the court grants Philips' motion for summary judgment of non-infringement of the asserted claims of the '984 patent.").

On the '272 patent, Philips asserts its conduct was not objectively reckless because the asserted claim describes a limitation which, "is nowhere described in the '272 patent," and as such the claims are invalid for lack of written description under 35 U.S.C. § 112.[49] Additionally, while its claim construction proposal for "signal model" was rejected, Philips avers it relied on well-established case law and an explicit definition of a term in the specification, which evidences lack of objective recklessness.[50] Masimo takes issue with Philips proposed definition "signal model" insofar as Philips definition was disclosed in connection with time-domain processing rather than frequency domain processing.[51] Further, the additional examples of "signal models" within the patent did not all fall squarely within the explicit definition used in the patent and further undermines Philips reasonableness argument. Masimo argues Philips' '272 invalidity and noninfringement arguments are baseless because Philip's noninfringement expert, Dr. Robert T. Stone ("Stone"), did not and cannot read Philips' source code.[52] In contrast, Masimo points to its expert, Dr. Gail Baura, who opines Philips' source code establishes infringement.[53]

Philips presents reasonable noninfringement arguments which preclude the subjective prong of *Seagate*. In particular, Philips points to the specific language of the patent regarding a definition of "signal model." Philips, as evidenced by its expert Dr. Stone, believes its products simply do not infringe under the patent's initial definition of

---

[49] D.I. 427 at 9-10.
[50] *Id.* at 11, citing *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1379 (Fed. Cir. 2011).
[51] D.I. 501 at 16.
[52] *Id.* at 17, citing D.I. 503, Ex. 56 at 211:20-212:2.
[53] *Id.*

9

"signal model".[54] While the court ultimately held the '272 Patent disclosed additional examples of signal models which allowed a different claim construction, Philips was objectively reasonable in relying upon the definition explicitly identified in the patent itself. "Consistent with [the] general principle, our cases recognize that the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs."[55] Under this principle, Philips reliance was reasonable and fails to show any objective recklessness on its behalf.

### 4. The '194 Patent

Finally, Philips argues it was not objectively reckless concerning the '194 patent by presenting reasonable, credible invalidity and noninfringement defenses.[56] Philips maintains the scope of the claims of the '194 patent are invalid under 35 U.S.C § 112, since they are overly broad and neither supported nor enabled by the written description.[57] Echoing previous arguments and case citations, Philips claims its reliance on rejected claim constructions is not objectively reckless.[58] In response, Masimo notes Philips merely recites two of its rejected claim construction positions without explaining why those constructions were reasonable, or provide noninfringment defenses.[59]

Philips presents a reasonable defense in its invalidity argument. Primarily, Philips avers the written description fails to specifically describe the processes put forth

---

[54] D.I. 429, Ex 14C (Stone Rpt.) at ¶¶25-34.
[55] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005).
[56] D.I. 427 at 11.
[57] *Id.*
[58] *Id.* at 12.
[59] D.I. 501 at 17-18

in the '194 Patent.[60] In particular, Philips points to the fact that Masimo's products work only with a clean signal and fail to effectively utilize an unclean signal.[61] Philips read the claims to include both clean and unclean signals, claiming the '194 Patent to be overly broad and, therefore, invalid. When questioned by Philips, the inventor Rex McCarthy, acknowledged that his invention only accepted clean signals.[62] The court ultimately agreed with this assessment of disclosure, further evidencing a lack of objective recklessness.[63] Philips also proffered other arguments based on enablement to demonstrate invalidity.[64] While a jury can always choose who to believe at trial, this does not undermine the reasonable nature of Philips' invalidity defense. When a reasonable defense is presented, the objective prong of *Seagate* is generally not met.[65]

### 5. Appropriateness of Summary Judgment on Willfulness

The parties disagree as to the relevance of evidence regarding a parties' state of mind under the first prong of *Seagate*. While Philips considers such evidence irrelevant,[66] Masimo contends, "[e]vidence supporting the existence of a high infringement risk is not irrelevant to the first prong merely because it also may be

