IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-80-LPS-MPT |
| | : | |
| PHILIPS ELECTRONIC NORTH | : | |
| AMERICA CORPORATION and | : | |
| PHILIPS MEDIZIN SYSTEME | : | |
| BÖBLINGEN GMBH, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MASIMO CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-742-LPS-MPT |
| | : | |
| PHILIPS ELECTRONIC NORTH | : | |
| AMERICA CORPORATION and | : | |
| PHILIPS MEDIZIN SYSTEME | : | |
| BÖBLINGEN GMBH, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this 14th day of April, 2014:

1.      As noted in the parties' recent letters (C.A. No. 09-80 D.I. 779, 780)[1], Defendants'
objection to Chief Magistrate Judge Thynge's Report recommending denial of Defendants'
motion for summary judgment of invalidity of Masimo's U.S. Patent No. 7,215,984 (the "'984
patent") remains pending. The Court inadvertently neglected to address this objection in its

---

[1]All citations to the docket index ("D.I.") are to C.A. No. 09-80, unless otherwise noted.

March 31, 2014 Memorandum Opinion (D.I. 776) and Order (D.I. 777). For the reasons stated below, the Court OVERRULES Defendants' objection (D.I. 672), DENIES Defendants' motion for summary judgment of invalidity of the '984 patent (D.I. 394), and ADOPTS Judge Thynge's Report (D.I. 662) with respect to this motion.

2.     On April 2, 2013, Judge Thynge issued a 200-page Report making recommendations as to the disposition of seven summary judgment motions filed by Plaintiff Masimo Corporation ("Masimo" or "Plaintiff") and an additional eight summary judgment motions filed by Defendants Philips Electronic North American Corporation and Philips Medizin Systeme Böblingen GMBH (collectively "Philips" or "Defendants"). (D.I. 662) ("SJ Report") On April 19, 2013, the parties filed their respective objections to the SJ Report (D.I. 672, 674) and responded to those objections on May 6, 2013 (D.I. 696, 697). The Court heard oral argument on the objections on December 2, 2013. (D.I. 774) ("Tr.")

3.     The SJ Report recommended denying Philips' motion for summary judgment of invalidity of all asserted claims of Masimo's '984 patent on the basis of anticipation by the Ukawa and Hall references. As an initial matter, Philips contends that the factual issues Judge Thynge found sufficient to defeat summary judgment were "based entirely on a declaration from Masimo's expert that was provided during summary judgment and directly contradicts her prior expert reports and deposition testimony." (D.I. 672 at 13) Philips' objection to Judge Thynge's consideration of a "new" and purportedly contradictory declaration is reviewed for abuse of discretion, as it constitutes a non-dispositive pre-trial matter. *See* § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *see also* D.I. 776 at

2

17. While Dr. Baura's declaration was presented during the summary judgment phase rather than earlier, Philips fails to identify anything contradictory about it. The Court finds no abuse of discretion.

4. Philips also contends that, even if Dr. Baura's declaration is considered, the Report erred in denying summary judgment based on anticipation because Masimo's distinctions over the Ukawa and Hall prior art references are meritless. The Court reviews the Magistrate Judge's recommended disposition of this case-dispositive motion de novo. (*See* D.I. 776 at 13)

5. The SJ Report identified genuine issues of material fact as to whether the Ukawa reference discloses (i) "a second calculator capable of utilizing a second calculation technique different from the first calculation technique, to determine at least, a second ratio," (ii) a "processing module" distinct from the "second calculator," as required by Claims 1-5, 15, 16, 19, 20, 22, 53, and 54, and (iii) "utilizing at least one of at least first and second calculation techniques to determine a resulting value indicative of the physiological parameter, wherein the utilizing comprises qualifying the value for inclusion," as required by claim 52, 53, and 54. (D.I. 662 at 58-60) The Court agrees these genuine disputes of material fact preclude summary judgment of invalidity.

6. Furthermore, the Court sustained Masimo's objection to the Report's recommendation that Masimo not be permitted to challenge Ukawa's status as prior art to Masimo's '984 patent. (D.I. 776 at 19) There is, then, a material issue as to whether the Ukawa reference constitutes prior art.

7. As for the Hall reference, the SJ Report concluded that there is a genuine issue of material fact as to whether Hall discloses "first and second calculators capable of utilizing first

3

and second calculation techniques" as required by claims 1-5, 15, 16, 19, 20, 22, 53, and 54.

(D.I. 662 at 63) Dr. Baura opined that Hall lacked disclosure of separate first and second

calculators. (D.I. 518 ¶ 12-13) Philips contends that the "bandpass filter" is the "first calculator"

that performs the "first calculation technique," while that same bandpass filter with the added use

of a feedback loop is a "second calculator" that performs a "second calculation technique." (*See,*

*e.g.*, D.I. 429, Ex. 14A, App. C at 11; *see also* D.I. 432, Ex. 36 at 3:21-24; D.I. 395, App. B at 2;

D.I. 429, App. C at 11-12 ("[w]hen [motion] artifact is present, the AGC system is frozen, fixing

the gain level, and the bandpass filter is configured in a feedback loop as illustrated in FIG. 5."))

As the SJ Report correctly points out, Philips' expert, Dr. Stone, relies on language from the Hall

specification that refers to the *same* bandpass filter. (D.I. 662 at 63) Therefore, there remains a

genuine issue of material fact as to whether the same bandpass filter that acts as a first calculator

when no motion artifact is present can also then act as a second calculator when motion artifact is

present and it is reconfigured in a feedback loop.[2]

      8.     With respect to Claim 52, the SJ Report also found a genuine issue as to whether

Hall discloses the "utilizing" limitation relating to "qualifying the value for inclusion." (D.I. 662

at 65) ("Philips fails to explain how Hall qualifies any value for inclusion and states, to the

contrary, Hall discloses the output of the bandpass filter is always used to calculate oxygen

---

    [2]Philips, relying on *Linear Tech. Corp. v. ITC*, 566 F.3d 1049, 1055 (Fed. Cir. 2009), insists that the fact that both calculation techniques utilize some of the same circuitry is irrelevant. But Philips fails to explain how *Linear Tech.* relates to the scope of the claims here – i.e., by arguing the specification of the '984 also lacks a "specific structural requirement" separating the circuits or "expressly discloses that the . . . circuit[s] can share common components." *Id.* (internal punctuation omitted). Therefore, the cited case does nothing to resolve the material factual dispute as to whether the same bandpass filter from the "first calculator," reconfigured to use a feedback loop, properly constitutes a "second calculator."

saturation.") Philips contends Hall discloses "using one calculation when motion is present and using a different calculation when motion is not present." (D.I. 672 at 19)  However, there remain factual disputes at least concerning whether this differentiation occurs as *part* of the first or second calculation technique, or *before* the technique is executed.[3]

Therefore, the Court OVERRULES Philips' objection and DENIES Philips' motion for summary judgment of invalidity of the '984 patent.

UNITED STATES DISTRICT JUDGE

---

[3]On April 11, 2014, Masimo informed the Court that, the previous day, the United States Patent and Trademark Office ("PTO") confirmed the patentability of all asserted claims at issue here in light of both the Hall and Ukawa references, as part of an *ex parte* reexamination. (D.I. 783 Ex. A at 15-17)  Plainly, nothing about that recent action strengthens Philips' case for summary judgment of invalidity.