

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

May 1, 2014

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Mary Pat Thynge
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

> **Re:**    ***Masimo Corp. v. PENAC, at al.*, C.A. No. 09-80-LPS-MPT**

Dear Judge Thynge:

Philips writes concerning Masimo's improper attempt to add new and never-before-asserted claims from a reexamination certificate just issued for U.S. Patent No. 8,128,572 ("the '572 Patent") in the *Masimo II* phase of this case.  Based on the Court's Order to reduce and indentify representative claims (D.I. 647), Masimo identified claims 7, 15, 16, 20, 21, 24, 30, and 31 from the '572 Patent.  However, Masimo voluntarily amended each of those claims during a reexamination proceeding initiated by an unknown third party.  Masimo apparently recognizes that there is no basis to continue to assert its selected representative claims against Philips.[1]  But rather than drop the '572 Patent from *Masimo II*, Masimo now seeks to assert <u>new</u> claims 80, 83, 87, 149, 151, 157, 158, and 161 that it <u>added</u> during reexamination.  *See* Ex. 1 (the '572 Certificate).  This attempt to circumvent the Order on claim reduction, done without good cause late during litigation, and well after an extensive *Markman* hearing, should be rejected and the '572 Patent should be dismissed.

1.    **BACKGROUND**

In *Masimo II*, Masimo originally asserted 95 claims across seven patents, including 24 claims from the '572 Patent.  In an effort to streamline the case prior to *Markman* proceedings, the Court ordered Masimo to select no more than 30 representative claims to proceed with in the litigation. D.I. 647 at 16.

Masimo selected 30 claims and the parties proceeded with discovery and claim construction proceedings after Masimo's selection. Discovery closed June 13, 2013, and the Court issued its Report and Recommendation regarding claim construction on August 29, 2013. D.I. 750.  The parties are currently awaiting Judge Stark's final Order regarding claim construction, which will trigger the deadlines for expert discovery and summary judgment.

Shortly before the Court's Order, an unknown third party (not Philips) requested that the USPTO reexamine every claim of the '572 Patent.  The reexamination was ordered and all 32 claims (including the claims at issue in *Masimo II*) were rejected in April 2013.  Rather than try

---

[1] Original claims no longer exist due to re-exam amendments. *See, e.g.,* 35 U.S.C. §§ 307(b) and 252; *Seattle Box Co. v. Indus. Crating & Packaging, Inc.*, 731 F.2d 818, 827-28 (Fed. Cir. 1984).

The Honorable Mary Pat Thynge
May 1, 2014
Page 2

to defend the validity of its claims, Masimo chose to amend every claim of the patent, including all claims asserted against Philips.[2][3]  *See* Ex. 2 (6/20/2013 Suppl. Amendment).  Soon after Masimo made those amendments, Philips contacted Masimo to request dismissal of the '572 Patent to avoid wasting the Court's and the parties' resources. Philips pointed out that dismissal of the patent would reduce the number of disputed claim terms during *Markman* proceedings. Masimo refused, claiming that Philips' request was "premature" because no reexamination certificate had issued.  *See* D.I. 743, 746 (letters to Court regarding reexamination amendments).

On April 3, 2014, after three amendments by Masimo, the USPTO issued the '572 Certificate with substantive amendments to all 32 of the original claims.  In addition, Masimo added <u>142</u> new claims (claims 33-174) to its patent.  Ex. 1.  On April 16, 2014, Masimo informed Philips that it was "identify[ing] Claims 80, 83, 87, 149, 151, 157, 158, and 161 as representative claims of the reexamined '572 Patent." It alleged that good cause exists for Masimo's change of course because "the amendments made during reexamination raise different invalidity and infringement issues, and the Court's Report and Recommendation regarding the construction of certain claim terms affects the scope of the claims." Philips disagreed with Masimo's position that it could select new representative claims, or that it has good cause to do so, particularly since Masimo elected to add the claims during reexamination rather than fight for the validity of the claims it previously selected to litigate and have this Court to construe.

**2.    ARGUMENT**

**(a)    Masimo Should Not be Permitted to Circumvent the Court's Order**

In its Order regarding claim reduction, the Court emphasized that its purpose of limiting the number of asserted claims was to "streamline the issues" in the case.  D.I. 647 at 12-13.  The Court did not preclude modification of "the limitations imposed on the number of presently asserted claims to 30," but stated that such a modification would require a showing of good cause.  *Id.* at 15.  However, the Court did not allow (or in any way suggest) that Masimo could somehow later add new claims that had never been asserted in the case, much less claims that did not exist at the time of the Order.

Nonetheless, Masimo seeks to add completely new claims to the litigation that were never previously asserted (even before the claim reduction Order) and that did not exist when Masimo chose its representative claims.  This blatant attempt to circumvent the Court's Order should be rejected.  The parties and the Court have already engaged in significant discovery and claim construction related to the claims Masimo did choose.  Now, after Masimo chose to amend its claims to avoid the prior art, it seeks to change course and assert new claims.  This strategy of providing a "moving target" is completely contrary to the Court's purpose of limiting the claims in order to streamline the issues.  Masimo chose to amend its claims and add new claims rather than fight for the validity of the claims it was already litigating.  It should not now benefit in this litigation from that decision in an effort to circumvent the Court's Order.

---

[2] Masimo could have defended the validity of the claims it asserted in this litigation and added new claims during reexamination.

[3] Notably, all of the asserted claims from Masimo's '955 and '952 Patents have also been amended during pending reexaminations. Resolution of the present issue will likely inform how those patents are treated if reexamination certificates ever issue.

