IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MASIMO CORPORATION,              )
                                )
            Plaintiff,           )
                                )
       v.                        )    C.A. No. 09-80 (LPS/MPT)
                                )    CONSOLIDATED
PHILIPS ELECTRONICS NORTH        )
AMERICA CORPORATION and PHILIPS  )    **DEMAND FOR JURY TRIAL**
MEDIZIN SYSTEME BÖBLINGEN GMBH,  )
                                )
            Defendants.          )

**MASIMO CORPORATION'S OPPOSITION TO PHILIPS' MOTION FOR LEAVE TO
FILE FIRST AMENDED ANSWER AND SECOND AMENDED COUNTERCLAIMS**

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                    Jack B. Blumenfeld (#1014)
                                    Julia Heaney (#3052)
                                    1201 North Market Street
OF COUNSEL:                         P.O. Box 1347
                                    Wilmington, DE  19899
Joseph R. Re                        (302) 658-9200
Karen Vogel Weil                    jblumenfeld@mnat.com
Jon W. Gurka                        jheaney@mnat.com
Perry D. Oldham                       *Attorneys for Plaintiff, Masimo Corporation*
Michelle E. Armond
KNOBBE, MARTENS, OLSON
   & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-0404

June 9, 2014

# TABLE OF CONTENTS

**Page No.**

I.     SUMMARY OF ARGUMENT ...................................................................................1

II.    STATEMENT OF FACTS ........................................................................................3

III.   ARGUMENT ...........................................................................................................6

      A.     Legal Standards For Leave To Amend ................................................6

      B.     Philips' Inequitable Conduct Defense And Counterclaim Are Futile ....................7

           1.     Philips Has Failed To Allege A Material Misrepresentation Or The Concealment Of Material Information .......................................................7

                  a.     Masimo's Submission Of The Claim-Construction Ruling ...........8

                        i.     As A Matter Of Law, The Submission Of A Claim-Construction Ruling Is Not The Concealment Of That Same Ruling ...............................8

                        ii.    The Patent Office Never Adopted Masimo's Proposed Claim Construction .........................................11

                        iii.   The Patent Office Was Not Bound By This Court's Claim Construction...........................................14

                  b.     This Court's Final Summary Judgment Ruling, Which Never Mentioned Claim Construction, Was Not Material............15

                  c.     Masimo Had No Duty To "Correct" The Patent Office's Non-Existent Claim Construction................................................16

                  d.     Philips' Own Conduct During The Reexamination Confirms The Lack Of Materiality Of Masimo's Alleged Omissions .................................................................................16

           2.     Philips Fails To Allege Facts Sufficient To Require An Inference Of An Intent To Deceive The Patent Office ...........................................17

      C.     Philips' Proposed Amendment Would Be Prejudicial To Masimo ......................19

IV.   CONCLUSION .........................................................................................................20

# TABLE OF AUTHORITIES

**Page No(s).**

*Abbott Labs. v. Johnson & Johnson, Inc.*,
   524 F. Supp. 2d 553 (D. Del. 2007) ...............................................................6

*Akzo v. U.S.I.T.C.*,
   808 F.2d 1471 (Fed. Cir. 1986)....................................................................10

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997).........................................................................6

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009).......................................................................7

*Foman v. Davis*,
   371 U.S. 178 (1962) ........................................................................................6

*Fraser v. Nationwide Mut. Ins. Co.*,
   352 F.3d 107 (3d Cir. 2003).............................................................................6

*Furminator, Inc. v. Kim Laube & Co., Inc.*,
   758 F. Supp. 2d 797 (E.D. Mo. 2010) ............................................................9

*Galderma Labs. Inc. v. Amneal Pharms., LLC*,
   C.A. No. 11-1106-LPS, 2013 WL 5461611 (D. Del. Sept. 30, 2013) ...........19

*Helios Software, LLC v. Awareness Techs., Inc.*,
   C.A. Nos. 11-1259-LPS and 12-081-LPS, 2013 WL 6773658
   (D. Del. Dec. 19, 2013)..................................................................................19

*Innogenetics, N.V. v. Abbott Labs.*,
   512 F.3d 1363 (Fed. Cir. 2008)................................................................10, 11

*Intellect Wireless, Inc. v. HTC Corp.*,
   732 F.3d 1339 (Fed. Cir. 2013)......................................................................16

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*,
   863 F.2d 867 (Fed. Cir. 1988)........................................................................17

*Pettinaro Enters., LLC v. Cont'l Cas. Co.*,
   C.A. No. 09-139-GMS, 2010 WL 4274658 (D. Del. Oct. 29, 2010)
   (motion to amend filed on May 6, 2010, while trial was not scheduled
   until February 14, 2011) ...........................................................................19, 20

*Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*,
   98 F. Supp. 2d 362 (S.D. N.Y. 2000) ............................................................10

## TABLE OF AUTHORITIES
### (cont'd)

Page No(s).

