IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASIMO CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-80-LPS-MPT |
| | : | |
| PHILIPS ELECTRONIC NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | : : : : | |
| | : | |
| Defendants. | : | |
| MASIMO CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-742-LPS-MPT |
| | : | |
| PHILIPS ELECTRONIC NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | : : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

1.  Defendants Philips Electronic North American Corporation and Philips Medizin Systeme Böblingen GMBH (collectively, "Philips" or "Defendants") move for reargument of the Court's March 31, 2014 Memorandum Order (D.I. 777), in which the Court overruled Philips' objection that claims 15, 16, 19, 20, 53, and 54 of U.S. Patent No. 7,215,984 are not infringed. (D.I. 784)  Plaintiff Masimo Corporation ("Masimo" or "Plaintiff") also moves for reconsideration of the Court's Order (D.I. 777), in which it sustained Defendants' objection that Defendants did not infringe any of the asserted claims of U.S. Patent No. 5,632,272.

2. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Having reviewed the parties' submissions (D.I. 784, 786, 793, 794), the Court concludes that neither Plaintiff nor Defendants have met the heavy burden required by their respective motions. With respect to Philips' motion, the Court did not misunderstand Philips' argument, but instead rejected it, concluding that the processing modules need not perform one

of the three additional functions identified by Philips but may instead utilize a calculator to perform these functions. With respect to Masimo's motion, the Court agrees with Philips that it did object to the entirety of the recommendation that Philips' motion for summary judgment of non-infringement of Masimo's '272 patent be denied, so Masimo's requested clarification to limit the Court's grant of summary judgment only to literal infringement must be denied. Additionally, the Court disagrees with Masimo's contention that footnote 28 of the Memorandum Opinion somehow demonstrates that the Court's reasoning for granting Philips' motion for summary judgment should be reconsidered.

Accordingly, IT IS HEREBY ORDERED THAT:

A. Defendants' motion for reargument (D.I. 784) is DENIED.

B. Plaintiff's motion for reconsideration (D.I. 785) is DENIED.

July 2, 2014

UNITED STATES DISTRICT JUDGE