

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

July 31, 2014

**BY CM/ECF & HAND DELIVERY**

The Honorable Judge Leonard P. Stark
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**Re: *Masimo Corp. v. PENAC, at al.*, C.A. No. 09-80-LPS-MPT**

Dear Chief Judge Stark:

The parties seek guidance on whether the following issues should be decided by Your Honor or Chief Magistrate Judge Thynge:

- Philips asserts (and Masimo denies) that the Supplemental Rebuttal Expert Report of Michael J. Wagner, served on July 16, 2014, contains new damages theories that should be stricken as untimely and identifies fact witnesses (Jerome Novak and Marietta Lambrose) who should not be permitted to testify because they and/or their areas of knowledge were not disclosed in a timely fashion.

- Philips asserts (but Masimo disagrees) that the Court should not permit Masimo fact witnesses (for example, Tala Harake and Joe Kiani) to present to the jury information from the Supplemental Report of Timothy J. Quill, M.D. regarding Nonin PureSAT, served on July 16, 2012, which the Court has excluded as untimely.

- Philips asserts (but Masimo disagrees) that Masimo witness Peter Godlewski, who was identified by Masimo as part of initial disclosures in the Masimo II phase of the case several months after the close of discovery in the Masimo I phase of the case, should not be permitted to testify at trial.

- Philips seeks to take the deposition of Masimo witness Elena Bosque because Masimo has identified her as a potential trial witness, but Masimo refuses.

PHILIPS' POSITION

Masimo incorrectly asserts that the above-listed issues implicate only trial testimony and therefore should be decided by Your Honor. To the contrary, these issues present urgent discovery questions in addition to implicating trial testimony. If the Court allows Mr. Wagner to testify regarding his new damages theory, Philips will need to take the depositions of not only Mr. Wagner but also Jerome Novak and Marietta Lambrose, the fact witnesses upon whom Mr. Wagner relies. Similarly, if the Court allows Masimo to present testimony from Tala Harake

(and potentially others) concerning information in Dr. Quill's excluded Supplemental Report, Philips will need to take the deposition of at least Ms. Harake. And if the Court permits Mr. Godlewski and Ms. Bosque to testify, Philips will also need to take their depositions. Thus, it appears that according to the procedures established in this case, Chief Magistrate Judge Thynge should decide the above-listed issues. However, with the pretrial conference less than one month away (August 28, 2014), and trial soon after (September 15, 2014), Philips requests that the issues be decided as quickly and expeditiously as possible by the soonest available judicial resource. Masimo suggests that the issues should be decided on motions in limine, but it would not be practical at this point to wait until days before trial for the Court's guidance.

Philips is informed that Masimo intends to file a separate submission on these issues.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/mah/1161034/33976

cc: Clerk of the Court (via hand delivery)
Counsel of Record (by electronic mail)