IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-80-LPS<br>: CONSOLIDATED |
| PHILIPS ELECTRONIC NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington this 27th day of August, 2014, having reviewed the parties' proposed pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 835 Exs. 15, 16),

**IT IS HEREBY ORDERED** that:

1. Masimo's MIL 1, to exclude argument and evidence of Nonin PureSAT's FDA Clearance pursuant to § 510k, is **DENIED**. Philips' intended use of such evidence, to show that Nonin's product is safe and effective like the Masimo product which the FDA found to be equivalent, does not violate 21 C.F.R. § 807.97 ("Any representation that creates an impression of official approval of a device because of complying with the premarket notification regulations is misleading and constitutes misbranding."), as it does not attempt to treat FDA Clearance as endorsement of Nonin's product. The evidence is probative of whether Nonin's product is an acceptable alternative (which is a key dispute relating to damages at the forthcoming trial), a fact confirmed by Masimo's own use of FDA Clearance decisions in its own marketing materials.

1

The Court does not perceive any unfair prejudice to Masimo from introduction of this evidence, but even if there is some such prejudice it does not come close to substantially outweighing the probative value of the evidence. Additionally, Philips has identified adequate and appropriate witnesses (i.e., Masimo's Kiani and Lee and Philips' Stone) through which it can introduce the disputed evidence.

2. Masimo's MIL 2, seeking to preclude Dr. Ochroch from testifying to certain opinions, is **DENIED AS MOOT**, based on the parties' representation that Philips has agreed to drop its assertion of its '535 patent. (*See* D.I. 848)[1]

3. Masimo's MIL 3, to prevent argument that certain changes Masimo made to its source code after receiving Philips' infringement contentions, is unopposed and **GRANTED**.

4. Philips' MIL 1, to exclude certain testimony of Marinow, relating to purported efforts by Philips (and its predecessor) to infringe Masimo's patents and copy Masimo's products, is **GRANTED**. As Philips has conceded infringement of Masimo's asserted patents; no claims for willful infringement, indirect infringement, or contributory infringement remain to be tried; and Masimo has an extensive portfolio of U.S. patents and there is insufficient evidence

---

[1] The parties have requested that the Court rule during trial on objections to expert testimony as being beyond the scope of what that expert has previously disclosed, rather than defer ruling on such objections until after receiving post-trial briefing. This request is **GRANTED**. The parties are advised that in evaluating whether challenged expert testimony is "beyond the scope," the Court in this case views the "scope" of what has previously been disclosed to include anything that was disclosed by an expert in any expert report, any expert declaration, and/or any expert deposition testimony. The parties must provide two copies of this universe of expert disclosures to the Court at the time an expert witness is called to testify at trial. Any time it takes to argue and resolve objections to an expert's testimony as being beyond the scope of these prior disclosures – including any time the Court needs to leave the bench for review of the prior disclosure materials – will be charged to the party that does not prevail in connection with the objection.

that the Marinow evidence even relates to the patents-in-suit, *see generally Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("For objective [evidence of secondary considerations] to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the *claimed invention.*"), evidence of Philips' intent to infringe or admission that it infringes is not probative of any issue in dispute at the forthcoming jury trial. If there were any probative value (e.g., relating to any *Georgia Pacific* factors or secondary considerations of non-obviousness), it would be substantially outweighed by the risk of unfair prejudice to Philips from introducing minimally relevant but potentially inflammatory allegations of a (successful) plan to infringe.

Masimo contends that the challenged Marinow testimony is relevant to laches, and the Court does not rule on this issue at this time, as laches will be tried to the bench and not the jury. However, with respect to the parties' dispute as to how and when a bench trial on equitable issues will be held, the parties are advised that no evidence that is ***solely*** admissible with respect to issues to be tried to the bench will be presented to the jury. Such evidence will be presented only to the bench. (To reduce the travel burden on witnesses, the Court will consider any reasonable request to hear such testimony from witnesses who are in Delaware to testify before the jury on other issues during the dates the parties are here for the jury trial, outside of the presence of the jury, e.g., after the jury is dismissed for the day or while the jury is deliberating.) The Court will rule at trial on objections to evidence that is arguably relevant ***both*** to issues being tried to the jury and to the bench.

5. Philips' MIL 2, to preclude Masimo from offering what Philips' characterizes as untimely and improper evidence that the Nonin product is not an acceptable non-infringing

alternative, is **DENIED**, for the reasons stated during the teleconference of August 15, 2014, which essentially related to this same dispute and at which the Court permitted Philips to take additional requested discovery.[2]

6.     Philips' MIL 3, to exclude evidence regarding the *ex parte* reexamination of Masimo's '984 patent, is **GRANTED**. Further, the Court *sua sponte* excludes evidence of any reexamination of any of the patents-in-suit (notwithstanding Philips' agreement to allow evidence of the reexamination of Masimo's '222 patent). Whatever probative value there is to evidence that the PTO considered a particular piece of prior art on multiple occasions (i.e., during initial prosecution and again during reexamination) is substantially outweighed by the risk of jury confusion and the waste of the jury's time that would be necessitated to put in full context the details of the reexamination. Therefore, the balance under Federal Rule of Evidence 403 favors exclusion of the evidence of reexaminations at this jury trial.[3] The parties may present evidence and argument that a prior art reference was considered by the PTO and the patent was granted, but may not present evidence or argument as to whether a prior art reference was *repeatedly* considered by the PTO and whether the patent was *repeatedly* allowed by the PTO.

UNITED STATES DISTRICT JUDGE

---

[2] To the extent both sides are seeking reconsideration of the Court's rulings with respect to Dr. Quill's testimony (*see* D.I. 776 at 32-33), these requests are denied.

[3] Philips' motion for leave to amend relating to allegations of inequitable conduct by Masimo in connection with the reexamination of Masimo's '984 patent (D.I. 805) remains pending.