IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 09-80-LPS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| PHILIPS ELECTRONICS NORTH AMERICA ) | |
| CORPORATION and PHILIPS MEDIZIN ) | **PUBLIC VERSION** |
| SYSTEME BÖBLINGEN GMBH, ) | |
| ) | |
| Defendants. ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM DAVID E. MOORE**

cc: Clerk of the Court (via hand delivery) (w/encs.)
Counsel of Record (via electronic mail) (w/encs.)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteraderson.com

Dated: September 3, 2014
Public Version Dated: September 9, 2014
1165341/33976

*Attorneys for Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH*



Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

September 3, 2014; Public Version Dated: September 9, 2014

**VIA ELECTRONIC FILING**

The Honorable Chief Judge Leonard Stark
The United States District Court for the District of Delaware       **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Masimo Corp. v. PENAC, at al.*, C.A. No. 09-80-LPS-MPT

Dear Chief Judge Stark:

    Philips respectfully submits this letter regarding the issues the Court requested briefing on during the pre-trial conference held August 28, 2014.

    ***Disputed Evidence Masimo Intends to Introduce in Phase 1 of Trial.*** As part of the Court-ordered meet-and-confer process, Masimo provided a 10-page description of what it intends to present in its damages case-in-chief. *See* Ex. A (Letter from LeMeilleur to Rosenthal, dated September 1, 2014). Masimo's letter identifies an enormous range of subject matter, all alleged to be offered under the guise of damages. While many categories of evidence are objectionable, three in particular are completely irrelevant to damages: (1) details about the Nellcor litigation; (2) history of Masimo's infringement allegations; and (3) alleged evidence of copying.[1] These categories should be excluded from at least Phase I under Rules 402 and 403.[2]

    The Nellcor Litigation. Masimo seeks to present extensive evidence about its litigation with Nellcor, including: (1) the relevance of "the litigation that lead to the settlement;" (2) "the amount of damages ultimately sought;" (3) "the issues in the 'underlying litigation;'" (4) the "underlying negotiation;" and (5) the "context in which the settlement agreement was reached." *See* Ex. A at 6. Philips agrees that certain basic facts about the Nellcor litigation are relevant, specifically: (a) that there was a litigation; and (b) that there were findings of infringement and validity on certain patents including the '222 Patent. Any further details regarding the litigation, including the detailed allegations therein, specific validity grounds addressed, and the Federal Circuit decision are irrelevant, and any arguable relevance is substantially outweighed by

---

[1] These categories may also be inadmissible in other phases, but there is the possibility that Philips would open the door to such subject matter in Phase II.

[2] In addition, to the extent Masimo presents evidence on a subject matter in Phase I under the guise of damages, it should not be permitted to retread the same ground in Phase III. This would apply, for instance, to Masimo's plan to present evidence regarding the state of the art and alleged improvements over the art by the patents-in-suit.

prejudice. Detailed discussion of the litigation will undoubtedly cause some jurors to incorrectly believe that the validity issues Philips presents in this case have already been resolved.[3] The Settlement Agreement sets forth the detailed terms of the agreement, products covered and scope of coverage, so litigation details are not needed.

Masimo relies on *AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139 (Fed. Cir. 2013) and the fact that both parties' damages experts cite to litigation details in their reports. *See id.* at 6. Neither is sufficient to allow this evidence. In *AVM*, the parties disputed whether one litigation settlement agreement could be the sole basis for a royalty. *See* 927 F. Supp. 2d at 142. That is not at issue here. Importantly, *AVM* did not address what evidence about the underlying litigation would be admissible at trial. *AVM*, 927 F. Supp. 2d at 142-145. Accordingly, *AVM* is not instructive. Also, simply because one or both damages experts here have included facts regarding the Nellcor litigation in their reports does not mean those facts are admissible.

This Court recognized the need to be sensitive to the Nellcor litigation at the pretrial conference, stating that there is "a line" regarding what details are relevant. Evidence beyond what is necessary to put the settlement agreement in context is simply not relevant. Moreover, Courts in this District have held that evidence of other cases involving the same patents is highly prejudicial, especially when liability is tried with damages. *See ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 489-91 (D. Del. 2010); *see also St. Clair Intellectual Property Consultants v. Fuji Photo Film Co.*, 674 F. Supp. 2d 555, 558-59 (D. Del. 2009). As in *ICU Med.*, "arguments, positions, opinions, orders or any other characterization of the evidence from" the Nellcor litigation should be excluded at least from Phase I. *See* 752 F. Supp. 2d at 490.

