IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| Plaintiff, | : |
| v. | : C.A. No. 09-80-LPS |
| PHILIPS ELECTRONIC NORTH AMERICA CORPORATION and PHILIPS MEDIZIN SYSTEME BÖBLINGEN GMBH, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Having reviewed the parties' letters regarding disputes relating to the upcoming trial (D.I. 856, 857, 863, 864, 865), IT IS HEREBY ORDERED that:

1. Philips is permitted to try its claims that Masimo indirectly infringed the '074 patent. Philips has alleged indirect infringement from the time its original counterclaims were filed in June 2009. Although Philips seems to have failed to respond adequately to Masimo's interrogatories regarding Philips' indirect infringement allegations, Masimo never contended – until just a few weeks before trial – that Philips' responses were inadequate. Under the totality of the circumstances, including that Masimo should have understood the indirect infringement allegations were never affirmatively withdrawn, the Court concludes that the best exercise of its discretion is to permit the indirect infringement allegations to be tried.

2. With respect to Masimo's "Phase I" trial presentation regarding the damages issues on which it has the burden:

1

A. Notwithstanding Philips' recent concession of infringement (under the Court's claim construction), Masimo may present evidence and argument that Masimo alleged infringement by Philips of the Masimo patents-in-suit and that these allegations were pending (and were being denied) during the time of the parties' negotiations. This is necessary to avoid the jury incorrectly assuming that Masimo engaged in negotiations with Philips because Masimo was highly motivated to license the patents. However, Masimo has failed to demonstrate how details beyond the basic facts (i.e., infringement was alleged and denied during the time of negotiations) are necessary as part of a proper damages analysis and the risk of confusing the jury with additional details substantially outweighs the probative value of such details.

B. Masimo may present evidence and argument that in the *Nellcor* litigation Masimo alleged infringement of the '222 patent, and, prior to settlement, that patent was found infringed and valid in that litigation. These facts are necessary to allow the parties' experts to put their damages analyses, and the *Nellcor* settlement agreement, in the proper context for the jury. Masimo may also present evidence and argument as to the impact the *Nellcor* litigation had on the pulse-oximetry industry as a whole, as that impact may affect the value of Masimo's patents. Any additional details of the *Nellcor* litigation, however, would substantially risk confusing the jury (including by leading the jury to believe that Philips' invalidity challenges have already been resolved), and will be excluded under Rule 403.

C. Masimo may only present evidence of "copying" by Philips if Masimo is able to establish a nexus between the evidence of copying and the patents-in-suit. The Court cannot determine from the materials presented if Masimo can satisfy this standard. Accordingly, Masimo is not permitted to present evidence of copying without first (i) providing Philips

express notice of the specific evidence Masimo seeks to present and (ii) seeking leave from the Court to present such evidence, which will be granted provided Masimo can demonstrate the necessary nexus.

_____
UNITED STATES DISTRICT JUDGE
