| | |
|---|---|
| **From:** | Heaney, Julie |
| **Sent:** | Tuesday, September 30, 2014 1:53 AM |
| **To:** | Horwitz, Richard L.; jamie_kendall@ded.uscourts.gov |
| **Cc:** | Ronald_Golden@ded.uscourts.gov; Neil_Looby@ded.uscourts.gov; Duffy, Ann Marie; Payson.LeMeilleur |
| **Subject:** | RE: Masimo v. Philips - Verdict Form |
| **Attachments:** | FinalVerdictForm1.doc |

Dear Mr. Kendall:

Counsel for both sides have reviewed the jury instructions forwarded below, and agree upon the following list of proposed changes:

**Table of Contents** – given that original instructions 4.7 and 5.11 have been dropped and removed, the table of contents needs to be updated and renumbered.

- DELETE = 4.7 OBVIOUSNESS – OBJECTIVE CRITERIA CONCERNING NON-OBVIOUSNESS
- RENUMBER = 4.8 WRITTEN DESCRIPTION – now becomes 4.7
- RENUMBER = 4.9 INDEFINITENESS – now becomes 4.8
- RENUMBER = 4.10 ENABLEMENT – now becomes 4.9
- 5.2 - delete "[AGREED PORTION]" in Instruction 5.2
- DELETE = 5.11 LOST PROFITS – DOUBTS RESOLVED AGAINST INFRINGER
- RENUMBER = 5.12 REASONABLE ROYALTY – DEFINITION  - now becomes 5.11
- RENUMBER = 5.13 FACTORS FOR DETERMINING REASONABLE ROYALTY – now becomes 5.12
- RENUMBER = 5.14 REASONABLE ROYALTY – TIMING – now becomes 5.13
- RENUMBER = 5.15 PATENT DAMAGES INTEREST – now becomes 5.14
- RENUMBER = 5.16 CLOSING STATEMENT – DAMAGES – now becomes 5.15

**Instructions**

- Instruction (newly numbered 4.7 WRITTEN DESCRIPTION) – add the number "4.7" at the top (p 38);
- Instruction (newly numbered 4.8  INDEFINITENESS) – change the number to "4.8" at the top (p 41);
- Instruction (newly numbered 4.9  ENABLEMENT) – change the number to "4.9" at the top (p 42);
- Instruction 5.2 – delete "[AGREED PORTION]" and in part B) change "3.8" to "3.7," and "3.9" to "3.8"; change the word "later" in the parenthetical in the last sentence of part B to "earlier" such that the parenthetical reads  = (which is no earlier than June 1, 2010)

**Verdict**

Counsel for both sides have also jointly prepared a revised verdict form (attached), subject to Masimo's objection to the language of Question 6, set forth below:

The Court has instructed that Question 6 of the Verdict Form should read as follows:  "Has Masimo proven by a preponderance of the evidence that Nonin PureSAT is not an acceptable non-infringing substitute available to Philips?"  Masimo proposes that this question be slightly modified as follows:

> "Has Masimo proven by a preponderance of the evidence that a Philips product with Nonin PureSAT was not an available acceptable non-infringing substitute?"

Masimo believes that this modified Question 6 is more technically correct. Philips has never contended that, in the but-for world, its customers would go to Nonin and purchase PureSAT. Instead, the question is whether Philips would have sold monitors with PureSAT instead of FAST. Moreover, acceptability is to be viewed from the perspective of the consumer. The way the question is currently written suggests that acceptability is to be determined from the perspective of Philips. For these reasons, Masimo requests that the Court consider Masimo's proposed alternative question. Masimo proposed this question to Philips and Philips has indicated it does not agree to this slight revision.

Respectfully,
Julie Heaney