**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MASIMO CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILIPS ELECTRONICS NORTH AMERICA ) <br> CORPORATION and PHILIPS MEDIZIN ) <br> SYSTEME BÖBLINGEN GMBH, ) <br> ) <br> Defendants. ) | C.A. No. 09-80-LPS <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW PURSUANT TO RULE 50(b) OR,
IN THE ALTERNATIVE, FOR A NEW TRIAL PURSUANT TO RULE 59(a)**

On October 17, 2014, the Court entered judgment in this matter in favor of the plaintiff, Masimo Corporation ("Masimo"), and against defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmBH (collectively "Philips"). Pursuant to Fed. R. Civ. P. 50(b), Philips hereby renews its motion for judgment as a matter of law that:

1. Claims 17-18 of U.S. Patent No. 6,263,222 ("the '222 Patent") are invalid under 35 U.S.C. § 112(1) for lack of written description;
2. Claims 17-18 of the '222 Patent are invalid under 35 U.S.C. § 112(1) for lack of enablement;
3. Claims 17-18 of the '222 Patent are invalid as anticipated under 35 U.S.C. § 102(b);
4. Claim 17 of the '222 Patent is invalid as indefinite under 35 U.S.C. § 112(2);[1]
5. Claims 1-5, 15, 19, 20, 22, and 52-53 of U.S. Patent No. 7,215,984 ("the '984 Patent) are invalid as anticipated under 35 U.S.C. § 102(b);
6. Claims 16 and 54 of the '984 Patent are invalid as obvious under 35 U.S.C. § 103;
7. Claim 5 of the '984 Patent is invalid as indefinite under 35 U.S.C. § 112(2).
8. The jury's finding that "Nonin PureSAT is not an acceptable non-infringing substitute available to Philips" is not supported by substantial evidence; and
9. The jury's award of $466,774,783 is not supported by substantial evidence.

---

[1] Claim 18, due to its dependency, includes the same indefinite language as claim 17 and is thus indefinite for the same reasons.

In the alternative, pursuant to Fed. R. Civ. P. 59(a), Philips moves for a new trial on these issues.  Additionally, Philips intends to move for a new trial at least based on the following:

1. The improper admission of irrelevant and prejudicial details regarding the *Nellcor* litigation;
2. Masimo's repeated violations of the Court's orders regarding the *Nellcor* litigation; and
3. Other improperly admitted evidence, including the total price of the SpO2 module and hearsay regarding Nonin; and
4. The improper admission of arguments and testimony regarding Philips concession of infringement.

Philips also intends to seek remittitur.

As set forth in the Court's Scheduling Order dated November 4, 2014, the grounds for these motions will be set forth in Philips' opening brief that will be filed and served on November 21, 2014. (D.I. 924).

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

Alan M. Grimaldi
Brian A. Rosenthal
Ann Marie Duffy
Brian K. Andrea
Cody I. Gillians
MAYER BROWN LLP
1999 K St. NW
Washington DC 20006
Tel: (202) 263-3000

Steven Yovits
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600

Gregory A. Castanias
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
(202) 879-3939

Dated: November 14, 2014
1172309/ 33976

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteraderson.com

*Attorneys for Defendants Philips Electronics North America Corporation and Philips Medizin Systeme Böblingen GmbH*