

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

February 17, 2015

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Masimo Corp. v. PENAC, at al.*, C.A. No. 09-80-LPS-MPT

Dear Chief Judge Stark:

      Per the Court's request of February 12, 2015, Philips submits this letter addressing: (1) the appellate posture of this matter; and (2) post-trial briefing regarding inequitable conduct.

### I. APPELLATE POSTURE PENDING PHILIPS' PATENT MISUSE DEFENSE

      Masimo's patent infringement claims will not be "final" until the Court resolves Philips' pending patent misuse defense. Indeed, until Philips' defense is finally resolved, the Federal Circuit lacks appellate jurisdiction. Fed. R. Civ. P. 54(b)—which applies only to those claims that have been finally resolved—is inapplicable. Although Masimo feigned surprise during the bench trial that this defense was still pending, arguing that Philips had "waived" the defense, it was Masimo that sought to stay Philips' patent misuse defense and antitrust counterclaims. In fact, Philips did everything it could to avoid a stay of its antitrust and misuse claims and related discovery, even warning the Court several times that a stay would result in the present "procedural limbo." And, since the antitrust case was stayed, Philips has consistently reminded both the Court and Masimo that it has not been resolved. Philips proposes that the Court re-open discovery on the antitrust and misuse issues so that the parties can litigate the remaining defense and counterclaims and this case can reach an appealable posture as soon as practicable.

#### A. Procedural History of Philips' Patent Misuse Defense

      In response to Masimo's Complaint for patent infringement, Philips asserted an affirmative defense of patent misuse as well as antitrust counterclaims. *See* D.I. 15 ¶ 106; *see also* D.I. 884 ¶ 106 (Second Amended Answer). Philips' affirmative defense alleged that "Masimo has engaged in a systematic campaign to broaden the scope of its patent rights with anticompetitive effect" and, "[a]s a result, Masimo has misused the '272, … '222, … '194, … [and] '984 … patents, and is barred from asserting them against Philips…." D.I. 15/884 ¶ 106. Patent misuse is a defense that, when shown, "renders the patent unenforceable until the misuse is purged." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998); *see also U.S.*

*Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005) Masimo never filed a motion to dismiss Philips' defense. Rather, Masimo moved to bifurcate and stay discovery related to the antitrust counterclaims. D.I. 23. Magistrate Thynge granted Masimo's motion on March 11, 2010. D.I. 67. Philips immediately moved for reconsideration and asked the Court for certification under 28 U.S.C. § 1292(b) for immediate appeal to the Federal Circuit. D.I. 71-72. In seeking reconsideration, Philips argued that the stay would "***delay indefinitely*** the resolution of claims" and the case would "reach procedural limbo." D.I. 72 at 8-9 (emphasis added). Philips also explicitly asked to clarify whether discovery on its patent misuse affirmative defense had also been stayed. *Id.* at 1 n.1.

On April 19, 2010, the Court denied Philips' motion for reconsideration and explicitly ordered that "Philips' affirmative defense of patent misuse is hereby bifurcated and discovery related to that defense is stayed pending trial of the parties' patent infringement and validity issues." D.I. 86 at 12. In so holding, the Court specifically acknowledged Philips' argument that bifurcating the issue would result in "procedural limbo" and would "***mire the parties in perpetual litigation***." *Id*. at 9-10.

Philips then filed objections to Magistrate Thynge's order, warning that the stay will result in Masimo's patent litigation claims remaining" ***procedural limbo***." D.I. 96 at 9 (emphasis added). Philips stated that "it is inescapable that Philips will need discovery on Masimo's anticompetitive conduct before a final ruling on the patent issues" can be entered:

> [a] stay of antitrust discovery thus produces the unworkable result that final judgment on Masimo's patent claims must await discovery on the patent case, trial and potentially appeal on the patent liability case, discovery on Masimo's anticompetitive conduct, and finally a trial on that conduct. The parties will be mired in seemingly ***perpetual litigation*** without producing any offsetting benefits.

