IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 09-80 (LPS) |
| PHILIPS ELECTRONICS NORTH | ) |
| AMERICA CORPORATION and PHILIPS | ) |
| MEDIZIN SYSTEME BÖBLINGEN GMBH, | ) |
| | ) |
| Defendants. | ) |

**<u>MASIMO'S OPENING POST-TRIAL BRIEF ON INEQUITABLE CONDUCT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Plaintiff, Masimo Corporation*

OF COUNSEL:

Joseph R. Re
Karen Vogel Weil
Jon W. Gurka
Perry D. Oldham
KNOBBE, MARTENS, OLSON
  & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
(949) 760-0404

February 25, 2015

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS............................................................................................1

III. ARGUMENT ................................................................................................................3

      A.      Masimo Disclosed the R&R Claim Construction, Thus Satisfying Its Duty...........4

      B.      Philips Has Not Proven Masimo Misrepresented Any Material Information..........5

      C.      Philips Has Not Proven "But-For" Materiality .........................................................6

      D.      Philips Has Not Identified a Deliberate Decision to Withhold A Known Material Reference......................................................................................................7

      E.      Philips Has Not Proven Any Intent to Deceive the USPTO ....................................8

IV. CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*1st Media, LLC v. Elec. Arts, Inc.*,
   694 F.3d 1367 (Fed. Cir. 2012) .................................................................................... 8

*Akzo N.V. v. USITC*,
   808 F.2d 1471 (Fed. Cir. 1986) .................................................................................... 5

*Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*,
   471 F.3d 1369 (Fed. Cir. 2006) .................................................................................... 6

*Fiskars, Inc. v. Hunt Mfg. Co.*,
   221 F.3d 1318 (Fed. Cir. 2000) .................................................................................... 4

*Innogenetics, N.V. v. Abbott Labs.*,
   512 F.3d 1363 (Fed. Cir. 2008) .................................................................................... 5

*Life Techs., Inc. v. Clontech Labs., Inc.*,
   224 F.3d 1320 (Fed. Cir. 2000) .................................................................................... 5

*Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*,
   98 F. Supp. 2d 362 (S.D.N.Y. 2000), *aff'd and remanded*, 237 F.3d 1359 (Fed.
   Cir. 2001) ..................................................................................................................... 4

*Rohm & Haas Co. v. Crystal Chem. Co.*,
   722 F.2d 1556 (Fed. Cir. 1983) .................................................................................... 6

*Rothman v. Target Corp.*,
   556 F.3d 1310 (Fed. Cir. 2009) .................................................................................... 5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) (*en banc*) ........................................................... 3, 6, 8-9

*Young v. Lumenis, Inc.*,
   492 F.3d 1336 (Fed. Cir. 2007) .................................................................................... 5

## I. INTRODUCTION

Philips' continued assertion of inequitable conduct is frivolous. Philips has (i) no evidence that Kesler, Grover or Jensen decided to withhold any material information, (ii) no evidence they did so knowing any information was material, and (iii) no evidence of deceptive intent, much less evidence requiring the conclusion of deceptive intent. Rather, the evidence shows Kesler, Grover and Jensen decided to disclose everything and always acted in good faith.

Philips also fails to show that any allegedly withheld or misrepresented information was material. The USPTO in both the original prosecution and the reexamination, Magistrate Judge Thynge, and this Court—all distinguished the prior art on grounds unrelated to the claim construction dispute relied on by Philips. The prior art does not disclose "first" and "second" calculators each with "different" calculation techniques, just as Masimo maintained throughout the original prosecution and reexamination and trial. And, even if Judge Thynge's Report and Recommendation (the "R&R") was material, Masimo disclosed the R&R and identified the claim construction discussion, more than satisfying Masimo's duty before the USPTO.

Philips contends Masimo should have submitted this Court's March 31, 2014 Order. But, as Philips acknowledged in its own April 15th letter to this Court, the Order did not address the validity of the '984 Patent. Regardless, once the patent prosecutors learned of the Order, they readily submitted it in pending reexaminations. Far from showing inequitable conduct, the evidence shows the accused lawyers disclosed everything remotely relevant, time permitting, just as they intended.

