IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MASIMO CORPORATION,                     )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )   C.A. No. 09-80 (LPS)
                                        )   C.A. No. 11-742 (LPS)
PHILIPS ELECTRONICS NORTH               )
AMERICA CORPORATION and PHILIPS         )
MEDIZIN SYSTEME BÖBLINGEN GMBH,         )
                                        )
            Defendants.                 )

## JOINT SUBMISSION REGARDING CASE SCHEDULE

The parties provide the following submission pursuant to this Court's May 18, 2015

Order.  D.I. 996.

## I.      MASIMO'S PROPOSALS

### A.      Masimo's Proposal Regarding *Masimo II* (The Remaining Patent Claims)

| Event | Current Scheduling Order in *Masimo II* (D.I. 58) | Masimo Proposed Dates *"Masimo II"* |
|---|---|---|
| Fact Discovery Cut-Off | Date passed on 6/3/13 | Date passed on 6/3/13 |
| Opening Expert Reports | 30 days from Claim Construction Order | July 31, 2015 |
| Rebuttal Expert Reports | 30 days from Opening Expert Reports | August 31, 2015 |
| Reply Expert Reports | 21 days from Rebuttal Expert Reports | September 21, 2015 |
| Expert discovery cutoff including all depositions | 30 days from Reply Expert Reports | October 30, 2015 |
| Case dispositive motions; objections to expert testimony | 30 days from Close of Expert Discovery | December 14, 2015 |
| Responses to case dispositive motions | 21 days from Opening Case Dispositive Motions | January 18, 2016 |
| Reply to response to case dispositive motions | 21 days from Responses to Case Dispositive Motions | February 15, 2016 |

| Pretrial Order | To be determined | April 18, 2016[1] |
| Pretrial Conference | To be determined | May 2, 2016[1] |
| Trial | To be determined | May 9, 2016[1] |

During the parties' meet and confer, Philips contended that this Court requested proposals regarding Philips' antitrust case and patent misuse defense only. Because the Court asked the parties to meet and confer and submit "proposal(s) for how this ***case*** should now proceed," D.I. 996 at 1 (emphasis added), Masimo also proposes a schedule for *Masimo II*. Because of the complexities of this case, and the issues discussed below, Masimo requests a hearing regarding the overall case schedule.[2]

Masimo proposes two revisions to the parties' current *Masimo II* schedule. First, Masimo proposes that the parties proceed to expert reports on the *Masimo II* patents. Under the current schedule, the parties are not scheduled to serve expert reports until after this Court resolves the parties' pending objections regarding claim construction. *See* D.I. 341. The parties' few pending claim construction disputes are minor, however, and the parties' experts can easily provide opinions in the alternative, where necessary, to address the remaining disputes.[3]

---

[1] This date is based on the Court adopting Masimo's proposal to directly resolve dispositive motions. Should the Court decline this proposal, this date would remain "To be determined."

[2] Masimo disagrees with Philips' characterization below of the parties' attorney conferences. In reality, Masimo presented its proposals regarding *Masimo II* to Philips on Thursday, May 30, 2015, including its proposal to streamline this dispute by dropping patents. Philips waited until Monday, June 1, 2015, the original due date of this filing, to respond. When Philips expressed surprise that Masimo would be addressing *Masimo II* in this filing, Masimo proposed that the parties seek an extension of the deadline to file this submission. Masimo then provided its portion of joint submission in the evening of June 1, 2015. Then, approximately half-hour before the 6 p.m. deadline to file this submission, Philips sent Masimo its portion of this submission, including four exhibits.

[3] Masimo's only remaining objections are to the phrase "scan of a plurality of possible values for said physiological parameter" in Claim 45 of the '850 Patent and the term "concentration" in Claim 10 of Philips' '745 Patent. D.I. 751. Philips' only remaining objections are to the term "confidence" in the '400 Patent, the "adjustably smoothing" and "speed of smoothing" terms in the '400 Patent, and the "said scan" term in Claim 25 of the '850 Patent. D.I. 752.

