IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASIMO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 09-80-LPS-MPT |
| | : |
| PHILIPS ELECTRONIC NORTH | : |
| AMERICA CORPORATION and | : |
| PHILIPS MEDIZIN SYSTEME | : |
| BÖBLINGEN GMBH, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| MASIMO CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 11-742-LPS-MPT |
| | : |
| PHILIPS ELECTRONIC NORTH | : |
| AMERICA CORPORATION and | : |
| PHILIPS MEDIZIN SYSTEME | : |
| BÖBLINGEN GMBH, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Between June 20 and July 1, 2016, the litigious parties in these long-running, related patent and antitrust cases filed a total of five motions to amend and motions to strike.[1] The motions have been fully briefed pursuant to the Court's letter briefing process. A telephonic hearing is scheduled for tomorrow.

---

[1]This is in addition to the 11 motions for summary judgment and motions to preclude expert testimony, which are scheduled to be argued in court on September 8.

1

Having reviewed all of the motions and related briefings and other submissions, IT IS
HEREBY ORDERED that:

1.       Argument on Defendants' motion for leave to file an amended complaint (D.I.
1215)[2] will be heard on the teleconference tomorrow.

2.       Plaintiff's motion to strike paragraphs 8-14 of the reply expert report of Dr. Dyro
(D.I. 1217) is DENIED.  While Defendants make a weak showing that the pertinent paragraphs
are responsive to anything in the Kiani Disclosure – the pertinent paragraphs, instead, appear to
be responses to Plaintiff's expert Professor McNames (*see, e.g.*, D.I. 1218 Ex. 1 at ¶ 13)
("Applying the factors for enablement leads to the conclusion that claim 10 of the '949 Patent
would be invalid for lack of enablement if Professor McNames were correct.") – Professor
McNames relied (in part) on Kiani.  It was not entirely unreasonable, under the totality of
circumstances, for Defendants to wait for service of the revised Kiani Disclosure before having
an invalidity expert address the issues that are the subject of the pertinent paragraphs.  The
Court's conclusion is also supported by the *Pennypack*[3] factors: given the contingent, limited
nature of Dr. Dyro's opinions, in tandem with the fact that Defendants' response was expressly
permitted by the Court's prior ruling, the Court finds that Plaintiff will suffer little, if any,
prejudice; the trial schedule will not be disrupted; and Dr. Dyro's views as to the relationship
between obviousness and enablement are important and will assist the jury.

3.       Plaintiff's motion to strike the responsive expert report of Dr. Bickler (D.I. 1219)
and Defendants' motion to strike the supplemental report of Dr. Madisetti (D.I. 1250) are

---

[2]All references to the docket index are to C.A. No. 09-80, unless otherwise noted.

[3]*See Meyers v. Pennypack Woods*, 559 F.2d 894, 904-05 (3d Cir. 1977).

DENIED. Both reports relate to whether certain versions and modifications of an accused product constitute acceptable non-infringing alternatives, a critical issue which impacts the reasonable royalty damages sought by Plaintiff. With respect to this issue, Plaintiff diligently sought production of relevant materials and was entitled to certain supplemental discovery in response to earlier requests. Defendants eventually produced such materials, though at a date that made it impossible for both sides to have their experts adequately address the issue consistent with other case deadlines. Given the totality of circumstances, and having considered the *Pennypack* factors, the Court concludes that the most reasonable outcome is not to strike either of the challenged reports. Doing so will not disrupt the trial schedule and does not unduly prejudice either side, particularly considering the importance of the issue involved.

4.      Defendants' motion to strike the reply expert report of Dr. Quill (D.I. 1248) is DENIED. Dr. Quill's report properly provides opinions from the perspective of a clinician that are directly responsive to the acceptability opinions of Defendants' clinician expert, both of which relates to one of many reasonable-royalty factors either side may attempt to prove in connection with Plaintiff's claim for damages relating to its '949 patent. Under the scheduling order, the Quill Report, therefore, was timely served.

The Court addressed an earlier iteration of this dispute during a teleconference on April 14, 2016. (*See* D.I. 1249 Ex. 1 ("Tr.")) There, the Court ruled that "there's nothing, per se, improper in . . . us[ing] a different expert in a reply report" than was used in the opening reports and, hence, that Dr. Quill could file a report – subject to a motion to strike. (*See* Tr. at 37-38) The Court added:

> . . . I think it is fair . . . to both sides that in connection with your opening reports you don't have to address every possibility under the sun that could come up in response to your opening [reports] for fear that [if] you do not anticipate everything you'll never be heard on it.
>
> On the other hand, clearly you can't intentionally withhold something that you should have known you should provide in connection with your opening reports. . . .
>
> All of that requires a case specific careful analysis which I can't do in the abstract before this report is served.

(Tr. at 39)

Having now reviewed the Quill Report, the Court agrees with Plaintiff that it appropriately addresses issues concerning non-infringing alternatives that were first raised in Defendants' rebuttal expert reports.  The Court also agrees that Plaintiff has been diligent and its opening reports were adequate and did not unreasonably withhold arguments or opinions for presentation in a future report.  Accordingly, Defendants' motion must be denied.

Wilmington, Delaware
August 15, 2016

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4