---

[60] D.I. 407 at 9-16.
[61] D.I. 427 at 11.
[62] D.I. 433, Ex. 44 (McCarthy Depo.) at 230:13-20 ("Q. All right. And there's no input to the rules-based algorithm in Figure 12 other than a clean spectrum; correct? A. That's correct. Q. And there's no description in Columns 17 to 20 that you just read that suggest feeding the rules-based algorithm anything other than a clean spectrum; correct? A. Correct.").
[63] *Masimo Corp.,* 2013 WL 1332606, at *54 (D. Del.) ("The court determines the specification of the '194 patent does not disclose possession of an invention that can estimate pulse rate utilizing a signal determined to contain motion artifacts. Consequently the asserted claims, which would cover such estimation, are invalid for lack of adequate written description.").
[64] D.I. 407 at 9-16.
[65] *Tarkus Imaging, Inc.*, 867 F. Supp. 2d at 537 ("Because [Philips] asserts credible, reasonable non-infringement theories, the first prong of *Seagate* cannot be satisfied.").
[66] D.I. 600 at 10.

relevant to the defendant's state of mind under the second prong."[67]  In support of its contention, Masimo references the Federal Circuit's decisions in *i4i Limited Partnership*[68] and *K-Tec*[69].  However, as opposed to the case at bar, neither case dealt with summary judgment, but denial of motions for judgement as a matter of law.  Both matters had proceeded through to trial, with jury verdicts returned, and in *i4i*, the Federal Circuit's "review [was] limited and deferential."[70]  Regarding the objective prong of *Seagate*, this court and the Federal Circuit have held the, "state of mind of the accused infringer is not relevant."[71]  In light of such precedent, neither the factors discussed by the Federal Circuit in *i4i* nor evidence regarding a parties' state of mind are relevant to the objective first prong of *Seagate.*

Masimo further argues this court should not grant, "summary judgment on an undeveloped record and without any consideration as to the credibility of witnesses."[72]  A determination of objective reasonableness should be determined, "based on the record ultimately made in the infringement proceedings."[73]  Masimo asserts Philips, "seeks to convince this Court that, merely because Philips filed such motions [for summary judgment], the case is close[d] [sic]."[74]  While the case at bar is not closed, the record on infringement is, as there is no further discovery contemplated or scheduled by the parties regarding infringement.  Masimo's assertion it will, "demonstrate at trial that

---

[67] D.I. 501 at 19.
[68] *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010).
[69] *K-Tec, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012).
[70] *i4i*, 598 F.3d at 839.
[71] *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 416 (D. Del. 2009), quoting *Seagate*, 497 F.3d at 1371.
[72] D.I. 501 at 8.
[73] *Bard*, 682 F.3d at 1008.
[74] D.I. 501 at 8.

Philips' defenses are far more unreasonable than can be established in summary judgment briefing" is irrelevant.[75] Summary judgment on the objective prong is not determined based upon what a party hopes to show at trial, but determined upon, "a single backwards-looking inquiry into the reasonableness of the claims in light of the full record."[76] As the infringement record has been fully developed, and in light of the Federal Circuit's decision in *Bard*,[77] this court is not precluded from granting summary judgment on the objective first prong of *Seagate.*

### B. Damages

Philips moves for summary judgment on the issue of lost profits damages. It proffers two arguments in support: (1) Masimo fails to present any evidence concerning Nonin PureSAT as an unacceptable alternative; and (2) Masimo's damages expert, Mr. Michael Wagner ("Wagner"), has no basis for his damages calculations regarding sensor sales. For the following reasons, Philips' motion for summary judgment is denied.

#### 1. An issue of material fact is present surrounding the acceptability of Nonin PureSAT.

Philips argues, much as it did in its motion to exclude Dr. Timothy J. Quill ("Quill"),[78] Masimo fails to present any competent evidence presenting Nonin PureSAT as an unacceptable non-infringing alternative. Philips correctly states Masimo bears the burden of showing a lack of acceptable non-infringing alternatives.[79] Philips once again

---

[75] *Id.* at 9.
[76] *Highmark Inc. v. Allcare Health Mgmt. Sys.*, 687 F.3d 1300, 1310-11 (Fed. Cir. 2012), citing *iLOR*, 631 F.3d at 1377-78.
[77] *Bard Peripheral Vascular, Inc.*, 682 F.3d at 1008.
[78] D.I. 420.
[79] *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152 (6th Cir. 1978).

13

argues various purported flaws in Quill's testimony: (1) Quill admits he does not know what Philips' customers deem acceptable; (2) his report relies explicitly on a lack of evidence of acceptability; and (3) his supplemental report was untimely. The court has already decided these issues with surgical precision.[80] In regards to these arguments, the court held: (1) Quill may only testify as to the acceptability standards of medical professionals and hospitals, but not to those of Philips' customers generally;[81] (2) Quill may testify a lack of evidence exists, but may not use any lack of evidence as proof of unacceptability;[82] and (3) Quill's supplemental report is excluded in its entirety as untimely.[83]

Philips raises a second argument claiming it has provided insurmountable evidence regarding the acceptability of PureSAT.[84] Philips claims its two experts, Drs. Edward Ochroch and John Eichorn, all offer admissible testimony confirming acceptability. This court recently analyzed their testimony and allowed nearly all testimony regarding the acceptability of PureSAT, barring only statements concerning FDA approvals.[85] The court analyzes Philips' motion in light of these recent rulings.