The Honorable Mary Pat Thynge
May 1, 2014
Page 3

      **(b)**       **There is No Good Cause to Allow Assertion of Masimo's New Claims**

Putting aside that the Court's Order did not allow for assertion of completely new claims in the first place, Masimo does not have good cause to assert such new claims. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) (holding no good cause shown); *Stamps.com Inc. v. Endica, Inc.*, 437 F. App'x 897 (Fed. Cir. 2011) (same holding). Masimo has not, and cannot, show that it should be entitled to add new asserted claims or change its representative claims.

Indeed, the only basis Masimo has presented is the claim that the new claims present "different invalidity and infringement issues." This is likely based on the language used by the Court in the Order regarding reduction of claims, which stated that it would consider altering its limits on the number of asserted claims or prior art references if there is good cause to do so. D.I. 647 at 15 n.52 ("For example, whether a proposed added claim presents different questions on infringement or validity.").

As discussed above, this statement by the Court is not referring to allowing a party to add claims to the litigation that were not previously asserted.[4] Moreover, there has been no Court ruling or other event beyond Masimo's control that Masimo can use to support why it should be permitted to now change claims. Instead, Masimo alone, put itself in its current predicament by voluntarily giving up the original claims asserted against Philips. Masimo should not be permitted to use its own voluntary actions to provide good cause to change claims simply because it felt the original claims were no longer valid or as strong in view of the prior art.

      **(c)**       **The Addition of New Claims is Prejudicial and Highly Inefficient**

Allowing Masimo to assert entirely new claims now, ten months after the close of fact discovery and over seven months after the Court's Report and Recommendation on claim construction is prejudicial and highly inefficient. Indeed, the new claims 80, 83, 87, 149, 151, 157, 158, and 161 Masimo now seeks to assert include many limitations that were not previously at issue in this case.[5] If these new claims are added to the litigation, the parties and the Court would need to re-do claim construction to account for the new terms mentioned above. Philips has never even had the opportunity to analyze these new limitations because "the combination of

---

[4] If that were the case, a party could seek to add claims, or even a patent, to the case at any time, provided the infringement and validity issues were different from those already presented in the litigation. Indeed, Masimo has filed countless continuation and divisional applications in the '572 Patent family. It appears that Masimo's position is that it could add patents that issue from those applications at any time, regardless of the stage of the case. The effect is the same whether the new claims come from a new continuation or a reexamination. Such a position is nonsensical and contrary to the Court's desire to streamline the litigation.

[5] For example: claims 80 and 83 recite determining pulse rate "*based at least on determining whether to select a frequency corresponding to one of [] at least two frequency peaks based on [an] amplitude comparison*"; claims 80 and 149 require the use of both "*frequency domain processing*" and "*time domain processing*" techniques for calculating pulse rate; claim 87 requires "*determining if an amplitude comparison of at least two frequency peaks in the spectrum fits a determined relationship*"; and claims 149, 151, 157, 158, and 161 require that the determination of pulse rate "*is based on determining whether to select a frequency corresponding to a peak from the plurality of peaks other than a peak that exhibits the greatest amplitude[.]*"

The Honorable Mary Pat Thynge
May 1, 2014
Page 4

elements in [the] claim[s] did not exist in a single claim prior to issuance of the reexamination certificate." *See, e.g., MobileMedia Ideas v. Apple,* C.A. No. 10-258, 2012 WL 5554480, at *2-3 (D. Del. Nov. 15, 2012) (finding prejudice because reexamined claims "have not been vetted through discovery.").

The parties and the Court would also need to reopen discovery to re-do infringement and invalidity contentions as well as re-take depositions of many individuals including, but not limited to, the inventors, business people, and prosecution counsel. *See, e.g., Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp.,* No. C05-03117, 2007 WL 2221029, at *2 (N.D. Cal. July 30, 2007) (finding prejudice from new infringement arguments "would likely derail the case management schedule, require additional claim construction, and delay trial."). Additionally, assertion of the '572 Certificate would introduce completely new issues related to damages implicated by the doctrine of intervening rights. *See, e.g., Laitram Corp. v. NEC Corp.,* 163 F.3d 1342 (Fed. Cir. 1998). The parties cannot just pick up with Masimo's new claims and continue into expert discovery and summary judgment.

### (d)    The '572 Certificate Is Not Even Asserted in this Case

Finally, notwithstanding the dispute over whether Masimo can use the issuance of the '572 Certificate as the basis for changing its representative claims, Masimo has not even sought to amend the complaint to add the '572 Certificate in this case. Of course, any attempt by Masimo now to amend the complaint to add the '572 Certificate should be denied for the same reasons provided herein. More specially, any attempt would be untimely and without good cause, and all of the claims in the '572 Certificate have been substantially amended or are brand new. Further, there is no prejudice to Masimo if it is not permitted to add this new Reexamination Certificate. If Masimo believes it has a basis for asserting the '572 Certificate against Philips, it can file a new litigation making such an allegation.

### 3.    CONCLUSION

Masimo's attempt to introduce any claims from the '572 Certificate well after the close of fact discovery and the issuance of the claim construction Report is an improper attempt to circumvent the Court's Order, done without good cause. Because the original asserted claims of the '572 Patent no longer exist, the '572 Certificate is not in this litigation, and no good cause exists to allow Masimo to amend its Complaint or change its asserted claims, the '572 Patent should be dismissed from this litigation.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/mah
cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (by electronic mail)

1151144/ 33976