*Rohm & Hass Co. v. Crystal Chem. Co.*,
   722 F.2d 1556 (Fed. Cir. 1983)....................................................................16

*S. Track & Pump v. Terex Corp.*,
   722 F. Supp. 2d 509 (D. Del. 2010) ...............................................................6

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011)........................................................... 7, 17, 18

*In re Trans Texas Holdings Corp.*,
   498 F.3d 1290 (Fed Cir. 2007)............................................................... 14, 15

*Young v. Lumenis, Inc.*,
   492 F.3d 1336 (Fed. Cir. 2007) .....................................................................10

## OTHER AUTHORITIES

35 U.S.C. § 102............................................................................................5

37 C.F.R. § 1.56...........................................................................................9

37 C.F.R. § 1.98...........................................................................................9

Fed. R. Civ. P. 9...........................................................................................7

Fed. R. Civ. P. 12.........................................................................................6

Fed. R. Civ. P. 15.........................................................................................6

Fed. R. Civ. P. 16.........................................................................................6

M.P.E.P. § 2207..........................................................................................17

M.P.E.P. § 2282....................................................................................5, 17

M.P.E.P. § 2286..........................................................................................17

# I.  SUMMARY OF ARGUMENT

Masimo submits this Answering Brief in opposition to Defendants' Motion for Leave to Amend its Answer.  Philips' motion fails because the proposed amendment is futile.  To prove inequitable conduct, Philips has the heavy burden of showing that "but for" an alleged misrepresentation or concealment of information, the '984 Patent would not have been granted. Philips' evidence also must be sufficient to *require* a finding of deceitful intent in light of all the circumstances.

Philips relies entirely upon the circumstances surrounding Masimo's *submission* to the Patent Office of Magistrate Judge Thynge's Report and Recommendation (R&R), which recommended that Philips' motion for summary judgment of invalidity of the '984 Patent be *denied*.  Though it is undisputed that Masimo submitted the full R&R to the Patent Office, Philips complains that Masimo did not affirmatively explain to the Patent Office Magistrate Judge Thynge's reasoning in rejecting Philips' invalidity arguments.  Philips theorizes that if Masimo had only explained Magistrate Judge Thynge's bases for *upholding* the '984 Patent over the prior art, the Patent Office inevitably would have *rejected* the '984 Patent over the same prior art.  This twisted argument is based on a series of legally and factually erroneous assumptions.

First, Philips is wrong as a matter of law when it argues that Masimo was required to *summarize and explain* the R&R.  At most, Masimo was required only to *submit* the R&R to the Patent Office, which Masimo plainly did.  Nothing in the Patent Office's Rules or the case law required Masimo to do more.  Nevertheless, Masimo went two steps further by informing the Patent Office that the R&R contained a construction of the '984 Patent and by identifying the specific pages of the R&R that contained the claim construction.  As a result, Masimo did more than it was required to do.

Second, Philips' assertion that the Patent Office adopted the claim construction that Magistrate Judge Thynge rejected in the R&R is incorrect.  The Patent Office did not reach the claim-construction issue that Magistrate Judge Thynge addressed.  In particular, the Patent Office never decided whether the claims require what the parties have called "alternative parallel calculations."[1]  Instead, the Patent Office concluded for Claim 1 that the prior art did not teach the calculation of two ratios, regardless of when and how those ratios are calculated.  D.I. 806-8 Ex. P at 16.  The Patent Office concluded for Claim 52 that the prior art did not teach "qualifying" a value for inclusion.  *Id.*  The Patent Office further concluded for Claim 53 that the prior art did not teach "utilization based on a property of an intensity signal."  *Id.* at 17.  Consequently, the claim-construction issue relating to "alternative parallel calculations" decided by Magistrate Judge Thynge was completely immaterial to the Patent Office's decisions.

Third, Philips' argument is based on the legally erroneous theory that issue preclusion required the Patent Office to adopt the claim construction set forth in the R&R.  That again is incorrect.  The Patent Office was required to apply the same claim-construction **principles** as a district court, but the Federal Circuit has made clear that the Patent Office may ultimately construe the claims in a different way.  Thus, Philips' assumption that the outcome at the Patent Office would have been different if only Masimo had characterized the R&R is simply wrong.

Philips also argues that Masimo should have submitted the Court's final Summary Judgment Order that adopted the R&R's recommendation.  But Masimo did not object to the R&R's claim construction, and the Summary Judgment Order therefore did not address this claim construction issue.  The Summary Judgment Order merely states that this Court adopted all

---

[1] Further explained in the R&R as "'the same time window of data . . . to go into the first calculator and the second calculator,' and '[b]oth calculations occur at the same time, and then the processing module determines which calculator is right or should be utilized.'"  D.I. 662 at 46.

findings in the R&R to which the parties did not object.  At most, the Summary Judgment Order was merely cumulative of Magistrate Judge Thynge's detailed claim-construction ruling.

Philips also asserts that Masimo should have "corrected" the Patent Office because the Patent Office purportedly adopted a different claim construction than the claim construction adopted by this Court.  However, there was nothing to "correct" because (1) the Patent Office did not adopt a claim construction requiring alternative parallel calculations, and (2) the Patent Office was free to reach a different conclusion than this Court.  Moreover, Philips cites nothing suggesting that Masimo had a duty to "correct" what Philips views as claim construction errors of the Patent Office.

None of these allegations can establish the required "but for" materiality.  Philips essentially argues that, if the Patent Office applied the *same* claim construction as this Court, it would have necessarily reached a *different* conclusion than the Court did in denying Philips' summary judgment motion.  That argument is illogical.  Likewise, Philips' allegation that Masimo intended to deceive the Patent Office fails because Masimo disclosed the R&R and has consistently done more than is required to disclose the details of this litigation.  For example, if Masimo intended to deceive the Patent Office about the R&R's claim construction, Masimo would not have disclosed the R&R to the Patent Office and pointed out the specific pages that discuss the R&R's claim construction.  Accordingly, the Court should deny Philips' motion.