<u>History of Masimo's Infringement Allegations against Philips</u>. Masimo seeks to introduce the long history of Masimo's infringement allegations against Philips and Philips' non-infringement positions, even though Philips has conceded infringement. *See* Ex. A at 8. Masimo incorrectly claims this evidence is relevant to damages, specifically factors four and five of the *Georgia-Pacific* analysis and Philips' non-infringing alternative argument on lost profits. *See id.*

First, factors four and five of the *Georgia-Pacific* analysis are directed to: (a) Masimo's own licensing policies; and (b) the commercial relationship between Masimo and Philips. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). For factor four, Masimo can offer evidence of whether it would have offered Philips a license and on what terms it did or would have. *See, e.g., P & G Co. v. Paragon Trade Brands, Inc.*, 989 F. Supp. 547, 609 (D. Del. 1997). However, details about the parties' long and storied history of patent negotiations, Philips' non-infringement positions during those negotiations, and that Philips disputed infringement until recently are simply not relevant. Indeed, the hypothetical negotiation assumes infringement and validity. The same is true of factor five. Factor five relates to whether Masimo believes Philips is a competitor and whether the parties have a business relationship, along with the details of that relationship. *See, e.g., P & G Co.*, 989 F. Supp. at 610; *see also Mobil Oil*, 915 F. Supp. at 1356. Patent allegations are not relevant.

---

[3] To the extent reference to a witness's testimony in the Nellcor litigation is required, the parties can refer to it by the non-prejudicial phrase "another proceeding" or something similar.

Such evidence is also not relevant to any of the *Panduit* factors to determine lost profits. *Panduit Corp. v. Stalin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). While Masimo can offer evidence that Philips did not identify Nonin as a non-infringing alternative technology until this trial, such evidence can be presented without going into the parties' history of patent negotiations. The parties' patent disputes and Philips non-infringement positions are intended to cast Philips in a negative light. Philips based its non-infringement positions largely on claim constructions that this Court has rejected. Thus, the history of Philips' positions will only confuse the jury and cloud the jury's consideration of other issues at trial.

███████████████████████ As stated in Philips' motion *in limine* regarding Marinow, state of mind is not relevant to damages. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1326 (Fed. Cir. 2013) ("the facts relevant to the infringer's state of mind have little to do with damages"). ███████████████████████████████████████████████████████. Neither *Calico Brand Inc. v. Ameritek Imports, Inc.*, 527 Fed. App'x 987, 996 (Fed. Cir. 2013) nor *TWM Mfg. Co., Inc. v. Dura Corp.*, 789 F.2d 895, 900 (Fed. Cir. 1896) even discuss copying or the infringer's statement of mind. Moreover, Masimo has never alleged that Philips' accused FAST product is an identical or virtually identical copy of Masimo's patented product as in *AMP Inc. v. Lantrans, Inc.*, No. CV 90-1525-DWW (JRX), 1991 WL 253796, at *3 (C.D. Cal. Nov. 7, 1991). ██████████████████████████

***Standing to Claim Past Damages for the '074 Patent.*** At the pretrial conference, counsel for Masimo raised for the first time the argument that ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To avoid dispute on this issue, however, Philips will immediately file a motion to amend its counterclaim to add Philips N.V. as a plaintiff. While ordinarily such a motion would not be made on the eve of trial, the timing is entirely the result of Masimo's ambush of Philips five minutes before the pretrial conference. Such an amendment would require zero additional discovery. Moreover, since the amended counterclaim would recite precisely the same cause of action, it would relate back to the June 15, 2009 filing of the Counterclaim, leaving intact Philips' claim to damages for the entire period of infringement.

It is clear that Masimo knew of its standing argument many years ago, but never disclosed its theory. ████████████████████████████████████████

---

[4] Philips has obtained an opinion of Dutch counsel, and can prepare a declaration if this issue becomes relevant. Moreover, Dutch law does not have a parol evidence rule and relies heavily on party intent. ████████████████████████████████████████ Philips' proposed solution set forth herein, however, would not require resolution of whether the "magic words" were necessary.