*Id.* (emphasis added). Despite this warning, Masimo opposed Philips' objections, arguing that "a stay would serve the interests of efficiency and fairness." D.I. 105 at 3. Specifically, Masimo took the position that "trial of the patent claims would help determine the extent to which Masimo's patent-based defenses [] could streamline Philips' antitrust claims." *Id.* at 4. Masimo also told the Court that "a stay of antitrust discovery 'will not necessarily delay the ultimate determination of the antitrust claims significantly longer than no stay at all, because of the added complexity of proceeding on a variety of fronts simultaneously.'" *Id.* at 7 (quoting *ASM America, Inc. v. Genus, Inc.*, No. 01-2190 EDL, 2002 WL 24444, at *7. (N.D. Cal. Jan. 9, 2002)).

Notwithstanding Philips' express warnings that bifurcating the patent misuse defense and antitrust counterclaims could result in substantial delay, Judge Farnan overruled Philips' objection and bifurcated the patent misuse defense and antitrust counterclaims into a later proceeding. D.I. 118.

### B. Masimo Cannot Claim to be Surprised that Philips' Defense is Still Pending

During the bench trial, Masimo claimed it was "surprised" to learn that Philips' patent misuse defense remained because "misuse was never mentioned in the order staying" the antitrust counterclaims. *See* 2/9/2015 Tr. at 60:25-61:5, 67:23-24. As discussed above, that is

false. The Court's order explicitly stayed discovery on the patent misuse defense. *See* D.I. 86 at 12. Moreover, Philips did not "sneak" the patent misuse defense past Masimo in preparing the pretrial order for the bench trial. Indeed, Philips reminded the Court about the pendency of the patent misuse defense in the pretrial order for the jury trial as well. *See* D.I. 834 at 1 n.1. Both Philips and the Court have noted throughout the pendency of this litigation that the antitrust and misuse issues have not been resolved. *See, e.g.,* D.I. 122 at 1; D.I. 307 at 1 n.3; D.I. 662 at 3-4. Because Masimo is the one that sought to stay those issues and Philips and the Court have acknowledged that the issues remain, Masimo cannot now claim to be "surprised" by the need for further litigation before a final judgment can be rendered, nor complain about the result its prior actions secured.

### C. Masimo's Claims are Not Final Until Philips' Defense is Resolved

**Rule 54(b) permits certification of only finally-resolved claims.** Importantly, "Rule 54(b) does not relax the finality required of each decision, as an individual claim." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003) (quotation omitted). "A judgment is not final for purposes of Rule 54(b) unless it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. (quotation omitted). And this Court's "judgment is final" only "where it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. (quotation omitted). Thus, "for Rule 54(b) to apply, the judgment must be *final* with respect to one or more *claims*." *Id*. at 1358 (quotation omitted). *See also Waldorf v. Shuta*, 142 F.3d 601, 610 (3d Cir. 1998) **The pendency of the patent misuse defense renders Masimo's patent infringement claim non-final.** The Court may not enter a Rule 54(b) judgment when a yet-to-be addressed *defense* could alter resolution of the claim; in such circumstances, the claim is not "final." In *National Oilwell Varco, L.P. v. Pason Systems USA Corp.*, for example, the Federal Circuit found entry of a Rule 54(b) judgment on a patent infringement claim improper "because the inequitable conduct defense [was] pending." 346 F. App'x 582, 583 (Fed. Cir. 2009). For this reason, "the patent infringement claim was not finally adjudicated." *Id*. Likewise, the Third Circuit has explained that, where a party "retained its right to assert an affirmative defense," such a "reservation would prevent a Rule 54(b) certification … because the judgment would not be final." *Waldorf*, 143 F.3d at 611.[1]

In *Virginia Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 883 (W.D. Va. 1995), *aff'd*, 133 F.3d 860 (Fed. Cir. 1997), a court considered Rule 54(b) in a setting similar to that here, bifurcating proceedings: the first phase involved patent infringement, while the second phase considered, among other issues, a patent misuse defense. *Id*. at 884. The court concluded it could not enter a Rule 54(b) judgment because "a successful patent misuse defense, notwithstanding the jury's finding" of infringement, "could affect the finding of patent infringement." *Id*.