## II. STATEMENT OF FACTS

The undisputed testimony established that Kesler, Jensen and Grover intended to be transparent, submitting to the USPTO everything remotely relevant to the '984 Patent. Tr. 112:13-113:14, 212:19-213:8, 329:20-330:3, 380:3-14. Grover and Kesler established a

1

process to ensure litigation documents were identified and submitted, including in the 23 reexaminations. *Id.* 208:10-209:6. Because Philips had insisted on a prosecution bar in the Protective Order, Grover and Kesler assigned Kendall Loebbaka as a "go-between" to gather litigation documents for the prosecution team. *Id*. 208:10-209:6, 380:17-21. Whenever the patent prosecutors filed an office action response or learned of litigation activity, they would ask Loebbaka to obtain litigation documents. *Id*. 209:10-23. She would then prepare Information Disclosure Statements ("IDSs") for the pending reexaminations. *Id*. It was not unusual for this process to take about a month. *Id.* 210:21-212:5. Jensen was not involved in this process. *Id*. 382:2-12.

The process worked well and resulted in Masimo filing, in the '984 Reexam alone, nine IDSs disclosing hundreds of references and litigation documents. PTX-9011-9015, 9052-59, 9064-9070. Masimo submitted the full briefing and orders on claim construction, including the report and recommendation, objections thereto, and this Court's Markman Order. D.I. 953, Statement of Uncontested Facts ("SUF") ¶ 22; PTX-9013; PTX-9014; PTX-9015. Masimo also submitted the full briefing on Philips' MSJ, the R&R, and objections to the R&R. SUF ¶¶ 27, 29; PTX-9052; PTX-9053; PTX-9054; PTX-9056; PTX-9057.

On March 25, 2013, Masimo filed a Response to the USPTO's Non-Final Office Action. SUF ¶ 25; PTX-9048. Per the USPTO's request, Masimo included several arguments distinguishing the prior art, including an argument raised in this litigation that the first and second calculators both operate and provide their respective ratios to the processing module. Tr. 219:16-226:19; PTX-9048 at MASP0847891. Masimo also argued the claims require two calculators, each with a different calculation technique. PTX-9048 at MASP0847906.

2

On April 2, 2013, Magistrate Judge Thynge issued her Summary Judgment R&R, recommending denial of Philips' MSJ of Invalidity of the '984 Patent. SUF ¶ 26. While Judge Thynge observed that the claims do not require the first and second calculators "actually calculate a physiological characteristic every time a calculation is performed," she held there was a question of fact regarding whether the prior art discloses first and second calculators capable of determining first and second ratios. D.I. 662 at 48, 58, 64. Masimo disclosed the R&R to the USPTO on April 29, 2013, identifying the specific pages that discussed the '984 Patent and claim construction. SUF ¶ 28; PTX-9052 at 5. Masimo also disclosed the parties' objections showing neither party objected to the R&R claim construction. *Id.*

After almost a year of inactivity in both the litigation and the '984 Reexam, this Court issued a Memorandum and Order on the R&R on March 31, 2014. SUF ¶¶ 32, 33; PTX-9151; *see also* PTX-9152. The Court's Memorandum and Order did not address the validity of the '984 patent. *Id*. The public version of the Memorandum did not become available until April 7, 2014. SUF ¶ 35. The NIRC issued a few days later on April 10, 2014 and the Reexamination Certificate issued on May 6, 2014. SUF ¶¶ 36, 38; PTX-9072; PTX-9073. Kesler and Grover were not aware of the Memorandum or Order before May 7, 2014. Tr. 241:4-11, 328:25-329:8; PTX-9116. While Jensen was told about some of the rulings, he correctly understood the Court had not addressed the '984 Patent's validity. Tr. 338:24-339:7; 349:20-350:4, 400:8-404:21.

### III.  ARGUMENT

To establish inequitable conduct, Philips must prove, by clear and convincing evidence, that "the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (*en banc*). "The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." *Id.* at 1287.

3

### A.     Masimo Disclosed the R&R Claim Construction, Thus Satisfying Its Duty

Philips' defense rests heavily, if not entirely, on the R&R claim construction. But Masimo disclosed the R&R, the parties' objections to the R&R, and even specifically identified the pages that discussed the claim construction. SUF ¶¶ 27, 28; PTX-9052; PTX-9053; PTX-9054. Philips' allegation that Masimo should have done more is legally incorrect. There is no duty to characterize or explain information submitted to the USPTO. *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000). Indeed, the MPEP expressly prohibits commentary on court orders. *See* M.P.E.P. § 2207; Tr. 202:4-203:15.