Moreover, as discussed further below, Masimo has agreed to drop two of its current patents (the '952 and '572 Patents), and the third patent (the '955 Patent) is effectively stayed because of ongoing *inter partes* reexamination proceedings at the USPTO.  Thus, the Court and the parties need address only Masimo's '400, '850, '154 and '949 Patents, and Philips' '745 Patent.  Accordingly, Masimo proposes that the parties exchange expert reports on July 31, 2015 on these patents, regardless of whether the Court has ruled on the pending objections.

Second, Masimo proposes that this Court directly resolve summary judgment motions on the *Masimo II* Patents.  This Court has acquired valuable experience with the parties, the patents, and the relevant technologies during an extensive jury trial, bench trial and post-trial motions.  By avoiding the process of having Magistrate Judge Thynge issue reports and recommendations, and inevitable objections by the parties, the parties would most certainly avoid further delay.  Such delay prejudices Masimo because Masimo's patents are continuing to expire in this six-year-old litigation, curtailing Masimo's ability to obtain injunctive relief.[4]  Accordingly, Masimo respectfully requests that this Court adopt Masimo's proposal regarding *Masimo II*.

Philips has rejected Masimo's proposal and instead seeks to drastically delay *Masimo II*.  Indeed, Philips seeks claim construction of even more claim terms—followed by additional reports and recommendations and additional objections and rulings on those objections—on the ground that the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments. Inc.*, 134 S. Ct. 2120, 2124 (2014), changed the standard for indefiniteness.  Even if *Nautilus* would justify additional indefiniteness arguments, however, that would not justify an additional round of claim construction, and potentially years of delay.  Philips can present such arguments in its expert

_____

[4] The parties' contract precludes Masimo from obtaining preliminary injunctive relief on its patents.

reports and assert them on summary judgment. Moreover, *Nautilus* was decided on June 2, 2014. Philips waited until April 24, 2015 to raise these new issues (in the context of attorney conferences that were intended to narrow the issues). The Court should not permit Philips to manufacture new claim construction disputes to delay the resolution of *Masimo II*.

Philips also has relied on the reexaminations of the '572, '952 and '955 Patents to attempt to delay *Masimo II*. For example, after the USPTO issued the reexamination certificate for the '572 Patent, Magistrate Judge Thynge found that Masimo had good cause to identify new representative claims and ordered limited follow-up discovery and claim construction proceedings on this patent. 1:11-cv-00742, D.I. 58. Philips then served broad discovery requests not limited to the amended '572 Patent claims or claim construction.[5] Philips also asserted that all expert reports for all patents in *Masimo II* (not just the '572 Patent) should not be due until 30 days after this Court rules on all objections to Magistrate Judge Thynge's **second** report and recommendation on the claim construction of the '572 Patent. *Id.* at 2 n.1. Philips has taken a similar position regarding Masimo's two other reexamined patents.

To eliminate all of these attempts to cause delay and reopen discovery, at the parties' May 29, 2015 attorney conference, Masimo informed Philips that Masimo would no longer assert the '952 and '572 Patents. In return, Masimo asked that Philips agree to jointly stay litigation of Masimo's '955 Patent because that patent has not yet completed *inter partes* reexamination. Philips rejected Masimo's request to streamline, and instead revealed that it

---

[5] For example, Philips served broad document requests seeking discovery on, for example, Masimo product testing, Nonin testing, whether "Philips has been asked or paid by anyone not to do business with Masimo," and Masimo's litigation against Nellcor and Mindray. Philips also served a subpoena on the Miami-Dade Fire Department seeking a deposition and documents on a variety of topics relating to Nonin.

would now immediately attempt to seek new claim construction and discovery regarding Masimo's '955 Patent even though the USPTO has not yet issued the *inter partes* claims.

The Court should reject Philips' attempts to cause delay based on the reexaminations. Indeed, Philips' reliance on the '955 *inter partes* reexamination is particularly inequitable because Philips initiated that reexamination and indefinitely delayed the resolution of that proceeding by **suing** the USPTO. Specifically, after the USPTO issued a Notice of Allowance, Philips sued the USPTO in the Eastern District of Virginia (without informing Masimo). After Masimo attempted to intervene in that dispute, Philips and the USPTO jointly dismissed the action without prejudice in favor of further proceedings in the USPTO (without Masimo's consent). *See Philips Elec. N. Amer. Corp. v. Lee,* 1:14-cv-01340, D.I. 26 (E.D. Va. Dec. 18, 2014). Since then, the '955 *inter partes* reexamination has been pending in the USPTO for over **six months** with no explanation from the USPTO and with no end in sight.