In order to succeed on its summary judgment motion, Philips must show there is no genuine issue of material fact regarding the acceptability of Nonin PureSAT as a non-infringing alternative. The evidence from both parties has primarily been conveyed through its experts, which have all been limited in regards to this issue. However, no

---

[80] *Masimo Corp. v. Philips Electronics North America Corp.,* C.A. No. 09-80-LPS-MPT 2013 WL 2178047 (D. Del. May 20, 2013).
[81] *Id.* at *10-11.
[82] *Id.* at *11.
[83] *Id.* at *11-12.
[84] D.I. 425 at 13-15.
[85] *Masimo Corp.*, 2013 WL 2178047 at *8.

expert has been completely silenced. While Drs. Ochroch and Eichorn may still testify on the acceptability of PureSAT, Dr. Quill may still testify as to its unacceptability among medical professionals and hospitals. Masimo also presents evidence regarding Masimo CEO Joe Kiani's personal tests of PureSAT which convinced him PureSAT did not read through motion.[86] Similarly, David Baker, a Clinical Support Specialist at Masimo, offers his experience with studies performed by Dr. Nitin Shah which also suggested Nonin PureSAT failed to perform under motion conditions.[87] The jury must decide the weight given each piece of evidence. As the court has already ruled on the experts' testimonies and allowed competing opinions regarding PureSAT's acceptability, Philips' motion for summary judgment is denied.

### 2. Wagner's calculations were held sufficient to satisfy Rule 702.

Philips maintains Wagner failed to use reliable data in order to create the percentages of sensor sales used in his report. This entire argument is a repeat of Philips' attempt to exclude Wagner's expert testimony[88] on the subject of sensor sales.[89] This court recently decided all of the expert witness challenges in this litigation.[90] Regarding Wagner's calculation of sensor sales, this court held his data was reliable and admissible under FED. R. EVID. Rule 702.[91] Because the court has already ruled on this issue, and because Wagner's admissible testimony creates a genuine issue of

---

[86] D.I. 494 (Kiani Decl.) at ¶6 ("In order to confirm that Nonin PureSAT could not measure through motion, I tested Nonin PureSAT myself. I put on a Nonin monitor with PureSAT and ran it under motion conditions. My test confirmed that Nonin PureSAT did not work at all during motion conditions.")
[87] D.I. 493 (Baker Decl.) at ¶¶1-3, Exs. 1 and 2 (Nitin Shah abstracts).
[88] D.I. 422.
[89] D.I. 423 at 4-8.
[90] *Masimo Corp.,* 2013 WL 2178047 (D. Del.).
[91] *Id.* at 21.

15

material fact surrounding lost sensor sales, Philips' motion for summary judgment is denied.

## III.  CONCLUSION

As examined above, Philips has presented legitimate and credible defenses to the infringement claims, as well as presented credible invalidity arguments. As such, Philips has "demonstrate[d] the lack of an objectively high likelihood that [Philips] took actions constituting infringement of a valid patent."[92] Therefore, Philips' motion for summary judgment on willful infringement is granted.

Having ruled on all of the challenges to expert testimony, the court has essentially already decided the outcome of the motion for summary judgment on damages. Since the court will allow experts to testify to divisive positions on the acceptability of Nonin PureSAT, as well as permit Wagner to present his sensor sale analysis at trial, consequently Philips' motion for summary judgment on damages is denied.

## VI.  Order and Recommended Disposition

Consistent with the findings contained in the Report and Recommendation,

IT IS RECOMMENDED that:

1. Philips' motion for summary judgment on no willful infringement (D.I.426) is GRANTED;

2. Philips' motion for summary judgment on damages (D.I. 424) is DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72 (a) and (b), and D. DEL.

---

[92] *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 F. App'x 284, 291 (Fed. Cir. 2008).

LR 72.1, any objections to the Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.

       The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated November 16, 2009, a copy of which is found on the Court's website (www.ded.uscourts.gov.).

Date:  June 14, 2013                      /s/ Mary Pat Thynge
                                             UNITED STATES MAGISTRATE JUDGE