## II. <u>STATEMENT OF FACTS</u>

On August 14, 2012, Philips moved for Summary Judgment of invalidity and non-infringement of the '984 Patent (the "MSJ").  On September 5, 2012, Philips filed an *Ex Parte* Request for Reexamination.  In its request, Philips informed the Patent Office of the present litigation and stated that "Patent Owner has attempted to distinguish its claims from the prior art

solely based on the argument that the prior art does not disclose 'parallel' calculation techniques wherein both calculations are actually performed at the same time based on identical inputs." D.I. 806-4, Ex. H at 5.

In both Philips' MSJ and *Ex Parte* Request for Reexamination, Philips argued that the claims did not require that both calculators calculate a physiological characteristic every time a calculation is performed.  D.I. 395 at 8-9; D.I. 806-4, Ex. H at 5.  Masimo disagreed and argued that the claims at issue cover a system or method that calculates a physiological parameter of the pulsing blood by using two calculators, where each calculator uses a different calculation technique for the same parameter of pulsing blood to process the incoming signals from the same detected light.  D.I. 515 at 5.  In the reexamination, Masimo presented a consistent argument during an interview on February 8, 2013 and in a response dated March 25, 2013.  D.I. 806-7, Ex. L at 2; D.I. 806-7, Ex. N at 22.  In its response, Masimo specifically identified Philips' pending Motion for Summary Judgment which argued a contrary position, and disclosed that no ruling had been issued.  D.I. 806-7, Ex. N at 18.

After Masimo filed its response in the reexamination, Magistrate Judge Thynge issued her R&R on April 2, 2013.  D.I. 662.  In the R&R, Magistrate Judge Thynge rejected Philips' invalidity arguments and recommended denial of Philips' MSJ.  On April 19, 2013 Masimo filed its objections to the R&R and chose not to object to Magistrate Judge Thynge's claim construction.  D.I. 674.  On April 29, 2013, Masimo submitted an Information Disclosure Statement ("IDS") to the Patent Office for the specific purpose of calling the Patent Office's attention to the R&R.  The IDS included the R&R, the parties' objections to the R&R, and nothing else.  D.I. 806-8, Ex. O.  Masimo also explained and highlighted portions of the R&R that discussed the '984 Patent:

> The *Report and Recommendation* discusses the motions for summary judgment, including invalidity and noninfringement, of the '984 Patent at least on pages 35 through 70.  The discussion of 35 U.S.C. § 102 and Ukawa can be found at least on pages 51 through 60.  The discussion of 35 U.S.C. § 102 and Hall can be found at least on pages 60 through 65.
>
> In the *Report and Recommendation*, Magistrate Thynge construed claim elements of the '984 Patent.  These claim constructions can be found at least on page 42 through 51 of the *Report and Recommendation*.

D.I. 806-8, Ex. O at 2-5.  Because Masimo chose not to object to the R&R's construction of the '984 Patent, this Court affirmed Magistrate Judge Thynge's claim construction without comment in its Summary Judgment Order issued on March 31, 2014.  D.I. 777 at ¶ 4.

During the reexamination, Philips was apparently satisfied with Masimo's submission of the R&R.  Philips had the right to inform the Patent Office of relevant developments in the litigation, a right of which it was reminded by the Patent Office on multiple occasions.  *See* M.P.E.P. § 2282; D.I. 806-6, Ex. I at 20; D.I. 806-6, Ex. K at 35; 806-8, Ex. P at 20.  Philips chose not to do so.  In the months that followed issuance of the R&R, Masimo filed six additional IDSs providing updates to the present litigation, potentially relevant documents from prior litigations, and other references.  *See* Exs. 3-8.  Philips again submitted nothing.

On April 10, less than two weeks after this Court's final summary judgment ruling, the Patent Office issued its Notice of Intent to Issue *Ex Parte* Reexamination Certificate ("NIRC").  The Patent Office found it unnecessary to address Masimo's argument that the claims require two alternative parallel calculators.  Instead, the Patent Office relied on other arguments that distinguished the prior art.  For example, the Patent Office explained that the prior art disclosed computation of only a single ratio, instead of the two ratios required by the claims:

> Despite … the teaching of the two methods of obtaining the oxygen saturation, Hall does not specifically teach that each calculation results in a ratio.  Consequently, ***Hall does not explicitly teach two ratios but instead only mentions one ratio*** in column 1, line 45.  Accordingly, rejection of claim 1 in view of Hall has been withdrawn.

D.I. 806-8, Ex. P at 16 (emphasis added).  With respect to Claim 52, the Patent Office explained:

> The Examiner agrees with the Patent Owner that *Hall does not explicitly teach qualifying values* for inclusion based on a property of the one or more intensity signals.

D.I. 806-8, Ex. P at 17 (emphasis added).  With respect to Claim 53, the Patent Office explained:

> The Examiner agrees with the Patent Owner that *EP '923 does not explicitly teach utilizing calculation technique based on a property of the one or more intensity signals*.  EP '923 teaches using intensity signals to calculate oxygen saturation (page 6, line 45), however he does not explicitly teach that the calculation technique is selected based on those signals.

D.I. 806-8, Ex. P at 18 (emphasis added).  These findings were not in any way inconsistent with this Court's claim-construction ruling.