██████████████████████████████████████

██████ Masimo thus must have known of its argument at least as early as the date of Dr. Wagner's supplemental report on June 15, 2012. ██████████████████████

██████ But Masimo never disclosed this argument in any disclosures, expert reports, discovery responses, or summary judgment motions. Indeed, it did not even present its theory in its statement of legal issues in the pretrial order. Instead, Masimo laid in wait for more than five years hoping that it would be too late for Philips to remedy the issue. However, Fed. R. Civ. P. 15 and pertinent case law governing the relation back of amended complaints to original complaints squarely provides that such an amendment will relate back.[5]

First, the relation back of a complaint can affect the damages limitation period of 35 U.S.C. § 286. *See Safoco, Inc. v. Cameron Int'l*, 2009 U.S. Dist. LEXIS 128755 (S.D. Tex. Apr. 8, 2008). As explained in *Safoco*, an appropriate case is "one in which the party against whom the additional claim is brought has notice of the charge of infringement with regard to both the patent and the accused product raised in the pleading." *Id.* at *19. That is the case here because Philips' original complaint and proposed amended complaint will "contain identical facts, including allegations with regard to the allegedly infringing products." *Id.*

Second, the amendment of a complaint to add a correct patent owner is proper, and may relate back to the filing date of the original complaint. *See Haddard Bros. v. Little Things Mean a Lot, Inc.*, 2000 U.S. Dist. LEXIS 11035, at *34 (S.D.N.Y. Aug. 4, 2000) (allowing relation back of complaint amended to add patent holder as plaintiff because "[t]he allegations in the Amended Complaint are duplicative to those in the Original Complaint, and thereby arose out of the conduct and transactions alleged in the original pleading" and because "defendant . . . knew or should have known that the action would have been properly brought but for a mistake concerning the identify of a proper party.").

Third, although it is late to add a party, the Federal Circuit has approved of such practice in similar circumstances. In *Fromson v. Citiplate, Inc.*, 886 F.2d 1300 (Fed. Cir. 2009), the Federal Circuit allowed a new defendant *after* trial, and also allowed relation back to the original complaint as "the [Defendants] could not have been surprised when [Plaintiff] moved before trial to add them as defendants." *Id.* at 1303-04. Masimo likewise will not suffer surprise.

Finally, there is no prejudice as there is no new discovery needed, and Philips' damages and liability theories do not change at all. Masimo apparently intends to oppose the motion; hence Philips will request an expedited briefing schedule in view of the circumstances.

***Masimo's Knowledge of Philips' Claims for Indirect Infringement of the '074 Patent.***
At the pretrial conference, Masimo counsel claimed "[n]ever did I think indirect infringement or contributory infringement was at issue in this case." Ex. G (Hearing Tr.) at 62:20-21. To the

---

[5] Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

The Honorable Chief Judge Leonard Stark
September 3, 2014; Public Version Dated: September 9, 2014
Page 5

contrary, Masimo has known for five years, starting from the original counterclaim, and demonstrated by the substantial evidence Masimo requested and received on the subject.

First, Philips pled indirect infringement—both inducement and contributory infringement—in its June 15, 2009 counterclaims, including that Masimo had knowledge of the '074 Patent. *See* D.I. 15 ¶¶ 399; 400. Masimo thus cannot claim that Philips "never alleged that [Masimo] had any knowledge of [the '074 Patent] and, therefore, they never alleged inducement or [contributory]" infringement. Ex. G at 53:18-20. Further, Masimo's claim that it never thought indirect infringement was "at issue for the '074 or '535 [Patents] for that matter" is belied by Masimo's own conduct during summary judgment.[6] *See id.* at 62:20-63:1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Masimo cannot now credibly argue that it was not aware Philips was claiming indirect infringement of these two patents. Moreover, the structure and language of Philips' infringement contentions and expert report for the '074 Patent generally mirrored that of the '535 Patent.



Masimo actually cited the '074 Patent to the PTO on June 26, 2006. *See* Ex. I (IDS); *see also* Ex. J (IDS). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851-52 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 181, 208-209 (D. Del. 2001).

Fourth, Masimo's argument that Philips did not provide expert testimony on indirect infringement is inapposite. *See* D.I. 415, at 13 fn3. Philips does not need expert testimony to prove non-complex facts necessary for indirect infringement.[7] *See Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004). Philips' expert demonstrates technical infringement. Philips can prove up the remaining elements of indirect infringement without expert testimony. Moreover, Masimo never complained that Philips' infringement allegations were not specific enough, and never moved to compel. Instead, Masimo waited until the very last moments before trial to try to catch Philips in a gotcha, as has become its custom in this case.

---

[6] Contrary to Masimo's claims, Philips did not "only allege[] direct infringement." Ex. G at 62:16-17. Rather, Philips' infringement contentions establish literal infringement, and are not limited to direct infringement.

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

                         Respectfully,

                         */s/ David E. Moore*

                         David E. Moore

DEM/msb/1165341/33976

cc:    Clerk of the Court (via hand delivery)(w/encs.)
       Counsel of Record (via electronic mail)(w/encs.)