---

[1] A different result is appropriate when a patent infringement judgment is entered in favor of a *defendant*, as that may constitute a "final" resolution of the claim. Thus, the Federal Circuit, in *W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research*, 975 F.2d 858 (Fed. Cir. 1992), permitted a Rule 54(b) certification because the unaddressed defense could *not* alter the judgment at issue; "[t]he law is clear that a defendant need only sustain one decisive defense, not all of them." *Id*. at 863 (quotation omitted). *See also Vectra Fitness, Inc. v. Icon Health & Fitness, Inc.*, 288 F. Supp. 2d 1155, 1159 (W.D. Wash. 2003) (distinguishing cases where courts "had granted summary judgment of *non-infringement* to the defendants").

Importantly, Philips' patent misuse defense is not the same as its affirmative antitrust counterclaim. The standards for patent misuse and the antitrust counterclaim differ: "[p]atent misuse may be found even where there is no antitrust violation." *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1339 (Fed. Cir. 2006).

Because the pending patent misuse defense may vitiate the patent infringement judgment against Philips, that patent infringement claim is not currently "final" for purposes of Rule 54(b). Indeed, an appeal at this stage would request a ruling from the Federal Circuit that is impermissibly "advisory." *Ultra-Precision Mfg. Ltd.*, 338 F.3d at 1359. Moreover, this is a "prudential" limitation that preserves "the long-standing policy against piecemeal litigation." *Id*.

### D. Philips' Proposal

Virtually no discovery has occurred on the antitrust issues, which are substantial claims that will require much discovery. Philips will need to take discovery from Masimo and third parties regarding a host of issues, including but not limited to the effect of Masimo's anticompetitive conduct on pricing, costs, and market share; specific anticompetitive dealings between Masimo and third parties; patent assertions by Masimo; and the nature of Masimo's agreements with third parties. Notably, Masimo relied upon the fact that much discovery would be needed to address the antitrust and misuse claims when it urged a stay in the first instance (D.I. 105 at 6):

> [d]iscovery for the antitrust claims will involve a host of unique issues, including not only antitrust-specific legal questions but also Masimo's defenses under numerous non-asserted patents. Antitrust discovery also necessarily will involve a large number of third parties. Indeed, prior to the Court's ruling on the stay, Philips served antitrust-related document subpoenas on some 17 different companies.

Philips is fully motivated to get this case to appeal, but a final judgment cannot be achieved until the case has been fully litigated. In Philips' view, there are two ways that can occur: (1) the Court invalidates and/or finds unenforceable both of Masimo's patents; or (2) the parties fully litigate Philips' patent misuse defense and antitrust counterclaims.

Because substantial discovery needs to occur, Philips proposes that the Court lift the stay on the antitrust and misuse issues. While that discovery may take a long time, it is better to start now rather than later because there is no question the patent misuse defense must be fully adjudicated before a final judgment can be entered.

## II. POST-TRIAL BRIEFING REGARDING INEQUITABLE CONDUCT

Philips proposes the following schedule and page allocation for the post-trial briefing on inequitable conduct: Simultaneous Findings of Facts and Conclusions of Law, and Opening Briefs, both 20 pages in length and due on March 6, with simultaneous Response Briefs of 15 pages due on March 13.

The Honorable Leonard P. Stark
February 17, 2015
Page 5

        Respectfully,

        */s/ David E. Moore*

        David E. Moore

DEM:nmt/1181682 / 33976

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (by electronic mail)