Even an examiner's explicit refusal to consider a reference does not create "the obligation to stress to the examiner the relevance of the [reference]." *Fiskars*, 221 F.3d at 1327. There is also no duty to "correct the Patent Examiner's mistakes" in evaluating patentability. *See Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 98 F. Supp. 2d 362, 396 (S.D.N.Y. 2000), *aff'd and remanded*, 237 F.3d 1359 (Fed. Cir. 2001). Masimo's duty was satisfied when it submitted the R&R to the USPTO. *See* 37 C.F.R. § 1.56(a).

Philips contends that Masimo should have submitted this Court's March 31, 2014 Order. But, as Philips acknowledged in its own April 15th letter to this Court, neither the Order nor the Memorandum addressed the validity of the '984 Patent. SUF ¶ 33. That a single paragraph in the Order summarily adopted certain unobjected-to recommendations is of no moment, because the PTO already had the R&R and Objections, which fully disclosed that neither party objected to the R&R's claim construction. *See* PTX-9052; PTX-9053; PTX-9146; PTX-9147; PTX-9148. Moreover, the PTO made clear it would determine for itself what claim construction should govern the reexamination. Tr. 231:20-23, 251:13-23, 392:15-18.

**B.     Philips Has Not Proven Masimo Misrepresented Any Material Information**

Philips concedes Masimo made no statements to the USPTO that were incorrect when made.  Tr. 420:9-14.  Rather, Philips alleges that Kesler's statements later became misrepresentations upon issuance of the R&R.  *Id.* 420:15-19.  But Kesler's statements were mere argument, and "a prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct."  *Rothman v. Target Corp.*, 556 F.3d 1310, 1328-29 (Fed. Cir. 2009).  Indeed, "[Federal Circuit] precedent has made clear that an applicant is free to advocate its interpretation of its claims and the teachings of prior art."  *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1379 (Fed. Cir. 2008); *see also Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007); *Akzo N.V. v. USITC*, 808 F.2d 1471, 1482 (Fed. Cir. 1986); *Life Techs., Inc. v. Clontech Labs., Inc.,* 224 F.3d 1320, 1326 (Fed. Cir. 2000).

Kesler's statements—that the claims "cannot be construed" a certain way and "any other interpretation would render the claims at issue meaningless"—are classic attorney argument.  *See* PTX-9048 at 847906, 847911, 847917.  As the USPTO requested, in the response to the office action, Kesler provided to the USPTO certain arguments on claim construction and patentability Masimo made to this Court on summary judgment.  *Compare* PTX-9048 at MASP0847891-92, *with* D.I. 515 at 5-6 ("Philip's argument would make having two calculators meaningless" and "Philips cannot now construe the claims to deviate from that ordinary meaning").

Kesler's language mirrors language Philips has used in its own arguments to this Court.  For example, Philips sought summary judgment of invalidity of the '222 Patent arguing that Masimo's expert testimony "cannot defeat summary judgment" of invalidity.  D.I. 413 at 17.  Philips also opposed summary judgment of infringement of the '222 Patent arguing that Masimo "cannot" establish infringement without invalidating the patent.  D.I. 492 at 9.  Masimo then defeated summary judgment of invalidity, defeated Philips' invalidity challenge at trial, and

5

Philips *admitted* to infringement under the same claim construction.  Philips' language, just like Kesler's language, reflect classic attorney argument, not misrepresentations of fact.

Philips contends that Kesler's arguments constituted "affirmative egregious misconduct." Tr. 418:4-9.  But Philips conceded the *Rohm & Haas* case upon which it relies involved a statement of *fact* that was *false when made*.  *Id.* 422:8-14; *see Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1557 (Fed. Cir. 1983); *see also Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 471 F.3d 1369, 1382 (Fed. Cir. 2006) (distinguishing *Rohm & Haas* where "the record shows that [declarant's] affidavit was not false").  Regardless, attorney arguments cannot be "affirmative egregious misconduct" under *Therasense*, 649 F.3d at 1292 (discussing "the early unclean hands cases before the Supreme Court, which dealt with 'deliberately planned and carefully executed scheme[s]' to defraud the PTO and the courts.").