The Court should not permit Philips to use such delay tactics in the reexamination of the '955 Patent to delay *Masimo II*. In the parties' most recent attorney conference, Philips demanded that Masimo drop the '955 Patent on the ground that Masimo is not allowed to assert any reexamined claim of the patent. But Masimo is entitled to substitute claims for good cause. *See* D.I. 647 at 15; *see also* D.I. 795-96, 800-03   Masimo cannot do so now because the USPTO's *inter partes* reexamination proceedings are not complete, and thus no final claims have issued from that reexamination.[6] Masimo should not be forced to either drop the '955 Patent, or indefinitely delay the patents in *Masimo II* that are ready to move forward to trial. Indeed, Philips' unsuccessful *inter partes* challenge provides significant estoppel benefits to Masimo.

---

[6] Masimo does not address Philips' arguments below regarding the *ex parte* and *inter partes* reexaminations because Philips provided its portion of the joint submission shortly before the deadline to file. Masimo hopes the Court provides Masimo the opportunity to address these issues in greater detail at a hearing.

For example, Philips will be estopped from challenging the validity of the '955 Patent.  Thus, the Court should formally stay proceedings on the '955 Patent until the USPTO concludes the reexamination proceedings for that patent.  Meanwhile, the parties should now proceed with expert reports and summary judgment as to the remaining patents as to which discovery is complete, claim construction is fully briefed, and the parties stand ready to move forward with expert reports:  Masimo's '400, '850, '154 and '949 Patents, and Philips' '745 Patent.

**B.    Masimo's Proposal Regarding *Masimo III* (Antitrust and Patent Misuse)**

| Event | Masimo Proposed Dates | Philips' Proposed Dates |
|---|---|---|
| Stay on antitrust and patent misuse discovery is lifted | June 1, 2015 | June 1, 2015 |
| The parties shall make and/or supplement their initial disclosures under Fed. R. Civ. P. 26(a)(1) | July 15, 2015 | July 15, 2015 |
| Deadline for amendment of pleadings concerning antitrust and patent misuse claims | October 16, 2015 | April 1, 2016 |
| Production of documents shall be substantially complete | January 15, 2016 | March 14, 2016 |
| Fact discovery cut-off | March 14, 2016 | May 2, 2016 |
| Opening Expert Reports | April 18, 2016 | July 1, 2016 |
| Rebuttal Expert Reports | May 30, 2016 | September 15, 2016 |
| Reply Expert Reports | June 30, 2016 | October 17, 2016 |
| Expert discovery cutoff including all depositions | August 1, 2016 | December 8, 2016 |
| Case dispositive motions; objections to expert testimony | No later than September 19, 2016 | January 16, 2017[7] |
| Responses to case dispositive motions | October 17, 2016 (if motions filed on deadline) | February 16, 2017 |
| Reply to response to case dispositive motions | November 14, 2016 (if motions filed on deadline) | March 6, 2017 |
| Pretrial Order | January 16, 2017[8] | TBD |

---

[7] Philips proposes that no party may file a dispositive motion more than 10 days prior to this deadline without leave of court.

[8] Based on the Court adopting Masimo's proposal to directly resolve dispositive motions. Should the Court decline this proposal, these dates would remain "To be determined."

| Pretrial Conference | January 30, 2017[6] | TBD |
| Trial | February 6, 2017[6] | TBD |

To expedite a resolution of this case, Masimo has agreed to lift the stay on antitrust and patent misuse discovery and proceed with Philips' antitrust counterclaims and patent misuse defense as expeditiously as possible.[9]   Masimo proposes a faster schedule than Philips.   For example, Masimo proposes that the deadline to file summary judgment motions should be September 19, 2016, rather than January 16, 2017.   Masimo also proposes that summary judgment motions be filed "no later than" September 19, 2016, because Masimo would like the opportunity to move for summary judgment on patent misuse as soon as appropriate to allow *Masimo I* to proceed to final judgment.