## III. <u>ARGUMENT</u>

### A.   <u>Legal Standards For Leave To Amend</u>

Philips concedes that the deadline for filing a motion to amend the pleadings in this case has passed.  *See* Motion at 7.  Accordingly, as Philips also concedes, Philips must meet two separate requirements to be granted leave to amend.  First, Philips must show that good cause exists under Fed. R. Civ. P. 16(b)(4) for amending the Scheduling Order.  *S. Track & Pump v. Terex Corp.*, 722 F. Supp. 2d 509, 520-21 (D. Del. 2010).  Second, Philips must satisfy Rule 15's standard for amending a pleading.  *Id.*  While the courts have adopted a liberal policy toward amendment of pleadings under Rule 15(a), such amendments are not automatic.  *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007).  The Court has discretion to deny leave to amend in several circumstances, including undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

An amendment is futile if it does not meet the standards of legal sufficiency under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *In re Burlington Coat Factory Sec. Litig.*, 114

F.3d 1410, 1434 (3d Cir. 1997). Here, Philips' attempt to add an inequitable conduct defense and counterclaim is futile. Philips' motion is based entirely upon several distinct misstatements of the law as well as a misstatement of the reexamination file history on which it purports to rely. Additionally, Philips' motion should be denied because of the prejudice to Masimo.

**B.     Philips' Inequitable Conduct Defense And Counterclaim Are Futile**

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO [Patent and Trademark Office]." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Because intent and materiality are separate elements, a strong showing on one element cannot compensate for an insufficient showing on the other. *Therasense*, 649 F.3d at 1290. Accordingly, "a district court may not infer intent solely from materiality." *Id.* Additionally, to plead an allegation of inequitable conduct, an accused infringer must comply with Rule 9(b) by alleging the specific who, what, when, where, and how of the material misrepresentation or omission. *Exergen Corp.*, 575 F.3d at 1327.

**1.     Philips Has Failed To Allege A Material Misrepresentation Or The Concealment Of Material Information**

Information is "material" only if the disputed patent would not have been granted "but for" the information being withheld from the Patent Office. *Therasense*, 649 F.3d at 1291. Philips appears to allege three acts or omissions by Masimo that it contends were material. First, Philips alleges that Masimo concealed this Court's claim construction from the Patent Office by

failing to describe the claim construction to the Patent Office, even though Masimo submitted the R&R, and pointed out the specific pages of the R&R containing the claim construction. Second, Philips alleges that Masimo should have submitted this Court's Order on Summary Judgment, even though it contained no discussion of Magistrate Judge Thynge's construction of the '984 Patent.   Third, Philips alleges that Masimo should have "corrected" the Patent Office after it purportedly applied a different claim construction than this Court, even though the Patent Office's determination of validity was consistent with this Court's claim construction.  *See* D.I. 806 at 12.   Philips' inequitable conduct allegations do not meet the Federal Circuit's high standard of materiality.

### a.  Masimo's Submission Of The Claim-Construction Ruling

Philips' primary allegation is that Masimo committed inequitable conduct by disclosing this Court's claim-construction ruling to the Patent Office without an accompanying explanation of that ruling.  It is apparently Philips' view that Masimo constructively withheld this Court's claim-construction ruling from the Patent Office by not explaining the ruling for the Patent Office.  Philips is wrong as a matter of law for at least three reasons.

### i.  As A Matter Of Law, The Submission Of A Claim-Construction Ruling Is Not The Concealment Of That Same Ruling

Philips admits that Masimo disclosed the R&R to the Patent Office and even "pointed out the section of the R&R that dealt with the '984 Patent." D.I. 806 at 5.  In fact, Masimo further pointed out that the R&R included claim constructions and directed the PTO to the specific pages of the R&R that relate to this Court's construction of the '984 Patent.  D.I. 806-8, Ex. O at 5 (citing and describing Pages 42-51 of the R&R).   Philips argues, however, that Masimo nevertheless failed in some sense to disclose this Court's claim construction to the Patent Office.  According to Philips, a true disclosure of this Court's claim-construction ruling would require

Masimo to submit an explanation of the claim-construction ruling to the Patent Office and recant all prior arguments to the Patent Office that differed from this Court's construction.  *See*, *e.g.*, D.I. 806 at 1, 5, 12.  Philips cites no authority for this proposition, and there is none.

An applicant's duty of disclosure is "deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98."  37 C.F.R. § 1.56(a).  Under 37 C.F.R. § 1.98, an applicant is only required to provide a statement of the relevance of a reference if the reference is not in English.  *See* 37 C.F.R. § 1.98(a)(3)(i); *see also* M.P.E.P. 609.04(a)(III) ("The requirement for a concise explanation of relevance is limited to information that is not in the English language").  Thus, Masimo went above and beyond its obligations by, not only submitting the R&R and disclosing that it addresses claim construction, but also directing the Patent Office to the specific pages addressing Magistrate Judge Thynge's claim construction. D.I. 806-8, Ex. O at 5.

Not surprisingly, the case law is consistent with the Patent Office's regulations and holds that an applicant fulfills its duty to the Patent Office by submitting material references without summarizing or characterizing those references for the Patent Office.  *Furminator, Inc. v. Kim Laube & Co., Inc.*, 758 F. Supp. 2d 797, 825-26 (E.D. Mo. 2010), is directly on point.  There, as here, the patentee submitted to the Patent Office "litigation documents" including "pleadings, motions, rulings, etc."  *Id*. at 825.  The defendant alleged that the patentee was obligated to go further and submit "a written summary of what issues in the litigation were and how the documents that were being supplied to the patent office related to those issues."  *Id.* at 825-26. The court rejected this argument outright because the defendant could not identify any statute or regulation imposing a duty to summarize litigation documents for the Patent Office.  *Id.* at 826.