### C.    Philips Has Not Proven "But-For" Materiality

Philips has also failed to show that any alleged omission or misrepresentation was material.  In both the interview and its Office Action Response, Masimo argued that the prior art failed to disclose two calculators with each having a different calculation technique—a distinction that did not depend on the parties' claim construction dispute.  PTX 9048 at 847906, 847911, 847917, 847921, 847925; Tr. 389:10-391:13.  The USPTO in the original prosecution and in the reexamination reached the same conclusion regarding Corenman, the only prior art on which Philips relies for its inequitable conduct allegations.  PTX-9028 at MASP0845121; PTX-9072 at MASP0848248.  Judge Thynge and this Court similarly distinguished the prior art when denying summary judgment of invalidity.  D.I. 662 at 58, 64; D.I. 787 at 3-4.  The jury also rejected Philips' invalidity challenge.  PTX-9155.

Dr. Baura applied the claim constructions in the R&R and opined that the USPTO correctly determined Corenman did not anticipate any of the claims of the '984 Patent.  D.I. 960

6

at ¶¶ 2-5, 75, 76. "Corenman teaches only a single ratio illustrated in column 24 lines 25-30 and column 6, lines 7-12, in contrast to the two ratios required in claim 1" of the '984 Patent. D.I. 960 at ¶ 76. Corenman does not teach "two different techniques to calculate the respective ratios based on at least one of the one or more intensity signals generated from the detection of the light at the first and second wavelengths." D.I. 960 at ¶ 89.

Philips points only to the conclusory opinion of its expert, Dr. Stone, who said that the USPTO's decision was "inconsistent with the Court's construction because claim 1 does not require the calculation of two ratios *each time* a calculation is performed." DX-3066 at 13. That is a straw-man argument. The NIRC never construed the claims to require calculation of two ratios "each time" a calculation is performed. *See* PTX-9072. Regardless, even if Philips could establish the materiality of the R&R claim construction vis-a-vis Corenman, there is no dispute the USPTO *had* this claim construction and the briefs showing neither party objected to it. Moreover, the USPTO would *not* have considered any additional information because the Examiner considered nothing after the January 23, 2013 Office Action. *See* PTX-9109.

### D.       Philips Has Not Identified a Deliberate Decision to Withhold A Known Material Reference

No evidence suggests that Masimo made a deliberate decision to withhold anything. Kiani testified there should "never even be decision-making about whether to disclose or not;" he wanted disclosure of "anything that was even remotely relevant." Tr. 113:4-9. Masimo set up a process to ensure the submission of litigation documents to the USPTO. *Id.* 208:10-209:6, 212:19-213:8, 379:6-380:21. The only decision made was to disclose everything remotely relevant. *Id.* 112:13-113:14, 212:19-213:8, 329:20-330:3, 380:3-14.

Moreover, Kesler and Grover were not even aware of the Order before May 7, 2014, a day after the Certificate issued. *Id.* 241:4-11, 328:25-329:8; PTX-9116. Further, from at least

7

March to May of 2014, Jensen was "completely consumed" in non-patent matters for Masimo. Tr. 403:14-404:12. Per his usual practice, Jensen did not read the Order and was told only about some of the ultimate rulings. *Id*. 400:8-404:21. Further, no evidence suggests the attorneys were aware of any purported "misrepresentations," and nothing suggests they knew any further information should be submitted. *Id.* 233:25-234:23, 249:25-250:8, 331:9-19, 411:9-24. The attorneys could not have *decided* to withhold what they did not know.

Philips' only identified decision-making concerns a document not at issue—Philips' April 15, 2014 Letter. After receiving that letter, Kesler researched whether it was possible to submit the letter after the April 10th NIRC had issued. *Id.* 185:4-21, 235:8-21, 238:12-239:21; PTX-9106. He concluded Masimo could not do so without an unequivocal statement that the patent was invalid—a statement Masimo could not make. *Id.* Jensen, Grover, and Kesler all testified they never decided to withhold anything. Tr. 196:9-14, 307:19-308:4, 358:6-360:1. Rather, they determined Masimo was not permitted to disclose the letter after the NIRC. *Id.* No evidence, much less clear and convincing evidence, suggests any deliberate decision to withhold anything.

E. **Philips Has Not Proven Any Intent to Deceive the USPTO**

Philips also has no evidence of any intent to deceive. Philips just argues that information was material and was not disclosed. But "a district court may not infer intent solely from materiality." *Therasense*, 649 F.3d at 1290. In addition, "it is not enough to argue carelessness, lack of attention, poor docketing or cross-referencing, or anything else that might be considered negligent or even grossly negligent." *1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1374-75 (Fed. Cir. 2012). Philips admits it has no direct evidence of deceptive intent, but argues there is circumstantial evidence of deceptive intent. Tr. 425:1-7, 436:6-12. However, the evidence shows the opposite—that the attorneys decided and intended to disclose everything even

8

remotely relevant. *See id.* 112:13-113:14, 212:19-213:8, 329:20-330:3, 380:3-14; PTX-9122 ("We should send everything to the pto").