Philips' schedule tellingly provides that "no party may file a dispositive motion more than 30 days prior to this deadline without leave of court," and thus seeks to delay summary judgment until 2017.   But that will simply cause unnecessary delay and will burden the Court with additional unnecessary motion practice.   If Philips contends that a Masimo motion for summary judgment is premature, the Federal Rules already provide the remedy.   *See* Fed. R. Civ. P. 56(d) (where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order").

As with *Masimo II*, Masimo also proposes that this Court directly resolve dispositive motions in *Masimo III* in the first instance.   By directly resolving the parties' summary judgment motions, this Court would undoubtedly avoid unnecessary delay.   Presumably, Philips would

---

[9] Masimo reserves the right to seek Judgment on the Pleadings as to Philips' antitrust counterclaims to narrow the parties' dispute prior to expensive and burdensome discovery.

also want a prompt resolution of its own misuse defense and antitrust counterclaims.  However,

Philips has rejected Masimo's proposal.

## II.   PHILIPS' PROPOSALS

### A.   Philips' Proposal Regarding *Masimo III* (Antitrust and Patent Misuse)

| Event | Masimo Proposed Dates | Philips' Proposed Dates |
|---|---|---|
| Stay on antitrust and patent misuse discovery is lifted | June 1, 2015 | June 1, 2015 |
| The parties shall make and/or supplement their initial disclosures under Fed. R. Civ. P. 26(a)(1) | July 15, 2015 | July 15, 2015 |
| Deadline for amendment of pleadings concerning antitrust and patent misuse claims | October 16, 2015 | April 1, 2016 |
| Production of documents shall be substantially complete | January 15, 2016 | March 14, 2016 |
| Fact discovery cut-off | March 14, 2016 | May 2, 2016 |
| Opening Expert Reports | April 18, 2016 | July 1, 2016 |
| Rebuttal Expert Reports | May 30, 2016 | September 15, 2016 |
| Reply Expert Reports | June 30, 2016 | October 17, 2016 |
| Expert discovery cutoff including all depositions | August 1, 2016 | December 8, 2016 |
| Case dispositive motions; objections to expert testimony | No later than September 19, 2016 | January 16, 2017[10] |
| Responses to case dispositive motions | October 17, 2016 (if motions filed on deadline) | February 16, 2017 |
| Reply to response to case dispositive motions | November 14, 2016 (if motions filed on deadline) | March 6, 2017 |
| Pretrial Order | January 16, 2017[11] | TBD |
| Pretrial Conference | January 30, 2017[6] | TBD |
| Trial | February 6, 2017[6] | TBD |

---

[10] Philips proposes that no party may file a dispositive motion more than 10 days prior to this deadline without leave of court.

[11] Based on the Court adopting Masimo's proposal to directly resolve dispositive motions. Should the Court decline this proposal, these dates would remain "To be determined."

Philips' antitrust/misuse case is substantial and complex.  Philips' proposed schedule is appropriate for such a case.  Philips initially proposed to Masimo a schedule that called for 13 months of fact discovery, 6 months of expert discovery, and dispositive motions due in the second quarter of 2017.  Masimo countered with its current proposed schedule.  In an effort to compromise, Philips offered the current compromise proposal, reducing fact discovery to 11 months and expert discovery to 5 months, with dispositive motions briefed by the first quarter of 2017.  Masimo has not offered to adjust its initially proposed schedule in any way.[12]

*Masimo III* will require broad discovery into topics not addressed in *Masimo I*, such as: market definition; market shares; Masimo's distribution, licensing, marketing, and sales practices; the business justifications for Masimo's exclusionary conduct; Masimo's relationship with Nellcor; and antitrust damages.  Philips (and presumably Masimo) will also require substantial third-party discovery from competing pulse oximetry companies, OEMs, GPOs and hospitals.[13]  This case will also require significant expert testimony concerning economic issues such as market definition, market power, and damages.