*See also Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F. Supp. 2d 362, 396 (S.D. N.Y. 2000) (applicant had no duty to explain relevance of information submitted in IDS).

The Federal Circuit's cases similarly hold that a patentee is to be judged by the information it submits to the Patent Office, not by how it characterizes that information. For example, in *Akzo v. U.S.I.T.C.*, 808 F.2d 1471, 1481-82 (Fed. Cir. 1986), the patentee submitted two prior art references to the Patent Office. The defendant argued that the patentee nevertheless committed inequitable conduct because it allegedly described the references inaccurately to the Patent Office. The Federal Circuit summarily rejected this argument for the simple reason that the disputed prior art was before the Patent Office. *Id*. at 1482. "The examiner was free to reach his own conclusion regarding the [patented] process based on the art in front of him." *Id*.

Likewise, in *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1379 (Fed. Cir. 2008), the patentee submitted a reference and an international search report indicating that the reference was "problematic" in a co-owned European application. However, in the accompanying prior art statement, the prosecuting attorney stated that "the references do not relate to the invention and, therefore, further discussion of the same is not necessary," even though he later admitted that he had not actually examined the references. *Id.* Nevertheless, the Federal Circuit held that his statements "amounted to mere attorney argument" and that the examiner "was free to accept or reject the patentee's arguments distinguishing its invention from the prior art." *Id.*; *see also Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007).

Here, Philips alleges that it was somehow misleading for Masimo ***not*** to characterize this Court's claim-construction ruling to the Patent Office. However, as in *Akzo* and *Innogenetics*, the Patent Office was free to reach its own conclusion about the significance of this Court's claim construction because Masimo submitted the R&R to the Patent Office. In short, as in *Akzo*

and *Innogenetics*, no material information was withheld.

### ii.     The Patent Office Never Adopted Masimo's Proposed Claim Construction

Philips' materiality allegation fails for a second reason as well.  Philips asserts – repeatedly and emphatically – that the Patent Office adopted the claim construction that Masimo advocated but this Court rejected. [2]   Indeed, this assertion is the foundation for Philips' inequitable conduct allegation.  According to Philips, when the Patent Office supposedly adopted a claim construction that differed from this Court's construction, Masimo had an affirmative duty to describe those differences to the Patent Office.  However, Philips' premise is wrong again. The Patent Office had no need to address the claim-construction dispute that this Court resolved because the Patent Office relied upon other bases for distinguishing the prior art.  Accordingly, the Patent Office avoided construction of the disputed terms altogether.

Before the issuance of the R&R, Masimo presented four claim construction arguments to the Patent Office:  1) the claims require both calculators to operate in parallel (D.I. 806-7, Ex. N at 22-26); 2) the claims require each calculator to use a different technique (*id.* at 27-30); 3) the claims require each calculator to receive intensity signals that overlap in time (*id.* at 31-32); and 4) the claims require each calculator to output a value to the processing module (*id.* at 33-34).[3]

---

[2] *See* D.I. 806 at 1 ("adopting Masimo's arguments that had been rejected by the Court"), 5 ("the NIRC indicates that the PTO confirmed the claims based entirely on the claim interpretation argued by Masimo"), 6 ("the PTO's NIRC … explicitly states it was confirming the claims based on the interpretation of the claims rejected by this Court"), 10 ("The PTO ultimately adopted Masimo's interpretation of the claims and confirmed the claims based on that interpretation, as stated in the NIRC"), 12 ("the examiner made clear in the NIRC that she was confirming the claims based on Masimo's rejected claim interpretation"), 17 ("the patent examiner made absolutely clear she was confirming the claims based on Masimo's rejected claim construction").

[3] Philips' repeated assertion that Masimo presented only one claim construction argument to the Patent Office is, once again, simply false.

In addition to these four claim construction arguments, Masimo provided additional validity arguments that were specific to each of the independent claims.  For example, Claim 1 recites "a first calculation technique to determine at least a *first ratio*" and "a second calculation technique to determine at least a *second ratio*."  Masimo argued to the Patent Office that the prior art disclosed only a single ratio.  D.I. 806-8, Ex. N at 48 ("A single ratio from the same bandpass filter cannot be *both* the first calculator and the second calculator and provide both first and second ratios, as required by Claim 1.") (emphasis in original).

Claim 52 includes the additional limitation of "qualifying the value for inclusion." Masimo argued to the Patent Office that the prior art did not meet this limitation.  D.I. 806-8, Ex. N at 51 ("The Office Action fails to explain how Hall qualifies any value for inclusion.")  Claim 53 includes a limitation that a utilization of at least one of the calculators to determine a resulting value was "based at least in part on a property of the one or more intensity signals."  Masimo explained to the Patent Office that the prior art did not disclose utilization based on a property of an intensity signal.  *Id.* ("Hall, however, discloses that the bandpass filter is always utilized, and does not disclose utilization based on a property of an intensity signal.")