The attorneys understood that Philips April 15, 2014 letter referred to the R&R only, which Masimo already submitted. Tr. 201:7-16, 405:2-407:6; PTX-9016. They researched, and as a result believed, that Masimo could not have submitted Philips' April 15th letter—or any other information—after the NIRC issued. Tr. 185:4-21, 307:19-308:4, 358:6-360:1; PTX-9122. Moreover, they *did* submit the Court's March 31, 2014 Memorandum and Order in other pending reexaminations. Tr. 249:19-24; PTX-9112. Thus, far from clear and convincing evidence "sufficient to *require* a finding of deceitful intent," as required by *Therasense*, 649 F.3d at 1290, the evidence here requires the opposite finding. *Id*.

Philips' "half reveal/half conceal" argument is premised on false assertions of when and how Masimo could have submitted the R&R. In response to this Court's questioning, Philips repeatedly asserted that Masimo could have done so in the "Response to Office Action." Tr. 427:1-428:18. But there was only *one* Office Action and only *one* response, and both occurred *before* the R&R. PTX-9048. Philips falsely asserts that Masimo quoted claim constructions in a "previous IDS." DDX-0452; *see also* Tr. 428:2-4. Masimo quoted claim constructions in the Response to Office Action, not an IDS. PTX-9048. Masimo's only vehicle for disclosing the R&R was an IDS, and Masimo could not characterize or summarize the R&R in an IDS. Tr. 231:8-232:2, 202:4-203:15; M.P.E.P. § 2207 (prohibiting commentary on court orders).

Lacking evidence of deceptive intent, Philips invites this Court to expand inequitable conduct to include "willful blindness." But *Therasense* requires a deliberate decision to withhold known material information and intent to deceive. 649 F.3d at 1290. Moreover, applicants have no duty to search for references to submit to the USPTO. M.P.E.P. 410. Philips nonetheless

9

criticizes Masimo's process. But the USPTO has published a list of processes designed to "help the attorney and the client avoid or more easily explain a potentially embarrassing and harmful 'fraud' allegation." M.P.E.P. 2004. Those processes are far less comprehensive than Knobbe's, which had the purpose of full disclosure. Tr. 112:13-113:14, 208:10-212:5, 212:19-213:8, 329:20-330:3, 379:6-380:14. Knobbe's process was the opposite of willful blindness.

The evidence is clear that the process simply took longer than days or weeks. Only ten days separated the March 31 Order and the issuance of the NIRC. Only a month separated the March 31, 2014 Order and the Reexamination Certificate. Philips' argument that Masimo was not fast enough is contradicted by its admission that no inequitable conduct occurred in the one month between the R&R and Masimo's disclosure of the R&R. *See id.* 421:5-7. The only conclusion that can be drawn is that the accused lawyers always operated in good faith and, time permitting, succeeded in disclosing anything remotely relevant, just as they intended.

## IV. CONCLUSION

No evidence, much less clear and convincing evidence, suggests that Kesler, Grover or Jensen committed inequitable conduct. Accordingly, the Court should find that Philips' inequitable-conduct defense is baseless.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:
Joseph R. Re
Karen Vogel Weil
Jon W. Gurka
Perry D. Oldham
KNOBBE, MARTENS, OLSON
  & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

*/s/ Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Plaintiff, Masimo Corporation*

February 25, 2015

8922747

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on February 25, 2015, upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Bindu A. Palapura<br>POTTER ANDERSON & CORROON LLP<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | Alan M. Grimaldi<br>Brian A. Rosenthal<br>Ann Marie Duffy<br>Brian K. Andrea<br>Clinton H. Brannon<br>John X. Zhu<br>Cody I. Gillians<br>MAYER BROWN LLP<br>1999 K Street, N.W.<br>Washington, DC 20006<br><br>Steven Yovits<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br><br>Sasha Mayergoyz<br>JONES DAY<br>77 West Wacker Drive<br>Chicago, IL 60601 |

*/s/ Julia Heaney*

Julia Heaney (#3052)