In complex antitrust cases this Court has previously allowed even longer discovery periods than what Philips seeks here.  For example, in *ZF Meritor LLC v. Eaton Corporation*, No. 1:06-cv-00623-SLR (D. Del.), a case that similarly involved claims for monopolization, attempted monopolization, and use of exclusionary contracts, Judge Robinson initially allowed

---

[12] While Philips recognizes that *Masimo I* cannot be final until resolution of *Masimo III*, the delay in resolving *Masimo III* was entirely Masimo's doing when it sought to stay this case over Philips' strong objections.

[13] In seeking to stay the antitrust case, Masimo agreed that "[a]ntitrust discovery in this case will be broad . . . given the number of legal and factual issues raised by Philips' counterclaims" and that this discovery will "implicate third parties including competitors and customers of Philips and Masimo." D.I. 23 at 6.  Masimo also agreed that "[t]he antitrust case [will] also involve expert testimony [on] . . . issues such as market definition, market power, substantial foreclosure tests, technological tying, and the rule of reason[.]"  *Id.* at 20 (parentheses omitted).

the parties 13.5 months for fact discovery, which was later extended by another five months. *See* Scheduling Order, *ZF Meritor LLC v. Eaton Corp.*, No. 1:06-cv-00623-SLR (D. Del. June 26, 2007) (setting discovery period from June 26, 2007 to August 15, 2008) (attached as Ex. A); Ex. B (extending to January 16, 2009).  Longer discovery periods for antitrust cases reflect the Third Circuit's "general policy of allowing liberal discovery in antitrust cases." *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217 (D. Del. 1985).  Philips' proposed schedule reflects the broad scope of discovery that this case will require; Masimo's does not.

Apart from the length, there are three other problems with Masimo's proposal:

First, Masimo seeks to deviate from this Court's standard scheduling practice,[14] and proposes that it should be allowed to move for summary judgment whenever it wants to.   The Court has already identified several factual disputes in its patent misuse ruling that will be informed by fact discovery and expert testimony, including whether Masimo's patent licensing and distribution agreements, technological lock-out, and bundled discounts "foreclose competition from non-infringing rival cables and sensors," D.I. 995 at 12, and whether "Masimo has . . . market power." *Id.* at 15.  Permitting Masimo now to file for summary judgment before the close of discovery is premature, wasteful and burdensome to the Court.  Philips' proposal allows Masimo to seek leave to file an early motion if there is good cause to do so.

Second, Masimo tries once again to eliminate Chief Magistrate Judge Thynge's role in deciding dispositive motions.  Masimo already asked this Court to remove Judge Thynge from the resolution of dispositive motions, and the Court unequivocally rejected that request.  D.I. 782 ("Masimo respectfully suggests that the parties file any summary judgment motions directly with

---

[14] This Court's standard form scheduling order for non-patent cases provides that "[n]o case dispositive motion under Rule 56 may be filed more than ten (10) days before the [deadline] without leave of the Court."  *See* Ex. C.

this Court, rather than filing them first with the Magistrate Judge as the parties did in *Masimo I*. Philips disagrees."); D.I. 788 ("Masimo's request that the Court modify the reference of Masimo II to Judge Thynge, so as to permit filing of summary judgment motions with the District Judge rather than the Magistrate Judge, is DENIED.").  Masimo's request should be denied again.

Third, Masimo proposes a deadline for amendment of pleadings (October 16, 2015) that falls three months before its proposed close of document discovery (January 15, 2016) and five months before its proposed close of fact discovery (March 14, 2006).  Masimo has offered no rationale for why the deadline for amendment of the pleadings should be set at such an early stage.  The deadline for amending pleadings should be set at a time after documents have been produced, as Philips proposes.