Shortly after Masimo made these arguments to the Patent Office, Magistrate Judge Thynge issued the R&R.  D.I. 662.  The Court agreed with Masimo's second claim construction argument made to the Patent Office, and stated "the claim requires:  (1) a first calculator capable of utilizing (2) a first calculation technique and (3) a second calculator capable of utilizing (4) a second calculation technique."  D.I. 662 at 63.  On this basis, the R&R recommended denying Philips' motion for summary judgment of invalidity.  D.I. 662 at 51-65.

Masimo submitted the R&R to the Patent Office for consideration shortly thereafter. Nothing required that Masimo specifically explain the Court's analysis to the Patent Office, and

the best source for any explanation would be the R&R itself.  Accordingly, Masimo directed the Patent Office to the specific pages of the R&R that related to the '984 Patent:

> The *Report and Recommendation* discusses the motions for summary judgment, including invalidity and noninfringement, of the '984 Patent at least on pages 35-70. . . . In the *Report and Recommendation*, Magistrate Thynge construed claim elements of the '984 Patent.  These claim constructions can be found at least on page 42 through 51 of the *Report and Recommendation*.

D.I. 806-8, Ex. O at 5.

Nearly a year later, the Patent Office acted on Masimo's response to the office action and confirmed the patentability of the claims of the '984 Patent.  D.I. 806-8, Ex. P.  Notably, the Patent Office did not rely upon any of Masimo's claim-construction positions that had been rejected in the R&R.  Instead, the Patent Office focused on limitations that were unrelated to those rejected claim-construction positions.

For example, the Patent Office determined that the prior art Sperinde reference failed "to teach two different techniques for calculating values representative of at least one physiological characteristic of the pulsing blood."  D.I. 806-8, Ex. P at 19.  This Patent Office finding is entirely consistent with the determination in the R&R that "the claim requires:  (1) a first calculator capable of utilizing (2) a first calculation technique and (3) a second calculator capable of utilizing (4) a second calculation technique."  D.I. 662 at 63.

With respect to the remaining prior art references, the Patent Office did not rely upon the general claim-construction positions that were rejected in the R&R.  Rather, the Patent Office adopted arguments related to the unique limitations of the independent claims.  For example, the Patent Office determined with respect to Claim 1 that the prior art did not teach two ratios.  *See*, *e.g.*, D.I. 806-8, Ex. P at 14 ("Corenman teaches only a single ratio . . . in contrast to the two ratios required in claim 1."); D.I. 806-8, Ex. P at 16 ("Hall does not explicitly teach two ratios

but instead only mentions one ratio . . . ."); 806-8, Ex. P at 17 (In the EP '923 reference, "it is not inherent that both calculations would determine a ratio as required by claim 1.")

The Patent Office determined with respect to Claim 52 that the prior art did not qualify values for inclusion.  *See*, *e.g.*, D.I. 806-8, Ex. P at 17 ("Hall does not explicitly teach qualifying values for inclusion based on a property of the one or more intensity signals.")

The Patent Office determined with respect to Claim 53 that the prior art did not teach utilizing a "calculation technique based on a property of the one or more intensity signals."  D.I. 806-8, Ex. P at 18.

In short, the Patent Office determined that all of the claims of the '984 Patent were patentable over the prior art, and those determinations were independent of any construction that was ultimately rejected in the R&R.  Philips' assertion that the Patent Office relied upon the claim construction arguments rejected by this Court is unequivocally wrong.

### iii.     The Patent Office Was Not Bound By This Court's Claim Construction

Philips' "but-for" materiality argument is based on still another false premise.  Without citing any authority, Philips assumes that the Patent Office is obligated to apply this Court's claim construction.  D.I. 806 at 13-14.  Thus, Philips suggests, if only Masimo had summarized this Court's claim construction, the Patent Office inevitably would have adopted that same claim construction and invalidated Masimo's patent claims.

Once again, this is not correct.  While the Patent Office is required to apply the same claim-construction ***principles*** as a district court, the Patent Office is free to reach a different conclusion if it was not a party to the district court litigation.  *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1297 (Fed Cir. 2007) (affirming the Patent Office's refusal to apply a district court's claim construction to the office's later *ex parte* reexamination of the same patent).  The

Federal Circuit reasoned that "[i]ssue preclusion is not warranted in this case because the PTO was not a party to the earlier litigation." *Id.* at 1297. In short, there is simply nothing wrong with the Patent Office coming to a different conclusion than a court on claim construction. Thus, Philips cannot establish that the Patent Office would have adopted this Court's claim construction but for Masimo's supposed "failure" to summarize that claim construction for the Patent Office.

Moreover, Philips' position is ironic at best. Philips baldly asserts that "the patent examiner would not have confirmed the claims" if the Patent Office applied this Court's claim construction. D.I. 806 at 14. But Philips ignores the fact that this Court denied Philips' MSJ with respect to invalidity of the '984 Patent. D.I. 787. Philips is essentially asserting that if the Patent Office applied the ***same*** claim construction as this Court, it necessarily would have reached a ***different*** conclusion than the Court did in ruling on Philips' MSJ. This self-contradictory assertion fails to state a claim.

### b. This Court's Final Summary Judgment Ruling, Which Never Mentioned Claim Construction, Was Not Material

Philips also asserts that Masimo's "failure" to submit the Court's final Summary Judgment Order was an omission of a material fact. D.I. 806 at 14. However, the Summary Judgment Order was not material because it did not substantively address the '984 Patent's claim construction. Instead, it simply adopted the R&R's claim construction because Masimo did not object. D.I. 777 at ¶ 4. As stated in the Summary Judgment Order:

> The Court ADOPTS all of Chief Magistrate Judge Thynge's Reports and Recommendations regarding Summary Judgment, *Daubert*, and Damages to the extent not objected to and to the extent any objections have been deemed waived for the reasons explained in the opinion.