### B.    Philips' Proposal Regarding *Masimo II* (The Remaining Patent Claims)

| Event | Current Scheduling Order in *Masimo II* (D.I. 58) | Masimo Proposed Dates "*Masimo II*" |
|---|---|---|
| Close of fact discovery related to '572 Patent | June 19, 2015 | Date passed on 6/3/13 |
| Parties exchange a list of claim terms/phrases that they believe need construction in the '572 Patent and their proposed construction of those terms/phrases | Date passed on April 24, 2015 | |
| Parties file Joint Claim Construction Chart that identifies for the Court the terms/phrases of the claims at issue in the '572 Patent, and each party's proposed construction of the disputed claim language with citations only to the intrinsic evidence in support of their respective proposed constructions | June 5, 2015 | |
| Masimo serves its opening Claim Construction brief related to the '572 Patent, not to exceed 20 pages | July 1, 2015 | |
| Philips serves its answering Claim Construction brief related to the '572 Patent, not to exceed 30 pages | July 31, 2015 | |

| | | |
|---|---|---|
| Masimo serves its reply brief, not to exceed 20 pages | August 21, 2015 | |
| Philips serves its sur-reply brief, not to exceed 10 pages | September 11, 2015 | |
| Parties file Joint Claim Construction Brief | September 18, 2015 | |
| Hearing on claim construction related to the '572 Patent | Sept. 30, 2015 at 9:30am | |
| Opening Expert Reports | 30 days from Claim Construction Order | July 31, 2015 |
| Rebuttal Expert Reports | 30 days from Opening Expert Reports | August 31, 2015 |
| Reply Expert Reports | 21 days from Rebuttal Expert Reports | September 21, 2015 |
| Expert discovery cutoff including all depositions | 30 days from Reply Expert Reports | October 30, 2015 |
| Case dispositive motions; objections to expert testimony | 30 days from Close of Expert Discovery | December 14, 2015 |
| Responses to case dispositive motions | 21 days from Opening Case Dispositive Motions | January 18, 2016 |
| Reply to response to case dispositive motions | 21 days from Responses to Case Dispositive Motions | February 15, 2016[5] |
| Pretrial Order | To be determined | April 18, 2016[15] |
| Pretrial Conference | To be determined | May 2, 2016[1] |
| Trial | To be determined | May 9, 2016[1] |

Philips was surprised to learn yesterday, the date this joint submission was originally due, that Masimo intended to include the above briefing asking the Court to alter the schedule and procedural posture of *Masimo II*. Masimo's inclusion of its *Masimo II* briefing here is inappropriate because the Court only requested a joint submission regarding how to proceed with *Masimo I* in view of the denial of Masimo's motion. D.I. 996 (requesting a statement for how to proceed in "this case", *i.e.* Case No. 09-080, which is captioned at the top of the order). *Masimo II* is a separately captioned litigation that is no longer consolidated with *Masimo I* and the Court

---

[15] This date is based on the Court adopting Masimo's proposal to directly resolve dispositive motions. Should the Court decline this proposal, this date would remain "To be determined."

has made clear that assignment of *Masimo II* remains with Judge Thynge in the first instance. *See* D.I. 51 ("The referral to Chief Magistrate Judge Thynge remains in 11-742-LPS (Masimo II)."). Masimo's attempt to circumvent Judge Thynge, to whom *Masimo II* is assigned, is entirely inappropriate and a violation of the Court's protocol. Philips includes its response here so that its position is made of record, but maintains that Judge Thynge should handle any requests regarding the scheduling of *Masimo II*, as the Court's referral order requires. Philips welcomes a hearing to discuss the schedule in *Masimo II*, but Philips maintains that the Court's protocols and referral orders should be respected and followed.

1.  Dismissal with prejudice of the '952 and '572 Patents

Masimo is correct that it informed Philips in the last couple of days that it will be dismissing with prejudice the '952 and '572 patents. Philips welcomes those dismissals, as the amendments Masimo made to all of the asserted claims during reexamination removed any plausible claim of infringement. Indeed, Philips requested that Masimo dismiss these patents over a year ago when the claims were amended, though Masimo declined to do so until now. Philips notes that Masimo has yet to actually file dismissals with prejudice, but Masimo confirms in this paper that it will do so, and as such, Philips agrees that there is no further discovery or claim construction required on those two patents.