*Id.* Philips fails to explain how this paragraph is at all material or would have aided the Patent Office in any way. At best, the order is cumulative of the R&R that Masimo submitted.

**c.  Masimo Had No Duty To "Correct" The Patent Office's Non-Existent Claim Construction**

Philips also argues that Masimo failed to "correct" the Patent Office's "erroneous interpretation of the claims" contained in the NIRC.  D.I. 806 at 15; *see also id*. at 12.  This argument, too, is based on a series of false premises.  It assumes that the Patent Office adopted an interpretation of the claims inconsistent with this Court's later construction, which it did not.  This argument assumes that the Patent Office was bound to follow this Court's claim construction, which it was not.  And it assumes that Masimo had a duty to do something more than submitting all material information to the Patent Office, which it did not.  In short, there was nothing for Masimo to "correct."

Additionally Philips' assertion that Masimo's supposed omission rises to the level of "affirmative egregious misconduct" is wholly without merit.  Philips alleges only that Masimo should have taken action to "correct" the Patent Office, but fails to allege any affirmative conduct whatsoever.  As is apparent from Philips' own authorities, "affirmative egregious misconduct" requires more than mere inaction.  *See Rohm & Hass Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1572-73 (Fed. Cir. 1983) (applicant submitted false data in an affidavit and failed to cure the misconduct); *see also Intellect Wireless, Inc. v. HTC Corp.*, 732 F.3d 1339, 1343-44 (Fed. Cir. 2013) (applicant submitted false statements and failed to cure the misconduct).

**d.  Philips' Own Conduct During The Reexamination Confirms The Lack Of Materiality Of Masimo's Alleged Omissions**

Philips' own conduct during reexamination demonstrates that even Philips did not consider Masimo's alleged omissions to be material.  In fact, Philips' conduct demonstrates that its inequitable conduct allegation is a ginned-up attempt to make an issue where there is none.

If Philips truly believed that Masimo failed to submit material information to the Patent Office, Philips could have submitted that information itself.  Indeed, the Patent Office reminded

Philips at the onset of the reexamination, in the first office action, and even in the NIRC, of its ability to submit relevant documents related to the ongoing litigation between Masimo and Philips.  *See* D.I. 806-6, Ex. I at 20; D.I. 806-6, Ex. K at 35; 806-8, Ex. P at 20.  As the Patent Office explained to Philips:

> The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP § 2207, 2282 and 2286.

*Id.*  M.P.E.P. § 2282, in turn, provides:

> [T]he Office will, at any time, accept from any parties, for entry into the reexamination file, copies of notices of suits and other proceedings involving the patent and copies of decisions or papers filed in the court from litigations or other proceedings involving the patent.  Such decisions include final court decisions (even if the decision is still appealable), decisions to vacate, decisions to remand, and decisions as to the merits of the patent claims.

Rather than submit the information it claims was missing, Philips chose to wait for the Patent Office to issue the Reexamination Certificate and then accuse Masimo of inequitable conduct.  Philips should not be permitted to complain that Masimo did not provide enough information about this litigation when it chose not to provide the information itself.

## 2.     Philips Fails To Allege Facts Sufficient To Require An Inference Of An Intent To Deceive The Patent Office

To prove intent to deceive the Patent Office, the evidence "must be sufficient to ***require*** a finding of deceitful intent in the light of all the circumstances."  *Therasense*, 649 F.3d at 1290 (emphasis provided by the court) (quoting *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 873 (Fed. Cir. 1988)).  Thus, if multiple reasonable inferences may be drawn from the evidence, deceptive intent cannot be found.  *Id.* at 1290-91.  Here, Philips alleges that Masimo must have deliberately failed to inform the Patent Office of this Court's actions "with the intent to deceive the PTO into confirming the claims of the '984 Patent."  D.I. 806 at 17.  But that is simply a conclusion that does not have any factual basis.  In contrast, the facts show that

Masimo intended to provide and did provide all relevant information to the Patent Office.

Philips argues that "Masimo's Representatives had multiple opportunities to make sure the patent examiner was aware of the Court's interpretation of the asserted claims of the '984 Patent, but ***never did so***." D.I. 806 at 17.  That is simply incorrect.  As addressed above, Masimo submitted the R&R, told the PTO that it included findings on claim construction and identified the nine pages that contained Magistrate Judge Thynge's claim construction.  D.I. 806-8, Ex. O at 5.  If Masimo truly intended to deceive the Patent Office by hiding the Court's claim construction, it would not have directed the Patent Office to the nine pages containing the relevant claim construction.  In fact, Masimo submitted IDS after IDS during the reexamination proceedings to keep the Patent Office informed.  *See, e.g.,* D.I. 806-8, Ex. O; Exs. 1-8.  Philips provided nothing to the PTO.  In short, the undisputed facts show that Masimo intended to provide and did provide all potentially relevant information to the Patent Office.  These indisputable facts are irreconcilable with an intent to deceive.