2.  Posture of the '955 Patent

With respect to the '955 patent, Masimo presents a distorted and incorrect recitation of the posture of this patent. Masimo asserted claims 5 and 8 of the '955 patent as part of its 30 representative claims. A third party (not affiliated in any way with Philips) initiated an *ex parte* reexamination of the '955 patent, during which Masimo decided to amend each and every claim of the patent, including the asserted claims in this case. A Reexamination Certificate issued on

January 30, 2014.[16]   Contrary to Masimo's assertion herein that the '955 patent is "effectively stayed," Masimo served supplemental infringement contentions on March 17, 2015 for the first time asserting amended claim 56 of the Reexamination Certificate of the '955 patent, and also purporting to assert <u>original</u> claim 8 of the '955 patent.  Ex. D at 8.

Philips immediately notified Masimo that those contentions were not proper because a) claim 56 was not among the 30 representative claims Masimo selected to proceed on in this case on June 3, 2013; and b) original claim 8 <u>no longer exists</u>.  Philips requested that the parties schedule a hearing with Judge Thynge to address this issue.  Masimo stated that it believed it could narrow the assertions in such a way that the issue would be avoided, and on that basis the parties did not schedule a hearing.  However, Masimo informed Philips on April 3, 2015, that it would continue to assert claim 56 and original claim 8 of the '955 patent.  As such, this issue now needs resolution by the Court, and Philips requests a hearing with Judge Thynge to do so.  Instead, Masimo seeks to circumvent Judge Thynge by shoehorning this issue into a filing supposed to be about *Masimo III*.

Philips has always maintained that Masimo should not be permitted to change asserted claims of the '955 Patent.  Adding new claim 56 is untimely as the Reexamination Certificate with that new claim issued on January 30, 2014, and Masimo waited <u>over a year</u> to try to add the claim to this case.  Moreover, there is absolutely no basis in the law to allow Masimo to somehow assert original claim 8, which unequivocally <u>no longer exists</u>, since Masimo amended the claim during the *ex parte* reexamination.  Indeed, Philips has informed Masimo that it will seek attorneys' fees if Masimo continues to try to assert a claim that does not exist.

---

[16] Philips also filed an *inter partes* reexamination request, but the PTO declined to merge the proceedings, and Philips' *inter partes* proceeding is still pending before the PTO.

If the Court believes that good cause exists for Masimo to add new claim 56 to this case, Philips should be permitted to conduct discovery related to that claim, and claim construction would also be necessary on several terms of that claim, which Philips has identified to Masimo. Philips notes that when Judge Thynge allowed Masimo to change its selection of asserted claims for the no-longer-asserted '572 patent, she made clear that her decision should not be read to mean that Masimo can do the same thing with other patents. *See* 11/24/2014 Hearing Tr. at 5:18-6:5 (the Court is "not addressing the '952 or the '955 patent reexaminations" and that Masimo should not "look at what [it has] done now for the '572 patent as meaning that it's going to have a domino effect with the '952 or the '955 reexaminations or any other reexaminations that may be going on in Masimo II."). The posture of the '955 patent is much different than the '572 patent, since Masimo waited such a long time to try to add new claims. But if the Court similarly allows Masimo to change horses again, it should also allow Philips discovery and claim construction on the new claim, as it did with the '572 patent.

Masimo presented for the first time last week a proposal to stay the '955 patent. When asked what would cause re-assertion of the '955 patent, Masimo could not provide an answer, claiming it had not considered that question. Philips objects to this procedure entirely. Masimo's unsupported request to stay one of the patents in this case will create a **fourth** case that will deal with the '955 Patent, *i.e., "Masimo IV"*. If Masimo thinks that it needs to await the results of the *inter partes* reexamination to know whether it wants to continue to assert the '955 Patent, then the entire *Masimo II* case should be stayed. Otherwise, it should dismiss the '955

patent from this case, assuming the Court does not permit Masimo to flip its representative claims again.[17]

3.    Schedule for *Masimo II*

If the Court allows Masimo to assert claim 56 of the '955 Patent, Philips submits that the same claim construction hearing currently scheduled for September 30, 2015, should be used to resolve the several claim construction disputes that are implicated by that claim. The deadlines for claim construction exchanges and briefing may need to be compressed somewhat.