Finally, Philips relies on an unpublished pre-*Therasense* case where a claim-construction ruling for one patent was not submitted to the Patent Office during the examination of another patent.  *See* D.I. 806 at 18 n.8.  That case is not applicable here.  First, the holding of inequitable conduct was based on a failure to submit a claim construction order to the Patent Office.  Here, Masimo ***did*** submit the R&R to the Patent Office, and even identified the specific pages that related to claim construction.  Second, the holding of inequitable conduct was based on a different standard than would be applied today.  Under *Therasense*, the asserting party must establish "but-for" materiality, which means "the PTO would not have allowed a claim had it been aware of the undisclosed prior art."  *Therasense*, 649 F.3d at 1291.  Here, as discussed above, the claim construction rejected by the R&R was irrelevant to the determination of

patentability by the Patent Office. Accordingly, even if Masimo would have expressly repeated the construction from the R&R instead of citing to the pages for the claim construction, it would not have altered the outcome of the examination.

**C.** **Philips' Proposed Amendment Would Be Prejudicial To Masimo**

Contrary to Philips' assertion, Masimo would be significantly prejudiced if Philips were permitted to pursue its meritless inequitable conduct defense at this late date. Trial is scheduled to begin on September 15, 2014, and the Pretrial Conference is scheduled for August 28, 2014. D.I. 799 and 804. In the meantime, the parties are engaged in pretrial preparation and will be exchanging exhibit lists, deposition designations, the proposed pretrial order, jury instructions, voir dire, and verdict forms throughout July and August of 2014. Attending to document production and multiple depositions at this late date would be a major distraction when the parties should be focused on preparing the case for trial. Philips' authorities did not address these concerns because each motion to amend in the cases cited by Philips was filed far earlier in the proceeding than Philips' present motion. *See Galderma Labs. Inc. v. Amneal Pharms., LLC*, C.A. No. 11-1106-LPS, 2013 WL 5461611, at *2 (D. Del. Sept. 30, 2013) (motion to amend filed more than one year before trial was scheduled to begin); *Helios Software, LLC v. Awareness Techs., Inc.*, C.A. Nos. 11-1259-LPS and 12-081-LPS, 2013 WL 6773658, at *2 (D. Del. Dec. 19, 2013) (trial date had "not yet been scheduled and is likely several months away"); *Pettinaro Enters., LLC v. Cont'l Cas. Co.*, C.A. No. 09-139-GMS, 2010 WL 4274658, at *3 (D. Del. Oct. 29, 2010) (motion to amend filed on May 6, 2010, while trial was not scheduled until February 14, 2011).

Additionally, while Philips contends that only "limited additional discovery" would be required, Philips' own words indicate that would not be the case. Philips admits that it would request four separate depositions, including the deposition of Masimo's CEO and three of

Masimo's attorneys, as well as an unspecified amount of document discovery.  D.I. 806 at 19.

Without knowing what type of documents Philips would be requesting and from whom it would

be requesting them, Philips' assertion that "relevant documents **should** be easily accessible" is

merely an unsupported conclusion.  *See id.*  The truth is, Philips' request for "limited additional

discovery" is anything but limited and may result in significant delay and distraction when the

parties should be preparing for trial.

Especially in view of the meritless nature of Philips' allegations, this motion is a

transparent attempt to distract Masimo from preparing for trial.  Thus, this Court also should

deny Philips' motion because Masimo would be prejudiced if Philips were permitted to add such

baseless allegations on the eve of trial.[4]

## IV.  CONCLUSION

Philips' inequitable conduct allegation is futile and indeed frivolous.  Philips' assertion that

Masimo somehow withheld this Court's claim construction from the Patent Office by submitting

it to the Patent Office defies common sense, Patent Office regulations, and the case law.

Accordingly, Philips' Motion for Leave to Amend Answer should be denied.

---

[4] In a footnote at the end of its brief, Philips reveals that it plans to try its inequitable conduct defense regardless of how this Court rules on the present motion.  As Philips stated, "Philips also intends to try its unclean hands defense in view of the same facts alleged in its proposed Amended Answer."  D.I. 806 at 20 n.9.  This tactic would be wholly improper.  As Philips concedes, it was required to plead the facts underlying its inequitable conduct defense with specificity.  *Id.* at 9.  However, Philips' unclean hands defense was pled in conclusory fashion, with no reference to the factual allegations now before the Court.  In addition, Philips dropped its unclean hands defense in the April 10, 2014 Status Report filed with this Court, listing laches as its only equitable defense.  *See* D.I. 782 at 2.  Finally, it would be unseemly at best for Philips to try an inequitable conduct defense under another name if this Court were to reject Philips' attempt to amend its pleadings.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

OF COUNSEL:

Joseph R. Re
Karen Vogel Weil
Jon W. Gurka
Perry D. Oldham
Michelle E. Armond
KNOBBE, MARTENS, OLSON
   & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-0404

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Plaintiff, Masimo Corporation*

June 9, 2014

8302019

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 9, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on June 9, 2014, upon the following in the manner indicated:

<u>**BY E-MAIL**</u>

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
Fax: (302) 658-1192

<u>**BY E-MAIL**</u>

Alan M. Grimaldi
Brian A. Rosenthal
Ann Marie Duffy
Brian K. Andrea
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006
agrimaldi@mayerbrown.com
brosenthal@mayerbrown.com
aduffy@mayerbrown.com
bandrea@mayerbrown.com
Fax: (202) 263-3300

Steven Yovits
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
syovits@mayerbrown.com

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)