Regardless of whether the '955 remains in this case, Masimo's request to go forward with expert reports without waiting for a claim construction order should be denied. Judge Thynge has already rejected Masimo's request to do this. 12/18/2014 Hearing Tr. at 26:20-27:1. If Masimo does not agree with that ruling it should raise the issue with Judge Thynge. There are several critical issues of claim construction for which objections are currently pending. These issues have enormous impact on whether the experts principally rely on non-infringement or invalidity. Indeed, under Philips' proposed constructions, Philips believes Masimo would be forced to dismiss many asserted claims or patents, as it has now done with the '572 and '952 patents. The Court has already decided that expert reports should wait until a claim construction order issues, and that conclusion should not be disturbed.

In addition, regardless of whether the '955 Patent remains in this case (or is somehow stayed), there are three additional important claim construction issues that should be resolved with the scheduled hearing on September 30, 2015. First, it has now become apparent that there

---

[17] Philips will not respond here to the incorrect recitation of the posture at the PTO of the *inter partes* reexamination, other than to note that Masimo has improperly sought to broaden the scope of the claims of the Reexamination Certificate, and Philips is pursuing all of its legal options to prevent that improper use of reexamination. Philips agrees that the timing and resolution of the *inter partes* reexamination is unknown.

16

is a very significant difference between the parties on how to construe all of the claims of the '850, '400 and '955 patent (and '572 patent if it were still in the case).  That issue should be resolved through claim construction, rather than waiting until summary judgment as it did with respect to the '984 patent in *Masimo I*.[18]  If Philips' construction is adopted, Philips would expect a stipulation of non-infringement for those patents, or at least summary judgment to be readily granted.  Second, the Supreme Court's *Nautilus* decision requires an examination of a handful of issues of indefiniteness.  Third, recent Federal Circuit law that has issued after the claim construction process requires that certain terms be construed as means-plus-function. Philips proposes that these issues be briefed and addressed at the already-scheduled claim construction hearing.

Given that there is already a schedule in place for claim construction, that no claim construction order has yet issued, and that the issues described above will very likely narrow the case, Philips proposes that the Court resolve those issues as a matter of claim construction rather than delaying their resolution until summary judgment.  Hence, Philips proposes maintaining the claim construction schedule already in place, and otherwise leaving the scheduling order undisturbed so that expert reports will be served as soon as a claim construction order issues.

4.    Masimo's Attempt to Remove Judge Thynge From Dispositive Motion Practice

Finally, Masimo proposes that the Court remove Judge Thynge from dispositive motions in *Masimo II* and that the Court "directly resolve summary judgment motions on the *Masimo II* Patents."  Masimo has already unsuccessfully made this request, yet it does not acknowledge as much, and it inexplicably asks again.  *See* D.I. 782 ("Masimo respectfully suggests that the

---

[18]  The claim construction issue relates to whether the claims require that both calculation techniques of parallel calculation claims must be applied to the same input data, which is similar to the issue raised in summary judgment on the '984.

parties file any summary judgment motions directly with this Court, rather than filing them first with the Magistrate Judge as the parties did in *Masimo I*. Philips disagrees."); D.I. 788 ("Masimo's request that the Court modify the reference of Masimo II to Judge Thynge, so as to permit filing of summary judgment motions with the District Judge rather than the Magistrate Judge, is DENIED."). This Court has established a procedure whereby Judge Thynge provides a Report and Recommendation on dispositive motions, and there is no reason to depart from that procedure, particularly given her involvement in claim construction issues. Philips has suggested on several occasions in this case that the parties streamline the case by agreeing not to file objections to Judge Thynge's recommendations (preserving all issues for appeal), but Masimo has consistently refused those proposals, as recently as last week. Masimo's suggestions that Philips is seeking to delay this case are wholly without merit, especially in view of the fact that it was Masimo, not Philips, that added more than two years to this case by successfully seeking to stay *Masimo III* over Philips' repeated objections.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*
_____
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Plaintiff, Masimo Corporation*


POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
dmoore@potteranderson.com
   *Attorneys for Defendants, Philips*
   *Electronics North America Corporation*
   *and Philips Medizin Systeme Böblingen*
   *Gmbh*


June 2, 2015